UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:_____

In Re: Application of MULTIFLORA
INTERNATIONAL LTD., AGRÍCOLA
INDUSTRIAL ENTRE RIOS, S.A., and
AGRÍCOLA ESPERANZA JACOBI, S.A.,

      Applicants,

Pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in Obtaining Evidence for Use in Foreign
Proceedings

---

**VERIFIED APPLICATION PURSUANT TO 28 U.S.C. § 1782
FOR ORDER TO TAKE DISCOVERY IN AID OF FOREIGN
PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW**

**HOGAN LOVELLS US LLP**
Marty Steinberg
Florida Bar No. 187293
Rafael R. Ribeiro
Florida Bar No. 896241
Richard C. Lorenzo
Florida Bar No. 71412
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
marty.steinberg@hoganlovells.com
rafael.ribeiro@hoganlovells.com
richard.lorenzo@hoganlovells.com

*Counsel for Applicants*

Pursuant 28 U.S.C. § 1782 ("Section 1782"), Applicants, Multiflora International Ltd. ("Multiflora"), Agrícola Industrial Entre Ríos, S.A. ("Entre Ríos"), and Agrícola Esperanza Jacobi, S.A. ("Esperanza Jacobi"), apply for an order authorizing Applicants' counsel to issue the subpoenas *duces tecum* ("Subpoenas"), attached hereto as **Composite Ex. A**, requiring (i) Jacobi International, Inc. ("Jacobi International"), Florida corporation found in this District; (ii) Cart Investments, Inc. ("Cart Investments"), a Florida corporation found in this District; (iii) Bank of America N.A. ("BoA"), (iv) Morgan Stanley Bank, N.A. ("Morgan Stanley"), and (v) Jonathan Feuerman, Esquire, of the law firm of Therrel Baisden, LLP (collectively, the "Subpoena Recipients"), to produce documentary and testimonial evidence for Applicants' use in ongoing civil and criminal legal proceedings that are pending in Guatemala (the "Guatemalan Proceedings").

The Guatemalan Proceedings relate to, *inter alia*, Christian Rasch's ("Christian") misappropriation of funds and other assets belonging to Applicants and others. Specifically, Christian and his two brothers—Olaf and Allan Rasch—are equal shareholders of Multiflora, a company established and governed by the laws of the British Virgin Islands. Multiflora is also a shareholder of Entre Ríos and Esperanza Jacobi, which, along with Multiflora, form part of a Guatemalan corporate group (together, the "Multiflora Companies"). In breach of his obligations, Christian, as the manager of the Multiflora Companies, has been using the Multiflora Companies' funds for personal use and expenses and selling (and/or appropriating) Applicants' assets without the authorization and knowledge of Applicants, Olaf, and Allan.

The evidence sought through this Application is relevant and material to the Guatemalan Proceedings brought by Applicants against Christian and others. Applicants' request for discovery seeks important information held by individuals and entities in the United States over which the courts in Guatemala do not have jurisdiction. Because Applicants' request for discovery satisfies all of the requirements of Section 1782, this Application should be granted.

## JURISDICTION AND VENUE

1. This Court may properly exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Jacobi International, Cart Investments, BoA, Morgan Stanley, and Mr. Feuerman are residents of, or otherwise are found in, this District and/or because a substantial part of the events giving rise to Applicants' request for discovery occurred in this District.

3. This Court has personal jurisdiction over Jacobi International and Cart Investments, pursuant to § 48.193, Fla. Stat., because they are residents of Florida and because they committed tortious acts within Florida. This Court also has personal jurisdiction over Jacobi International, Cart Investments, BoA, Morgan Stanley, and Mr. Feuerman pursuant to § 48.193, Fla. Stat., because they conduct business in Florida.

## PARTIES

4. Applicant, Multiflora, is a British Virgin Islands company and, as detailed below, is a plaintiff/claimant in the Guatemalan Proceedings.

5. Applicants, Entre Ríos and Esperanza Jacobi, are Guatemalan companies and, as detailed below, are plaintiffs/claimants in the Guatemalan Proceedings.

6. Jacobi International is a Florida for-profit corporation, found in this District, with its principal address located at 3400 NW 74th Avenue, Miami, Florida, 33122. Christian is listed as Jacobi International's Officer and he electronically executed its 2020 Florida Profit Corporation Annual Report filed with the Florida Secretary of State.[1] See **Ex. B**.

