EXHIBIT G





**DENUNCIA NUEVA:** _____

**SEÑORA FISCAL GENERAL Y JEFA DEL MINISTERIO PÚBLICO:**

- **DE LOS DENUNCIANTES, VÍCTIMAS Y AGRAVIADOS:**

1) <u>**JULIA CRISTINA GONZALEZ VIZCAÍNO,**</u> de cuarenta y dos años, soltera, guatemalteca, Abogada y Notaria, de este domicilio, me identifico con el Documento Personal de Identificación con Código Único de Identificación do mil doscientos sesenta y tres, ochenta y cuatro mil setecientos trece, cero ciento uno (2263 84713 0101) extendido por el Registro Nacional de las Personas -RENAP-, con residencia por razón profesional: quinta avenida cinco guion cincuenta y cinco, zona catorce, Edificio Europlaza, Torre dos, Oficina un mil quinientos tres, Ciudad de Guatemala,

   a. <u>**De la calidad con que actúo:**</u> Actúo en mi calidad de Apoderada Especial Judicial con Representación de la entidad <u>**SUCSOVA INVESTMENT CORPORATION**</u>, lo que acredito con el testimonio de la escritura pública número cincuenta y dos, de fecha catorce de julio de dos mil veinte, faccionada por la Notaria María Eugenia Beltranena Umaña, que contiene Protocolización de Poder Especial Judicial con Representación otorgado en el extranjero.  El cual quedó debidamente inscrito en el Registro Electrónico de Poderes del Archivo General de Protocolos del Organismo Judicial como inscripción número uno del Poder quinientos veinticinco mil setecientos cincuenta guión E. El que se adjunta en fotocopia simple al presente memorial identificado como **"ANEXO A".**

   b. Mi representada actúa en calidad de **ACCIONISTA MAYORITARIA** de la entidad Agrícola Industrial entre Ríos, Sociedad Anónima. Lo cual acredito con la fotocopia simple del título de acción del cual es titular; la que le faculta para actuar como denunciante, víctima y agraviada ante los evidentes hechos delictivos; y por ende legitimada para provocar el inicio de las investigaciones, con fundamento en el numeral 3) del artículo 117 del Código Procesal Penal. Misma que adjunto al presente memorial identificado como **"ANEXO B";** y

2) <u>**ALEJANDRO AUGUSTO PENADOS GRAJEDA**</u>, de cuarenta y un años, casado, guatemalteco, Abogado y Notario, de este domicilio, me identifico con el Documento

Personal de identificación con Código Único de identificación un mil novecientos noventa y nueve, cero tres mil doscientos veinte, cero ciento uno (**CUI 1999 03220 0101**) extendido por el Registro Nacional de las Personas -RENAP-, con residencia por razón profesional en: quinta avenida cinco guion cincuenta y cinco, zona catorce, Edificio Europlaza, Torre dos, Oficina un mil quinientos tres, Ciudad Guatemala.

    a. **De la calidad con que actúa:** Actúo en mi calidad de Mandatario General Judicial con Representación de la entidad **MULTIFLORA INTERNATIONAL LTD.;** entidad constituida bajo las leyes de Islas Vírgenes, británicas. Calidad que acredito con el primer testimonio de la escritura pública número cuarenta y nueve (49), autorizada en esta ciudad el tres de julio de dos mil veinte, por la Notaria María Eugenia Beltranena Umaña. El cual se encuentra inscrito en el Registro Electrónico de Poderes del Archivo General de Protocolos del Organismo Judicial, bajo la inscripción número dos del poder quinientos veintitrés mil doscientos cincuenta y ocho guion E. El cual adjunto al presente memorial en fotocopia simple identificada como "**ANEXO C**".

    b. Mi mandante actúa en su calidad de accionista y por ende socia minoritaria de la entidad Agrícola Industrial entre Ríos, Sociedad Anónima. Lo cual se acredita con la fotocopia simple del título de acción respectiva; la que le legitima para actuar como denunciante, por ser víctima y agraviada directa de los hechos delictivos denunciados, los cuales requieren una inmediata investigación; fundamentado en el numeral 3) del artículo 117 del Código Procesal Penal. La cual se adjunta en fotocopia simple al presente memorial identificada como "**ANEXO D**";

3) **CÉSAR HUMBERTO GUSTAVO LÓPEZ VELÁSQUEZ**, de treinta y un años, soltero, guatemalteco, ejecutivo, de este domicilio, me identifico con el Documento Personal de Identificación con Código Único de Identificación dos mil novecientos sesenta, cincuenta y cuatro mil ciento veintisiete, cero ciento uno (**CUI 2960 54127 0101**) extendido por el Registro Nacional de las Personas -RENAP-, con residencia por razón profesional:

quinta avenida cinco guion cincuenta y cinco, zona catorce, Edificio Europlaza, Torre dos, Oficina un mil quinientos tres, Ciudad Guatemala,

a. **De la calidad con que actúo:** Actúo en mi calidad de **ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL** de la entidad **AGRICOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANÓNIMA,** calidad que acredita con el acta notarial de su nombramiento autorizada el dieciocho (18) de mayo de dos mil veinte (2020), por la Notaria Jeaneth Alejandra Divas Zeceña, la cual quedó debidamente inscrita en el Registro Mercantil General de la República con el número: quinientos ochenta y nueve mil ochocientos sesenta y dos (589862), folio: ochocientos setenta (870), del libro: setecientos cuarenta (740), de Auxiliares de Comercio, la cual acompaño en copia simple al presente escrito, identificada como **"ANEXO E".**



b. La entidad **AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA** es una sociedad mercantil constituida y regulada bajo las leyes de la República de Guatemala, constituida mediante la escritura pública número setecientos doce (712) en la ciudad de Guatemala el veintiuno (21) de abril de mil novecientos noventa y tres (1993), bajo los oficios del Notario Ovidio David Parra Vela. Lo cual se comprueba con la fotocopia simple de la escritura de constitución e inscripciones.   Documentos que se acompañan al presente memorial y que en forma conjunta son identificados como **"ANEXO F".**