7. Cart Investments is a Florida for-profit corporation, found in this District, with its principal address located at 3520 Saint Gaudens Ct., Miami, Florida 33133. Christian is listed as Cart Investments' Director and he executed its 2020 Florida Profit Corporation Annual Report filed with the Florida Secretary of State.[2] See **Ex. C**.

8. BoA is a financial institution that is found in this District. During times material to this Application, Christian had an account at a BoA branch located in this District with an account number xxxx xxxx 6158, and perhaps other accounts. Additionally, upon information and belief, Christian's BoA account located in this District was used to facilitate the misappropriation and theft of funds that are the subject of the Guatemalan Proceedings.

9. Morgan Stanley is a financial institution that is found in this District. During times material to this Application, Christian managed the Multiflora's account numbered AAA—9489 at a Morgan Stanley branch located in this District and, perhaps other accounts. Additionally, upon information and belief, Christian's Morgan Stanley account located in this District was used to facilitate the misappropriation and theft of funds that are the subject of the Guatemalan Proceedings.

---

[1] One of Christian's daughters, Nadine Rasch, is listed as a Director of Jacobi International.

[2] Christian's daughters, Nadine, Alexandra, and Jacqueline Rasch, are listed as Directors of Cart Investments.

10. Mr. Feuerman is an attorney with the law firm of Therrel Baisden, LLP, which is found in this District, and is located at One SE 3rd Avenue, Suite 2950, Miami, Florida 33131. Mr. Feuerman is listed as the registered agent for Jacobi International. *See* Ex. B. Additionally, Mr. Feuerman incorporated Jacobi International in 1996. *See* April 1, 1996 Jacobi International Articles of Incorporation, attached hereto as **Ex. D.**

11. Christian also used funds belonging to the Applicants to acquire, through a corporate entity, real estate for himself and /or his family in this District.

12. As noted above, Christian, Olaf, and Allan are all equal shareholders of Multiflora. Multiflora is also shareholder of Applicants, Entre Ríos and Esperanza Jacobi, which are part of a Guatemalan corporate group known as the Multiflora Companies. The Multiflora Companies operate in the agriculture and agroindustry sectors, and focus on the production and export of agricultural products and the importation and selling of agricultural and agro-industrial machinery.

13. For many years, Christian, as the oldest brother, managed the Multiflora Companies, having complete control over these entities' legal representatives and directors, who obeyed and sent information solely to him.

14. Recently, however, Olaf and Allan, as holders of 66% of the shares in the Applicants, began requesting financial information relating to the Multiflora Companies and requesting that Christian render an accounting of his administration of these entities, to which he refused.

15. A subsequent audit undertaken by, or on behalf of, Olaf and Allan revealed that Christian, in October 2019, caused the legal representatives of Esperanza Jacobi to sell its only asset—a valuable piece of real estate—to a company solely controlled by Christian called QB

Inversiones, S.A. ("*QB*" is a reference to "*Quinta Bella*," which is the name of one of Christian's estates). Not only was the price for the asset extremely undervalued, but QB Inversiones, S.A. never paid Esperanza Jacobi or otherwise provided it with anything of value in consideration for the transfer of this real estate parcel from Esperanza Jacobi to QB Inversiones, S.A.

16.  Additionally, in March 2020, Christian caused Entre Ríos's representatives to appoint a sole administrator who, in turn, sold nine of Entre Ríos's agricultural properties to a company controlled by Christian called J Dos, S.A. As was the case with the sham transfer of Esperanza Jacobi's real estate property, the Entre Ríos properties were undervalued and there is no evidence of payment to Entre Ríos in consideration for the transfer of these nine properties.

17.  Approximately one month later, in April 2020, Christian entered the Rasch family office and, without authorization, misappropriated information, documents, account books, corporate books, and other data relating to the Multiflora Companies, including Applicants. There is video security footage evidencing his illegal actions.

18.  Upon discovering evidence of Christian's misconduct, Olaf and Allan caused the removal of Appellants' legal representatives and directors but the former legal representatives, administrators, and directors—who are loyal to Christian—refused to provide Applicants' new administrators, Olaf, or Allan with information regarding Christian's actions.