Comparecemos en nuestras respectivas calidades y

### EXPONEMOS:

I.   **DEL AUXILIO PROFESIONAL Y LUGAR PARA RECIBIR NOTIFICACIONES:** Determinamos como nuestros Abogados Directores y Procuradores a: **JUAN CARLOS ALVIZUREZ SALGUERO Y JULIA CRISTINA GONZÁLEZ VIZCAÍNO;** quienes pueden actuar en forma separada o conjunta, indistintamente.  Señalamos como lugar para recibir notificaciones la oficina profesional de los abogados identificados, ubicada en: quinta avenida cinco guion cincuenta y cinco (5ª Avenida

5-55), zona catorce (14), Edificio Europlaza, Torre dos, Oficina un mil quinientos tres (1503), Ciudad de Guatemala. Números de teléfono: 54100172 y 54100171; y correos electrónicos: juancarlos.alvizurez@legalsa.com, julia.gonzalez@legalsa.com;.

II.    **OBJETO DE LA COMPARECENCIA:** Comparecemos a plantear **FORMAL DENUNCIA PENAL** en contra de:

1.  **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE,** quien se identifica con el documento personal de identificación número dos mil quinientos dieciocho, quince mil ciento cuarenta y cinco, cero ciento uno (**2518 15145 0101**) extendido por el Registro Nacional de las Personas -RENAP-, se ignora el lugar de su residencia pero que puede ser debidamente citado y notificado en: quinta avenida doce guion setenta y cinco, zona catorce, Edificio Quinta Bella Sur, Apartamento un mil doscientos uno, ciudad Guatemala, y/o al teléfono: 55111168. Correo electrónico: crasch@jacobifruits.com

2.  **EDUARDO MACARIO COYOY;** quien se identifica con el documento personal de identificación número dos mil trescientos treinta y siete, setenta mil quinientos setenta y siete, cero novecientos uno (**2337 70577 0901**) extendido por el Registro Nacional de las Personas -RENAP-, se ignora el lugar de su residencia pero que puede ser debidamente citado y notificado en: quinta avenida catorce guion veinticuatro, zona catorce, Local "C", ciudad Guatemala; al teléfono: **40598987**.  Correo electrónico: emacariojacobi@outlook.com

3.  **INOCENTE PERNILLO FUENTES;** quien se identifica con el documento personal de identificación número dos mil doscientos noventa y uno, dieciséis mil setecientos veintiocho, cero ciento uno (**2291 16728 0101**) extendido por el Registro Nacional de las Personas -RENAP-, de quien ignoro el lugar de su residencia pero que puede ser debidamente citado y notificado en: quinta avenida catorce guion veinticuatro, zona catorce, Local "C", ciudad Guatemala, al teléfono: **30727602**. Correo electrónico: jpernillojacobi@outlook.com

4.  La entidad mercantil **J DOS, SOCIEDAD ANONIMA**, por medio de su respectivo representante legal, quien por su naturaleza jurídica carece de



domicilio pero que puede ser debidamente citada y notificada: en quinta avenida doce guion setenta y cinco, zona catorce, Edificio Quinta Bella Sur, Apartamento un mil doscientos uno, ciudad Guatemala.

5. Y en contra de todas aquellas personas que como resultado de la investigación se determine su participación.

III.   **DELITOS QUE SE DENUNCIAN:** Los delitos que se denuncian preliminarmente son: a) **FALSEDAD IDEOLÓGICA, en su forma continuada; b) USO DE DOCUMENTOS FALSIFICADOS, en su forma continuada; c) CASO ESPECIAL DE ESTAFA,** numerales 12, 13 y 23 del artículo 264 del Código Penal; **y d) ASOCIACIÓN ILICITA.** Y todos aquellos delitos que derivado de la investigación se evidencia su comisión y participación.

En ese sentido, provocamos la instancia particular correspondiente y procedemos a detallar la plataforma fáctica, jurídica y probatoria que fundamenta nuestra posición de denunciante y legitima nuestras peticiones.

## IV.   ANTECEDENTES:

- **DEL OBJETO SOCIAL DE LA ENTIDAD AGRÍCOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANÓNIMA:**

Manifiesta **César Humberto Gustavo López Velásquez** en la calidad con que actúa, que el objeto social de su representada es la: "*Compra, venta, procesamiento beneficiado, distribución, importación, exportación, industrialización y comercialización de todo tipo de productos agrícolas y agropecuarios, explotación y aprovechamiento agropecuario industrial de fincas rusticas y urbanas y otros*". Resaltado propio. Lo cual se comprueba con la fotocopia simple de su respectiva patente de comercio de sociedad, la que se adjunta al presente memorial identificada como **"ANEXO G".**