19.  Based on their findings, Olaf and Allan caused the Applicants to initiate the Guatemalan Proceedings as detailed below:

>   a. June 23, 2020 Private Criminal Complaint filed by Applicant, Entre Ríos, and Multiflora against former Entre Ríos administrators for misappropriation, moral turpitude, fraud, and criminal conspiracy;

    b. July 10, 2020 Private Criminal Complaint filed by Applicant, Esperanza Jacobi, and Multiflora against Christian, his companies QB Inversiones, S.A. and J 5, S.A., and former Esperanza Jacobi administrators for moral turpitude, use of falsified documents, and fraud; and

    c. August 4, 2020 Amended Private Criminal Complaint filed by Applicant, Entre Ríos, against Christian, his entity J Dos, S.A., and former Entre Ríos administrators for moral turpitude, fraud, improper use of falsified documents, and criminal conspiracy.

20. Upon information and belief, Christian has caused the illicit proceeds derived from his illegal activities to be funneled to Jacobi International, Cart Investments, and into accounts controlled by Christian and his companies, including those found at the BoA and Morgan Stanley branches located in this District.

21. Further, upon information and belief, in light of his service to Christian and others and his professional experience as a corporate lawyer, and due to his status as the incorporator and registered agent for Jacobi International, Mr. Feuerman likely has information and documents regarding these transactions and Christian's use of Jacobi International and Cart Investments to funnel and move the funds that he misappropriated and stole from Applicants and the other companies comprising the Multiflora Companies group.

## LEGAL ARGUMENT

Section 1782 allows a party, or any "interested person," to a legal proceeding outside the United States to apply to a U.S. federal district court to obtain evidence for use in the foreign proceeding. *See* 28 U.S.C. § 1782. A federal district court is authorized to grant a Section 1782 application if the following three statutory requirements are satisfied:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must

reside or be found in the district of the district court ruling on the application for assistance. 28 U.S.C. § 1782(a).

See In re Clerici, 481 F.3d 1324, 1331–32 (11th Cir. 2007). The court's "discretion in deciding whether to grant the petition should be guided by the twin aims of the statute providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." See In re Pimenta, 942 F. Supp. 2d 1282, 1288 (S.D. Fla. 2013), adhered to sub nom. In re de Melo Pimenta, No. 12-24043-MC, 2013 WL 12157798 (S.D. Fla. Aug. 20, 2013).

### A. Section 1782's Statutory Requirements Are Met

#### 1. Applicants are "Interested Persons" in the Guatemalan Proceedings

Given that Applicants are litigants in the pending Guatemalan Proceedings, Applicants undoubtedly are "interested person[s]" for Section 1782 purposes. See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256 (2004) (noting that "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke Section 1782").[3]

#### 2. The Requested Discovery Will Be Used in the Guatemalan Proceedings

Section 1782 discovery is available "for use in a proceeding in a foreign or international tribunal," a category that includes foreign civil and criminal proceedings. 28 U.S.C. § 1782(a); see also Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d 1262, 1267-1270 (11th Cir. 2014) ("[Applicant] claims that it seeks the requested discovery for use in contemplated civil and criminal proceedings . . . . We agree that these contemplated proceedings satisfy section 1782").

---

[3] Even so, the Supreme Court held that §1782 "plainly reaches beyond the universe of persons designated 'litigant.'" See Intel Corp., 542 U.S at 256.

Applicants can satisfy the "for use" requirement under Section 1782 as long as the applicants have the ability "to inject the requested information into a foreign proceeding and the requested discovery is something that will be employed with some advantage or serve some use in the proceeding." *In re Ferrer*, No. 18-20226-CIV, 2018 WL 3240010, at *5 (S.D. Fla. July 3, 2018) (internal quotation marks and citation omitted).

Applicants request the discovery at issue so they can supplement the evidentiary record underlying the claims being prosecuted in the Guatemalan Proceedings. The evidence sought from the Subpoena Recipients is relevant and material to the claims in the Guatemalan Proceedings. There is thus no doubt that the requested discovery is "for use" in foreign proceedings. *See Weber v. Finker*, 554 F. 3d 1379 (11th Cir. 2009) (granting Section 1782 discovery request for use in pending civil action and likely future criminal action arising from commons facts).