César Humberto Gustavo López Velásquez, también manifiesta que siendo el objeto social de su representada evidentemente el desarrollo de actividades **agrícolas/agropecuarias**, resulta lógico que los bienes inmuebles que forman parte de su activo, son recursos fundamentales para su principal operación; en tal sentido, la toma de decisión de disposición de todo bien inmueble, debe estar precedida de una serie de análisis y discusiones exhaustivas por todos los involucrados, pues una decisión de ese carácter debe tener una razonabilidad financiera, comercial y legal que la justifiquen, por el impacto y afectación que producirá en su operación.   Por lo que para efectos prácticos de la presente denuncia y antes de entrar al detalle del relato de hechos, considera oportuno indicar que su representada es **legítima propietaria** de bienes inmuebles que utiliza para hacer viable toda su operación y que forma parte de su activo, siendo entre otros bienes los que se encuentran inscritos en el Registro General de la Propiedad, bajo los siguientes datos de fincas:

1. Diecisiete mil setecientos dos (17702), folio ochenta y nueve (89) del libro ochenta y nueve (89) de Suchitepéquez,
2. Dieciséis mil cincuenta y nueve (16059), folio veintiocho (28) de libro sesenta y dos (62) de Retalhuleu,
3. Dieciséis mil cientos siete (16107), folio setenta y seis (76) del libro sesenta y dos (62) de Retalhuleu,
4. Diecisiete mil setecientos uno (17701), folio ochenta y ocho (88) de libro ochenta y nueve (89) de Suchitepéquez,
5. Quince mil seiscientos cincuenta y seis (15656), folio cincuenta y nueve (59) del libro ochenta y uno (81) de Suchitepéquez,
6. Dieciocho mil ciento veinte (18120), folio doscientos diez (210) del libro noventa (90) de Suchitepéquez,
7. Dieciséis mil sesenta (16060), folio veintinueve (29) del libro sesenta y dos (62) de Retalhuleu,

8. Diecisiete mil seiscientos noventa y nueve (17699), folio ochenta y seis (86) del libro ochenta y nueve (89) de Suchitepéquez, y

9. Diecisiete mil setecientos (17700) folio ochenta y siete (87) del libro ochenta y nueve de Suchitepéquez.

Lo anterior lo compruebo con certificaciones originales de cada una de las fincas detalladas, emitidas por el Segundo Registro de la Propiedad. Dichas certificaciones se adjuntan al presente memorial identificadas como **"ANEXO H"**.



Esta información cobra relevancia más adelante, cuando se comprueba que el objetivo principal criminal de la estructura que se denuncia era el desapoderamiento ilegal de dichos inmuebles para el beneficio de sus integrantes.

- **DE LOS ACCIONISTAS DE LA ENTIDAD AGRÍCOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANÓNIMA Y LAS CONDICIONES IMPORTANTES DE REPRESENTACIÓN PARA CELEBRACIÓN DE SUS ASAMBLEAS:**

Es importante hacer constar que el capital pagado de Agrícola Industrial Entre Ríos, Sociedad Anónima está dividido y representado por 800 acciones. Los titulares de dichas acciones son únicamente las dos personas jurídicas siguientes:

a) **SOCIA MAYORITARIA: SUCSOVA INVESTMENT CORPORATION**: la cual es titular del título número uno (1), el cual ampara setecientos noventa y nueve (799) acciones, equivalentes al **99.875%** del total de acciones emitidas y pagadas por la entidad. Y,

b) **SOCIA MINORITARIA: MULTIFLORA INTERNATIONAL LTD**: la cual es titular del título número dos (2), el cual ampara una (1) acción, equivalente al **0.125%** del total de acciones emitidas y pagadas por la entidad.

Dejado claro lo anterior, procedemos a detallar el siguiente,

**V.   RELATO CIRCUNSTANCIADO DE LOS HECHOS, CON INDICACIÓN DE LOS PARTÍCIPES, VÍCTIMAS Y TESTIGOS:**

La presente denuncia está integrada sobre la tesis principal que los cuatro denunciados conformaron una **estructura criminal** que durante el tiempo en el cual han actuado, lo han hecho en forma concertada con el propósito de cometer todos los hechos delictivos que se relatan a continuación, en total perjuicio y detrimento del patrimonio de la entidad **AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA** y sus respectivas accionistas, es decir las entidades: **Sucsova Investment Corporation** y **Multiflora International Ltd.**; y, consecuentemente el de los accionistas de éstas, que son las personas individuales y beneficiarios finales de dichas entidades; por lo que se procede con el relato de la forma siguiente:

El **día veintiocho de abril de dos mil veinte** el Registro Mercantil General de la República, inscribió el nombramiento de **EDUARDO MACARIO COYOY**, como **Administrador Único y Representante Legal** de la entidad **AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA**. El cual quedó registrado al número: quinientos ochenta y ocho mil cuatrocientos sesenta y tres (588463), folio (470) del libro (739) de Auxiliares de Comercio.

Debe hacerse notar que el acta notarial en la que se hizo constar dicho nombramiento, tiene fecha veintitrés de marzo de dos mil veinte, y fue autorizada en esta ciudad por el Notario **Rodolfo Enrique González Rivera**, al revisar su contenido, en el numeral "PRIMERO", dicho Notario hace constar lo siguiente:

*"El requirente me pone a la vista el **Acta Notarial de Asamblea General Ordinaria totalitaria de Accionistas** de la entidad AGRICOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANÓNIMA **de fecha veintitrés de marzo del presente año,** autorizada en esta ciudad*

*por el infrascrito Notario, mediante la cual* **_por unanimidad todos los socios resolvieron reelegir al señor EDUARDO MACARIO COYOY_** *para el cargo de ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL de la sociedad en mención por un plazo de tres años (...)"* Resaltado es propio. Acta notarial de nombramiento, que se adjunta al presente memorial en fotocopia simple, identificada como **"ANEXO I".**

Los hechos que se descubrieron a la luz de dicho documento público fueron que tanto la "supuesta" **Acta Notarial de Asamblea General Ordinaria Totalitaria de la entidad AGRICOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANÓNIMA,** como el **Acta Notarial donde se hace constar ese supuesto nombramiento,** fueron autorizadas el día **veintitrés de marzo de dos mil veinte** por el Notario **Rodolfo Enrique González Rivera,** ambas resultan ser **FALSAS,** en virtud que esa supuesta "asamblea totalitaria", **no se celebró,** o, en su defecto, se celebró sin que estuvieran presentes la totalidad de los accionistas, debidamente facultados y legitimados para el efecto.