Applicants also have satisfied the "pending proceeding" requirement under Section 1782. Applicants already have initiated the Guatemalan Proceedings. Section 1782 discovery, however, is available even where the legal proceeding is not yet pending or even imminent. *See Intel Corp.*, 542 U.S. at 259 (rejecting the view that Section 1782 only comes into play when adjudicative proceedings are pending or imminent). Rather, Section 1782 requires only that foreign proceedings "be within reasonable contemplation." *See id.*; *see also In re: Application of Bracha Found.*, 663 F. App'x 755, 763 (11th Cir. 2016) (citations and internal quotation marks omitted); *In re Setraco Nigeria Ltd.*, No. 3:13-mc-16-32MCR, 2013 WL 1704913, at *2 (M.D. Fla. Apr. 19, 2013) ("Section 1782 is designed to support such contemplated claims, including civil and criminal proceedings to be initiated by a private party in a foreign tribunal, even when said proceedings are contemplated but have not yet commenced").

As outlined above, on June 23, 2020, Applicants Entre Ríos and Multiflora filed a Private Criminal Complaint against former Entre Ríos administrators for misappropriation, moral turpitude, fraud, and criminal conspiracy; on July 10, 2020, Applicants Esperanza Jacobi and Multiflora filed a Private Criminal Complaint against Christian, his companies QB Inversiones, S.A. and J 5, S.A., and former Esperanza Jacobi administrators for moral turpitude, use of falsified documents, and fraud; and on August 4, 2020, Applicant Entre Ríos filed an Amended Private Criminal Complaint against Christian, his entity J Dos, S.A., and former Entre Ríos administrators for moral turpitude, fraud, improper use of falsified documents, and criminal conspiracy. Thus, there is no question that the Guatemalan Proceedings are in the "pending" stages. Accordingly, the requested information is "for use" in pending foreign proceedings.

### 3. The Subpoena Recipients Reside or Are Found in This District

The final statutory requirement is that the person or entity from whom discovery is sought must reside or be found in the Southern District of Florida. Under Section 1782, a corporation may be found, *inter alia*, in the state where it is incorporated or conducts systematic business activities. *See, e.g., In re Application of Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*, No. 08-20378-MC, 2011 WL 181311, at *7 (S.D. Fla. Jan. 19, 2011) (holding that a corporation may be found where it is "incorporated, headquartered, or conduct[s] systematic business activities"); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.") (citation and internal quotation marks omitted); *In re Wallis*, 18-mc-80147, 2018 WL 5304849, at *3 (N.D. Cal. Oct. 24, 2018) ("For the purposes of satisfying [Section 1782], a company 'may be found' in its place of incorporation . . . .").

Here, all of the Subpoena Recipients reside, or are found, in this District. First, Jacobi International and Cart Investments are incorporated in and conduct substantial business within Florida, and, as such, the companies are "found" in this District for purposes of Section 1782. *See In re Application of Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*, No. 2011 WL at *7. Second, due to his role as the incorporator and registered agent of Jacobi International, and based on his online profile on his law firm's website, Mr. Feuerman is located in this District. Third, the BoA and Morgan Stanley branches located in this District, upon information and belief, were used, or are being used, to funnel funds that were misappropriated and stolen and that are the subject of the Guatemalan Proceedings. Put another way, the discovery being sought from BoA and Morgan Stanley relating to accounts controlled by Christian has a direct nexus to this District. In sum, as discussed above, the Subpoena Recipients reside, or otherwise are found, in this District.

### A. A Balancing of the Section 1782 Discretionary Factors Weighs in Favor of Granting the Application

In addition to the above statutory requirements, courts have identified four discretionary factors to consider in assessing a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign court to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *In re Application of Mesa Power Grp., LLC,* 878 F. Supp. 2d 1296, 1302 (S.D. Fla. 2012) (citing *Intel*, 542 U.S. at 264-65). These discretionary factors weigh heavily in favor of granting this Application.

### *1.    The Discovery Sought Is Not Available to Applicants in Guatemala*

Generally, the need for Section 1782 aid is greater when the subject of the application is "outside the foreign tribunal's jurisdictional reach," and as such, the first discretionary factor considers whether the evidence is sought from a nonparticipant in the matter arising abroad. *Intel*, 542 U.S. at 264.  This factor also requires that a district court consider whether the foreign tribunal "lacks the power to compel discovery" from a party "located outside" the foreign tribunal's jurisdiction.  *In re Ferrer*, 2018 WL 3240010, at *8.  The Guatemalan Proceedings discussed in this Application satisfy this discretionary factor.