Al analizar toda la prueba por este acto aportada, es evidente que quien tenía interés criminal en que cometieran estos hechos delictivos era Christian Alexander Enrique Rasch Töpke, lo cual consumó en contubernio con los demás denunciados que forman su estructura criminal, ello por las siguientes razones:

1) Respecto a la socia **SUCSOVA INVESTMENT CORPORATION,** sus accionistas y beneficiarios finales son las siguientes personas individuales:
   a. **Christian Alexander Enrique Rasch Töpke (ahora denunciado),** quien es titular del (20%)
   b. Verena Isabella Töpke Keller de Rasch, quien es titular del (40%)
   c. Juan Olaf Rasch Töpke, quien es titular del (20%)
   d. Allan Guillermo Oscar Rasch Töpke, quien es titular del (20%)

Lo que se comprueba con la fotocopia simple de los títulos de acciones respectivos. Los cuales se acompañan al presente memorial identificados como **"ANEXO J"**.

En el presente caso por ser Sucsova Investment Corporation la accionista mayoritaria de la entidad AGRICOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA, la forma de representación, celebración y comparecencia a esa supuesta asamblea de fecha 23 de marzo de 2020, cobra vital importancia, pues al comparecer **Christian Alexander Enrique Rasch Töpke** en forma unilateral y no en forma conjunta con dos mandatarios más, en representación de la entidad Sucsova Investment Corporation para la celebración de esa asamblea de naturaleza totalitaria de la entidad AGRICOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANONIMA, celebró una asamblea sin quórum, sin que estuvieran presentes la totalidad de los accionistas y en consecuencia dicha asamblea resulta ser un acto ilícito; eso sí, dicho acto ilícito era necesario para consolidar el objetivo criminal principal de dicha estructura delictiva, pues con dicha asamblea se aseguraban otorgarle representación a una persona individual que formaba parte de su estructura criminal y con ello buscar el desapoderamiento de los nueve bienes inmuebles propiedad de la entidad AGRICOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANONIMA.

2) En lo que respecta a la socia **MULTIFLORA INTERNATIONAL LTD**, sus accionistas/ beneficiarios finales son las siguientes personas individuales:

    a. **Christian Alexander Enrique Rasch Töpke (ahora denunciado),** quien es titular de un (33.334%)

    b. Juan Olaf Rasch Töpke, quien es titular de un (33.332%)

    c. Allan Guillermo Oscar Rasch Töpke, quien es titular de un (33.334%)



Lo que se comprueba con la fotocopia simple de los títulos de acciones respectivos. Los cuales se acompañan en fotocopia simple al presente memorial identificados como **"ANEXO K"**.

En el presente caso se denuncia que Christian Alexander Enrique Rasch Töpke (ahora denunciado) utilizó el mandato de la entidad Multiflora International Ltd. en fraude de ley; y en total abuso de confianza, al comparecer y supuestamente celebrar la Asamblea General Ordinaria Totalitaria de la entidad Agrícola Industrial entre Ríos, Sociedad Anónima de fecha 23 de marzo de 2020.

A la altura del presente relato, los actos detallados podría pensarse constituyen actos corporativos con apariencia de legalidad mas no legitimidad; **PERO NO ES ASÍ**, estos hechos solo constituyen la plataforma inicial de hechos delictivos, que no resultan ser más que los preparativos para consolidar el verdadero objetivo delincuencial de dicha estructura criminal, pues su objetivo criminal con estos hechos iniciales era en primer lugar adquirir el control de la representación de la entidad AGRÍCOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANÓNIMA, para finalmente cometer su objetivo principal criminal que es el desapoderamiento de los nueve bienes inmuebles propiedad de la entidad, en detrimento tanto de dicha entidad, como la de sus entidades accionistas y sus consecuentes beneficiarios finales.

Es así como el **cuatro de mayo de dos mil veinte,** mediante la escritura pública número nueve autorizada en esta ciudad por el Notario Rodolfo Enrique González Rivera, comparece el denunciado: **EDUARDO MACARIO COYOY**, en representación legal de la entidad AGRÍCOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANÓNIMA (utilizando la ilegal acta notarial de nombramiento) y **Christian Alexander Enrique Rasch Töpke (ahora denunciado)** en su calidad de Administrador Único y Representante Legal de la entidad **J DOS,**

**SOCIEDAD ANÓNIMA**, a otorgar la compraventa de los bienes inmuebles a favor de **J DOS, SOCIEDAD ANÓNIMA**. Escritura Pública que se acompaña al presente memorial en fotocopia simple identificada como **"ANEXO L"**.

Los aspectos fácticos que evidencian la ilegalidad e ilicitud de dicho acto como objeto principal de la estructura criminal, son los siguientes:

1) La evidente premura por asegurar, apresurar y consolidar el desapoderamiento de dichos bienes inmuebles, en detrimento de dicha entidad y por supuesto de sus accionistas no involucrados. Pues esos hechos fueron consumados únicamente tres días hábiles siguientes a la inscripción de ese nombramiento ilegal.