Jacobi International,[4] Cart Investments,[5] BoA, Morgan Stanley, and Mr. Feuerman are located in Florida and are beyond the jurisdiction of courts in Guatemala.  The Guatemalan courts thus lack the power to compel discovery from these entities and Mr. Feuerman.  Further, these entities and Mr. Feuerman are nonparticipants in the Guatemalan Proceedings.  *See In re Bernal*, No. 18-21951-MC, 2018 WL 6620085, at *6 (S.D. Fla. Dec. 18, 2018) (holding that the first discretionary factor is even more apparent "when the evidence is sought from a nonparticipant in the matter rising abroad") (citation omitted); *see also Goenechea v. Davidoff*, No. CCB-15-3384, 2016 WL 560689, at *3 (D. Md. Feb. 11, 2016) (finding that the first discretionary factor weighed in favor of discovery when the subject of discovery was a non-party outside the jurisdiction of the court).  Accordingly, the first *Intel* factor weighs in favor of granting this Application.

---

[4]    As alleged above, Christian is listed as Jacobi International's Officer, and he executed its 2020 Florida Profit Corporation Annual Report filed with the Florida Secretary of State.  *See* Ex. B.

[5]    As alleged above, Christian is listed as Cart Investments' Director, and he executed its 2020 Florida Profit Corporation Annual Report filed with the Florida Secretary of State.  *See* Ex. C.

### *2.      The Nature and Receptivity of the Foreign Tribunals*

The second discretionary factor—the nature and receptivity of the applicable foreign tribunals—also weighs in favor of granting the requested discovery. Section 1782 may "encourage judicial assistance even if the foreign proceeding has not commenced or advanced," as this section is not limited to pending proceedings. *In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1303 (S.D. Fla. 2012) (citing *Intel*, 542 U.S. at 248–49). Further, the parties "requesting judicial assistance [do] not have to prove receptivity to show that they are not attempting to circumvent foreign proof-gathering mechanisms." *Id*. at 1304 (citation omitted).

Here, Applicants assert that the courts in Guatemala will be receptive to considering relevant evidence that supports Applicants' claims in the Guatemalan Proceedings. Indeed, at least one other court has granted a Section 1782 application in aid of litigation in Guatemala. *See In re Ex Parte Application of Colegio Americano de Guatemala*., No. 16-MC-80261-HRL, 2016 WL 7325033, at *2 (N.D. Cal. Dec. 16, 2016). Therefore, the second *Intel* factor weighs in favor of allowing Section 1782 discovery.

### 3.      *The Application Does Not Circumvent Foreign Proof-Gathering Policies*

The third *Intel* factor also weighs in favor of granting this Application because Applicants do not seek to circumvent foreign proof-gathering restrictions and policies. *See Intel,* 542 U.S. at 265; *In re Chevron Corp.*, 2010 WL 4883111, at *3 ("In determining whether a petition is an effort to circumvent foreign proof-gathering restrictions, the issue is whether the discovery is being sought in bad faith"). Importantly, an applicant is not required to exhaust foreign options before requesting that a district court grant discovery under Section 1782. *See Weber v. Finker*, No. 3:07-MC-27 J32MCR, 2007 WL 4285362, at *5 (M.D. Fla. Nov. 30, 2007); *In re Veiga*, 746 F. Supp. 2d 8, 24 (D.D.C. 2010) (granting § 1782 application and finding

non-exhaustion of foreign options "irrelevant"). Failure to seek documents using foreign methods does not indicate an attempt to circumvent foreign proof-gathering restrictions or other policies. *Weber*, 2007 WL 4285362, at *5 (granting Section 1782 application even when applicants did not seek discovery in foreign tribunal).

In the instant case, Applicants' request for Section 1782 assistance is not an effort to circumvent the courts in Guatemala. To the contrary, Applicants are attempting to collect information that will aid the Guatemalan courts in making decisions regarding the pending Guatemalan Proceedings. As explained above, the information requested may not be sought in the foreign proceedings. *See In re Ferrer*, 2018 WL 3240010, at *9 (finding that the third *Intel* factor favors an applicant when the body investigating an issue is unable to compel a party to provide evidence outside a foreign territory). In sum, Applicants are properly seeking additional information to provide to foreign courts through the only appropriate means available to it, and therefore are not circumventing any foreign proof-gathering restrictions or policies.