2) La inexistencia de una resolución emitida por el Órgano Supremo de la entidad, es decir la Asamblea General de Accionistas, en la cual se haya aprobado expresamente la disposición de dichos bienes inmuebles.

3) La participación de **Christian Alexander Enrique Rasch Töpke (ahora denunciado)** en su calidad de Administrador Único y Representante Legal de la entidad **J DOS, SOCIEDAD ANÓNIMA**, la entidad beneficiaria de dicha compraventa. En principio podría pensarse en un simple conflicto de interés, pero realmente por la forma premeditada y estructurada como se cometieron esos actos, ya se sobreponen al ámbito penal, pues los hechos fueron algunos cometidos en fraude de ley; y otros premeditadamente organizada y delincuencial.

4) El ahora denunciado **Eduardo Macario Coyoy**, además de ostentar la calidad de Administrador Único y Representante Legal, según el nombramiento ilegal, **también ostentaba la calidad de contador registrado ante la Superintendencia de Administración Tributaria,** de la entidad AGRÍCOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANÓNIMA. Es decir, tiene total conocimiento de toda la información contable, comercial y financiera de dicha entidad lo cual utilizó para los intereses delictivos de la asociación. Lo anterior se comprueba con la fotocopia simple de la constancia de inscripción de la entidad ante el Registro Tributario Unificado (R.T.U.) que se adjunta al presente memorial identificado como **"ANEXO M"**.



5) El ahora denunciado **INOCENTE PERNILLO FUENTES,** ostenta la calidad de contador de la entidad **J DOS, SOCIEDAD ANONIMA**, debidamente registrado ante la Superintendencia de Administración Tributaria. Lo cual se comprueba con la fotocopia simple de la constancia de inscripción de la entidad ante el Registro Tributario Unificado (R.T.U.) que se adjunta al presente memorial identificado como **"ANEXO N".**

6) El valor de los bienes inmuebles por los cuales fueron supuestamente vendidos no guarda relación con el valor real de los mismos, pues según la escritura es de **CIENTO UN MIL DOSCIENTOS CINCUENTA QUETZALES (Q. 101,250.00) a razón de ONCE MIL DOSCIENTOS CINCUENTA QUETZALES (Q. 11,250.00)** por cada uno, lo que hace evidente ese ánimo de engañar simulando hasta el precio de los mismos. Preciso indicar que los desapoderamientos de dichos bienes inmuebles ponen en grave riesgo la operación y desarrollo del objeto social de dicha entidad. Para los efectos procesales y legales respectivos adjunto al presente memorial copia simple del **Avalúo No.: 15205-02-003**, de fecha diez de julio de dos mil veinte, elaborado por Arquitecta Ma. Virginia Ticó Moreno, Valuadora Autorizada número: 723-T-2006 y Arquitecta Shiomara Montenegro, Valuadora Autorizada número: 1618-M-2016, con el cual compruebo el valor real de dichos inmuebles y que sobrepasan en demasía el valor que se le atribuyeran los denunciados en la simulada compraventa ya relacionada.  El cual acompaño al presente memorial identificado como **"ANEXO O"**, el cual presentaré en original oportunamente cuando sea requerido.

7) La aseveración contenida en dicha escritura es la siguiente: "*manifestando la parte vendedora que en este momento recibe a su entera satisfacción el pago correspondiente por el valor de la cantidad ya descrita*", sin especificar si fue en efectivo o por medio de cheque, solo evidencian un elemento más de ilicitud, pues vale recordar que para efectos tributarios y legales al ser dicha cantidad de la operación debió haber sido bancarizada, debiendo constar el ingreso en los registros de la entidad.

8) Por si lo anterior no fuera suficiente, derivado de la inquietud de la legalidad y existencia de la entidad **J DOS, SOCIEDAD ANONIMA**, se realizaron las respectivas investigaciones registrales y se determinó lo siguiente:

    a. Dicha entidad fue constituida en la ciudad de Guatemala, mediante escritura pública número cinco, el día **tres de febrero de dos mil veinte**, bajo los oficios de la Notario Cindi Anabí Barrios Linares. Esta entidad quedó inscrita en forma definitiva el diez de febrero de dos mi veinte. Evidencia premeditación, pues la preparación de la comisión de todos estos hechos fueron planeados desde tiempo atrás.

    b. **Lo importante para efectos de la presente denuncia es que se pudo determinar que los socios fundadores fueron precisamente dos de las personas ahora denunciadas**, siendo estas:

        i. **Eduardo Macario Coyoy**, quien suscribió y pagó (500 acciones)

        ii. **Inocente Pernillo Fuentes**, quien suscribió y pago (500 acciones)

        iii. El objeto social de dicha entidad: "*(..) j) el establecimiento y operación de industrias agrícolas y/o industriales y sus actividades conexas (...)*". Lo cual evidencia otro elemento delictual y premeditado de dicha estructura criminal, pues dicha entidad fue creada para trasladar dichos bienes inmuebles y realizar con similar operación y objeto social que la entidad AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA, pues al desplazar a ésta última de sus bienes inmuebles principales causarían la imposibilidad de llevar a cabo su objeto social. Lo que nos lleva también a la posibilidad de análisis de la existencia de uso de información confidencial, secreto profesional, pues como ya dijimos todas las personas individuales denunciadas conocen el "Know How" de dicha operación, por haber tenido conocimiento en el ejercicio sus funciones laborales respectivas, lo cual lo determinará la investigación. Todo lo anterior se comprueba con fotocopia simple



del expediente registral de dicha entidad, que incluye escritura de constitución, acta de nombramiento, aviso de emisión de acciones y patentes.  Los cuales se adjuntan al presente memorial en forma conjunta identificados como **"ANEXO P"**.