### 4. *The Requested Discovery Will Not Be Intrusive or Burdensome*

As to the final discretionary factor that must be weighed by this Court, Applicants' proposed Subpoenas are not unduly intrusive or burdensome. In determining whether a Section 1782 application is unduly intrusive or burdensome, the district court "may consider whether the application contains unduly intrusive and burdensome requests, is made in bad faith, for the purpose of harassment, or is part of a fishing expedition." *In re Ferrer*, 2018 WL 3240010, at *10 (citation and quotation marks omitted); *In re Pons*, No. 19-23236-MC, 2020 WL 364125, at *7 (S.D. Fla. Jan. 22, 2020), aff'd, No. 19-23236-MC, 2020 WL 1860908 (S.D. Fla. Apr. 13, 2020) (holding that the subpoena was not unduly intrusive or burdensome because it "seeks

relevant evidence from a third party who is in possession of such evidence…" and the relevant period of time was specified).

Instead, the scope of the discovery arising out of this Application is in accordance with the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782(a); *see also Weber v. Finker,* 554 F.3d 1379, 1385 (11th Cir. 2009) ("Once discovery is authorized under § 1782, the federal discovery rules…contain the relevant practices and procedures for the taking of testimony and the production of documents"). The protection against an unduly burdensome subpoena is provided by the Federal Rules of Civil Procedure. *In re Application of Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*, 2011 WL 181311, at fn. 5. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents." *Weber*, 554 F.3d at 1385. The "unduly burdensome" analysis is subject to Rule 45 of the Federal Rules of Civil Procedure. *In re Pinchuk*, No. 13-CIV-22857, 2014 WL 1745047, at *2 (S.D. Fla. Apr. 30, 2014).

Applicants have narrowly tailored the Subpoenas to request only information that is directly relevant and material to the claims that will be litigated in the Guatemalan Proceedings. The discovery sought by Applicants is not at all burdensome, but rather seeks a discrete set of documents corresponding to a specific set of events over a defined period of time. Other courts have found that similar discovery requests for use in foreign proceedings are neither unduly intrusive nor burdensome. *See, e.g.*, *In re Ferrer*, 2018 WL 324 0010, at *10-*11 (finding that "financial and corporate documents and related testimony" that are "relevant and go to the heart of the . . . [c]ase" meet this *Intel* prong); *In re Application of Inversiones y Gasolinera Petroleos Valenzuela*, 2011 WL 181311, at *13 (finding that there is no showing that the narrowly tailored

requests are unduly intrusive or burdensome); *Goenechea*, 2016 WL 560689, at *3 (finding that a request to a third-party for documents relating to the dispute within the third-party's control was not unduly burdensome). Accordingly, the fourth *Intel* factor favors granting Applicants' discovery request. *See In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d at 1305 (finding that Section 1782 request was not burdensome because the discovery was "relevant to the foreign proceeding"); *In re Quest Commc'ns Int'l Inc.*, No. 3:08-mc-93, 2008 WL 2741111, at *5 (W.D.N.C. July 10, 2008) (finding that Section 1782 request was not burdensome because the subpoena was "narrowly tailored to produce information relevant to the issues").

## **CONCLUSION**

For all the above reasons, Applicants request that the Court enter an order authorizing the issuance of the Subpoenas set forth in Composite Ex. A in order to obtain documentary and testimonial evidence from Jacobi International, Cart Investments, BoA, Morgan Stanley, and Mr. Feuerman for use in the Guatemalan Proceedings. A copy of the proposed order is attached for the Court's consideration.

Dated this 13th day of October, 2020.

                                                   Respectfully submitted,

                                                   */s/ Rafael R. Ribeiro*

                                                   **HOGAN LOVELLS US LLP**
                                                   Marty Steinberg
                                                   Florida Bar No. 187293
                                                   Rafael R. Ribeiro
                                                   Florida Bar No. 896241
                                                   Richard C. Lorenzo
                                                   Florida Bar No. 71412
                                                   600 Brickell Avenue, Suite 2700
                                                   Miami, FL 33131
                                                   Tel: (305) 459-6500
                                                   Fax: (305) 459-6550
                                                   marty.steinberg@hoganlovells.com
                                                   rafael.ribeiro@hoganlovells.com
                                                   richard.lorenzo@hoganlovells.com

                                                   *Counsel for Applicants*

## **VERIFICATION**

I declare certify under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on October 6th, 2020

By: **Omar SherydanXicaráAjanel**

Title: Legal Representative—Agrícola Industrial Entre Ríos, S. A. and Agrícola Esperanza Jacobi, S. A