9)  De esa forma se determina quiénes son los partícipes de los hechos denunciados, quienes en total premeditación y concertación hicieron uso de artificios delictivos; ardides y engaños que consumaron para buscar asegurar su objetivo criminal, que es el desapoderamiento ilegal de bienes inmuebles que forman parte del patrimonio de la entidad **AGRICOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANÓNIMA** y que no solo perjudica el patrimonio de dicha entidad sino también el de sus respectivas accionistas: **Sucsova Investment Corporation** y **Multiflora International Ltd.**

En ese sentido de ideas es evidente la actitud delictiva, dolosa y premeditada de dicha estructura criminal y como corolario de los hechos denunciados resulta válido afirmar que encuadran perfectamente en los tipos penales que a continuación se detallan, consumados por todos los integrantes que la conforman; siendo los delitos cometidos:

**A)  DEL DELITO DE FALSEDAD IDEOLÓGICA:**

El artículo 322 del Código Penal establece: "*Quien, con motivo del otorgamiento, autorización o formalización de un documento público, **insertare o hiciere insertar declaraciones falsas concernientes a un hecho que el documento debe probar**, de modo que pueda resultar perjuicio, será sancionado con prisión de dos a seis años.*" Resaltado propio.

En el presente caso, se puede apreciar en forma evidente que los denunciados adecuaron perfecta y objetivamente su actuar a este tipo penal, pues con motivo del otorgamiento y autorización de los documentos públicos siguientes: a) Acta Notarial que documenta la supuesta **Asamblea General Ordinaria Totalitaria** de fecha 23 de marzo de 2020, al insertar y hacer insertar declaraciones falsas concernientes a la participación de las personas que representan las entidades accionistas de la entidad AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA, declarando que estuvo presente la entidad Sucsova Investment Corporation, cuando jamás compareció; b) Acta Notarial donde se hace constar el nombramiento de Eduardo Macario Coyoy, esta es consecuencial, pues fue faccionada en base a la supuesta acta notarial de Asamblea en la que supuestamente se decidió dicho nombramiento y que como ya comprobamos la misma no se realizó; y c) Escritura pública número nueve (9) autorizada el cuatro (4) de mayo de dos mil veinte (2020), curiosamente por el Notario Rodolfo Enrique González Rivera, al insertan y hacer insertar declaraciones falsas respecto a la simulación de la compraventa, que incluye un valor irreal de dichos bienes; y la inexistencia de pago supuestamente efectuado en contraprestación de la venta de los bienes inmuebles ya relacionados. Lo que evidencia que se consumaron todos los elementos de este tipo penal, en tal sentido, solicitamos su inmediata investigación para determinar la participación y responsabilidad de todos los integrantes de dicha estructura criminal y tomar las medidas precautorias debidas y oportunamente las consecuencias personales y económicas que correspondan.

**B) DEL DELITO DE USO DE DOCUMENTOS FALSIFICADOS:**

El artículo 325 del Código Penal establece: "Quien, *sin haber intervenido en la falsificación,* **hiciere uso de un documento falsificado a sabiendas de su falsedad**, *será sancionado con igual pena que la que corresponde al autor de la falsificación"*. Resaltado es propio.

En el presente caso la estructura criminal denunciada también adecuó su actuar perfectamente al tipo penal relacionado, en virtud que los documentos que a sabiendas de su falsedad los utilizaron para obtener la inscripción Registral de un nombramiento ilegal ante el Registro Mercantil de la República.   Asimismo, en forma concatenada fueron utilizados para celebrar una supuesta compraventa de bienes inmuebles simulada, perjudicando el patrimonio de la entidad AGRICOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANONIMA y sus respectivas entidades accionistas y con ello también pretender engañar al Registro de la Propiedad. Por lo que, al consumarse todos los elementos de este tipo penal, solicitamos su inmediata investigación para determinar la existencia, participación y responsabilidad de todos los integrantes de dicha estructura criminal y tomar las medidas precautorias debidas.



C) <u>**DEL DELITO DE CASO ESPECIAL DE ESTAFA, numerales 12, 13 y 23**</u>:

El Articulo 263 del Código Penal, regula: ***"ESTAFA PROPIA:** Comete estafa quien,* **inducciendo a error a otro, mediante ardid o engaño,** *lo* **defraudare en su patrimonio en perjuicio propio** *o ajeno.  El responsable de este delito será sancionado con prisión de seis meses a cuatro años y multa de doscientos a diez mil quetzales" El resaltado es propio.*

*El Articulo* **264** *del Código Penal establece: Incurrirá en las sanciones señaladas en el artículo anterior: (...)* **12)** *Quien otorgare, en perjuicio de otro, un contrato simulado,* **13)** *Quien, a sabiendas, adquiere o recibiere, en cualquier forma bienes de quien no fuere su dueño o no tuviere derecho para disponer de ellos, y* **23)** *Quien* **defraudare o perjudicare**

*a otro, usando de cualquier ardid o engaño, que no se haya expresado en los incisos anteriores".* Énfasis propio.

En el presente caso se consuman todos los elementos del tipo penal denominado caso especial de estafa, específicamente en los supuestos invocados, en virtud que **mediante una serie de ardides y engaños**, la intención de los denunciados era **defraudar y perjudicar a la entidad** AGRICOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANONIMA y el de sus respectivas accionistas: **Sucsova Investment Corporation** y **Multiflora International Ltd.**, **mediante la falsificación de documentos, uso de documentos falsificados para celebrar un contrato evidentemente simulado por todas las razones ya enunciadas y con ello pretender el desapoderamiento de dichos bienes en perjuicio de las entidades ya individualizada.**

En consecuencia, de lo anterior es evidente la consumación de todos los elementos del delito encuadrado en el código penal como **CASO ESPECIAL DE ESTAFA** en sus numerales invocados. Por lo que, al consumarse todos los elementos de este tipo penal, solicitamos su inmediata investigación para determinar la existencia, participación y responsabilidad de todos los integrantes de dicha estructura criminal y tomar las medidas precautorias debidas.

**D) DEL DELITO DE ASOCIACIÓN ILÍCITA:**

El artículo 2 de la Ley contra la delincuencia organizada establece: "**Grupo delictivo organizado u organización criminal.** Para los efectos de la presente Ley se considera grupo delictivo organizado u organización criminal, a cualquier grupo estructurado de tres o más personas, que exista durante cierto tiempo y que actúe concertadamente, con el propósito de cometer uno o más de los delitos siguientes: (...) e) De los contenidos en el Código Penal: (...) e.1) (...) e.3) **Estafa** (...) g) De los contenidos en la presente Ley; g.1) (...) **asociación ilícita** (...)" Énfasis propio.



**El artículo 4** de la Ley contra la delincuencia organizada establece: "**Comete el delito de asociación ilícita,** quien participe o integre asociaciones del siguiente tipo:

1.  Las que tengan por objeto cometer algún delito o después de constituidas, promuevan su comisión, y (...) Este delito será sancionado con pena de seis a ocho años de prisión, sin perjuicio de las penas asignadas a los delitos cometidos."

En el presente caso, es claro que al ser los partícipes más de tres personas que conforman la organización criminal, que ha existido y actuado en forma premeditada, estratégica y concertada, con el propósito de cometer todos los delitos por este acto denunciados, es evidente que se consumaron todos los elementos del tipo penal de Asociación Ilícita pues también se evidencia ese ánimo de participación e identificación con la estructura criminal de cada uno de sus participantes, lo cual determina los medios de investigación que se deben utilizar al respecto, así como las medidas precautorias urgentes a tomar. Por lo que se solicita su inmediata investigación para determinar la existencia, participación y responsabilidad de todos los integrantes de dicha estructura criminal.

-   <u>**DEL LUGAR DEL DELITO Y DE LA DE LA COMPETENCIA TERRITORIAL DE LA FISCALIA:**</u>

Los hechos delictivos denunciados fueron cometidos en el Municipio y departamento de Guatemala en virtud que los documentos públicos que adolecen de falsedad fueron autorizados por Notario Público en la ciudad de Guatemala, y al considerar que posteriormente fueron utilizados para sorprender la Buena Fe del Segundo Registro de la Propiedad, la Fiscalía competente para conocer de los hechos denunciados es la Fiscalía Metropolitana, especializada en estafas contra el **Registro de la Propiedad con sede en la Ciudad de Guatemala**, quien deberá ser la encargada de iniciar y realizar la respectiva investigación.

-   **DE LAS AGRAVIADAS Y VICTIMAS DEL DELITO ASI COMO DE LA REPARACIÓN DIGNA:**

**Los agraviados y victimas directos de los delitos denunciados resultan ser: a) La entidad AGRÍCOLA ENTRE RIOS, SOCIEDAD ANONIMA,** sus accionistas: a.1 **MULTIFLORA INTERNATIONAL LTD,** y a.2 **SUCSOVA INVESTMENT CORPORATION,** y a su vez las personas individuales accionistas de dichas entidades, siendo estos: **Verena Isabella Töpke Keller de Rasch, Juan Olaf Rasch Töpke y Allan Guillermo Oscar Rasch Töpke,** por causarles perjuicio económico en sus respectivos patrimonios.

Desde ya manifestamos que oportunamente se ejercerá la acción reparadora correspondiente, en contra de todos los responsables, en el momento y según el procedimiento establecido en ley.

Desde ya ofrezco como medios de prueba los anteriormente detallados y los siguientes

### MEDIOS DE PRUEBA:

A)  **DOCUMENTAL:**  La ofrecida en el apartado de hechos respectiva, identificada plenamente en cada Anexo respectivo y toda aquella que derivado de la investigación aporte mi representada y se incorpore de conformidad en ley,

B)  **TESTIMONIAL:**  De todas aquellas personas que en su momento procesal oportuna individualizaré, quienes podrán dar testimonio de los extremos y en la forma que determina la ley. Sin ser limitativos, a las siguientes personas individuales **Verena Isabella Töpke Keller de Rasch, Juan Olaf Rasch Töpke y Allan Guillermo Oscar Rasch Töpke.**

C)  **INFORMES:**  De los **bancos, registros y oficinas públicas, Fiscalías** y demás entidades públicas que constituyen, que determinare en el momento procesal oportuno de conformidad en ley.

Desde ya se fundamentan todos los argumentos y peticiones en las normas anteriormente citadas y en el siguiente

### FUNDAMENTO DE DERECHO:

**DEL PROCEDIMIENTO:**



- Establece nuestro ordenamiento adjetivo penal que el proceso penal tiene por objeto "La averiguación de un hecho señalado como delito o falta y de las circunstancias en que pudo ser cometido; el establecimiento de la posible participación del sindicado, el pronunciamiento de la sentencia respectiva, y la ejecución de la misma".  Artículo 5 del Código Procesal Penal.

- Por otro lado, establece que el ejercicio de la acción penal corresponde al Ministerio Público como órgano auxiliar de la administración de justicia. Artículo 107 del Código Procesal Penal.

- El Artículo 24 Ter, del Código Procesal Penal establece: "**Acciones públicas dependientes de instancia particular.**  Para su persecución por el órgano acusador del Estado dependerán de instancia particular, salvo cuando mediaren razones de interés público los delitos siguientes: 6) Estafa que no sea mediante cheque sin provisión de fondos, o cuando el ofendido sea el Estado en cuyo caso la acción será pública.

**DE LA PARTICIPACION DEL IMPUTADO Y DE LOS DELITOS QUE SE LES ATRIBUYE:**

- El Artículo 35, del Código Penal establece que son: "Responsables penalmente del delito: **LOS AUTORES..."**  El énfasis es propio.

**DE LAS CIRCUNSTANCIAS AGRAVANTES:**

- El Artículo 27 del Código Penal, establece que: "Son circunstancias agravantes: (...) **PREMEDITACION 3º**: Obrar con premeditación conocida. Hay premeditación conocida, cuando se demuestre que los actos externos realizados, revelen que la idea del delito surgió en la mente de su autor, con anterioridad suficiente a su ejecución, para organizarlo, deliberarlo o planearlo y que en el tiempo que medió entre el propósito y su realización prepara ésta y la ejecutó fría y reflexivamente (...)" El énfasis es propio.

Con todo respeto, en virtud de todo lo anterior se dirige la siguiente

**PETICIÓN:**

I-   Que con el presente memorial y documentos adjuntos se inicie la formalización del expediente respectivo.

II-   Que se tome nota de la calidad con que actúo de acuerdo con el documento justificativo que acompaño al presente memorial

III-   Que se tome nota del lugar que señalo para recibir citaciones y notificaciones y de la Dirección y Procuración en la forma detallada en el apartado respectivo.

IV-   Que se tenga por interpuesta en nombre de los presentados **FORMAL DENUNCIA PENAL** en contra de: a) **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE, b) EDUARDO MACARIO COYOY; c) INOCENTE PERNILLO FUENTES; y d)** La entidad mercantil **J DOS, SOCIEDAD ANÓNIMA.** y en contra de todas aquellas personas que como resultado de la investigación se determine su participación y responsabilidad penal. Todos en su calidad de autores intelectuales y materiales de los delitos de: a) **FALSEDAD IDEOLÓGICA, en su forma continuada, b) USO DE DOCUMENTOS FALSIFICADOS, en su forma continuada; c) CASO ESPECIAL DE ESTAFA,** numerales 12, 13 y 23 del artículo 264 del Código Penal; y **d) ASOCIACIÓN ILICITA.** Y todos aquellos delitos que derivado de la investigación se evidencia su evidente comisión y participación, de acuerdo con lo manifestado en el apartado respectivo.

V-   Que se tengan por ofrecidos los medios de prueba relacionados y por presentados los documentos adjuntos.

VI-   Que se tengan como denunciantes, victimas y agraviadas a las personas individuales y jurídicas detalladas en el apartado respectivo.

VII-   Que se tenga por promovida la acción pública e instaurada de instancia particular.

VIII-    Se remitan las presentes actuaciones a la fiscalía especializada para que inicie y se haga cargo de toda la operación, utilizando los métodos especiales de investigación que considere oportunos y necesarios.

IX-    Que se inicien en cuanto antes las diligencias de investigación respectivo, para que el menor tiempo posible se solicite control jurisdiccional y las ordenes de aprehensión y/o primeras declaraciones respectivas, ante el Juez respectivo.

X-    Oportunamente y una vez agotado el procedimiento penal, se solicite al Órgano Jurisdiccional respectivo:

A)    Sentencia condenatoria en contra de: a) **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE, b) EDUARDO MACARIO COYOY; c) INOCENTE PERNILLO FUENTES; y d)** La entidad mercantil **J DOS, SOCIEDAD ANÓNIMA.** imponiendo para el efectivo cumplimiento de ley; las penas más altas que establece cada tipo penal.

B)    Se solicite la condena a los denunciados al pago la reparación digna respectiva en los montos que en su momento procesal se determinara; los gastos y costas procesales causadas.

C)    Se solicite la cancelación definitiva de las patentes de comercio y la personalidad jurídica la entidad **J DOS, SOCIEDAD ANONIMA.**

**CITA DE LEYES:** Fundo mi petición en los artículos citados y en los siguientes 10, 11, 13, 35, 41, 42, 44, 52, 59, 61, 62, 65, 66, 112, 122, 159 y 164 del Código Penal; 1, 2, 3, 5, 7, 8,9, 11, 12, 24 quáter numeral 1, 37, 39, 40, 43, 46, 47, 48, 70, 81, 92, 107, 108, 109, 110, 112, 116, 117, 118, 120, 124, 160, 161, 162, 163, 177, 181, 244, 245, 257, 258, 278, 302, 303, del Código Procesal Penal; Acompaño **SEIS COPIAS** del presente memorial y documentos adjuntos. Guatemala, 20 de julio de 2020.

**A RUEGO DE LOS PRESENTADOS QUIENES PUEDEN FIRMAR, PERO DE MOMENTO NO PUEDEN HACERLO Y EN SU AUXILIO PROFESIONAL:**



LICENCIADO
*Juan Carlos Alvizurez Salguero*
ABOGADO Y NOTARIO