# EXHIBIT H



MINISTERIO PUBLICO

FISCALIA METROPOLITANA

EQUIPO UNO DE PERSECUCIÓN PENAL

*Mariela Escobar*

Yo, JULIA CRISTINA GONZALEZ VIZCAINO de datos de identificación personal conocidos y en mi calidad de MANDATARIA GENERAL JUDICIAL CON REPRESENTACIÓN de la entidad MULTIFLORA INTERNATIONAL LTD acreditada en autos, respetuosa,

-I-

EXPONGO

En mi calidad de Víctima y Agraviada por los hechos denunciados comparezco a presentar **AMPLIACIÓN** de denuncia penal por los delitos de FALSEDAD IDEOLOGICA, USO DE DOCUMENTOS FALSIFICADOS, CASOS ESPECIALES DE ESTAFA y ASOCIACIÓN ILICITA en contra de:



**a. EDUARDO MACARIO COYOY**quien se identifica con documento personal de identificación con código único de identificación 2337 70577 0901 extendido por el Registro Nacional de las Personas. Quién puede ser citado en la quinta avenida catorce guion veinticuatro de la zona catorce Local C, de la ciudad de Guatemala y al número de teléfono 40598987.

**b. CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE** en nombre propio y en su calidad de Administrador único y Representante Legal de la entidad QB INVERSIONES, SOCIEDAD ANÓNIMA. Se identifica con documento personal de identificación con código único de identificación 2518 15145 0101 extendido por el Registro Nacional de las Personas. Quién puede ser citado en la quinta avenida doce guion setenta y cinco de la zona catorce de esta ciudad capital, Edificio Quinta Bella Sur, apartamento número 1201 y al número de teléfono 55111168

a. El señor **INOCENTE PERNILLO FUENTES**quien se identifica con el documento personal de identificación con código único de identificación 2291 16728 0101 extendido por el Registro Nacional de las Personas y puede ser citado en la en la quinta avenida catorce guion veinticuatro de la zona catorce Local C, de la ciudad de Guatemala y al número de teléfono 30727602.

b. Y otras personas que puedan resultar responsables.

Por lo hechos ilícitos que a continuación se describen, ignoro donde pueden ser habidos.

-II-

HECHOS

1. La entidad MULTIFLORA INTERNATIONAL LTD. es accionista de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA de nombre comercial "JACOSA" por ser propietaria

de UN MIL NOVECIENTOS NOVENTA Y NUEVE (1999) ACCIONES de la sociedad. Así mismo, la entidad SILVERADO RESOURCES CORP, es propietaria de UNA ACCION de esa entidad.

2.  Los señores **ALLAN GUILLERMO OSCAR RASCH TÖPKE** y **JUAN OLAF RASCH TÖPKE** son beneficiarios finales de esa entidad, por ser accionistas de la entidad MULTIFLORA INTERNATIONAL LTD, que es la accionista mayoritaria de la entidad AGRICOLA ESPERANZA JACOBI SOCIEDAD ANÓNIMA, en consecuencia estas personas también son agraviados directos por las acciones delictivas que fueron cometidas por los denunciados en perjuicio del patrimonio de la entidad JACOSA y de sus accionistas, como lo es MULTIFLORA INTENATIONAL LTD.

3.  El señor CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE es accionista de la entidad MULTIFLORA INTERNATIONAL LTD, junto con los hoy agraviados. Siendo nosotros tres los únicos accionistas de esta última entidad.

4.  Por esta razón es que el señor CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE desempeñaba un cargo de confianza dentro de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA -JACOSA-, como director., cargo que por su naturaleza no puede ser inscrito en el Registro Mercantil.

5.  Con fecha cuatro de julio de dos mil diecisiete el señor EDUARDO MACARIO COYOY fue nombrado por la sociedad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA -JACOSA- como Administrador Único y Representante Legal de la entidad, cargo que ha desempeñado desde el año dos mil tres, toda vez que cada tres años se ha renovado su nombramiento.

6.  El señor INOCENTE PERNILLO FUENTES es el contador de la entidad Registrado ante la Superintendencia de Administración Tributaria.

7.  Los hoy denunciados, EDUARDO MACARIO COYOY, CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE e INOCENTE PERNILLO FUENTES abusando de los cargos de confianza antes mencionados, dentro de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA -JACOSA- planificaron y crearon un mecanismo fraudulento, conformado por varias acciones ilícitas, para sustraer de la sociedad los bienes inmuebles propiedad de la entidad, defraudando a la sociedad  causando perjuicio a los accionistas de la misma, como lo es MULTIFLORA INTERNATIONAL LTD.

8.  Los bienes inmuebles que fueron sustraídos son conocidos como Finca La Esperanza conformado por las siguientes fincas:
    8.1.  Finca 67,813, folio 137 del libro 323 Quetzaltenango
    8.2.  Finca 82,793, folio 155 de libro 342 de Quetzaltenango

9.  Los actos ilícitos que se denuncian y que fueron realizados por los hoy denunciados son los siguientes:

2

9.1. Insertaron datos falsos en la escritura pública número cuarenta y dos (42) de fecha quince de octubre de dos mil diecinueve autorizada por el Notario Rodolfo Enrique Gonzalez Rivera por medio de la cual se venden dos inmuebles propiedad de JACOSA a la entidad QB Sociedad Anónima, el primer inmueble por el valor de Q100,00.00 y el segundo por Q25,000.00 haciendo declaraciones falsas tales como: que el señor EDUARDO MACARIO COYOY tenía las facultades para vender el inmueble, el valor de las propiedades, y la existencia de una transacción dineraria; declaraciones que son falsas, configurándose un actuar ilícito típico y punible de Falsedad Ideológica, como se expone más adelante.

9.2. Así mismo insertaron datos falsos dentro del acta notarial de fecha cuatro de julio de dos mil diecisiete autorizada por el Notario Elmer Aurence Vargas Espino, por medio del cual se hacer constar el nombramiento del señor Eduardo Macario Coyoy como Administrador único de la entidad JACOSA, efectuando declaraciones falsas sobre las cláusulas del plazo, objeto de esa sociedad y facultades del administrador. Configurándose así un actuar ilícito de Falsedad Ideológica por parte de los denunciados, como se expondrá en el apartado respectivo.

9.3. **Estos documentos falsificados fueron utilizados para sorprender la Buena Fe del Registro de la Propiedad, para de esa manera convalidar los actos ilegales y defraudar de forma efectiva el patrimonio de las entidades JACOSA, MULTIFLORA INTERNATIONAL LTD. y SILVERADO RESOURCES CORP cometiendo así el delito de Uso de Documentos Falsificados.**



9.4. De tal manera que los hoy denunciados, crearon un mecanismo de estafa, es decir de defraudación, mediante ardid y engaño a sabiendas que otorgaban un contrato simulado, celebrado con ocultamiento de antecedentes, datos falsos, por medio del cual recibieron bienes de quien no tenía derecho a disponer de ellos, configurándose los delitos de Caso Especial de Estafa en sus numerales 12, 13, y 18 del artículo 264 del Código Penal, como se expondrá a detalle más adelante.

9.5. Por si lo anterior fuera poco, como parte del mecanismo de defraudación, cometido en contra de la entidad Agrícola Esperanza Jacobi, Sociedad Anónima y sus accionistas entre ellos Multiflora International Ltd., y en contra del Registro de la Propiedad, los hoy denunciados crearon una entidad denominada J CINCO, Sociedad Anónima, con el único objeto de trasladarle a esta los bienes sustraídos ilegalmente de JACOSA. Este traslado de los bienes inmuebles se efectúo mediante la simulación de una compra venta de terceros de buena fe documentada en Escritura Pública número veintidós (22) de fecha dieciséis de junio de dos mil veinte, autorizada en la ciudad de Guatemala, por el Notario Rodolfo Enrique Gonzalez Rivera mediante la cual el señor CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE en su calidad de Representante Legal de la entidad QB Inversiones, Sociedad Anónima vende los inmuebles relacionados (propiedad de Agrícola Esperanza Jacobi, Sociedad Anónima) al señor EDUARDO MACARIO COYOY en su calidad de Administrador Único y Representante Legal de la entidad J CINCO, Sociedad Anónima, documento que también ha sido utilizado ante el Segundo Registro de la Propiedad en franca estafa contra ese registro para que este convalide mediante la inscripción de compraventa los actos ilegales efectuados por los hoy denunciados que han perjudicado a mi mandante.

3

9.6. Los señores EDUARDO MACARIO COYOY, INOCENTE PERNILLO Y CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE se asociaron para cometer los delitos de FALSEDAD IDEOLOGICA, USO DE DOCUMENTOS FALSIFICADOS Y CASOS ESPECIALES DE ESTAFA para defraudar los intereses patrimoniales de la entidad MULTIFLORA INTERNATIONAL LTD Y SILVERADO RESOURCES CORP. como accionistas de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA -JACOSA-, sustrayendo ilegalmente dos (2) bienes inmuebles, para lo cual utilizaron los cargos de confianza que ostentaban en estas entidades para lograr pasar los inmuebles a la entidad denominada QB INVERSIONES, SOCIEDAD ANONIMA, y luego a la entidad J CINCO, SOCIEDAD ANÓNIMA, cometiendo así el delito de Asociación Ilícita.

10. De tal forma que el actuar de los denunciados encuadra en los delitos de FALSEDAD IDEOLOGICA, USO DE DOCUMENTOS FALSIFICADOS, CASOS ESPECIALES DE ESTAFA y ASOCIACIÓN ILICTA como se explica a continuación.

-III-

DE LA ACCION ILICITAS COMETIDAS

-1-

DEL DELITO DE FALSEDAD IDEOLOGICA EN FORMA CONTINUADA



Los hoy denunciados **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE en nombre propio, EDUARDO MACARIO COYOY e INOCENTE PERNILLO FUENTES** con motivo de la autorización del Acta Notarial de Nombramiento del señor EDUARDO MACARIO COYOY autorizada en la ciudad de Guatemala el día cuatro de julio del año dos mil diecisiete autorizada por el Notario Elmer Aurence Vargas Espino y de la autorización de la Escritura Pública número cuarenta y dos (42) de fecha quince de octubre de dos mil diecinueve autorizada en la ciudad de Guatemala por el Notario Rodolfo Enrique Gonzalez Rivera, por medio de la cual se formaliza la venta de los bienes inmuebles propiedad de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, hicieron insertar datos falsos concernientes a los hechos que esos documentos públicos deben probar, produciendo perjuicios patrimonial y económico para la entidad JACOSA y para sus accionistas MULTIFLORA INTERNATIONAL LTD y SILVERADO RESOURCES CORP.

Estas acciones delictivas se consumaron con la realización de las siguientes acciones ilícitas:

1) El señor EDUARDO MACARIO COYOY con motivo de la Autorización de su nombramiento como Administrador Único y Representante Legal de la entidad AGRICOLA ESPERANZA JACOBI SOCIEDAD ANÓNIMA autorizada en la ciudad de Guatemala el día cuatro de julio del año dos mil diecisiete autorizada por el Notario Elmer Aurence Vargas Espino, **hizo insertar datos falsos concernientes a los hechos que el acta notarial debe probar**, como lo son el plazo y el objeto de la sociedad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA y las facultades que el Administrador Único y Representante Legal tiene, toda vez que:

a. Supuestamente puso a la vista del Notario la escritura pública número ciento cinco autorizada en la ciudad de Guatemala el día catorce de mayo de mil novecientos ochenta por el Notario Rodolfo Cordón Jiménez que contiene la transformación de la entidad a sociedad anónima razón por la cual el Notario procedió a transcribir de forma completa las siguientes clausulas: "el numeral cuarto (4). Del Plazo.", " numeral romano seis (6). Objeto."

4

    b. Sin embargo, en la esa escritura pública <u>NO EXISTEN ni el numeral romano cuarto (4) ni el numeral romano seis (6), siendo DATOS FALSOS los insertados en el documento público consistente en el acta notarial de fecha cuatro de julio de dos mil diecisiete.</u>

    c. <u>Con el único objeto de causar perjuicio a las entidades JACOSA -Agrícola Esperanza Jacobí, Sociedad Anónima, Multiflora International Ltd. y Silverado Resources Corp.</u>

2) **Los señores CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE y EDUARDO MACARIO COYOY** con motivo de la autorización de la Escritura Pública número cuarenta y dos (42) de fecha quince de octubre de dos mil diecinueve autorizada en la ciudad de Guatemala por el Notario Rodolfo Enrique Gonzalez Rivera que contiene compraventa de bienes inmuebles, hicieron insertar datos falsos concernientes a los datos que el documento debe probar, como lo son las facultades de los representantes legales de la entidades para realizar el acto de compraventa, el precio de la venta, es decir el valor del objeto de la compraventa, y la forma de pago.

3) Los datos falsos insertados en esa escritura pública son los siguientes:

    a. Que el señor EDUARDO MACARIO COYOY como representante legal de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA, tenía facultades suficientes de conformidad a la ley para celebrar la venta de los inmuebles. Declaración que <u>es falsa</u>, ya que necesitaba facultades especiales otorgadas por una Asamblea General de Accionistas para realizar la venta de los bienes inmuebles, esto de conformidad con la Escritura Pública de transformación de la sociedad a sociedad anónima del año mil novecientos ochenta (1980) con su propio nombramiento,  y con el artículo 47 del Código de Comercio.



    b. Que el justiprecio de los bienes inmuebles es de CIEN MIL QUETZALES (Q100,000.00) por una finca y VEINTICINCO MIL QUETZALES (Q25,000.00) por la otra cuando en realidad estas fincas entre ambas tienen un valor de VEINTIDOS MILLONES QUINCE MIL CUATROCIENTOS OCHENTA Y UN MIL QUETZALES CON CUARENTA Y UN CENTAVOS (Q 22, 015, 481.41). Por lo que resulta claro que esa <u>DECLARACION ES FALSA</u>, ya que los bienes <u>NO tienen el valor por el cual fueron justipreciados y JAMAS</u> fueron justipreciados por la sociedad o por alguno de sus accionistas en el valor que aparece en la escritura de compraventa.

    c. Que el señor EDUARDO MACARIO COYOY en su calidad de Administrador Único de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA recibió a su entera satisfacción la cantidad total de la venta, DECLARACIÓN QUE ES FALSA, ya que esa cantidad de dinero, es decir CIENTO VEINTICINCO MIL QUETZALES (Q125,000.00) <u>NO</u> fueron recibidos por la sociedad.

Las declaraciones falsas insertadas en estos documentos públicos por los hoy denunciados fueron realizadas con el objeto de poder consumar la sustracción de los bienes inmuebles propiedad de la entidad AGRICOLA ESPERANZA JACOBI SOCIEDAD ANÓNIMA, ocultando el hecho a la misma sociedad y a los accionistas MULTIFLORA INTERNATIONAL LTD, y SILVERADO RESOURCES CORP., perjudicando así los intereses patrimoniales y económicos de esas tres entidades.

Esas declaraciones falsas fueron realizadas con <u>dolo</u>, toda vez que:

i. El señor EDUARDO MACARIO COYOY, en su calidad de Administrador Único, **SABÍA** que desde el momento en que ha venido desempeñando ese cargo desde el año dos mil tres, siempre ha tenido **prohibición** expresa de realizar cualquier clase de enajenación de bienes inmuebles. Como se comprueba con las actas de asamblea de accionistas que se adjuntan y con sus propios nombramientos.

Además de que en su calidad de Administrador Único **SABÍA** que únicamente tiene facultades para desarrollar el giro ordinario de la sociedad que es la explotación de la finca la Esperanza y sus Anexos, entre las cuales **NO** se incluye la venta de esa finca ni sus anexos.

Así también, **SABÍA** el verdadero valor de las fincas y que ni la sociedad JACOSA ni sus accionistas han justipreciado ambas fincas por un valor total de CIENTO VEINTICINCO MIL QUETZALES (Q.125,000.00).



ii. El otro compareciente CHRISTIAN ALEXANDER RASCH TÖPKE, en su calidad de apoderado del accionista MULTIFLORA INTERNATIONAL LTD de la entidad AGRICOLA ESPERANZA JACOBI SOCIEDAD ANÓNIMA, en la época de la compraventa de los inmuebles entre JACOSA y QB Inversiones, Sociedad Anónima, y de su cargo confianza de director dentro de la sociedad y de Presidente o Secretario de las Asambleas Generales Ordinarias Totalitarias que se han realizado a través de los años, **SABIA** que el Representante Legal y Administrador Único de JACOSA, Eduardo Macario Coyoy, tenía prohibido realizar cualquier forma de enajenación de los bienes inmuebles propiedad de la entidad, y que para enajenar la Finca La Esperanza y sus Anexos necesitaba de facultades especiales otorgadas por dicha asamblea, y que el precio real de esas fincas es de **VEINTIDOS MILLONES QUINCE MIL CUATROCIENTOS OCHENTA Y UN MIL QUETZALES CON CUARENTA Y UN CENTAVOS (Q 22, 015, 481.41).**

d. El señor **INOCENTE PERNILLO FUENTES** en su calidad de Contador Registrado ante la Superintendencia de Administración Tributaria conoció de estas declaraciones falsas insertadas en el documento de compraventa al formalizar con esos datos falsos los documentos contables de la sociedad, permitiendo que la sustracción de los bienes inmuebles se hiciera efectiva en libros, perjudicando así el patrimonio de la sociedad.

Las acciones ilícitas antes denunciados fueron realizadas de forma dolosa y premeditada, por los señores EDUARDO MACARIO COYOY, CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE, e INOCENTE PERNILLO FUENTES y tuvieron como consecuencia un perjuicio para la sociedad AGRICOLA ESPERANZA JACOBI SOCIEDAD ANÓNIMA y sus accionistas MULTIFLORA INTERNATIONAL LTD, y SILVERADO RESOURCES CORP, ya que dejaron en estado de disolución a la sociedad, al vender los inmuebles en los que recae el objeto de la sociedad, perjudicando así los intereses económicos de los accionistas.

Las acciones criminales antes descritas configuran el delito de FALSEDAD IDEOLOGICA EN FORMA CONTINUADA contenido en:

- Artículo 322del Código Penal que establece: *"Quien, con motivo del otorgamiento, autorización o formalización de un documento público, insertare o hiciere insertar declaraciones falsas concernientes a un hecho que el documento deba probar, de modo que pueda resultar perjuicio, será sancionado con prisión de dos a seis años.."*

- Artículo71 del Código Penal que establece: *"Delito continuado. Se entenderá que hay delito continuado cuando varias acciones u omisiones se cometan en las circunstancias siguientes: 1o. Con un mismo propósito o resolución criminal. 2o. Con violación de normas que protejan un mismo bien jurídico de la misma o de distinta persona.  3o. En el mismo o en diferente lugar. 4o. En el mismo o distinto momento, con aprovechamiento la misma situación. 5o. De la misma o de distinta gravedad."*

-2-

USO DE DOCUMENTOS FALSIFICADOS

Los hoy denunciados **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE, EDUARDO MACARIO COYOY e INOCENTE PERNILLO FUENTES** utilizaron los documentos falsificados de la siguiente forma:



1) El Acta Notarial de Nombramiento del señor EDUARDO MACARIO COYOY autorizada en la ciudad de Guatemala el día cuatro de julio del año dos mil diecisiete autorizada por el Notario Elmer Aurence Vargas Espino, que contiene datos falsos, como fue expuesto en el apartado anterior, fue utilizada para la formalización y autorización de  la Escritura Pública número cuarenta y dos (42) de fecha quince de octubre de dos mil diecinueve autorizada en la ciudad de Guatemala por el Notario Rodolfo Enrique Gonzalez Rivera, por medio de la cual se formaliza la venta de los bienes inmuebles propiedad de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, para el único efecto de hacer constar falsamente que este representante legal tenía facultades para realizar ese acto.

2) La Escritura Pública número cuarenta y dos (42) de fecha quince de octubre de dos mil diecinueve, autorizada en la ciudad de Guatemala por el Notario Rodolfo Enrique Gonzalez Rivera, que contiene datos falsos, como se expuso en el apartado anterior, por medio de la cual se formaliza la supuesta venta de los bienes inmuebles propiedad de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, <u>fue utilizada ante el Segundo Registro de la Propiedad para consumar la sustracción de los bienes</u> inmuebles, sorprendiendo la Buena Registral.

Este actuar ilícito produjo como consecuencia perjuicio económico y patrimonial a las entidades AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, MULTIFLORA INTERNATIONAL LTD. y SILVERADO RESOURCES CORP..

De tal forma que se configura el delito de USO DE DOCUMENTOS FALSIFICADOS contenido en el artículo 325 del Código Penal que establece: "Quien, sin haber intervenido en la falsificación, hiciere uso de un documento falsificado, a sabiendas de su falsedad, será sancionado con igual pena que la que correspondiere al autor de la falsificación. "

-3-

7

DEL DELITO DE CASOS ESPECIAL DE ESTAFA

Los hoy denunciados **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE, EDUARDO MACARIO COYOY e INOCENTE PERNILLO FUENTES** mediante ardid y engaño defraudaron el patrimonio de la sociedad AGRICOLA ESPERANZA JACOBI SOCIEDAD ANÓNIMA y de sus accionistas MULTIFLORA INTERNATIONAL LTD, y SILVERADO RESOURCES CORP, en beneficio propio de los hoy denunciados.

Esto lo efectuaron mediante la creación de un mecanismo fraudulento de hurto de bienes inmuebles, por medio del cual otorgaron un contrato simulado, celebrando el mismo con ocultamiento de antecedentes y recibiendo los bienes de quien no tenía derecho a disponer de ellos, y luego trasladando estos bienes a una tercera sociedad en la cual ellos mismo son los accionistas y representantes legales, como se explica a continuación.

Este mecanismo fraudulento fue realizado de la siguiente forma:

1) Los hoy denunciados **otorgaron DOS contratos simulados de compraventa de bienes inmuebles** consistentes en:

1.1. El contenido en la Escritura Pública número cuarenta y dos (42) de fecha quince de octubre de dos mil diecinueve, autorizada en la ciudad de Guatemala por el Notario Rodolfo Enrique Gonzalez Rivera, por medio de la que la entidad JACOSA (a través de su representante legal Eduardo Macario Coyoy) vende a la entidad (QB Inversiones, Sociedad Anónima (a través de su representante legal Christian Alexander Enrique Rasch Töpke) **para ocultar la verdadera realidad del acto** consistente en la sustracción ilegal (hurto) de bienes inmuebles de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA. La simulación de ese contrato se consuma en tres acciones: a) En dicho acto <u>NO</u> existió transacción de dinero alguna; b) El vendedor <u>NO</u> tenía las facultades necesarias para vender los inmuebles; y c) el comprador <u>NO</u> podía recibir (comprar) esos bienes inmuebles por la existencia clara de un conflicto de intereses entre el vendedor y el comprador, esto en virtud de que Christian Alexander Enrique Rasch Töpke al ser accionista final de JACOSA tenía conflicto en comprar los bienes inmuebles. Configurándose así el delito de caso especial de estafa contenido en el inciso 12 del artículo 264 del Código Penal.

1.2. El contenido en la Escritura Pública número veintidós (22) de fecha dieciséis de junio de dos mil veinte, autorizada en la ciudad de Guatemala, por el Notario Rodolfo Enrique Gonzalez Rivera mediante la cual el señor CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE en su calidad de Representante Legal de la entidad QB Inversiones, Sociedad Anónima vende los inmuebles relacionados (propiedad de Agrícola Esperanza Jacobi, Sociedad Anónima) al señor EDUARDO MACARIO COYOY en su calidad de Administrador Único y Representante Legal de la entidad J CINCO, Sociedad Anónima, para **simular la venta a terceros de buena fe.** La simulación se consuma de la siguiente manera:

1.2.1. NO EXISTE buena fe en esa compraventa: toda vez que estos los tres sindicados en fecha tres de febrero de dos mil veinte crearon una



8

sociedad nueva denominada J CINCO, SOCIEDAD ANÓNIMA, con el único objeto de trasladar a esta entidad los bienes inmuebles sustraídos ilegalmente de la entidad JACOSA, aparentando un buen derecho de un tercero.

1.2.2. En realidad, únicamente se revela la PREMEDITACIÓN y el DOLO de los hoy denunciados en tratar de perder el rastro de los inmuebles de su legítimo propietario, toda vez que: a) los señores EDUARDO MACARIO COYOY e INOCENTE PERNILLO son los accionistas fundadores de la entidad J CINCO, SOCIEDAD ANÓNIMA. Que a su vez son el contador y el Administrador Único de la entidad JACOSA; b) El señor Eduardo Macario Coyoy es el Administrador Único de J CINCO, Sociedad Anónima y al mismo tiempo de JACOSA; c) El señor **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE** es beneficiario final de JACOSA, el comprador de los inmuebles a través de QB Inversiones y el vendedor de los inmuebles a Eduardo Macario Coyoy a través de J CINCO, Sociedad Anónima; d) se aprovecharon del estado de calamidad decretado el cinco de marzo de dos mil veinte para realizar esta compraventa simulada, con el objeto de ocultar esta supuesta venta de los inmuebles a un tercero de buena fe.

1.3. Configurándose así el delito de caso especial de estafa contenido en el inciso 12 del artículo 264 del Código Penal



2) Los hoy denunciados celebraron ese contrato de compraventa con ocultamiento de antecedentes que le eran conocidos, y aun conociéndolos procedieron a celebrar dicho contrato en fraude de la sociedad y a sus accionistas. Configurándose así el delito de caso especial de estafa contenido en el inciso 18 del artículo 264 del Código Penal

Los antecedentes que les eran conocidos a los hoy denunciados y que sabiendas de estos procedieron a celebrar el contrato, son los siguientes:

a. Que el Administrador Único y Representante Legal de la entidad AGROPECUARIA ESPERANZA JACABI SOCIEDAD ANÓNIMA:

i. NO tenía las facultades para vender los bienes inmuebles de la Sociedad, en especial la Finca La Esperanza y sus Anexos cuyos números de inscripción fueron citados anteriormente.

ii. SOLO podía realizar las facultades concernientes del giro ordinario de la sociedad, de acuerdo a la cláusula octava de la escritura pública número ciento cinco autorizada en la ciudad de Guatemala el día catorce de mayo de mil novecientos ochenta por el Notario Rodolfo Cordón Jiménez. El giro ordinario de la sociedad es: *"a) La explotación agrícola, comercial e industrial en todas sus formas, de la finca la Esperanza y Anexos, situada en Coatepeque, del Departamento de Quetzaltenango y que está inscrita en el Registro Segundo de la Propiedad al número sesentisiete mil ochocientos trece, a folio ciento treintisiete libro trescientos veintitrés de Quetzaltenango; b) la compra, comercialización, explotación, y venta de cualquier producto agrícola o no, que*

9

> *se vincule con la finalidad anterior; y c) cualquier actividad lícita agrícola industrial, industrial o comercial, que convengan los accionistas mediante acuerdo tomado a través de asamblea general ordinario y sobre tales actividades versará su giró."*

iii. Que **ÚNICAMENTE** la Asamblea General Extraordinaria de Accionistas podía autorizar la venta de la Finca La Esperanza y sus Anexos, ya que esta venta implica la modificación del objeto de la sociedad y de la escritura social.

iv. Que al momento de realizar la Venta de la Finca La Esperanza, dejarían en **ESTADO DE DISOLUCIÓN** la sociedad, toda vez que ya no existe el bien sobre el que recae el objeto de la sociedad.

b. El verdadero valor de los bienes inmuebles asciende a la cantidad de **VEINTIDOS MILLONES QUINCE MIL CUATROCIENTOS OCHENTA Y UN MIL QUETZALES CON CUARENTA Y UN CENTAVOS (Q 22, 015, 481.41)**

c. Que el señor CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE, es beneficiario final de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, ya que es accionista de MULTIFLORA INTERNATIONAL LTD que a su vez es una de los accionistas de aquella entidad. Por lo que existía un conflicto de intereses que hacía inviable el contrato celebrado.



3) Utilizaron a la entidad QB INVERSIONES, SOCIEDAD ANÓNIMA, de la cual el señor CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE, es el Administrador Único y Representante Legal, para que fuera esta la entidad que recibiera los bienes inmuebles sustraídos ilegalmente de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, **a sabiendas** que no podía adquirir esos bienes inmuebles, ya que la persona que dispuso de los bienes no tenía derecho a disponer de los mismos. Ya que el señor EDUARDO MACARIO COYOY en su calidad de Administrador Único de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, no tenía el derecho de disponer de los bienes inmuebles de la sociedad, por no tener las facultades necesarias, ya que tenía prohibición expresa conocida para disponer de cualquier bien inmueble. Configurándose así el delito de caso especial de estafa contenido en el inciso 13 del artículo 264 del Código Penal.

Este ardid y engaño realizado por los hoy denunciados fue efectuado con el objeto de defraudar a la sociedad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA y el patrimonio de los accionistas de esta entidad, MULTIFLORA INTERNATIONAL LTD y SILVERADO RESOURCES CORP, en beneficio de los hoy denunciados, en especial del señor CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE

-4-

<u>DEL DELITO DE ASOCIACION ILICITA</u>

Los hoy denunciados **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE** en nombre propio y en calidad de Representante Legal y Administrador Único de la entidad **QB INVERSIONES, SOCIEDAD ANÓNIMA, EDUARDO MACARIO COYOY** e **INOCENTE PERNILLO FUENTES** se asociaron y

concertar de forma previa, para realizar la serie de delitos descritos anteriormente con el objeto de causar perjuicio económico a la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, y sus accionistas MULTIFLORA INTERNATIONAL LTD y SILVERADO RESOURCES CORP, conformando así una asociación ilícita.

Estas personas se asociaron para cometer los delitos de FALSEDAD IDEOLOGICA EN FORMA CONTINUADA y CASOS ESPECIALES DE ESTAFA antes denunciados, logrando sustraer ilegalmente dos (2) bienes inmuebles propiedad de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, para lo cual utilizaron los cargos de confianza que ostentaban en estas entidades para lograr pasar los inmuebles a la entidad denominada QB INVERSIONES, SOCIEDAD ANONIMA.

Esta acción de asociación para cometer delitos realiza por los hoy denunciados configura el delito de ASOCIACIÓN ILICITA contenido en el artículo 4 de la Ley contra la Delincuencia Organizada, que establece:



> "Asociación ilícita. Comete el delito de asociación ilícita, quien participe o integre asociaciones del siguiente tipo: 1. Las que tengan por objeto cometer algún delito o después de constituidas, promuevan su comisión; y, 2. Las agrupaciones ilegales de gente armada, delincuencia organizada o grupos terroristas. Este delito será sancionado con pena de seis a ocho años de prisión, sin perjuicio de las penas asignadas a los delitos cometidos ."

-IV-

DE LOS PARTICIPES DE LOS HECHOS DENUNCIADOS Y DE LOS TESTIGOS

<u>DE LOS PARTICIPES:</u> Los señores **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE**, en nombre propio y en calidad de **Representante Legal y Administrador Único de la entidad QB INVERSIONES, SOCIEDAD ANÓNIMA, INOCENTE PERNILLO FUENTES en su calidad de Contador de la entidad JACOSA y EDUARDO MACARIO COYOY en su calidad de Administrador Unico y Representante Legal de la entidad JACOSA** son los partícipes de los hechos denunciados y responsables en su calidad de AUTORES de las acciones delictivas denunciadas toda vez que han tomado parte directa en la ejecución de los actos propios delos delitos de FALSEDAD IDEOLOGICA EN FORMA CONTINUADA, USO DE DOCUMENTOS FALSIFICADOS, CASOS ESPECIALES DE ESTAFA Y ASOCIACION ILICITA, esto de acuerdo con lo que establece el inciso 1 del artículo 36 del Código Penal.

Se ignora si existe algún otro participe en los hechos denunciados como delitos, sin embargo, de la investigación realizada por el Ministerio Publico podrían resultar otros participes que deberán de ser individualizados en el transcurso de la investigación.

<u>DE LOS TESTIGOS</u>: como testigo de los hechos denunciados se encuentran las siguientes personas:
- ALLAN GUILLERMO OSCAR RASCH TÖPKE,
- JUAN OLAF RASCH TÖPKE
- EL NOTARIO, RODOLFO ENRIQUE GONZALEZ RIVERA
- Otros que propondré en el transcurso de la investigación.

Se desconoce si existen más testigos de las acciones supuestamente delictivas que se denuncian.

-V-

11

DE LA VICTIMA DEL DELITO

Y

DE LA DEFRAUDACION EFECTUADA

Los agraviados de los delitos de FALSEDAD IDEOLOGICA, USO DE DOCUMENTOS FALSIFICADOS, CASOS ESPECIALES DE ESTAFA Y ASOCIACION ILICITA, son SILVERADO RESOURCES CORP, y MULTIFLORA INTERNATIONAL LTD. y los accionistas **de esta última entidad, ALLAN GUILLERMO OSCAR RASCH TÖPKE y JUAN OLAF RASCH TÖPKE, que a su vez son beneficiarios finales de la entidad JACOSA,** en virtud de causarle perjuicio económico a sus derechos patrimoniales.

Los hechos ilícitos denunciados han causado un daño y perjuicio económica para los agraviados superior a los **VEINTIDOS MILLONES QUINCE MIL CUATROCIENTOS OCHENTA Y UN MIL QUETZALES CON CUARENTA Y UN CENTAVOS (Q 22, 015, 481.41).**

Razón por la cual se solicita se realicen las investigaciones respectivas.

-VI-

MEDIOS DE PRUEBA



Ofrezco probar lo antes manifestado con los siguientes medios de prueba:

DOCUMENTOS QUE POR ESTE ACTO INCORPORO EN FOTOCOPIA SIMPLE:

1) Fotocopia autenticada del Testimonio de la Escritura Pública número cuarenta y nueve (49) autorizada en la ciudad de Guatemala el día tres de julio de dos mil veinte por la Notaria María Eugenia Beltranena Umaña, que contiene MANDATO GENERAL JUDICIAL CON REPRESENTACIÓN de la entidad MULTIFLORA INTERNATIONAL LTD.

2) Fotocopia simple de título número uno (1) con número de registro cero uno diagonal dos mil once (01/2011) de la entidad AGRICOLA ESPERANZA JACOBI SOCIEDAD ANÓNIMA a nombre de la entidad MULTIFLORA INTERNATIONAL LTD, SOCIEDAD ANÓNIMA.

3) Fotocopia simple del título de acción número 001 de la entidad MULTIFLORA INTERNATIONAL LTD a nombre de CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE ,de fecha uno de febrero de mil novecientos noventa y cinco, debidamente traducido al español.

4) Fotocopia simple del título de acción número 002 de la entidad MULTIFLORA INTERNATIONAL LTD a nombre de JUAN OLAF RASCH TÖPKE de fecha uno de febrero de mil novecientos noventa y cinco, debidamente traducido al español.

5) Fotocopia simple del título de acción número 003 de la entidad MULTIFLORA INTERNATIONAL LTD a nombre de ALLAN GUILLERMO OSCAR RASCH TÖPKE de fecha uno de febrero de mil novecientos noventa y cinco, debidamente traducido al español.

6)  Fotocopia simple de Acta Notarial de Nombramiento del señor EDUARDO MACARIO COYOY autorizada en la ciudad de Guatemala el día cuatro de julio del año dos mil diecisiete, autorizada por el Notario Elmer Aurence Vargas Espino.

7)  Fotocopia simple de Escritura Pública número cuarenta y dos (42) de fecha quince de octubre de dos mil diecinueve, autorizada en la ciudad de Guatemala por el Notario Rodolfo Enrique Gonzalez Rivera, por medio de la cual se formaliza una supuesta venta de los bienes inmuebles propiedad de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA.

8)  Fotocopia simple de Escritura pública número ciento cinco (105), autorizada en la ciudad de Guatemala el día catorce de mayo de mil novecientos ochenta por el Notario Rodolfo Cordón Jiménez, mediante la cual se adecua la sociedad AGRICOLA ESPERANZA JACOBI SOCIEDAD ANÓNIMA a las disposiciones del Código de Comercio vigente.

9)  Fotocopia simple de Escritura pública número quince autorizada en la ciudad de Guatemala de fecha catorce de marzo de mil novecientos cincuenta y siete por el Notario Jose Falla Aris, por medio de la cual se constituye la sociedad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA.

10) Fotocopia simple de Actas de Asamblea General Ordinaria Totalitaria de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA números: 65, 66, y 67.

11) Fotocopia de las actas notariales de nombramientos como Administrador único y Representante Legal del señor EDUARDO MACARIO COYOY.

12) Fotocopia simple de Escritura Pública número veinticuatro (24) autorizada en esta ciudad el día veintitrés de agosto de dos mil seis autorizada en la ciudad de Guatemala por el Notario Carlos Anibal Ronquillo Marín, en la cual consta la Escritura Constitutiva de la entidad QB Inversiones, Sociedad Anónima.

13) Fotocopia simple de Acta Notarial de Nombramiento autorizada el diez abril del año dos mil dieciocho en la ciudad de Guatemala, por el Notario Cindi Anabi Barrios Linares en la que se hace contar el nombramiento como Administrador Único y Representante Legal de CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE de la entidad QB Inversiones, Sociedad Anónima.

14) Certificaciones del Registro de la Propiedad de las Fincas 67813, folio 137 del libro 323 Quetzaltenango y la 82,793 folio 155 de libro 342 de Quetzaltenango.

15) Certificaciones del Registro de la Propiedad de la Finca 82,793 folio 155 de libro 342 de Quetzaltenango.

16) Fotocopia simple de Avalúo número 15208-02-001 de la Denominada Finca La Esperanza de fecha nueve de julio de 2020, realizado por las valuadoras autorizadas, arquitecta Shiomara Montenegro y arquitecta Virginia Ticó.

13

17) Fotocopia simple de la Escritura Pública número veintidós (22) de fecha dieciséis de junio de dos mil veinte, autorizada en la ciudad de Guatemala, por el Notario Rodolfo Enrique Gonzalez Rivera mediante la cual el señor CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE  en su calidad de Representante Legal de la entidad QB Inversiones, Sociedad Anónima vende los inmuebles relacionados (propiedad de Agrícola Esperanza Jacobi, Sociedad Anónima) al señor EDUARDO MACARIO COYOY en su calidad de Administrador Único y Representante Legal de la entidad J CINCO, Sociedad Anónima.

18) Fotocopia simple de la Escritura Pública Número seis (6) autorizada en la ciudad de Guatemala, el día tres de febrero del año dos mil veinte por la notaria Cindi Anabí Barrios Linares, por medio de la cual se constituye la entidad J CINCO SOCIEDAD ANÓNIMA.

19) Fotocopia simple de Acta Notarial  autorizada en la ciudad de Guatemala, el día tres de febrero del año dos mil veinte por la notaria Cindi Anabí Barrios Linares por medio de la cual se hace constar el nombramiento del señor Eduardo Macario Coyoy como Administrador Único y Representante Legal de la entidad J CINCO, SOCIEDAD ANÓNIMA.



INFORMES: que se deberán de solicitar a las siguientes entidades públicas:

- Superintendencia de Administración Tributaria -SAT-, despliegue del RTU de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, QB INVERSIONES, SOCIEDAD ANÓNIMA, y J CINCO SOCIEADAD ANÓNIMA, y establecer quiénes son los contadores registrados de cada uno de las sociedades.

- Registro Nacional de las Personas -RENAP- deberá de solicitar certificación de las partidas de documento personal de identificación de los señores CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE, INOCENTE PERNILLO FUENTES y EDUARDO MACARIO COYOY.

- Registro Mercantil, historial completo de las sociedades AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, QB INVERSIONES, SOCIEDAD ANÓNIMA, y J CINCO, SOCIEDAD ANÓNIMA, incluyendo auxiliares de comercio con sus respectivas actas notariales de nombramiento, actas de asamblea generales ordinarias y totalitarias, patentes de comercio y empresa.

DECLARACIONES TESTIMONIALES DE LAS SIGUIENTES PERSONAS:

- JUAN OLAF RASCH TÖPKE si usted como accionista de la entidad MULTIFLORA INTERNATIONAL LTD acordó que se vendieran las Fincas 67813, folio 137 del libro 323 Quetzaltenango y la  82,793 folio 155 de libro 342 de Quetzaltenango, y autorizar al señor EDUARDO MACARIO COYOY en su calidad de Administrador Único de la entidad JACOSA a vender esas propiedades.

- ALLAN GUILLERMO OSCAR RASCH TÖPKE si usted como accionista de la entidad MULTIFLORA INTERNATIONAL LTD acordó que se vendieran las Fincas 67813, folio 137 del libro 323 Quetzaltenango y la 82,793 folio 155 de libro 342 de Quetzaltenango, y autorizar al señor EDUARDO MACARIO COYOY en su calidad de Administrador Único de la entidad JACOSA a vender esas propiedades.

- RODOLFO ENRIQUE GONZALEZ RIVERA, Notario, por haber sido el notario que realizo los documentos públicos en los cuales se insertaron datos falsos y por ser quien conoce las condiciones y forma en que se llevó a cabo las compraventas relacionadas en la denuncia.

<u>Y LOS DEMAS MEDIOS DE INVESTIGACION QUE RESULTEN NECESARIOS PARA LA AVERIGUACION DE LA VERDAD.</u>

-VII-

FUNDAMENTO DE DERECHO:

ARTICULO 297 del Código Procesal Penal que establece: "*Denuncia. Cualquier persona deberá comunicar, por escrito u oralmente, a la policía, al Ministerio Público o al tribunal el conocimiento que tuviere acerca de la comisión de un delito de acción pública. El denunciante deberá ser identificado. Igualmente, se procederá a recibir la instancia, denuncia o autorización en los casos de los delitos que así lo requieran.*"

ARTICULO 299 del Código Procesal Penal que establece: "*Contenido. La denuncia contendrá, en lo posible, el relato circunstanciado del hecho, con indicación de los partícipes, agraviados y testigos, elementos de prueba y antecedentes o consecuencias conocidos.*"

-VIII-

PETICION:

1. Que, con el presente escrito y documentos adjuntos, se inicie la formación del expediente respectivo;

2. Se tome nota de la calidad con la que actuamos con base al documento que acompaño;

3. Se tome nota de la dirección y procuración bajo la que actuamos dentro del presente asunto y del lugar que señalamos para recibir notificaciones;

4. Se tenga por interpuesta DENUNCIA PENAL por los delitos de FALSEDAD IDEOLOGICA EN FORMA CONTINUADA, USO DE DOCUMENTOS FALSIFICADOS, CASOS ESPECIALES DE ESTAFA, Y ASOCIACIÓN ILICITA en contra de los señores CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE, en nombre propio y en calidad de Representante Legal y Administrador Único de la entidad QB Inversiones, Sociedad Anónima, INOCENTE PERNILLO FUENTES y EDUARDO MACARIO COYOY y de las demás personas que pudieran resultar responsables;

5. Se reconozca a: la entidad MULTFLORA INTERNATIONAL LTD, ALLAN GUILLERMO OSCAR RASCH TÖPKE y JUAN OLAF RASCH TÖPKE como agraviados por los hechos delictivos denunciados dentro de la presente denuncia;

6. Se remitan en forma inmediata la presente denuncia a la fiscalía correspondiente para que inicie las diligencias de investigación correspondientes;

15

7. **Que,** se señale día y hora para ratificar y/o ampliar la presente denuncia;

8. **Que,** en los términos expuestos, se reciba la prueba testimonial propuesta y para el efecto se señale día y hora para recibir las mismas;

9. Se realicen los demás medios de investigación necesarios para la averiguación de la verdad;

10. Ruego se acceda a lo solicitado;

**CITA DE LEYES:** Fundamento mi petición en los artículos siguientes: artículos 12, 28 y 29 de la Constitución de la República de Guatemala; artículos 3,5, 7,8, 16,19, 116, 117, 289 y 290 del Código Procesal Penal.



Acompaño <u>6 copias</u> del presente memorial y documentos adjuntos

Guatemala, veintitrés de julio de dos mil veinte.

Y EN MI PROPIO AUXILIO Y DIRECCION:

*Julia Cristina González Vizcaíno*
*Abogado y Notario*

16

EN          EN
5   HOJAS          3   HOJAS
*María Eugenia Beltranena Umaña*
ABOGADA Y NOTARIA

ORGANISMO JUDICIAL
**B 5238150**   ...AL DE PROTOCOLOS

No. NRO. PROTOCOLO   03 JUL 2020
No. DE RECIBO (S)
No. DE PODE...

PROTOCOLO   H2378...
REGISTRO DE PODE...

REPÚBLICA DE GUATEMALA
DIEZ QUETZALES

REGISTRO

Nº 348181

QUINQUENIO
DE 2018 A 2022

952896
2020

952897
2020

**NÚMERO CUARENTA Y NUEVE (49).** En la ciudad de Guatemala, el trece de julio de
dos mil veinte, ANTE MÍ: MARÍA EUGENIA BELTRANENA UMAÑA, Notaria, comparece
JUAN OLAF RASCH TÖPKE, de cincuenta y dos años, casado, guatemalteco,
ejecutivo, de este domicilio, se identifica con el Documento Personal de Identificación
con código único de identificación número dos mil quinientos sesenta y tres treinta y
cuatro mil ciento dos cero ciento uno extendido por el Registro Nacional de las
Personas, quien actúa en su calidad de MANDATARIO GENERAL CON
REPRESENTACIÓN de la entidad MULTIFLORA INTERNATIONAL LTD., personería
que acredita con el testimonio del instrumento público número ciento sesenta y tres,
autorizado en esta ciudad el tres de junio de mil veinte por la Notaria Jeaneth
Alejandra Divas Zeceña, el cual se encuentra inscrito en el Registro Electrónico de
Poderes del Archivo General de Protocolos bajo la inscripción número uno del poder
quinientos veintitrés mil doscientos cincuenta y ocho guion E. A la entidad
MULTIFLORA INTERNATIONAL LTD. en el transcurso del presente instrumento podrá
denominársele simplemente como "LA MANDANTE". Yo, la Notaria, DOY FE: que el
compareciente asegura ser de los datos de identificación personal anteriormente
consignados y encontrarse en el libre ejercicio de sus derechos civiles; que la calidad
que ejercita es suficiente de acuerdo a la ley y a mi juicio para la celebración del
presente acto; y, que encontrándose debidamente facultado para el efecto, por el
presente acto otorga MANDATO GENERAL JUDICIAL CON REPRESENTACIÓN el
cual deja contenido en las siguientes cláusulas: PRIMERA: Manifiesta el señor JUAN
OLAF RASCH TÖPKE, que según consta en la Copia Certificada por el Agente
Residente de Acta de una Reunión de la Junta Directiva de MULTIFLORA
INTERNATIONAL LTD. una sociedad constituida y regulada de conformidad con las
leyes de las Islas Vírgenes Británicas, extendida en la República de Panamá el

*María Eugenia Beltranena Umaña*
ABOGADA Y NOTARIA

*María Eugenia Beltranena Umaña*
ABOGADA Y NOTARIA



26 veintidós de mayo de dos mil veinte, documento que fue protocolizado por medio del

27 instrumento público número ciento sesenta y tres autorizado en esta ciudad el tres de

28 junio de dos mil veinte por la Notaria Jeaneth Alejandra Divas Zeceña, la entidad

29 MULTIFLORA INTERNATIONAL LTD. le otorgó MANDATO GENERAL CON

30 REPRESENTACIÓN, autorizándolo para otorgar mandatos judiciales con

31 representación e investir a los mandatarios con las facultades señaladas por la Ley

32 del Organismo Judicial. SEGUNDA: Continúa manifestando el señor JUAN OLAF

33 RASCH TÖPKE, en la calidad con que actúa, que encontrándose debidamente

34 facultado, por el presente acto, otorga MANDATO GENERAL JUDICIAL CON

35 REPRESENTACIÓN a favor de los Abogados ALEJANDRO AUGUSTO PENADOS

36 GRAJEDA y JULIA CRISTINA GONZÁLEZ VIZCAÍNO, para que puedan representar

37 a MULTIFLORA INTERNATIONAL LTD. ampliamente ante todas las Cortes,

38 Tribunales y Juzgados de la República de Guatemala de cualquier competencia o ante

39 cualquier Notaría y ante las autoridades funcionarios y empleados judiciales, pudiendo

40 tramitar, proseguir y llevar hasta sus últimas consecuencias, juicios civiles, penales,

41 administrativos o de cualquier otra naturaleza. En consecuencia los mandatarios

42 quedan investidos de las facultades inherentes a esta clase de mandatos y las

43 especiales siguientes: I) Interponer toda clase de demandas y entablar todo género

44 de acciones, proceso, juicios, ejecuciones e iniciar y concluir las gestiones y

45 solicitudes que fueran necesarias, ya sean administrativas, judiciales o de algún otro

46 tipo. II) Intervenir en cualquier asunto como demandante, demandado o tercero. III)

47 Prestar confesión y declaración de parte. IV) Reconocer firmas. V) Para someter los

48 asuntos a la decisión de árbitros nombrados o proponerlos. VI) Para denunciar delitos

49 y acusar criminalmente. VII) Prorrogar competencia. VIII) Allanarse y desistir del juicio,

50 de los ocursos, recursos, incidentes, excepciones y de las recusaciones, así como

EN
5 ————— 0 ——— EN
HOJAS         3 ——— HOJAS

*María Eugenia Beltranena Umaña*
ABOGADA Y NOTARIA

REPÚBLICA DE GUATEMALA

DIEZ QUETZALES

Nº B 5238151

TALLER NACIONAL DE GRABADOS EN ACERO - GUATEMALA, C. A.

PROTOCOLO

REGISTRO

Nº 348182

QUINQUENIO
DE 2018 A 2022

SAT
SUPERINTENDENCIA DE ADMINISTRACIÓN TRIBUTARIA

para renunciarlas. IX) Celebrar transacciones y convenios con relación al litigio. X) Condonar obligaciones y conceder esperas y quitas. XI) Solicitar o aceptar adjudicaciones de bienes en pago. XII) Otorgar perdón en los delitos privados. XIII) Aprobar liquidaciones y cuentas. XIV) Interponer toda clase de recursos ordinarios y extraordinarios, tales como casación, amparo e inconstitucionalidad. XV) Allanarse y desistir del juicio, de los ocursos, recursos, incidentes, excepciones y de las recusaciones, así como para renunciarlos. XVI) Para representar a la sociedad en licitaciones públicas o privadas y en cualquier acto de concurso, pudiendo para el efecto prestar las declaraciones juradas necesarias y firmar los documentos que el concurso requiera. XVII) Los demás casos establecidos en las leyes de la República de Guatemala. Asimismo para que puedan representar a LA MANDANTE, ante todo tipo de autoridades administrativas y descentralizadas, autónomas y semi-autónomas, así como para interponer todos los recursos administrativos que sean necesarios ante dichas autoridades. Se deja expresa constancia que las facultades enumeradas en el presente mandato son meramente ejemplificativas y no limitativas de otras facultades implícitas, por cuyo motivo, los mandatarios están autorizados a ejercer, sin restricción alguna, todos los derechos que de acuerdo con la ley vigente y/o con la legislación que se promulgue en el futuro, se relacionen y/o emerjan y/o sean consecuencia del objeto del presente mandato y debido a lo aquí expresado; autorizándoles a su vez para sustituir el mandato a terceras personas, reservándose a su vez al ejercicio del mismo. TERCERA: Manifiesta el señor JUAN OLAF RASCH TÖPKE que el presente mandato se otorga en forma onerosa por todo su ejercicio, por la suma total de cien quetzales, a razón de cincuenta quetzales por cada uno de los mandatarios, de manera que no se podrán reclamar honorarios o gastos adicionales a lo dispuesto, con ocasión del ejercicio del mismo. El mandato que por este acto se confiere se

*María Eugenia Beltranena Umaña*
ABOGADA Y NOTARIA

*María Eugenia Beltranena Umaña*
ABOGADA Y NOTARIA



5238451

**R**

26   tendrá por aceptado por los mandatarios por el simple ejercicio de éste. <u>CUARTA</u>. En

27   los términos relacionados, el compareciente, en la calidad con que actúa, acepta el

28   contenido íntegro de la presente escritura. Yo, la Notaria, DOY FE: que lo escrito me

29   fue expuesto por el otorgante; que tuve a la vista la documentación relacionada; que

30   advierto al otorgante los efectos legales del presente acto y la obligación de su

31   registro; y, que por designación del otorgante doy lectura íntegra al contenido del

32   presente contrato, por lo que bien impuesto de su contenido, valor y efectos legales,

33   lo acepta, ratifica y firma junto a mí, la Notaria, que de todo lo expuesto DOY FE.

34

35

36

37

38

39

40

41

42

43

44

45

46

47

48

49

50

ES TESTIMONIO: De la Escritura Pública número CUARENTA Y NUEVE que autoricé en esta ciudad, el tres de julio del año dos mil veinte, que contiene MANDATO GENERAL JUDICIAL CON REPRESENTACIÓN otorgado por la entidad MULTIFLORA INTERNATIONAL LTD a favor de los Abogados ALEJANDRO AUGUSTO PENADOS GRAJEDA y JULIA CRISTINA GONZÁLEZ VIZCAÍNO, que para entregar a los Abogados ALEJANDRO AUGUSTO PENADOS GRAJEDA y JULIA CRISTINA GONZÁLEZ VIZCAÍNO, extiendo en TRES hojas, la primeras dos fotocopiadas en ambos lados, que reproducen fielmente la escritura matriz identificada, y la presente de papel bond tamaño oficio a la que se le adhiere un timbre fiscal del valor de cincuenta centavos de quetzal (Q.0.50) con número de registro cinco millones ciento cuarenta y cinco mil ochocientos cinco (5145805), las que numero, sello y firmo. Hago constar que el impuesto al que está afecto el presente contrato, es cubierto mediante dos timbres fiscales de la denominación de cinco quetzales (Q.5.00) cada uno del año en curso, con números de registro novecientos cincuenta y dos mil ochocientos noventa y seis (952896), y novecientos cincuenta y dos mil ochocientos noventa y siete (952897). Guatemala, tres de julio de dos mil veinte. DOY FE.-

María Eugenia Beltranena Umaña
ABOGADA Y NOTARIA

María Eugenia Beltranena Umaña
ABOGADA Y NOTARIA



ORGANISMO JUDICIAL
ARCHIVO GENERAL DE PROTOCOLOS
REGISTRO ELECTRÓNICO DE PODERES
ACUERDO No. 38-2004 DE LA CORTE SUPREMA DE JUSTICIA

GUATEMALA, C.A.

Documento No. 23287 presentado el 03 de JULIO de 2020 a las 13:13:22 horas.

Registrada(o) la(el) PODER POR MEDIO DE APODERADO DE PODER GENERAL JUDICIAL CON REPRESENTACIÓN

a la inscripción número 2 del PODER 523258-E.

Con base en el Testimonio del Instrumento Público No.49 autorizado en GUATEMALA el 03 de JULIO del 2020.

Plazo        :
Sustituible: si.
Notario (a):    MARIA EUGENIA  BELTRANENA UMAÑA
Mandante(s) :   MULTIFLORA INTERNATIONAL LTD; POR MEDIO DE SU APODERADO:
                JUAN OLAF RASCH TÖPKE.
Mandatario(s):  ALEJANDRO AUGUSTO PENADOS GRAJEDA,
                JULIA CRISTINA GONZÁLEZ VIZCAÍNO.

EL REGISTRO DEL PRESENTE TESTIMONIO NO PREJUZGA SOBRE EL CONTENIDO, VALIDEZ DEL ORIGINAL QUE REPRODUCE, Y NO CONVALIDA HECHOS O ACTOS NULOS O ILÍCITOS.
GUATEMALA, 06 DE JULIO DE 2020.

Tarifa: Q.125.00 + Q.5.00 por hoja escrita, según ACUERDO 24-2011 de la CORTE SUPREMA DE JUSTICIA.
Número Recibo: 3072117





Licda.Lidia Judith Urizar Castellanos
Coordinador II
Subdirector Metropolitano
Archivo General de Protocolos

Licda. Silvia Ucrocita Escolar-Ortiz
ASESORA
ARCHIVO GENERAL DE PROTOCOLOS

REVISOR :    SLESCOBAR

01-00-20-42-10-01-00-12-02-00-01

7a. AVENIDA 9-20, EDIFICIO JADE, ZONA 9. GUATEMALA, CENTROAMÉRICA
TELÉFONO: 24267201

REGISTRO DE PODERES

577943

EN

HOJAS

En la ciudad de Guatemala, el día **quince de julio de dos mil veinte,** como Notaria DOY FE que las fotocopias que anteceden, son AUTÉNTICAS, por haber sido reproducidas de sus originales el día de hoy en mi presencia, las cuales consisten en: Testimonio de la Escritura Pública número cuarenta y nueve, autorizada en la ciudad de Guatemala por la Infrascrita Notaria el día tres de julio de dos mil veinte, la cual contiene: MANDATO GENERAL JUDICIAL CON REPRESENTACIÓN otorgado por el señor Juan Olaf Rasch Töpke a favor de los abogados Alejandro Augusto Penados Grajeda y Julia Cristina González Vizcaino, el cual quedo inscrito en el Registro Electrónico de Poderes del Archivo General de Protocolos, en la inscripción número dos (2), del Poder quinientos veintitrés mil doscientos cincuenta y ocho guión E (523258-E). La presente legalización consta de cuatro hojas tamaño oficio más la presente, la primera y segunda impresas en ambos lados y la tercera y cuarta únicamente en su anverso, mismas que numero, sello y firmo en señal de autenticidad.

POR MÍ Y ANTE MÍ:

*María Eugenia Beltranena Umaña*
ABOGADA Y NOTARIA



TITULO No.01

REGISTRO No.01/2011

SERIE UNICA

**AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA**
Guatemala, Republica de Guatemala
Capital Autorizado Q. 200,000.00
Dividido y Representado en 2,000 acciones de una sola clase
Con valor de Q.100.00 cada una

**DOMICILIO DE LA SOCIEDAD:** Departamento de Guatemala
**PLAZO DE LA SOCIEDAD:** Indefinido

El presente titulo acredita que **MULTIFLORA INTERNATIONAL LIMITED** es titular de **UN MIL NOVECIENTAS NOVENTA Y NUEVE (1999)** acción(es) de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA,** entidad que fue constituida por escritura pública número selscientos once (611) que autorizó el notario Rodolfo Cordón Jiménez en la ciudad de Guatemala el catorce (14) de diciembre de mil novecientos sesenta y seis (1966), modificada por la escritura pública número noventa y siete (97) que autorizó el notario Rodolfo Cordón Jiménez en la ciudad de Guatemala el siete (7) de marzo de mil novecientos sesenta y nueve (1969), y la escritura publica numero ciento cinco (105) que autorizó el notario Rodolfo Cordón Jiménez el catorce (14) de mayo de mil novecientos ochenta (1980) y se encuentra inscrita en el Registro Mercantil al numero novecientos cincuenta y tres (953), folio tres (3) del libro cinco (5) de Sociedades Mercantiles, obtuvo personalidad jurídica a partir del veintidós (22) de marzo de mil novecientos setenta y dos (1972) fecha de su inscripción provisional, habiéndose operado su inscripción definitiva el seis (6) de junio de mil novecientos setenta y dos (1972).

Se extiende el presente titulo en la ciudad de Guatemala, el seis de julio del once.

**ADMINISTRADOR ÚNICO**





INTERNATIONAL BUSINESS COMPANY
SHARE CERTIFICATE

Certificate Number  004

Number of Shares  16,667

MULTIFLORA INTERNATIONAL LTD.

Incorporated under the International Business Companies Ordinance
Of the British Virgin Islands

AUTORIZED CAPITAL U.S. $50,000.00 divided into 50,000 shares of par value of $1.00 each.

THIS IS TO CERTIFY THAT   --- CHRISTIAN ALEXANDER ENRIQUE RASCH TOPKE ---   is entitled to   --
SIXTEEN THOUSAND SIX HUNDRED AND SIXTY SEVEN (16,667)---   shares in the above named Company,
subject to the Memorandum and Articles of Association of the said Company.

Given under the Common Seal of the Company
This  1st  day of  February,  1995.

_____
Director

_____
Director

11 . 8 . 2011



Yo, Mónica Eugenia Mack Mazariegos, Traductora Jurada debidamente calificada y juramentada, con fe pública en toda la República de Guatemala para traducir documentos del inglés al español y viceversa, según Resolución número442, emitida por el Ministerio de Educación el 8 de diciembre de 1994, y reformado por el Acuerdo Ministerial 2222, emitido por el Ministerio de Educación el 18 de octubre de 2016 con número de registro 720295, por este medio, bajo juramento de ley, ————————————————
——————————————BAJO JURAMENTO CERTIFICO:————————
Haber tenido a la vista un **TÍTULO DE ACCIONES DE LA EMPRESA MULTIFLORA INTERNATIONAL LTD.** a nombre de CHRISTIAN ALEXANDER ENRIQUE RASCH TOPKE. El contenido redactado en inglés vertido fielmente al español según mi mejor criterio es el siguiente:—————————————————————————

"------------------------------[TITULO DE ACCIONES]------------------------

**INTERNATIONAL BUSINESS COMPANY.**————————————————

**CERTIFICADO DE ACCIONES.**—————————————————————

Certificado número 001.————————————————————————

Número de acciones: 16,667.—————————————————————

**MULTIFLORA INTERNATIONAL LTD.**————————————————

Constituida bajo la Ordenanza de Compañías Empresariales Internacionales de las Islas Vírgenes

Británicas————————————————————————————

CAPITAL AUTORIZADO USD 50,000 [cincuenta mil dólares] dividido en 50,000 acciones de valor

nominal de USD 1.00 cada una.————————————————————

ESTE DOCUMENTO ES PARA CERTIFICAR QUE --- CHRISTIAN ALEXANDER ENRIQUE RASCH

TOPKE – tiene el derecho a DIECISÉIS MIL SEISCIENTOS SESENTA Y SIETE (16,667) – acciones

en la Compañía mencionada con anterioridad, sujeto al Memorando y la Escritura de Constitución de

dicha Compañía.———————————————————————————

Otorgado bajo el Sello Común de la Compañía este uno de febrero de mil novecientos noventa y

cinco.————————————————————————————————

[Firma]: ilegible.——————————————————————————

Director.——————————————————————————————

[Firma]: ilegible.——————————————————————————

Director.——————————————————————————————

[Firma]: ilegible. 11.8.2011.""""

En fe de lo cual, extiendo la presente traducción jurada, a solicitud de la parte interesada, sin asumir responsabilidad alguna por el contenido del documento original, en dos hojas de papel bond, en la ciudad de Guatemala, a los diez días de julio de dos mil veinte.

**Mónica Eugenia Mack Mazariegos**
TRADUCTORA JURADA
Registro 720295
Acuerdo Ministerial 2222

Página 1 de 1



INTERNATIONAL BUSINESS COMPANY
SHARE CERTIFICATE

Certificate Number 002

Number of Shares 16,666

# MULTIFLORA INTERNATIONAL LTD.

Incorporated under the International Business Companies Ordinance
Of the British Virgin Islands

AUTORIZED CAPITAL U.S. $50,000.00 divided into 50,000 shares of par value of $1.00 each.

THIS IS TO CERTIFY THAT ———————— JUAN OLAF RASCH TOPKE ———— is entitled to —
SIXTEEN THOUSAND SIX HUNDRED AND SIXTY SIX (16,666) ———— shares in the above named Company,
subject to the Memorandum and Articles of Association of the said Company.

Given under the Common Seal of the Company
This  1st  day of  February, 1995.

Director

Director

Yo, Mónica Eugenia Mack Mazariegos, Traductora Jurada debidamente calificada y juramentada, con fe pública en toda la República de Guatemala para traducir documentos del inglés al español y viceversa, según Resolución número442, emitida por el Ministerio de Educación el 8 de diciembre de 1994, y reformado por el Acuerdo Ministerial 2222, emitido por el Ministerio de Educación el 18 de octubre de 2016 con número de registro 720295, por este medio, bajo juramento de ley,————————————————————————
————————————————————B A J O  J U R A M E N T O  C E R T I F I C O:—————————————
Haber tenido a la vista un **TÍTULO DE ACCIONES DE LA EMPRESA MULTIFLORA INTERNATIONAL LTD.** a nombre de JUAN OLAF RASCH TOPKE. El contenido redactado en inglés vertido fielmente al español según mi mejor criterio, es el siguiente:——————

"""———————————————————[TITULO DE ACCIONES]—————————————————————

**INTERNATIONAL BUSINESS COMPANY.**————————————————————————————

**CERTIFICADO DE ACCIONES.**——————————————————————————————————

Certificado número 002.——————————————————————————————————————

Número de acciones: 16,666.————————————————————————————————————

**MULTIFLORA INTERNATIONAL LTD.**——————————————————————————————

Constituida bajo la Ordenanza de Compañías Empresariales Internacionales de las Islas Vírgenes

Británicas—————————————————————————————————————————————

CAPITAL AUTORIZADO USD 50,000 [cincuenta mil dólares] dividido en 50,000 acciones de valor

nominal de USD 1.00 cada una.—————————————————————————————————

ESTE DOCUMENTO ES PARA CERTIFICAR QUE --- <u>JUAN OLAF RASCH TOPKE</u> – tiene el

derecho a DIECISÉIS MIL SEISCIENTOS SESENTA Y SEIS (16,666) – acciones en la Compañía

mencionada con anterioridad, sujeto al Memorando y la Escritura de Constitución de dicha

Compañía.————————————————————————————————————————————

Otorgado bajo el Sello Común de la Compañía este uno de febrero de mil novecientos noventa y

cinco.——————————————————————————————————————————————

[Firma]: ilegible.—————————————————————————————————————————

Director.—————————————————————————————————————————————

[Firma]: ilegible.—————————————————————————————————————————

Director.—————————————————————————————————————————————

[Firma]: ilegible. 8.11.2011."""

En fe de lo cual, extiendo la presente traducción jurada, a solicitud de la parte interesada, sin asumir responsabilidad alguna por el contenido del documento original, en dos hojas de papel bond, en la ciudad de Guatemala, a los diez días de julio de dos mil veinte.

Mónica Eugenia Mack Mazariegos
TRADUCTORA JURADA
Registro 720295
Acuerdo Ministerial 2222



INTERNATIONAL BUSINESS COMPANY
SHARE CERTIFICATE

Certificate Number  003

Number of Shares  16,667

# MULTIFLORA INTERNATIONAL LTD.

Incorporated under the International Business Companies Ordinance
Of the British Virgin Islands

AUTORIZED CAPITAL U.S. $50,000.00 divided into 50,000 shares of par value of $1.00 each.

THIS IS TO CERTIFY THAT ----- ALLAN GUILLERMO OSCAR RASCH TOPKE ------- is entitled to --
SIXTEEN THOUSAND SIX HUNDRED AND SIXTY SEVEN (16,667)-- shares in the above named Company,
subject to the Memorandum and Articles of Association of the said Company.

Given under the Common Seal of the Company
This  1st  day of  February,  1995.

Director

Director

Yo, Mónica Eugenia Mack Mazariegos, Traductora Jurada debidamente calificada y juramentada, con fe pública en toda la República de Guatemala para traducir documentos del inglés al español y viceversa, según Resolución número442, emitida por el Ministerio de Educación el 8 de diciembre de 1994, y reformado por el Acuerdo Ministerial 2222, emitido por el Ministerio de Educación el 18 de octubre de 2016 con número de registro 720295, por este medio, bajo juramento de ley.-------------------------------------

----------------------------B A J O  J U R A M E N T O  C E R T I F I C O:-----------------------------

Haber tenido a la vista un TÍTULO DE ACCIONES DE LA EMPRESA MULTIFLORA INTERNATIONAL LTD. a nombre de ALLAN GUILLERMO OSCAR RASCH TOPKE. El contenido redactado en inglés vertido fielmente al español según mi mejor criterio es el siguiente:-----------------------------------------------------------------

"" ---------------------------------[TITULO DE ACCIONES]-----------------------------------------

**INTERNATIONAL BUSINESS COMPANY.**------------------------------------------------------------

**CERTIFICADO DE ACCIONES.**-----------------------------------------------------------------------

Certificado número 003.-----------------------------------------------------------------------------

Número de acciones: 16,667.-----------------------------------------------------------------------

**MULTIFLORA INTERNATIONAL LTD.**--------------------------------------------------------------

Constituida bajo la Ordenanza de Compañías Empresariales Internacionales de las Islas Vírgenes Británicas-----------------------------------------------------------------------------------------

CAPITAL AUTORIZADO USD 50,000 [cincuenta mil dólares] dividido en 50,000 acciones de valor nominal de USD 1.00 cada una.-------------------------------------------------------------------

ESTE DOCUMENTO ES PARA CERTIFICAR QUE --- ALLAN GUILLERMO OSCAR RASCH TOPKE – tiene el derecho a DIECISÉIS MIL SEISCIENTOS SESENTA Y SIETE (16,667) – acciones en la Compañía mencionada con anterioridad, sujeto al Memorando y la Escritura de Constitución de dicha Compañía.----------------------------------------------------------------------------------

Otorgado bajo el Sello Común de la Compañía este uno de febrero de mil novecientos noventa y cinco.-----------------------------------------------------------------------------------------------------

[Firma]: ilegible.-------------------------------------------------------------------------------------

Director.----------------------------------------------------------------------------------------------

[Firma]: ilegible.-------------------------------------------------------------------------------------

Director.-------------------┼-----------------------------------------------------------------------

[Firma]: ilegible. 11/8/2011."""

En fe de lo cual, extiendo la presente traducción jurada, a solicitud de la parte interesada, sin asumir responsabilidad alguna por el contenido del documento original, en dos hojas de papel bond, en la ciudad de Guatemala, a los diez días de julio de dos mil veinte.

Mónica Eugenia Mack Mazariegos
TRADUCTORA JURADA
Registro 720295
Acuerdo Ministerial 2222

Página 1 de 1



ACTA NOTARIAL DE NOMBRAMIENTO DE ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL DE LA ENTIDAD "AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA".

En la Ciudad de Guatemala, siendo las doce horas del día cuatro de julio del año dos mil diecisiete, Yo, **ELMER AURENCE VARGAS ESPINO**, Notario, constituido en mi oficina profesional ubicada en la tercera avenida trece guión setenta y ocho, zona diez, Edificio Intercontinental Plaza, Torre Citigroup, Pent-house Norte, oficina mil setecientos dos, nivel diecisiete de la Ciudad de Guatemala, soy requerido por el señor **EDUARDO MACARIO COYOY**, de cincuenta y nueve años de edad, casado, guatemalteco, ejecutivo, de este domicilio, y quien se identifica con el Documento Personal de Identificación con Código Único de Identificación numero dos mil trescientos treinta y siete, setenta mil quinientos setenta y siete, cero novecientos uno (2337 70577 0901), extendido por el Registro Nacional de las Personas, con el objeto de hacer constar su nombramiento como **ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL** de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA**, para lo cual se procede de la manera siguiente: **PRIMERO**: El requirente me pone a la vista: **a)** el Testimonio de la escritura pública número ciento cinco (105), autorizada en la Ciudad de Guatemala, el catorce de mayo de mil novecientos ochenta, por el notario Rodolfo Cordón Jiménez, el cual contiene escritura constitutiva de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA**, la cual se encuentra inscrita en el Registro Mercantil General de la República bajo el número novecientos cincuenta y tres (953), folio tres (3), del libro ciento cinco (5) de Sociedades Mercantiles; y **b)** Acta Notarial de Asamblea General Ordinaria Totalitaria de Accionistas de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA**, autorizada el cuatro de julio de dos mil diecisiete por el Infrascrito Notario; **SEGUNDO**: Del Testimonio descrito en el inciso (a), a continuación se transcribe literalmente las siguientes clausulas y numerales: *"NUMERAL CUATRO (4). PLAZO: La duración de la sociedad será indefinida y su plazo principiará a contarse desde la fecha de su inscripción en el Registro Mercantil. Para ponerle fin al plazo se requerirá de la decisión de los socios en Asamblea*

Lic. Elmer Vargas Espino
Abogado y Notario

*General, que representen, cuando menos el setenta y cinco por ciento (75%) de las acciones con derecho a voto. (...)* **NUMERAL SEIS (6). OBJETO:** *La sociedad será anónima, de nacionalidad guatemalteca de carácter mercantil y tendrá por objeto: a) explotación agrícola, comercial e industrial en todas sus formas, de la finca Esperanza y Anexos, situada en Coatepeque, del Departamento de Quetzaltenango; y que está inscrita en el Segundo Registro de la Propiedad al número sesenta y siete mil ochocientos trece (67,813) folio ciento treinta y siete (137) del libro trescientos veintitrés (323) de Quetzaltenango; y de cualquier otra finca que se adquiera o tenga en futuro; b) la compra, comercialización, explotación y venta de cualquier producto agrícola o no que se vincule con la finalidad anterior y c) cualquier actividad lícita agrícola, industrial o comercial, que convengan los accionistas mediante acuerdo tomado a través de asamblea general ordinaria y sobre tales actividades versará su giro. (...).* **OCTAVA: LA ADMINISTRACION DE LA SOCIEDAD** *y dirección de los negocios sociales corresponde y será confiada a uno o varios administradores, actuando conjuntamente en consejo de administración, según lo determine la asamblea general ordinaria, El consejo tendrá el número de miembros que determine la asamblea general ordinaria y dentro de sus miembros de ser posible elegirán a uno presidente, un vice presidente, un secretario y los cales en su orden. La asamblea general ordinaria los elige, reelige, confirma o remueve total o parcialmente y son electos por un período de TRES AÑOS. Los administradores continuaran en el ejercicio de sus cargos y desempeño de sus labores, aun cuando el plazo para el cual fueron electos hubiere concluido, mientras los sucesores no tomen posesión, El presidente o el administrador Único o quien los sustituye tendrán separadamente el uso de la razón y firma sociales y la representación legal de la sociedad; y son el órgano ejecutivo de la sociedad, En ausencia o impedimento del titular lo sustituye el suplente, asumiendo las funciones del titular y sus facultades. el consejo se reunirá por lo menos una vez CADA CUATRO MESES y forma quórum la mitad mas uno de sus componentes y resoluciones se tomaran por mayoría de votos personales y en caso de empate quien ejerce la presidencia tendrá doble voto para ese único propósito. La*



*asamblea general acordara las funciones, facultades y limitaciones de los administradores y del consejo, además de aquellas que señala el Código de comercio. En consejo cada administrador tiene un voto y el que tenga interés directo indirecto en una operación deberá manifestarlo a los demás y se abstendrá de participar en las deliberaciones y resoluciones del asunto y se retirar de la sesión. La contravención a esto ultimo será motivo de daños y perjuicios que se le deducirán al contraventor y si además derivara de ello algún beneficio o utilidad personal se tomaran las medidas pertinentes en forma legal. Los administradores responden solidariamente ante la sociedad y ante los acreedores, por cualquier daños o perjuicio causados por su culpa, quedando exonerado de toda responsabilidad, el administrador que haya votado en contra y que se consigne el voto en el acta de reunión. también serán responsables de: a) la efectividad de las aportaciones; b) la existencia real de las utilidades que se distribuyan en forma de dividendos entre los accionistas; c) que la contabilidad de la sociedad se lleve en la forma legal que esta sea veraz; d) del exacto cumplimiento de los acuerdos de las asambleas generales. las acciones de responsabilidad y su extinción, el procedimiento y la exclusión se ventilan en la forma que determina el Código de comercio, tanto para los accionistas como para los terceros y los acreedores".* <u>TERCERO</u>: Del acta de Asamblea de Accionistas antes mencionada en el inciso (b), se transcribe el punto conducente, el cual establece: *"<u>CUARTO</u>: El Presidente de la Asamblea somete a consideración de los accionistas los puntos de la agenda. La Asamblea luego de discutir ampliamente lo propuesto y en la forma establecida en la ley **ACUERDAN:** a) La autorización del nuevo nombramiento del señor Eduardo Macario Coyoy como Administrador Único y Representante Legal de la entidad Agrícola Esperanza Jacobi, Sociedad Anónima, con todas las facultades que le otorga el pacto social y la ley (...)".* <u>CUARTO</u>: El requirente manifiesta que tomara posesión del cargo desde el momento de su inscripción, y para que le sirva de legal **NOMBRAMIENTO** al señor **EDUARDO MACARIO COYOY** como **ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL** de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD**



**ANONIMA**, por un plazo de tres (3) años,  extiendo la presente acta en el mismo lugar y fecha de su inicio, una hora más tarde. La presente acta se encuentra contenida en tres (3) hojas de papel bond tamaño oficio, útiles en su anverso y reverso, las que numero, sello y firmo. A la primera hoja se le adhiere un timbre fiscal del valor de cien quetzales exactos. Leí lo escrito al requirente quien bien enterado de su contenido, objeto, validez y demás, efectos legales, la ratifica y acepta y firma únicamente el Infrascrito Notario que de todo el contenido de la presente acta DOY FE.

Lic. Elmer Vargas Espino
Abogado y Notario



**REGISTRO MERCANTIL**

No. L- 408657 -01/16

Razonamiento de **Acta** , de fecha: 04/07/2017
Autorizada por el Notario:
ELMER AURENCE VARGAS ESPINO

Quedó inscrito en el Registro Mercantil:
EDUARDO MACARIO COYOY
Registro No.515694. Folio.211. Libro.448. DE Auxiliares de Comercio.

Como: ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL.

De la Sociedad Denominada:
AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA
Inscrita en Registro No.953. Folio.3. Libro.5. de Sociedades Mercantiles.

Plazo: DEFINIDO Vigencia: 3 años
A partir del : 04/07/2017
Expediente No. 68217-2017

Articulo 339. del Codigo de Comercio (Efectos) Los actos y documentos que conforme la ley deben registrarse, solo surtiran efecto contra terceros desde la fecha de su inscripción en el Registro Mercantil. Ninguna inscripcion podra hacerse alterando el orden de presentacion

El Registro de la presente acta Notarial, no prejuzga sobre el contenido ni validez de la misma, ni del original que reproduce y no convalida hechos o actos nulos o ilicitos.

Extendida en:

GUATEMALA, 05 SEPTIEMBRE 2017.



Lic. César Augusto Sierra Mérida
Registrador Mercantil - Auxiliar



RESPONSABLE: MARIA GEORGINA GALINDO DIAZ





7a. Avenida 7-61, Zona 4, Guatemala, C. A. Tel.: PBX: 2317-3434
www.registromercantil.gob.gt



NUMERO CUARENTA Y DOS (42). En la ciudad de Guatemala, el día quince de octubre de dos mil diecinueve, ANTE MI: RODOLFO ENRIQUE GONZÁLEZ RIVERA, Notario, comparecen: por una parte EDUARDO MACARIO COYOY, quien es de sesenta y un años de edad, casado, guatemalteco, ejecutivo, de este domicilio, se identifica con el Documento Personal de Identificación con Código Único de Identificación número dos mil trescientos treinta y siete, setenta mil quinientos setenta y siete, cero novecientos uno (2337 70577 0901) extendido por el Registro Nacional de las Personas de la República de Guatemala, quien comparece en su calidad de Administrador Único y Representante Legal de la Entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, calidad que acredita con el acta notarial autorizada en esta ciudad con fecha cuatro de julio de dos mil diecisiete, por el Notario Elmer Aurence Vargas Espino, la cual se encuentra debidamente inscrita en el Registro Mercantil de Guatemala bajo el número quinientos quince mil seiscientos noventa y cuatro (515694), folio doscientos once (211) del libro cuatrocientos cuarenta y ocho (448) de Auxiliares de Comercio, documento que tengo a la vista; a quien en la calidad con que actúa en el transcurso del presente documento se le podrá llamar indistintamente como "La Parte Vendedora"; y por la otra parte: CHRISTIAN ALEXANDER ENRIQUE RASCH TOPKE, quien es de cincuenta y seis años de edad, casado, guatemalteco, ejecutivo, de este domicilio, se identifica con el Documento Personal de Identificación con Código Único de Identificación número dos mil quinientos dieciocho, quince mil ciento cuarenta y cinco, cero ciento uno (2518 15145 0101), extendido por el Registro Nacional de las Personas de la República de Guatemala, quien comparece en su calidad de Administrador Único y Representante Legal de la Entidad QB INVERSIONES, SOCIEDAD ANÓNIMA, calidad que acredita con el acta notarial autorizada en esta ciudad con fecha cuatro de julio de dos mil diecisiete, por el Notario Elmer Aurence Vargas Espino, la cual se encuentra debidamente inscrita en el Registro Mercantil de Guatemala bajo el número quinientos diez mil ochocientos noventa y tres (510893), folio cuatrocientos cuatro (404) del libro cuatrocientos cuarenta y tres (443) de Auxiliares de Comercio, documento que tengo a la vista; a quien en la calidad con que actúa en el transcurso del presente documento se le podrá llamar indistintamente como "La Parte Compradora". Los comparecientes me aseguran ser de los datos de

⅓

Rodolfo Enrique González Rivera
Abogado y Notario







## PROTOCOLO

**REGISTRO**

**Nº 188199**

QUINQUENIO
DE 2018 A 2022

identificación personal antes expuestos, hallarse en el libre ejercicio de sus derechos civiles, y que las representaciones legales que se ejercitan son suficientes de conformidad con la ley y a mi juicio para la celebración del presente contrato, por lo que de palabra y en español me manifiestan que vienen a celebrar el contrato de **COMPRAVENTA DE BIENES INMUEBLES** de conformidad con las cláusulas siguientes: **PRIMERA:** Me expresa el señor **EDUARDO MACARIO COYOY**, en la calidad con que actúa, que su representada es legítima propietaria de las fincas inscritas en el Segundo Registro de la Propiedad bajo los números **SESENTA Y SIETE MIL OCHOCIENTOS TRECE (67813)**, folio **CIENTO TREINTA Y SIETE (137)** del libro **TRESCIENTOS VEINTITRÉS (323)** de **QUETZALTENANGO**, y **OCHENTA Y DOS MIL SETECIENTOS NOVENTA Y TRES (82793)** folio **CIENTO CINCUENTA Y CINCO (155)**, del libro **TRESCIENTOS CUARENTA Y DOS (342)** de **QUETZALTENANGO**, las cuales poseen las medidas y colindancias que les aparecen en sus respectivas inscripciones de dominio en el citado Registro. **SEGUNDA:** Me manifiestan los señores **EDUARDO MACARIO COYOY** y **CHRISTIAN ALEXANDER ENRIQUE RASCH TOPKE**, en las calidades con que actúan, que el valor de venta de los inmuebles es de **CIEN MIL QUETZALES (Q.100,000.00)**, por el primero y **VEINTICINCO MIL QUETZALES (Q.25,000.00)**, por el segundo, manifestando la Parte Vendedora que en este momento recibe a su entera satisfacción el pago correspondiente por el total de la cantidad ya descrita, y por tal motivo vende, cede y traspasa las fincas identificadas en la cláusula anterior a favor de la entidad **QB INVERSIONES, SOCIEDAD ANÓNIMA**. En la venta de las fincas se incluye todo cuanto de hecho y por derecho les corresponde a las mismas. Por advertencia del Infrascrito Notario el señor **EDUARDO MACARIO COYOY**, en la calidad con que actúa, expresa que sobre las fincas objeto de venta no pesan gravámenes, anotaciones ni limitaciones algunas que puedan afectar los derechos de "LA COMPRADORA" y en todo caso se somete al saneamiento de ley correspondiente. **TERCERA:** Por su parte **CHRISTIAN ALEXANDER ENRIQUE RASCH TOPKE**, en la calidad legal con que actúa, manifiesta que en los términos relacionados acepta de buena fe la venta de las fincas que por este medio se hace a favor de su representada. **CUARTA:** Ambos comparecientes, en las calidades con que actúan, expresan que en los términos relacionados aceptan para sus representadas



2/3

*Rodolfo Enrique González Rivera*
*Abogado y Notario*



26  todas y cada una de las cláusulas de la presente escritura. Yo, el Infrascrito Notario **DOY FE:** de todo lo

27  expuesto y de haber tenido a la vista los documentos de identificación personal ya referidos y los

28  documentos con los que se acredita las calidades legales con que actúan cada uno, así como los

29  documentos con los cuales se acredita la propiedad de los bienes objeto del presente instrumento; y que

30  previa lectura por las otorgantes, quienes bien enterados de su contenido, valor, obligación de registro, pago

31  de impuestos y efectos legales, lo aceptan, ratifican y firman. **DOY FE.**

32

33

34

35

36

37

38

39

40

41

42

43

44

45  Ante Mí:

46

47

48

49

50

**ES PRIMER TESTIMONIO:** De la escritura pública número cuarenta y dos (42), que autorice en esta ciudad el día quince de octubre del año dos mil diecinueve y que para entregar a la entidad **QB INVERSIONES, SOCIEDAD ANÓNIMA,** extiendo, numero, sello y firmo en dos hojas de papel especial de fotocopia más la presente hoja de papel bond. Hago constar que el impuesto al Valor Agregado (IVA) que grava el presente instrumento fue cancelado por medio de Factura Cambiaria Serie B número cero cero seiscientos setenta y tres, de fecha quince de octubre del año dos mil diecinueve, por la cantidad de ciento cuarenta mil quetzales, los cuales cubren el valor de los inmuebles más el impuesto correspondiente, dicha factura fue emitida en esta ciudad por la entidad Agrícola Esperanza Jacobi, Sociedad Anónima a favor de la entidad QB Inversiones, Sociedad Anónima, factura de la cual adjunto original al presente testimonio. Hago constar que adhiero a la presente hoja un timbre fiscal de cincuenta centavos de quetzal para la razón de ley, el cual tiene número de registro dos millones novecientos veintisiete mil seiscientos noventa y tres. En la ciudad de Guatemala a los quince días del mes de octubre del año dos mil diecinueve.



3/3

Rodolfo Enrique González Rivera
Abogado y Notario

19R110156665
Fecha: 20/11/2019
Hora: 13:00:14
Grupo: 1691110968
Arancel: 478.00

# J A C O S A

**AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA**
6a. Calle 7-35, Zona 9 · Tel.: 361-1668 Ext. 612 · Fax: 332-6368 · Guatemala, C. A.
NIT: 674494-4

**FACTURA CAMBIARIA SERIE "B"**
(LIBRE DE PROTESTO)
**Nº 00673**

| NOMBRE | | NIT |
|---|---|---|
| QB INVERSIONES, S.A. | | 4844728-5 |

| FECHA | VENDEDOR | CONTADO | CREDITO |
|---|---|---|---|
| Guatemala 15/10/2019 | 1 | XX | |

**DIRECCION**
6ta. Avenida 12-75, Zona 14 Apto. 1201, Edificio Quinta Bella, Guatemala

| CODIGO | CANTIDAD | DESCRIPCION | V. UNITARIO | TOTAL |
|---|---|---|---|---|
| TERRENOS | 1 | VENTA DE TERRENO NUMERO SESENTA Y SIETE MIL OCHOCIENTOS TRECE (67813), FOLIO CIENTO TREINTA Y SIETE (137) DEL LIBRO LIBRO TRESCIENTOS VEINTITRES (323) DE QUETZALTENANGO. | | Q112,000.00 |
| TERRENOS | 1 | VENTA DE TERRENO NUMERO OCHENTA Y DOS MIL SETECIENTOS NOVENTA Y TRES (82793), FOLIO CIENTO CINCUENTA Y CINCO (155) DEL LIBRO TRESCIENTOS CUARENTA Y DOS (342) DE QUETZALTENANGO. | | Q28,000.00 |
| | | SUJETO A PAGO TRIMESTRALES DEL ISR | | |
| | | | | |
| | | | | |
| | | | | |
| | SON: | Ciento Cuarenta Mil Quetzales Exactos | | |

| | SUB-TOTAL | Q140,000.00 |
|---|---|---|
| | **VALOR FACTURA** | **Q140,000.00** |

IMPRENTA ESTRADA · NIT: 414420-7 1,000 / DEL 650 AL 1,650
AUTORIZADO SEGUN RESOLUCION 2004-I-I-5777 DE FECHA 14-01-2004 S.A.T.

FIRMA DEL CLIENTE

**ORIGINAL · CLIENTE**



**PROTOCOLO**

REGISTRO

Nº _77532

QUINQUENIO
de 1978 a 1982

MINISTERIO DE
FINANZAS PUBLICAS



GUATEMALA, C A

noventa.--

NUMERO CIENTO CINCO.- En la ciudad de Guatemala,el catorce de mayo de mil novecientos ochenta,ante mi RODOLFO CORDON JIMENEZ notario publico,comparece DON MARIO BAUER FARNER de cincuentisiete años, soltero,industrial,guatemalteco y de éste domicilio,como Presiden- te de la Junta Directiva de "SOCIEDAD AGRICOLA DE LA FINCA LA ESPERANZA,SO- CIEDAD ANONIMA" que acredita con su nombramiento que tengo a la vista y au- torice,debidamente registrado al numero siete mil setecientos veinticinco a folio cuatrocientos sesentiocho del libro octavo de auxiliares de comer- cio,en el Registro Mercantil General de la Republica; y tiene facultades su- ficientes para el presente acto y representación ajustada a la ley y a mi juicio.- Lo conozco y me asegura encontrarse en el libre ejercicio de sus derechos civiles y de palabra y en español,otorga: Que la sociedad que re- presenta fué constituida el catorce de diciembre de mil novecientos sesenti- seis,por escritura autorizada por el infrascrito notario público y quedó ins- crita en el Registro Mercantil General de la República al número novecientos cincuentitres a folio tres del libro quinto de sociedades mercantiles; y posteriormente fué ampliado el capital, según escritura pública del siete de marzo de mil novecientos sesentinueve,que también autorizó el infrascrito notario publico, y tal ampliación de capital,también se inscribió en el in- dicado registro.- Que el quince de noviembre último, y como acta número - treintiuno, se tomó en Asamblea Extraordinaria Totalitaria de Accionistas, en forma unánime, la resolución de adecuar la sociedad a las disposiciones del codigo de comercio vigente, y se facultó al otorgante para concurrir al otorgamiento del correspondiente instrumento publico, y acogiéndose volun- tariamente a las disposiciones de aquel,se modifica la escritura constitutiva,

así: PRIMERA: La sociedad será anónima, de nacionalidad guatemalteca y de

carácter mercantil y tendrá por objeto: a) la explotación agrícola,comercial

é industrial en todas sus formas, de la finca La Esperanza y Anexos,situada

en Coatepeque,del Departamento de Quezaltenango y que está inscrita en el

Registro Segundo dela Propiedad al número sesentisiete mil ochocientos trece,

a folio ciento treintisiete libro trescientos veintitres de Quezaltenango;

y de cualquier otra finca que se adquiera o tenga en el futuro; b)la compra,

comercialización,explotación y venta de cualquier producto agrícola o no,

que se vincule con la finalidad anterior; y c) cualquier actividad lícita

agrícola,industrial o comercial, que convengan los accionistas mediante a-

cuerdo tomado a través de asamblea general ordinaria y sobre tales activi-

dades versará sugiro.- SEGUNDA: La sociedad se identificará como "AGRICOLA

ESPERANZA JACOBI, SOCIEDAD ANONIMA" abreviado "AGRICOLA ESPERANZA JACOBI,S.A,"

que será su razón social y el nombre comercial :"JACOSA".- TERCERA: El domi-

cilio de la sociedad será el departamento,municipio y ciudad de Guatemala;

y podrá establecer sucursales o agencias,cuando así convengan los accionis-

tas,mediante acuerdo tomado a través de asamblea general ordinaria;CUARTA:

El capital social autorizado es de DOSCIENTOS MIL QUETZALES,dividido en

dos mil-                                    cien-
doscientas/acciones con valor nominal de un mil/quetzales cada una, nomina-

tivas o al portador a elección del accionista.-QUINTA:Está suscrito y total-

mente pagado todo el capital social; y todas las acciones en poder de sus

respectivos titulares y así está distribuido todo el capital social.- Cada

acción da derecho a un voto a un dividendo; los títulos de las acciones

servirán para trasmitir la calidad y los derechos de los socios y contienen

el número de acciones que amparan; todas las acciones son de igual valor



N.O. M 5603779

noventiuno,=

y confieren los mismos derechos; las acciones son indivisibles y en caso de copropiedad se estará a los que disponen el código de comercio; la acción confiere a su titular la calidad de accionista y le atribuye como mínimo los siguientes derechos:a) el de partici- par en el reparto de las utilidades sociales y del patrimonio resultante de su liquidación; b) el derecho preferente en la suscripción de nuevas acciones que se emitan; c) el de votar en las asambleas generales,ejercitándolo de conformidad con la ley; d) el de examinar por sí o por medio de los delegados que designe,la contabilidad y los documentos de la sociedad,así como de en- terarse de la política económico-financiera de la misma,en la época en que se fije y por lo menos dentro de los quince días anteriores a la fecha en que haya de celebrarse la asamblea general anual y éste derecho es irrenun- ciable; e) el de promover judicialmente ante un Juez de Instancia del Depar- tamento de Guatemala, la convocatoria a asamblea general anual, si pasada la época en que debió celebrarse según el contrato, o transcurrido un año desde la última, los administradores no la hubieren convocado; y, el juez a quien se acuda resolverá el asunto en incidente,dándole audiencia a los administradores; f) el de reclamar contra la forma de distribución de las utilidades o pérdidas,dentro de los tres meses siguientes a la asamblea ge- neral en que ellas se hubieren acordado; sin embargo carece de ese derecho, el socio que la hubiere aprobado con su voto o que hubiere empezado a cum- plirla; g) el de exigir a la sociedad el reintegro de los gastos en que in- curra en el desempeño de sus obligaciones para con la sociedad; h) otros que establezcan las leyes,== Los títulos de las acciones contendrán: == i== la denominación,domicilio y duración de la sociedad; ==ii==la fecha de la escri-

PROTOCOLO

REGISTRO

Nº _77533

QUINQUENIO
de 1078 a 1982

MINISTERIO DE
FINANZAS PUBLICAS

GUATEMALA, C A

RODOLFO CORDON ENRIQUEZ
ABOGADO Y NOTARIO

tura constitutiva,lugar de su otorgamiento,notario autorizante y los datos de su inscripción en el Registro Mercantil;=====; monto del capital autorizado y la forma en que se distribuirá, ====== valor nominal,su clase y número de registro, ===== los derechos y obligaciones particulares de la clase a que pertenecen y un resumen inherente a los derechos y obligaciones que les corresponden; ===== la mención de si son nominativas o al portador y la firma de los administradores que fueron designados para ese propósito y que esten fungiendo a la fecha de su firma.= La sociedad solo puede adquirir sus propias acciones en caso de separación o exclusión de un socio,siempre que tenga utilidades acumuladas y reservas de capital hasta el monto de tales utilidades y reservas.= Si el total de las utilidades y reservas no fueren suficientes para cubrir el valor de tales acciones por adquirirse deberá procederse a reducir el capital social.= Solo se podrá disponer de las acciones que la sociedad adquiera,con autorización de la asamblea general y al precio de su adquisición; los derechos de las acciones adquiridas quedan en suspenso mientras sean de la sociedad; y,si en el plazo de seis meses la sociedad no ha logrado la venta de esas acciones,también deberá reducirse el capital. Solo se podrá disponer de las accionesque la sociedad adquiera, con autorización de la asamblea general y la sociedad no puede haceranticipos sobre sus propias acciones ni préstamos a terceros para adquirirlas.En las elecciones de administradores de la sociedad, las acciones con derecho a voto tendrán tantos votos como el número de sus acciones multiplicado por el de los administradores a elegirse y podrán emitir todos sus votos  en favor de un solo candidato o distribuirlos entre dos o más de aquellos.= A los títulos de las acciones se les podrán agregar cupones al portador,que se entregarán

NOM 5603780

noventidos

a la sociedad contra el pago de los dividendos, Los titulos de las

acciones podrán contener una o más acciones, Se llevará un libro

de registro de acciones con los datos quesean pertinentes, ==Si

las acciones fueren al portador se trasmiten por la mera tradición

y si fueren nominativas mediante el endoso del titular y el adquirente lo

**PROTOCOLO**

hará registrar en el libro respectivo,para ser tenido como accionista,+La

pérdida de un titulo o su destrucción da derecho al titular para pedir su

REGISTRO

reposición en la forma que determina el codigo de comercio, El accionista

Nº 77534

que tenga por cuenta propia o ajena, intereses en una operación determinada

QUINQUENIO
de 1978 a 1982

contraria a la sociedad, se abstendrá de votar pero sus acciones si serán

tomadas en cuenta y computadas para los efectos del quorum de presencia,No

hay acciones preferentes, son de una sola clase, en una sola emisión y no

devengan intereses, ni primas, ni son amortizables,+ SEXTA: La duración de

la sociedad es indefinida y el ejercicio social será del primero de abril

al siguiente treintiuno de marzo,+ SEPTIMA: LA ASAMBLEA GENERAL ESTA FORMADA

por la reunión de acciónistas legalmente convocados y reunidos, Es el órgano

supremo de la sociedad y expresa la voluntad social en materia de su competen-

cia,Las asambleas generales seran ordinarias y extraordinarias,+ LA ASAMBLEA

GENERAL ORDINARIA se reunirá por lo menos una vez al año,dentro de los siguien-

tes cuatro meses de concluido el ejerciciosocial y en cualquier otro tiempo

que sea convocada,Deberá ocuparse además de los asuntos incluidos en la agen-

da, de los siguientes: a) discutir,aprobar o improbar el estado de perdidas

y ganancias, el balance general y el informe de la administración y del ór-

gano de fiscalizacion, de haberlo; y tomar las medidas que juzgue oportunas;

b) nombrar,remover y confirmar a los administradores y al órgano de fiscali-

MINISTERIO DE
FINANZAS PUBLICAS

GUATEMALA, C A

RODOLFO CORDON JIMENEZ
ABOGADO Y NOTARIO

fiscalización, de haberlo; y determinar sus emolumentos; c) decidir si la administración de la sociedad se confía a uno o mas administradores,actuando en forma conjunta y constituidos en Consejo de Administración y determinar su número; d) conocer y resolver acerca del proyecto de distribución de las utilidades, que los administradores deben someter a su consideración; e) conocer y resolver concretamente de cuánto asunto le sometan a su considera- ción los accionistas y los administradores, que sea de su competencia de conformidad a la ley y a ésta escritura.- LA ASAMBLEA GENERAL EXTRAORDINARIA será la que se reuna para tratar cualquiera de los siguientes asuntos; a) toda modificacion de la escritura social y del aumento o reducción del capi- tal social; b) la creación de acciones de voto limitado o preferentes; c) la emisión de obligaciones y bonos; d) la adquisición de sus propias ac- ciones y su disponibilidad; e) aumentar o disminuir el valor nominal de las acciones; f) las demas que exija la ley o ésta escritura; g) cualquier otro asunto para el que sea convocada, aún cuando sea de la competencia de las asambleas generales ordinarias.- Las asambleas generales extraordinarias se podrán reunir en cualquier tiempo.- LAS ASAMBLEAS DEBEN CONVOCARSE,mediante aviso publicado en el diario oficial y otro de circulación en el pais, por lomenos dos veces en quince dias anteriores a su celebración y los avisos contendrán: a) nombre de la sociedad en caracteres tipográficos notorios; b) lugar,fecha y hora de su celebracion; c) la indicación de si es ordinaria o extraordinaria; d) los requisitos para poder participar en ella; y si fue- re extraordinaria o especial, en los avisos se mencionarán los asuntos que serán tratados. No habran asambleas de segunda convocatoria,Todo accionista tiene el derecho de pedir a la asamblea general ordinaria anual,que resuelva



N o M  5603781

noventitres

sobre la distribución de utilidades, LA CONVOCATORIA PARA LAS ASAM

BLEAS SERA HECHA POR los administradores, por el órgano de fisca-

lizacion o por accionistas que representen cuando menos el veinti-

cinco por ciento del capital pagado con derecho a voto, solicitandolo

por escrito a los administradores en cualquier tiempo para tratar los asuntos

**PROTOCOLO** que indiquen en su petición; si, los administradores rehusan hacer la convo-

catoria en los siguientes quince días de haber recibido la petición, entonces

**REGISTRO** los accionistas podrán proceder en la forma que determina el codigo de comer-

**Nº  77535** cio; y, cualquier accionista puede promover judicialmente la convocatoria a

**QUINQUENIO** asamblea general anual, cuando ésta no haya sido convocada o si habiéndolo

de 1978 a 1982 sido no se ocupó de los asuntos anteriormente indicados. LA AGENDA SE PRE

PARA POR quien haga la convocatoria y contendrá la relación de los asuntos

que se tratarán y que serán sometidos a discusión y aprobación de la asamblea;

durante los quince días anteriores que precedan a la asamblea ordinaria anual,

estarán a disposición de los accionistas, en las oficinas de la sociedad y

en horas hábiles; a) el balance general correspondiente, con su estado de

pérdidas y ganancias; b) el proyecto de distribución de utilidades; c) el

informe detallado de las remuneraciones y otros beneficios de cualquier or-

den que hayan recibido los administradores; d) la memoria razonada de las

labores de los administradores sobre el estado de los negocios y las acti-

vidades de la sociedad durante el período precedente; e) el informe del ór-

gano de fiscalización, de haberlo; f) el libro de actas de las asambleas y

los de emisión y registro de acciones; y g) cualquier otro dato o documento

**MINISTERIO DE**
**FINANZAS PUBLICAS**

necesario para la debida comprensión é inteligencia de cualquier asunto de

**GUATEMALA, C A** la agenda, Siendo asamblea general no anual, los accionistas gozarán de iguales

RODOLFO CORDON JIMENEZ
ABOGADO Y NOTARIO

26 derechos en cuanto a los documentos señalados en los incisos f),g) y e)

27 anteriores y de ser extraordinarias deberán circular entre los accionistas

28 y con la misma anticipación, un informe circunstanciado de la necesidad de

29 adoptar una resolución extraordinaria. Los administradores y el órgano de

30 fiscalizacion, de haberlo, responderán de los daños y perjuicios,que por

31 cualquier inexactitud,ocultación osimulación,que contengan tales documentos,

32 se causen; y de no ponerlos a disposición de los accionistas,podrá cualquiera

33 de éstos pedir a un juez de instancia que compela a presentarlos,sin que

34 por ello se suspenda la asamblea.- PARA ASISTIR A LAS ASAMBLEAS deberán los

35 accionistas tener físicamente sus acciones o exhibir la constancia de haber-

36 los depositado cuando menos cinco días antes, en una institución bancaria o

37 certificacion de que los titulos están a disposición de una autoridad compe-

38 tente en el ejercicio de sus funciones y cargo. QUORUM: para que una asamblea

39 general se considere reunida deberán estar representados cuando menos el

40 sesenta por ciento de las acciones con derecho a voto y las resoluciones solo

41 serán válidas cuando se tomen por mayoría de votos presentes, de las acciones

42 con derecho a voto que hayan sido emitidas por la sociedad. La asamblea po-

43 drá acordar su continuación en los días siguientes hasta que se concluya

44 la agenda.La desintegracioon del quorum de presencia no será obstáculo para

45 la prosecución de la asamblea,siempre que los acuerdos se tomen por las

46 mayorias requeridas,que en el caso de las ordinarias se tomarán por el quo-

47 rum inicial; y siendo extraordinarias deberán estar representadas,cuando

48 menos el ochenta por ciento y las resoluciones solo serán válidas cuando

49 se tomen y voten con mas del sesenta por ciento de las acciones con derecho

50 a voto que hayan sido emitidas por la sociedad.- LAS ACTAS SE ASENTARAN EN



noventicuatro

un libro de actas y serán firmadas por el presidente y secretario o por el administrador único; y si no pudieren asentarse en el libro respectivo,se levantarán ante un notario y si fueren extraordinarias, los adminintradores enviarán una copia al Registro Mercantil, de los acuerdos tomados en la forma legal, Las resoluciones son obligatorias para los accionistas, siempre que sean legalmente adoptadas por las asambleas, aún para los que votaron en contra,salvo el derecho de impugnación o anulación que legalmente correspondan y cuyas acciones se ventilarán en juicio ordinario,-TODA ASAMBLEA PUEDE REUNIRSE EN CUALQUIER TIEMPO Y SIN NECESIDAD DE PREVIA CONVOCATORIA, si concurriere la totalidad de los accionistas y ninguno se opone a su celebración y la agenda es aprobada por unanimidad,-OCTAVA.-LA ADMINISTRACION DE LA SOCIEDAD,y dirección de los negocios sociales corresponde y será confiada a uno o varios administradores, actuando conjuntamente en consejo de administración, según lo determine la asamblea general ordinaria, El consejo tendrá el número de miembros que determine la asambblea general ordinaria y dentro de sus miembros de ser posible elegirán a un presidente, un vice presidente, un secretario y los vocales en su orden,- La asamblea general ordinaria los elige,reelige,confirma o remueve total o parcialmente y son electos por un periodo de TRES AÑOS, Los administradores continuarán en el ejercicio de sus cargos y desempeño de sus labores,aún cuando el plazo para el cual fueron electos hubiere concluido, mientras los sucesores no tomen posesión, El presidente ó el administrador único o quien los sustituye tendrán separadamente el uso de la razón y firma sociales y la representación legal de la sociedad; y son el órgano ejecutivo de la sociedad, En ausencia o impedimento del titular lo sustituye el suplente.

PROTOCOLO

R E G I S T R O

Nº  77536

QUINQUENIO
de 1978 a 1982

MINISTERIO DE
FINANZAS PUBLICAS



GUATEMALA, C  A

RUDOLFO CORDÓN JIMENEZ
ABOGADO Y NOTARIO

asumiendo las funciones del titular y sus facultades,El consejo se reunirá por lo menos una vez CADA CUATRO MESES y forma quorum la mitad más uno de sus componentes y las resoluciones se tomarán por mayoria de votos personales y en caso de empate quien ejerc e la presidencia tendrá doble voto para ese único proposito. La asamblea general acordará las funciones,facultades y limitaciones de los administradores o del consejo, ademas de aquellas que señala el codigo de comercio,En el consejo cada administrador tiene un voto y el que tenga interés directo o indirecto en una operación deberá manifes- tarlo a los demas y se abstendrá de participar en las deliberaciones y re- soluciones del asunto y se retirará de la sesion,La contravención a ésto último será motivo de daños y perjuicios que se le deducirán al contraventor y si ademas derivara de ello algun beneficio o utilidad personal, se tomarán las medidas pertinentes en la forma legal, Los administradores responden so- lidariamente ante la sociedad y ante los acreedores, por cualquiera daños y perjuicios causados por su culpa,quedando exonerado de toda responsabili- dad,el administrador que haya votado en contra y que se consigne el voto en el acta de la reunión,- Tambien serán responsables de; a) la efectividad de las aportaciones; b) la existencia real de las utilidades que se distri- buyan enforma de dividendos entre los accionistas; c) que la contabilidad de la sociedad se lleve en la forma legal y que ésta sea veraz; d) del exacto cumplimiento de los acuerdos de las asambleas generales, Las acciones de - responsabilidad y su extinción, el procedimiento y la exclusión se ventilan en la forma que determina el codigo de comercio,tanto para los accionistas, como para los terceros y los acreedores,- NOVENO: UNO O MAS GERENTES podrán ser nombrados por la asamblea general,siendo o no accionistas y revocar los



NO M 5603783

noventicinco

**PROTOCOLO**

**REGISTRO**

**Nº 77537**

**QUINQUENIO**
de 1978 a 1982

nombramientos en cualquier tiempo, Son cargos personales é indele-

gables y tendrán las facultades que les otorgue el consejo de ad-

ministración o el administrador y gozarán siempre de facultades de

representación y de ejecución,Deben rendir cuentas a las asambleas

generales y a la administración,cuando se les pida, La dirección y vigilancia

de los gerentes corresponde a la administración; responden solidariamente

ante la sociedad por las mismas causas legales que los administradores,-

DECIMO: LAS OPERACIONES SOCIALES SERAN FISCALIZADAS POR: los accionistas, uno

o varios comisarios, uno o varios auditores designados por la asamblea ge-

neral,quien les otorgará las facultades y limitaciones inherentes a sus cargos

adicionales a las que señala el codigo de comercio y siguiendo elprocedimiento

que determina tal asamblea quien los removerá,-ONCE: LOS ACCIONISTAS PODRAN

OBTENER SU SEPARACION DE LA SOCIEDAD,cuando esta cambie su objeto,traslade

su domicilio a pais extranjero, se transforme o fusione, ó cuando habiendo

utilidades suficientes en dos ejercicios consecutivos no se repartan utili-

dades de cuando menos el ocho por ciento anual del capital pagado, La acción

se ventila en juicio sumario,-DOCE: LA SOCIEDAD SE DISOLVERA TOTALMENTE,

por las siguientes causas: a) imposibilidad de continuar realizando el objeto

de la sociedad; b) la resolución de los asocios tomada en asamblea general

extraordinaria; c) perdida de más del sesenta por ciento del capital pagado;

d)d) reunión en una sola persona de todas las acciones; e) consumación del

objeto de la sociedad ; y f) por las causas legales,- La declaratoria de

disolución se publicará de oficio por el Registrador Mercantil,en la forma

legal,- Los administradores no podrán iniciar nuevas operaciones con poste-

rioridad al acuerdo de disolución total y de contravenir ésta disposición

MINISTERIO DE
FINANZAS PUBLICAS

GUATEMALA, C A

RODOLFO CORDON JIMENEZ
ABOGADO Y NOTARIO

serán responsables en forma solidaria é ilimitada por las operaciones empren-
didas, Disuelta la sociedad entrará en liquidación,conservando su persona-
lidad jurídica hasta que aquella concluya y durante ese tiempo agregará a
su razón social las palabras " en liquidación".- La liquidación se hará si-
guiendo el procedimiento que señala el codigo de comercio y por las personas
y bajo los lineamientos generales que adicionalmente les otorgue la asamblea
general extraordinaria que tome tal resolución,-En lo que sea compatible con
el estado de liquidación,la sociedad continuará rigiéndose por las estipula-
ciones del codigo de comercio,pero los liquidadores no podrán emprender
nuevas operaciones y de hacerlo así,responden personal é ilimitadamente por
las operaciones emprendidas y les son aplicables las limitaciones referentes
a su carácter. En los pagos los liquidadores observarán en cual caso el
siguiente orden; a] pago de los gastos de liquidación; b] pago de las deudas
de la sociedad; c] pago de las participaciones de los socios y sus aportes;
d] pago de las utilidades a los socios.- TRECE; De las utilidades netas
de cada ejercicio, SE SEPARARA ANUALMENTE EL CINCO POR CIENTO,para formar
la RESERVA LEGAL, que podrá capitalizarse cuando exceda al quince por ciento
del capital al cierre del ejercicio inmediato anterior,sin perjuicio de con-
tinuar con la separación anual.- CATORCE; SE LLEVARA UN LIBRO DE ACTAS,para
asentar las que correspondan a las asambleas generales y a la administración;
serán firmadas por el presidente y secretario o por el administrador único;
y de tales libros son custodios los administradores.- QUINCE;LAS DIFERENCIAS
LITIGIOSAS que ocurran con motivo de la interpretación o aplicación de éste
instrumento público, serán sometidas al juicio de arbitros por equidad,en
la forma indicada por el codigo procesal civil y mercantil. DIECISEIS; Las
accionessxxrelacionadasxseanxlxxsociedadxseránxpomsadasxdosxpoxxditayantexxxxxx



noventiséis

acciones relacionadas con la sociedad serán promovidas por ésta, ante un Juez de Instancia del Departamento de Guatemala.-Tengo a la vista: a) testimonio registrado de la constitución de la sociedad; b) testimonio registrado de la ampliación de su capital social; c) libro de actas donde se asentó la asamblea general extraordinaria, que acordó el otorgamiento de la presente escritura publica; todo lo cual fué citado en la introducción de éste instrumento público.- Leí lo escrito al otorgante y bien impuesto de su contenido,efectos legales y obligaciones de registro y demás, lo acepta,ratifica y firma con el infrascrito notario publico,quien de lo anteriormente expuesto da fé, testado: doscientos-un mil- omítase.- Entrelineas: dos mil- cien- léase. = = = = = = = = = = = =

PROTOCOLO

REGISTRO

Nº 77538

QUINQUENIO
de 1978 a 1982

MINISTERIO DE
FINANZAS PUBLICAS

GUATEMALA, C. A.

RODOLFO CORDON JIMENEZ
ABOGADO Y NOTARIO



**Nº A 1337728**

PRIMER TESTIMONIO PARA "AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA"

fotocopiado de la escritura pública ciento cinco que autoricé el

catorce de mayo de mil novecientos ochenta, en siete hojas y la

presente para adherirle los timbres fiscales respectivos, extien-

do,sello y firmo en Guatemala,el día y lugar de su otorgamiento.=========

RODOLFO CORDON JIMENEZ
ABOGADO Y NOTARIO

R E G I S T R O

Nº 337796

QUINQUENIO
de 1978 a 1982.

**REGISTRO MERCANTIL**
MINISTERIO DE ECONOMIA

EN ESTA FECHA DEVUELVE EL REGISTRO MERCANTIL EL
PRESENTE TESTIMONIO AL INTERESADO, QUIEN ENTREGO
COPIA LEGALIZADA DEL MISMO PARA LOS TRAMITES DE
INSCRIPCION PROVISIONAL ...
AL EFECTO ...
ACEPTA LA ...

CONSTE. Guatemala ...

Soc. 2586

RAZON: La modificación de la escritura social, a que se refie-

re el presente testimonio quedó inscrita definitivamente el

11 de Agosto de 1980 ————————, bajo número 953

Folio(s): 3 del Libro 5 de Sociedades Mercantiles.

Guatemala, 10 de Agosto de 1980.—

Lic. Alvaro Solórzano Barrientos
Registrador Mercantil General de
la República, Sustituto

MINISTERIO DE
FINANZAS PUBLICAS





sentada hoy a las catorce horas, cincuenticinco minutos.————

Registrada a favor de la Sociedad "AGRICOLA ESPERANZA JACOBI,

SOCIEDAD ANONIMA" abreviadamente "AGRICOLA ESPERANZA JACOBI,

S.A." de nombre comercial "JACOSA" la cuarta inscripción de

dominio de la finca rustica número: 67.013, folio 137, libro

323 de Quetzaltenango. (MODIFICACION). Honorarios: DOSCIENTOS

UN QUETZALES. Quetzaltenango, tres de Mayo de mil novecien-

tos cincuenta y tres.—— 

> Licenciada
> Carmen Yolanda Chávez viuda de Ponce
> R E G I S T R A D O R

Presentada hoy a las 14 y 10.—

Véase la razón puesta a pie de la solicitud puesta en la ciudad de Guatema-

la el 19 de Agosto último, por Federico Bauer Rodríguez, debidamente au-

tenticada por el Licenciado Alejandro Arenales Farner.——Honorarios: UN-

QUETZAL.———Quetzaltenango, 3 de Septiembre de 1992.—

Pjuy.—

En cuatro hojas útiles.-

 No. A 263360

P R I M E R A .-

NUMERO QUINCE (15).- En la Ciudad de Guatemala, a ca-
torce de Marzo de mil novecientos cincuenta y siete,
ante mí, JOSE FALLA ARIS, Notario Público, comparecen:
doña ISABEL FARNER JACOBY DE BAUER, de cincuenta y seis
años de edad, casada, ama de su casa; don MARIO BAUER FARNER,
de treinta y tres años de edad, viudo, industrial; don CARLOS
ROBERTO FARNER MOLINA, de veintiocho años de edad, casado, In-
geniero Químico; doña ISABEL FARNER MOLINA DE ARENALES, de vein-
tisiete años de edad, casada, ama de su casa; y la Señorita -
ANA MARIA FARNER MOLINA, de veintitres años de edad, soltera,
secretaria comercial.- Doy fé de conocer a todos los compare-
cientes quienes son guatemaltecos y de este vecindario y domi-
cilio, y actúan en nombre propio; de que habiéndome asegurado
ellos encontrarse en el libre ejercicio de sus derechos civi-
les y ser de las generales indicadas, por el presente acto, de
su espontanea voluntad y en castellano, otorgan: PRIMERO.- Do-
ña Isabel Farner Jacoby de Bauer, don Mario Bauer Farner, don
Carlos Roberto Farner Molina, doña Isabel Farner Molina de Are-
nales y la Señorita Ana María Farner Molina, forman y consti-
tuyen una Sociedad Agrícola, Particular y del orden civil que
se denominará "SOCIEDAD AGRICOLA LA ESPERANZA" y girará bajo
la razón social de "BAUER FARNER Y COMPAÑIA", pudiendo abre--
viarse la palabra "Compañía". El domicilio de la Sociedad se-
rá esta Ciudad y su plazo terminará el treinta y uno (31) de
Marzo de mil novecientos sesenta y dos (1962).- El plazo se -

REPUBLICA DE GUATEMALA
UN QUETZAL

REGISTRO

Nº 263434

QUINQUENIO
de 1953 a 1957

SECRETARÍA DE
HACIENDA Y CRÉDITO PÚBLICO
REPÚBLICA DE GUATEMALA
AMERICA CENTRAL

JOSE FALLA ARIS
ABOGADO Y NOTARIO

26 entenderá prorrogado automáticamente e indefinidamente de año

27 en año, si ninguno de los Socios notificare a los demás su de-

28 seo de dar fin a la Sociedad al vencerse el periodo que esté

29 corriendo. Esta notificación debe hacerse en forma auténtica

30 y por lo menos con tres meses de anticipación al vencimiento

31 del plazo que esté corriendo.- SEGUNDO.- El capital social --

32 queda aportado por terceras partes iguales, una por doña Isa-

33 bel Farner Jacoby de Bauer, otra por don Mario Bauer Farner,

34 y la otra por don Carlos Roberto Farner Molina, doña Isabel -

35 Farner Molina de Arenales y la Señorita Ana María Farner Moli-

36 na, correspondiendo este tercio por partes iguales a los tres

37 hermanos Farner Molina.- El capital social lo forma la finca

38 "La Esperanza y Anexos",situada en jurisdicción de Coatepeque,

39 del Departamento de Quezaltenango, que tiene una extensión su-

40 perficial de más o menos cuatro caballerías y que está inscri-

41 ta en el Segundo Registro de la Propiedad Inmueble, en cinco

42 fracciones que forman un solo cuerpo, bajo las siguientes ins-

43 cripciones, así: a)- número VEINTISEIS MIL SETECIENTOS SESEN-

44 TA Y SIETE (26,767), folio CIENTO OCHENTA Y SEIS (186) del Li-

45 bro CIENTO SESENTA Y CINCO (165) de Quezaltenango; b)- número

46 VEINTICINCO MIL NOVECIENTOS OCHO (25,908), folio SETENTA Y CUA-

47 TRO (74) del Libro CIENTO SESENTA Y DOS (162) de Quezaltenan-

48 go; c)- número VEINTISIETE MIL NOVECIENTOS SESENTA Y UNO (27,961),

49 folio CIENTO TREINTA Y OCHO (138) del Libro CIENTO SETENTA (170)

50 de Quezaltenango; d)- número TRECE MIL QUINIENTOS VEINTICINCO

**N.A   8970059**

**S E G U N D A.-**

(13,525), folio DOSCIENTOS CATORCE (214) del Libro O--

CHENTA Y TRES (83) de Quezaltenango; y e)- número VEIN-

TICUATRO MIL SEISCIENTOS CUARENTA Y NUEVE (24,649), fo-

lio DOSCIENTOS OCHO (208) del Libro CIENTO CINCUENTA Y

TRES (153) de Quezaltenango.- La propiedad está libre de ano-

**REGISTRO**

tación, limitación y de todo gravamen y aunque aparece vigen-

te en el Registro de la Propiedad Inmueble algunas anotaciones

**Nº 8980845**

las cuales son antiguas, pendientes de cancelación; pero ya -

**QUINQUENIO**
**de 1953 a 1957**

arregladas.- Con la formación de esta Sociedad queda cumplida

la condición establecida en el punto b)- de la Cláusula "Cuar-

ta" de la escritura de donación que autorizó en esta Ciudad el

Notario don Manuel Soto Marroquín el veintiseis de Agosto de

mil novecientos cuarenta y ocho.-TERCERO.- Los bienes que cons-

tituyen el capital social deberán ser inscritos en el Registro

respectivo a nombre de la Sociedad, y con el objeto de evitar

estimaciones ficticias no se les dá por ahora valor alguno y

para los efectos contables se estimarán de común acuerdo por

los socios al hacer el Balance con que la Sociedad iniciará -

sus operaciones el día primero de Abril próximo, balance que -

se transcribirá en el Libro de Actas.- Aunque la Sociedad ini-

ciará sus operaciones el primero de Abril próximo, todas las -

operaciones hechas con los bienes que actualmente forman el ca-

pital social se reputarán a cargo y a favor de la Sociedad des-

de el día primero de Abril último.- Esas cuentas son perfecta-

mente conocidas y han sido aprobadas por los Socios.- CUARTO.-

**JOSE FALLA ARIS**
**ABOGADO Y NOTARIO**

El objeto de la Sociedad es continuar la explotación de la finca que constituye el capital social, en la forma que se ha venido haciendo, y se dedicará también a la adquisición, explotación y posesión de fincas rústicas o urbanas, y elaboración y preparación de productos agrícolas e industriales y toda clase de negocios agrícolas.- La Sociedad hará todas las operaciones comerciales y financieras necesarias para la índole de sus negocios y las que de ellos se deriven, así como operaciones de mútuo, descuentos, cuenta corriente y demás operaciones que acuerden los socios por escrito en el Libro de Actas de la Sociedad o en otra forma auténtica.- QUINTO.- La razón y firma social será usada por doña Isabel Farner Jacoby de Bauer y en su defecto, ausencia o impedimento, por el socio don Mario Bauer Farner, y en defecto, ausencia o impedimento de ambos - por el socio don Carlos Roberto Farner Molina.- El socio con uso de la razón y firma social tendrá a su cargo la administración de la finca "La Esperanza y Anexos" y podrá obligar a la Sociedad con la misma extensión que pudiera hacerlo personalmente, pero con las limitaciones en esta escritura convenidas.- No podrán dar fianzas en nombre de la Sociedad.- Para enajenar, hipotecar inmuebles, recibir dinero a mutuo, pignorar bienes muebles de la Sociedad, vender las cosechas de café, lo mismo que para otorgar poderes en nombre de la Sociedad, se necesita el consentimiento de los tres socios que tienen el uso de la razón y firma social, quienes especialmente dispondrán la

N°A  S970060

**T E R C E R A.-**

forma de la venta del café.- Cualquier socio con uso de la razón y firma social tiene facultad para revocar cualquier poder otorgado para representar a la Socie-dad.- En caso de que no haya acuerdo para vender el ca-fé, la cosecha podrá venderse independientemente y por terceras partes hasta el ochenta por ciento (80%) de la estimación he-cha por el administrador de la finca, por la señora doña Isa-bel Farner Jacoby de Bauer, don Mario Bauer Farner y los her-manos Farner Molina, estos tres en conjunto, de modo que cada grupo venda su tercera parte al precio que lo tenga por conve-niente, pero el valor de estas ventas se entregará íntegra a la Caja social.- El precio de la venta de cada parte servirá de base para la liquidación de pérdidas y ganancias que a ca-da uno corresponden.- El resto de la cosecha se venderá en la misma forma pero hasta que ésta esté efectiva y totalmente re-colectada.- Todos estos acuerdos deberán hacerse constar en el Libro de Actas o en otra forma auténtica.- SEXTO.- Cada trein-ta y uno de Marzo se hará liquidación de pérdidas y ganancias,- Las utilidades se establecerán sobre la diferencia entre el va-lor de los productos y el monto total de los Gastos y se repar-tirán en proporción a la acción de cada socio.- Si el café fue-re vendido separadamente para computar las utilidades de la So-ciedad, se tomará en cuenta el precio de la parte que haya si-do vendida más barata.- El mayor precio obtenido por cada par-te será utilidad de cada parte vendedora hecha en la venta y

REGISTRO

N° 8980846

QUINQUENIO de 1953 a 1957

JOSE FALLA ARIS
ABOGADO Y NOTARIO

por razón exclusiva de la misma venta.- Antes de repartir uti-
lidades se amortizarán totalmente los créditos de avío agríco-
la y de común acuerdo se amortizarán las otras deudas.- Si no
hubiere acuerdo entre todos los socios sobre la parte de deu-
das que habrá de amortizarse, no habrá distribución de utilida-
des mientras no estén pagadas las deudas.- Los socios tienen
obligación de facilitar, en proporción a sus acciones en la
Sociedad, los fondos necesarios para el mantenimiento de la
finca, cuando los fondos de avío que para este objeto se obten-
gan no sean suficientes.- No habrá cuenta de inversiones sal-
vo que los tres socios que tienen el uso de la razón y firma
social lo acuerden por unanimidad.- Se formará un fondo de -
reserva con el diez por ciento (10%) de las utilidades de ca-
da ejercicio.- Los gastos normales de casa de la finca serán
Gastos Sociales, pero los gastos que se causen por temporadas
de los socios, correrán a cargo de quien los haga.- Para tem-
poradas los socios se pondrán de acuerdo de las épocas en que
las haga cada cual, para evitar interferencias.- Ninguno de
los socios podrá tomar cantidad alguna para sus gastos perso-
nales.- SEPTIMO.- La Contabilidad será llevada en esta Ciudad,
por un Tenedor de Libros nombrado, como seha convenido para
nombrar apoderados.- OCTAVO.- Como parte de la Contabilidad,
se llevará un Libro de Actas en el cual se harán constar los
acuerdos de los socios.- NOVENO.- En caso de fallecimiento de
cualquiera de los socios, sus herederos continuarán en la So-

N.A  8970061                    C U A R T A.-

ciedad, pero si por razón del fallecimiento de un so-

cio no puede administrarse la Sociedad en la forma pre-

vista en esta escritura, deberá convenirse la forma de

sustituir en la administración al socio fallecido y si

no fuere posible, se liquidarán la Sociedad.- Se liquidará --

también la Sociedad por pérdidas de la mitad del capital so-

cial, o por acuerdo unánime delos socios o al terminarse su -

plazo.- DECIMO.- Cualquier desacuerdo que hubiere entre los -

socios o sus sucesores con motivo u ocasión de este contrato

social y que no fuere resuelto de común acuerdo, será resuel-

to por un Tribunal de amigables componedores.- Cada parte di-

cidente nombrará su árbitro y los árbitros nombrarán al terce-

ro dirimente como diligencia previa.- Si una parte no hiciere

el nombramiento que le corresponde, pasados diez días desde -

que la otra parte lo haya requerido para ello, lo hará un Juez

de Primera Instancia de esta Ciudad, de oficio y a solicitud

de la parte interesada en el nombramiento del árbitro.- El ter-

cero dirimente será nombrado por el Juez de Primera Instancia

en caso de que no hubiere acuerdo entre los árbitros.- Si nom-

brados los árbitros pasaren diez días sin que cualquiera de -

las partes concurra al otorgamiento del poder compromisario,

lo hará el Juez de oficio previa audiencia verbal a las par-

tes.- El laudo arbitral serán siempre definitivo y ejecutivo.-

UNDECIMO.- Todos los comparecientes manifiestan su conformi-

dad con los términos de la presente escritura.- Yo, el Infras-

REGISTRO

Nº 8980847

QUINQUENIO
de 1953 a 1957



crito Notario, doy fé de todo lo expuesto: de haber tenido a la vista el título de propiedad de los comparecientes sobre la finca "La Esperanza y Anexos", consistente en sus respectivas inscripciones de dominio en el Segundo Registro de la Propiedad Inmueble, así como la escritura de donación citada en la Cláusula segunda del presente acto; de que por designación de los comparecientes les leí íntegramente lo escrito y de que quedando ellos enterados de su contenido, validez, cláusulas, efectos legales, obligación de presentar un testimonio de la presente escritura al Registro de la Propiedad Inmueble, para su inscripción y demás formalidades de Ley, lo aceptaron, ratificaron y firman, en unión del Notario autorizante que da fé de todo el acto.- (ff) ISABEL DE BAUER.----- A.M. FARNER.---- ISABEL DE AHENALES.---- M. BAUER FARNER.----- C. FARNER.----- Ante mí: JOSE FALLA.- - - - - - - - - - - - - - - - ES PRIMER TESTIMONIO, que debidamente confrontado con su original, extiendo, sello y firmo en cuatro hojas útiles, siendo la primera del sello de Un Quetzal y las restantes de Cinco Centavos de Quetzal, correspondientes todas al quinquenio actual, marcadas con los números de orden: A263266, A8979059, A-8979060 y A-8979061, respectivamente, para entregar a la "SOCIEDAD AGRICOLA LA ESPERANZA"-"BAUER FARNER Y COMPAÑIA", En - Guatemala, a veinticinco de Marzo de mil novecientos cincuenta y siete.-

JOSE FALLA ARIS
ABOGADO Y NOTARIO

Como Notario Público, doy fé de haber tenido a la vista la cons

N.º A 8979091

Q U I N T A.-

tancia de solvencia Fiscal, que copiada literalmente

dice:"C-No.431556.- Impuesto sobre Inmuebles.-Matrícu-

la No.728 "B".- Propietario Isabel Farner v. de Bauer

y Cds. Municipio Coatepeque.- Departamento Quezaltenan-

go.- Pago 1 Semestre vencido en 31 Dic. 1956.- Capital decla-

rado sobre-Inmuebles: Rusticas declaradas en Q.- Urbanas decla-

radas en Q.- Total propiedades declaradas en Q.87,179.oo Liqui-

dación: Saldo anterior Q.- Impuesto trimestral Q.130.77 Impues-

to total Q.- Multa del %.- Total Q.130.77.- Coatepeque, 27 de

Marzo de 1,957.- (f) Ricardo Gomar Muñoz.- Receptor Fiscal."

Están los sellos correspondientes.- - - - - - - - - - -

**REGISTRO**

**N.º 8980877**

QUINQUENIO
de 1953 a 1957

JOSE FALLA AEIS
ABOGADO Y NOTARIO

Presentada hoy a las 14 y 10.

Registradas a favor de la "SOCIEDAD AGRICOLA LA ESPERAN-

ZA", las inscripciones de dominio de las fincas rústicas si-

guientes:

6a. de la No.26.767, folio 186, libro 165 de Quezaltenango;

8a.    "   "  " 25.908,    "  74,   " 162 "       "      ";

7a.    "   "  " 27.961,    " 138,   " 170 "       "      ";

14a.   "   "  " 13.525,    " 214,   "  83 "       "      y

9a.    "   "  " 24.649,    " 208,   " 153 "       "      .-

Honorarios: cuarentinueve quetzales y medio.- Impuesto del

timbre: dos y medio quetzales.- Quezaltenango, quince de a-

bril de mil novecientos cincuenta y siete.—

23011

Folio No. _73_

# LIBRO DE ACTAS

Acta No.: **65**                                      Fecha: *19 de agosto del 2003*

**ACTA NUMERO SESENTA Y CINCO:** En la ciudad de Guatemala, siendo las nueve horas del día 19 de agosto del año dos mil tres, se encuentran reunidos en la vía cuatro, cinco guión cincuenta y dos de la zona cuatro de la ciudad de Guatemala los señores accionistas de la entidad **AGRICOLA ESPERANZA JACOBI, S.A.** con el objeto de celebrar **Asamblea General Ordinaria Totalitaria de Accionistas.** Para lo que se procede de la siguiente forma:

**PRIMERO:** Preside la Asamblea el Presidente del Consejo de Administración señor Christian Alexander Enrique Rasch Töpke, y actúa como secretario el secretario del Consejo de Administración señor Juan Olaf Rasch Töpke.

**SEGUNDO:** A requerimiento del Presidente de la Asamblea el Secretario procede a establecer el quórum legal, estableciéndose que se encuentran presentes o representadas el cien por ciento de las acciones con derecho a voto de la sociedad, y toda vez que los presentes no se oponen a la celebración de la misma, se declara legalmente constituida la Asamblea General Ordinaria Totalitaria de Accionistas siendo las nueve horas en punto.

**TERCERO:** Se somete a consideración de los accionistas la siguiente agenda:

    3.1    Apertura de la Asamblea
    3.2    Establecimiento de quórum legal
    3.3.   Aprobación de la Agenda
    3.4    Lectura del acta número Acta sesenta y cuatro
    3.5    Discusión del Estado de Estados Financieros correspondientes al período fiscal 2002-2003
    3.6    Discusión del Informe del Órgano de Administración correspondiente al año fiscal 2002-2003
    3.7    Designación del Órgano de fiscalización de la Sociedad
    3.8    Discusión sobre el proyecto de distribución de utilidades
    3.9    Renuncia del Consejo de Administración
    3.10   Elección del Organo de Administración de la Sociedad
    3.11   Cierre de la Asamblea

Los accionistas por unanimidad aprueban la agenda que se les presenta.

**CUARTO:** A continuación el Secretario de la Asamblea procede a leer el acta identificada con el número sesenta y cuatro que documenta Asamblea General Ordinaria Totalitaria de Accionistas celebrada en esta ciudad el 5 de agosto del 2002, cuya redacción y contenido es aprobado por los accionistas.

**QUINTO:** Inmediatamente se presentan para su aprobación los Estados Financieros correspondientes al ejercicio fiscal comprendido entre el 1 de julio del 2002 y el 30 de junio del 2003, los cuales son discutidos y aprobados por los presentes.

**SEXTO:** Siguiendo con la agenda propuesta la administración de la sociedad rinde su informe anual, el cual es discutido y aprobado por unanimidad.

**SEPTIMO:** Los accionistas de la sociedad acuerdan que la fiscalización de la sociedad se continúe llevando a cabo por ellos mismos.

**OCTAVO:** El Presidente de la Asamblea presenta el proyecto de distribución de utilidades. Después de amplia discusión, los presentes resuelven por unanimidad no distribuir utilidades del período por convenir a los intereses de la sociedad.

**NOVENO:** El Presidente hace conocer a la Asamblea la renuncia de los miembros del Consejo de Administración. La Asamblea acepta la renuncia de los señores Christian Alexander Rasch Topke, Allan Guillermo Rasch Töpke y



# LIBRO DE ACTAS

Folio No. 74

23

Acta No.: 66

Fecha: 30 de Noviembre del 2006

Juan Olaf Rasch Topke en sus calidades de Presidente, Vicepresidente y Secretario del Consejo de Administración de la sociedad respectivamente, efectiva a partir del día de hoy. Adicionalmente resuelve otorgar a favor de los señores Christian Rasch Topke, Allan Guillermo Rasch Topke y Juan Olaf Rasch Topke, tomando en consideración que se ha practicado una liquidación completa, fundamental y acabada el día de hoy, de todas las relaciones jurídicas, actos y negocios existentes entre la Sociedad y los señores Christian Rasch Topke, Allan Guillermo Rasch Topke y Juan Olaf Guillermo Rasch Topke, el más amplio, cumplido, total y eficaz finiquito, dejando totalmente extinguidos y resueltas cuantas relaciones jurídicas hayan existido con ellos sin que la sociedad tenga reclamación alguna que formular, acción o derecho que ejercitar y a mayor abundamiento los renuncian absolutamente sin distinción ni condición alguna.

**DECIMO:** La Asamblea entra a conocer lo relativo la elección del Órgano de Administración de la sociedad. Se expone a los accionistas las ventajas y la factibilidad legal de que la sociedad sea administrada por un Administrador Unico. Los accionistas deciden que así sea establecido. Proponiéndose al señor Eduardo Macario Coyoy para el cargo. Designándosele por un periodo de tres años a partir del día de hoy con las facultades y obligaciones que le otorga la escritura constitutiva para el cargo, estableciéndose las siguientes limitaciones al ejercicio del mismo: Se le prohíbe disponer, vender, donar, permutar, hipotecar, celebrar contratos de promesa, opción, uso, usufructo, habitación o enajenar o gravar de cualquier otra forma los bienes de la sociedad, ya sean muebles o inmuebles, otorgar mandatos generales o especiales de cualquier naturaleza sin autorización previa y por escrito de la Asamblea General de Accionistas de la Sociedad.

Los accionistas aprueban por unanimidad el nombramiento que se les presenta con el plazo y condiciones estipuladas.

No habiendo más que hacer constar se da por terminada la presente asamblea en el mismo lugar y fecha de su inicio siendo las once horas en punto.

**ACTA NUMERO SESENTA Y SEIS.** En la ciudad de Guatemala, el treinta de noviembre del dos mil seis, siendo las nueve horas con treinta minutos (9:30), constituidos en la sede social de AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA, nos encontramos reunidos los señores accionistas o sus representantes, con el objeto de celebrar **ASAMBLEA GENERAL ORDINARIA TOTALITARIA DE ACCIONISTAS** de la entidad; para el efecto se procedió de la siguiente manera:

**PRIMERO: Revisión de Quórum.** Preside la Asamblea el Administrador Unico de la sociedad el señor **EDUARDO MACARIO COYOY,** actúa como secretario por designación de los accionistas el señor **INOCENTE PERNILLO FUENTES.** Por encargo del Presidente de la Asamblea, el secretario, procede a verificar el quórum, determinándose que se encuentran presentes y/o representadas la totalidad de las acciones, que incorporan el cien por ciento (100%) del capital suscrito y pagado de la sociedad a la fecha. De acuerdo con las disposiciones de la

Folio No. 75

# LIBRO DE ACTAS

Acta No.:      66                                    Fecha: 30 de noviembre del 2006

escritura constitutiva y por encontrarse debidamente representadas la totalidad de las acciones con derecho a voto emitidas por la sociedad y, toda vez los presentes no se oponen a la celebración de la Asamblea General Ordinaria Totalitaria de Accionistas.  El Presidente declara debidamente constituida la presente Asamblea, cuando son las nueve horas con treinta y cinco minutos (9:35), aprobándose por unanimidad la siguiente agenda:

**PUNTO SEGUNDO:**

2.1   Apertura de la Sesión

2.2   Establecimiento de quórum legal

2.3   Aprobación de la Agenda

2.4   Lectura, aprobación o improbación del Acta número 65

2.5   Ratificar las Asambleas celebradas en agosto del 2004,  febrero del 2005 y febrero del 2006

2.6   Elección  y nombramiento del Órgano de Administración de la sociedad

2.7   Cierre de la sesión.

**PUNTO TERCERO: Lectura del Acta número 65.**  El secretario procedió a dar lectura al Acta número 65, contenida en el libro de actas de accionistas de la entidad Agrícola Esperanza Jacobi, Sociedad Anónima, que documenta la Asamblea General Ordinaria Totalitaria de Accionistas celebrada por la entidad el 19 de agosto del dos mil tres. Cuya redacción y contenido es aprobado  por los accionistas.

**PUNTO CUARTO:  De las Asambleas celebradas en  agosto del 2004, febrero del 2005, febrero del 2006.** El presidente de la Asamblea manifiesta a los señores accionistas que aunque se han celebrado las últimas Asambleas Ordinarias de Accionistas establecidas por  la ley y  congruentes con los cierres de los ejercicios fiscales, las mismas no han sido documentadas, por lo que se acuerda, dejar constancia de la celebración y acuerdos a los que se llegó en la misma, en la presente acta.  Para el efecto se establece que las actas  corresponden a los siguientes periodos:

o   1 julio del 2003 al 30 de junio del 2004, celebrada en agosto del 2004

o   1 de julio del 2004 al 31 de diciembre del 2004, celebrada en febrero del 2005

o   1 de enero del 2005 al 31 de diciembre del 2005, celebrada en febrero del 2006

En cada una de las Asambleas relacionadas se dio a conocer el informe del Órgano de Administración de la Sociedad y  los Estados Financieros correspondientes al año fiscal inmediato anterior.  Mismos que fueron aprobados por unanimidad. Asimismo en cada una de ellas se decidió no repartir dividendos. Con el fin de dejar documentada la información, se vuelven a distribuir  los informes y los Estados Financieros correspondientes a los periodos fiscales relacionados.  Los accionistas  ratifican la aprobación que en su oportunidad hicieran de los mismos.

**PUNTO QUINTO:  Nombramiento del Órgano de Administración de la sociedad.**  Continúa exponiendo el Presidente de la Asamblea que han transcurrido 3 años desde el momento en que se eligió al Administrador Único de la sociedad y el nombramiento ha vencido. Motivo por el que corresponde proceder a la elección  de un nuevo Órgano de Administración de la sociedad, para el efecto se propone:  que la sociedad continúe siendo administrada por un Administrador Único y se propone para el puesto al señor Eduardo Macario Coyoy por un periodo de tres años a partir del día de hoy con las facultades y obligaciones que le otorga la escritura constitutiva, estableciéndose las siguientes limitaciones en el ejercio de este cargo:  Se le prohíbe disponer, donar, permutar, hipotecar, celebrar contratos de promesa, opción, uso, usufructo, habitación o enajenar o gravar de cualquier otra forma los bienes de la sociedad,  ya sean muebles o inmuebles, otorgar mandatos generales o  especiales de cualquier naturaleza sin autorización previa y por escrito de la Asamblea General de Accionistas de la Sociedad.  Los accionistas aprueban



# LIBRO DE ACTAS

Folio No. _76_

Acta No.: _____                    Fecha: _____

por unanimidad que la sociedad sea administrada por un administrador único, designando al señor EDUARDO MACARIO COYOY en el plazo y condiciones propuestas.

**PUNTO SEXTO:  Cierre de la sesión.** No habiendo otro asunto que tratar, se da por terminada la presente Asamblea General Ordinaria Totalitaria de Accionistas, en el mismo lugar y fecha de su inicio, cuando son las doce horas (12:00). Firma en la presente acta el presidente y secretario de la asamblea.

**EDUARDO MACARIO COYOY**
PRESIDENTE

**INOCENTE PERNILLO FUENTES**
SECRETARIO

**ACTA NUMERO SESENTA Y SIETE.**  En la ciudad de Guatemala, el siete de mayo del dos mil diez, siendo las nueve horas con treinta minutos (9:30), constituidos en la sede social de **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA**, nos encontramos reunidos los señores accionistas o sus representantes, con el objeto de celebrar  **ASAMBLEA GENERAL ORDINARIA TOTALITARIA DE ACCIONISTAS** de la entidad;  para el efecto se procedió de la siguiente manera;

**PRIMERO: Revisión de Quórum.** Preside la Asamblea el Administrador Único de la sociedad el señor **EDUARDO MACARIO COYOY**,  actúa como secretario por designación de los accionistas el señor **INOCENTE PERNILLO FUENTES**.  Por encargo del Presidente de la Asamblea, el secretario, procede a verificar el quórum, determinándose que se encuentran presentes y/o representadas la totalidad de las acciones, que incorporan el cien por ciento (100%) del capital suscrito y pagado de la sociedad a la fecha.  De acuerdo con las disposiciones de la escritura constitutiva y por encontrarse debidamente representadas la totalidad de las acciones con derecho a voto emitidas por la sociedad y, toda vez los presentes no se oponen a la celebración de la Asamblea General Ordinaria Totalitaria de Accionistas.  El Presidente declara debidamente constituida la presente Asamblea, cuando son las nueve horas con treinta y cinco minutos (9:35), aprobándose por unanimidad la siguiente agenda:

**PUNTO SEGUNDO:**

2.1    Apertura de la Sesión





Folio No. _____ 23011

# LIBRO DE ACTAS

Acta No.: _____                                    Fecha: _____

2.2  Establecimiento de quórum legal
2.3  Aprobación de la Agenda
2.4  Lectura, aprobación o improbación del Acta número 66
2.5  Ratificar las Asambleas celebradas en agosto del 2007, febrero del 2008 y febrero del 2009
2.6  Elección y nombramiento del Órgano de Administración de la sociedad
2.7  Cierre de la sesión.

**PUNTO TERCERO: Lectura del Acta número 66.** El secretario procedió a dar lectura al Acta número 66, contenida en el libro de actas de accionistas de la entidad Agrícola Esperanza Jacobi, Sociedad Anónima, que documenta la Asamblea General Ordinaria Totalitaria de Accionistas celebrada por la entidad el 30 de noviembre del dos mil seis. Cuya redacción y contenido es aprobado por los accionistas.

**PUNTO CUARTO: De las Asambleas celebradas en febrero del 2007, febrero del 2008 y febrero del 2009.** El presidente de la Asamblea manifiesta a los señores accionistas que aunque se han celebrado las últimas Asambleas Ordinarias de Accionistas establecidas por la ley y congruentes con los cierres de los ejercicios fiscales, las mismas no han sido documentadas, por lo que se acuerda, dejar constancia de la celebración y acuerdos a los que se llego en la misma, en la presente acta. Para el efecto se establece que las actas corresponden a los siguientes periodos:

- 1 de enero del 2007 al 31 de diciembre del 2007
- 1 de enero del 2008 al 31 de diciembre del 2008,
- 1 de enero del 2009 al 31 de diciembre del 2009.

En cada una de las Asambleas relacionadas se dio a conocer el informe del Órgano de Administración de la Sociedad y los Estados Financieros correspondientes al año fiscal inmediato anterior. Mismos que fueron aprobados por unanimidad. Asimismo en cada una de ellas se decidió no repartir dividendos. Con el fin de dejar documentada la información, se vuelven a distribuir los informes y los Estados Financieros correspondientes a los periodos fiscales relacionados. Los accionistas ratifican la aprobación que en su oportunidad hicieran de los mismos.

**PUNTO QUINTO: Nombramiento del Órgano de Administración de la sociedad.** Continúa exponiendo el Presidente de la Asamblea que han transcurrido 3 años desde el momento en que se eligió al Administrador Único de la sociedad y el nombramiento ha vencido. Motivo por el que corresponde proceder a la elección de un nuevo Órgano de Administración de la sociedad, para el efecto se propone: que la sociedad continué siendo administrada por un Administrador Único y se propone para el puesto al señor Eduardo Macario Coyoy por un periodo de tres años a partir del día de hoy con las facultades y obligaciones que le otorga la escritura constitutiva, estableciéndose las siguientes limitaciones en el ejercó de este cargo: Se le prohíbe disponer, donar, permutar, hipotecar, celebrar contratos de promesa, opción, uso, usufructo, habitación o enajenar o gravar de cualquier otra forma los bienes de la sociedad, ya sean muebles o inmuebles, otorgar mandatos generales o especiales de cualquier naturaleza sin autorización previa y por escrito de la Asamblea General de Accionistas de la Sociedad. Los accionistas aprueban por unanimidad que la sociedad sea administrada por un administrador único, designando al señor EDUARDO MACARIO COYOY en el plazo y condiciones propuestas.

Folio No. 78

# LIBRO DE ACTAS

Acta No.:                                                    Fecha:

**PUNTO SEXTO:   Cierre de la sesión.** No habiendo otro asunto que tratar, se da por terminada la presente Asamblea General Ordinaria Totalitaria de Accionistas, en el mismo lugar y fecha de su inicio, cuando son las doce horas (12:00).  Firma en la presente acta el presidente y secretario de la asamblea.


**EDUARDO MACARIO COYOY**
PRESIDENTE


**INOCENTE PERNILLO FUENTES**
SECRETARIO









1 de 3 hojas

En la ciudad de Guatemala, a siete (7) de mayo del dos mil diez (2010), siendo las diez horas con treinta (9:30) minutos, Yo, RUTH EUGENIA HERNANDEZ KESSELS, Notario, me encuentro constituida en el inmueble ubicado en la sexta (6ta) calle siete guión treinta y cinco (7-35) zona nueve (9) de esta ciudad, lugar en donde soy requerida por el señor **EDUARDO MACARIO COYOY**, de cincuenta y un (51) años, casado, guatemalteco, Perito Contador, con domicilio en el departamento de Guatemala, quien se identifica con la cedula de vecindad numero de orden I guión nueve y de registro cincuenta y tres mil novecientos siete (I-9 53,907), extendida por el Alcalde Municipal del Municipio de Quetzaltenango, con el objeto de hacer constar su nombramiento como **ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL** de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA** habiendo procedido de la siguiente forma: **PRIMERO:** Tengo a la vista el libro de actas de Asambleas de Accionistas de la Sociedad Agrícola Esperanza Jacobi, Sociedad Anónima, debidamente habilitado y autorizado, en cuyos folios setenta y seis (76) al setenta y ocho (78), consta el acta numero sesenta y siete (67) que documenta la Asamblea General Ordinaria Totalitaria de Accionistas celebrada en esta ciudad el siete de mayo del dos mil diez (2010), que en su punto quinto literalmente dice: "**PUNTO QUINTO: Nombramiento del Órgano de Administración de la sociedad.** Continúa exponiendo el Presidente de la Asamblea que han transcurrido 3 años desde el momento en que se eligió al Administrador Único de la sociedad y el nombramiento ha vencido. Motivo por el que corresponde proceder a la elección de un nuevo Órgano de Administración de la sociedad, para el efecto se propone: que la sociedad





continué siendo administrada por un Administrador Único y se propone para el puesto al señor Eduardo Macario Coyoy por un periodo de tres años a partir del día de hoy con las facultades y obligaciones que le otorga la escritura constitutiva, estableciéndose las siguientes limitaciones en el ejerció de este cargo: Se le prohíbe disponer, donar, permutar, hipotecar, celebrar contratos de promesa, opción, uso, usufructo, habitación o enajenar o gravar de cualquier otra forma los bienes de la sociedad, ya sean muebles o inmuebles, otorgar mandatos generales o especiales de cualquier naturaleza sin autorización previa y por escrito de la Asamblea General de Accionistas de la Sociedad. Los accionistas aprueban por unanimidad que la sociedad sea administrada por un administrador único, designando al señor EDUARDO MACARIO COYOY en el plazo y condiciones propuestas. " **SEGUNDO:** Acto seguido, el requirente me pone a la vista el primer testimonio de la escritura pública numero ciento cinco (105), autorizada en esta ciudad el catorce de mayo de mil novecientos ochenta por el Notario Rodolfo Cordón Jiménez, que contiene la adecuación de la entidad AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA al Código de Comercio vigente. La sociedad se encuentra inscrita en el Registro Mercantil General de la República bajo el numero novecientos cincuenta y tres (953), folio tres (3) del libro cinco (5) de Sociedades Mercantiles. **TERCERO:** En las cláusulas primera y octava de la escritura relacionada, literalmente y en sus partes conducentes dice: "**PRIMERA:** La sociedad será anónima, de nacionalidad guatemalteca de carácter mercantil y tendrá por objeto: a) la explotación agrícola, comercial e industrial en todas sus formas, de la finca La Esperanza y Anexos, situada en Coatepeque, del

2 de 3 hojas

Departamento de Quetzaltenango y que está inscrita en el Registro Segundo de la Propiedad al número sesenta y siete mil ochocientos trece, a folio ciento treinta y siete libro trescientos veintitrés de Quetzaltenango; y de cualquier otra finca que se adquiera o tenga en el futuro; b) la compra, comercialización, explotación y venta de cualquier producto agrícola o no que se vincule con la finalidad anterior; y c) cualquier actividad licita agrícola, industrial o comercial, que convengan los accioncitas mediante acuerdo tomado a través de asamblea general ordinaria y sobre tales actividades versara su giro. (...) **OCTAVA: LA ADMINISTRACION DE LA SOCIEDAD,** y dirección de los negocios sociales corresponde y será confiada a uno o varios administradores, actuando conjuntamente en consejo de administración según lo determine la asamblea general ordinaria.   El consejo tendrá el número de miembros que determine la asamblea general ordinaria y dentro de sus miembros de ser posible elegirán a un presidente, un vicepresidente, un secretario y los vocales en su orden. - La asamblea general ordinaria los elige, reelige, confirma o remueve total o parcialmente y son electos por un periodo de TRES AÑOS. Los administradores continuaran en el ejercicio de sus cargos y desempeño de sus labores, aun cuando el plazo para el cual fueron electos hubiere concluido, mientras los sucesores no tomen posesión.   El presidente o el administrador único o quien los sustituye tendrán separadamente el uso de la razón y firma sociales y la representación legal de la sociedad; y son el órgano ejecutivo de la sociedad.   En ausencia o impedimento del titular lo sustituye el suplente, asumiendo las funciones del titular y sus facultades. El consejo se reunirá por lo menos una vez CADA CUATRO MESES y forma



Ruth Eugenia

quórum  la mitad mas uno de sus componentes y las resoluciones se

tomaran por mayoría de votos personales y en caso de empate quien ejerce

la presidencia tendrá doble voto para ese único propósito.  La asamblea

general  acordara  las  funciones,  facultades  y  limitaciones  de  los

administradores o del consejo, además de aquellas que señala el Código de

Comercio.  En el consejo cada administrador tiene un voto y el que tenga

interés  directo  o  indirecto   en  una  operación  deberá  manifestarlo a los

demás y se abstendrá de participar en las deliberaciones y resoluciones de

asunto y se retirara de la sesión.  La contravención a esto último ser

motivo  de  daños  y  perjuicios  que  se  le  deducirán  al  contraventor y

además derivara de ello algún beneficio o utilidad  personal, se tomaran la

medidas  pertinentes  en  la  forma  legal.   Los  administradores  responde

solidariamente ante la sociedad y ante los acreedores, por cualquiera daño

y  perjuicios  causados  por  su  culpa,  quedando  exonerado  de  tod

responsabilidad, el administrador que haya votado en contra y que s

consigne el voto en el acta de la reunión.-  También serán responsables d

a) la efectividad de las aportaciones;  b)  la existencia real de las utilidad

que se distribuyan en forma de dividendos entre los accionistas; c) que

contabilidad de la sociedad se lleve en la forma legal que esta sea veraz;

del exacto cumplimiento de los acuerdos de las asambleas generales.  L

acciones de responsabilidad y su extinción, el procedimiento y la exclusi

se ventilan en la forma que determina el código de comercio, tanto para

accionistas,  como  para  los  terceros  y  los  acreedores."  **CUARTO:**

habiendo nada más que hacer constar y para que sirva de le

nombramiento  al  señor  **EDUARDO  MACARIO  COYOY**  co

3 de 3 hojas

**ADMINISTRADOR UNICO**, por el plazo de tres años de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA** doy por terminada la presente diligencia en el mismo lugar y fecha de su inicio treinta minutos más tarde. Leí la presente acta al requirente la cual se encuentra contenida en tres hojas de papel bond, las cuales numero, sello y firmo. Para cumplir con el impuesto de timbres fiscales, adhiero a la primera hoja un timbre fiscal con el valor de cien quetzales (Q.100.00) con número quinientos noventa y cinco mil quinientos sesenta y cinco. El requirente acepto, ratifico y firmo junto con la Infrascrita Notario quien de todo el contenido de la presente acta DA FE.

Ante mi

Ruth Eugenia
Hernández Kessels
Abogado y Notario





**REGISTRO MERCANTIL**

**No. L- 58241**          -02/2009

Razonamiento de:    Acta          , de fecha:  07/05/2010

Autorizada por el Notario:

**RUTH EUGENIA  HERNANDEZ KESSELS**

Quedó inscrito en el Registro Mercantil:

**EDUARDO MACARIO COYOY**

Registro No.333757. Folio.804. Libro.260. DE Auxiliares de Comercio.

Como:      ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL.

De la Sociedad Denominada:

   **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA**

Inscrita en       Registro No.953. Folio.3. Libro.5. de Sociedades Mercantiles.

Plazo:    **DEFINIDO**   Vigencia:     3 años

A partir del.:          07/05/2010

Expediente No.    22538-2010

Articulo 339. del Codigo de Comercio (Efectos) Los actos y documentos que conforme la ley deben registrarse, solo surtiran efecto contra terceros desde la fecha de su inscripción en el Registro Mercantil.  Ninguna inscripcion podra hacerse alterando el orden de presentacion

El Registro de la presente acta Notarial, no prejuzga sobre el contenido ni validez de la misma, ni del original que reproduce y no convalida hechos o actos nulos o ilicitos.

Extendida en:

GUATEMALA, 19  MAYO 2010.

Lic. César Augusto Sierra Mérida
Registrador Mercantil Auxiliar



RESPONSABLE: CARLOS HUMBERTO MORENO MORALES

En ___1___ Hojas ___3___

ACTA NOTARIAL DE NOMBRAMIENTO DEL SEÑOR EDUARDO MACARIO COYOY COMO ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL DE LA ENTIDAD AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA.



En la ciudad de Guatemala, el veintinueve de septiembre del año dos mil catorce, Yo, CARMEN LISSETT ORDOÑEZ GONZÁLEZ, a las diez horas (10:00) me constituí en la sexta calle siete guion treinta y cinco de la zona nueve de esta ciudad a requerimiento del señor **EDUARDO MACARIO COYOY**, de cincuenta y seis años, casado, guatemalteco, Contador Público y Auditor, de este domicilio, me identifico con el Documento Personal de Identificación (DPI) con Código Único de Identificación dos mil trescientos treinta y siete setenta mil quinientos setenta y siete cero novecientos uno (2337 70577 0901), extendido por el Registro Nacional de las Personas con el objeto de hacer constar su nombramiento como **ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL** de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA**, habiendo procedido de la siguiente manera: **PRIMERO:** El requirente me pone a la vista el Acta Notarial autorizada en esta ciudad por la Infrascrita el día quince de julio del año dos mil catorce, por la cual se hizo constar el desarrollo de la **ASAMBLEA GENERAL ORDINARIA TOTALITARIA DE ACCIONISTAS** de la entidad, **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA** celebrada en dicha fecha, la cual en el punto quinto resolvió literalmente lo siguiente: "**PUNTO QUINTO: Nombramiento del Órgano de Administración de la sociedad**. Continúa exponiendo el Presidente de la Asamblea que han transcurrido tres años desde el momento en que se eligió a Administrador Único

CARMEN LISSETT Ordoñez González
ABOGADA Y NOTARIA

de la sociedad y el nombramiento ha vencido. Motivo por el que corresponde proceder a la elección de un nuevo Órgano de Administración de la sociedad, para el efecto se propone: que la sociedad continúe siendo administrada por un Administrador Único y se propone para el puesto al señor Eduardo Macario Coyoy por un periodo de tres años a partir del día de hoy con las facultades y obligaciones que le otorga la escritura constitutiva, estableciéndose las siguientes limitaciones en el ejercicio de este cargo: Se le prohíbe disponer, donar, permutar, hipotecar, celebrar contratos de promesa, opción, uso, usufructo, habitación o enajenar o gravar de cualquier otra forma los bienes de la sociedad, ya sean muebles o inmuebles, otorgar mandatos generales o especiales de cualquier naturaleza sin autorización previa y por escrito de la Asamblea General de Accionistas de la Sociedad. Los accionistas aprueban por unanimidad que la sociedad sea administrada por un administrador único, designando al señor EDUARDO MACARIO COYOY en el plazo y condiciones propuestas". **SEGUNDO:** El requirente me pone a la vista el testimonio de la escritura pública número ciento cinco (105) autorizada en esta ciudad el catorce (14) de mayo de mil novecientos ochenta (1980), por el Notario Rodolfo Cordón Jiménez, que contiene la constitución de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA**, inscrita en forma definitiva en el Registro Mercantil General de la República bajo el número **NOVECIENTOS CINCUENTA Y TRES (953)**, folio **TRES (3)** del libro **CINCO (5)** de Sociedades Mercantiles. TERCERO: En la cláusula primera (1ª) y octava (8ª) de la escritura relacionada, literalmente y en sus partes conducentes dice: "PRIMERA" La sociedad será anónima, de nacionalidad guatemalteca de carácter mercantil y tendrá por objeto: a) explotación agrícola, comercial e industrial en todas sus formas, de la

finca Esperanza y Anexos, situada en Coatepeque, del Departamento de Quetzaltenango; y que está inscrita en el Segundo Registro de la Propiedad al número sesenta y siete mil ochocientos trece (67,813) folio ciento treinta y siete (137) del libro trescientos veintitrés (323) de Quetzaltenango; y de cualquier otra finca que se adquiera o tenga en futuro; b) la compra, comercialización, explotación y venta de cualquier producto agrícola o no que se vincule con la finalidad anterior y c) cualquier actividad lícita agrícola, industrial o comercial, que convengan los accionistas mediante acuerdo tomado a través de asamblea general ordinaria y sobre tales actividades versará su giro. (...) **OCTAVA: LA ADMINISTRACIÓN DE LA SOCIEDAD,** y dirección de los negocios sociales corresponde y será confiada a uno o varios administradores, actuando conjuntamente en consejo de administración según lo determine la asamblea general ordinaria. El consejo tendrá el número de miembros que determine la asamblea general ordinaria y dentro de sus miembros de ser posible elegirán a un presidente, un vicepresidente, un secretario y los vocales en su orden.- La asamblea general ordinaria los elige, reelige y confirma o remueve total o parcialmente y son electos por un periodo de TRES AÑOS. Los administradores continuaran en el ejercicio de sus cargos y desempeño de sus labores, aun cuando el plazo para el que fueron electos hubiere concluido, mientras los sucesores no tienen posesión. El presidente o el administrador único o quien los sustituye tendrán separadamente el uso de la razón y firma sociales y la representación legal de la sociedad; y son el órgano ejecutivo de la sociedad. En ausencia o impedimento del titular lo sustituye el suplente, asumiendo las funciones del titular y sus facultades. El Consejo se reunirá por lo menos una vez CADA CUATRO MESES y forma quórum la mitad más uno de sus componentes



CARMEN LISSETT ORDÓÑEZ GONZÁLEZ
ABOGADA Y NOTARIA

y las resoluciones se tomarán por mayoría de votos personales y en caso de empate quien ejerce la presidencia tendrá doble voto para ese único propósito. La asamblea general acordará las funciones, facultades y limitaciones de los administradores y del consejo, además de aquellas que señala el Código de Comercio. En consejo cada administrador tiene un voto y el que tenga interés directo indirecto en una operación deberá manifestarlo a los demás y se abstendrá de participar en las deliberaciones y resoluciones del asunto y se retirará de la sesión. La contravención a esto último será motivo de daños y perjuicios que se le deducirán al contraventor y si además derivará de ello algún beneficio o utilidad personal se tomarán las medidas pertinentes en forma legal. Los administradores responden solidariamente ante la sociedad y ante los acreedores, por cualquier daño y perjuicios causados por su culpa, quedando exonerado de toda responsabilidad, el administrador que haya votado en contra y que se consigne el voto en el acta de reunión. También serán responsables de: a) la efectividad de las aportaciones; b) la existencia real de las utilidades que se distribuyan en forma de dividendos entre los accionistas; c) que la contabilidad de la sociedad se lleve  en la forma legal que esta sea veraz; d) del exacto cumplimiento de los acuerdos de las asambleas generales. Las acciones de responsabilidad y su extinción, el procedimiento y la exclusión se ventilan en la forma que determina el código de comercio, tanto para los accionistas, como para los terceros y los acreedores.". <u>CUARTO:</u> No habiendo nada más que hacer constar y para que sirva de legal **NOMBRAMIENTO** al señor **EDUARDO MACARIO COYOY** como **ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL** de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA** doy por terminada la presente diligencia treinta minutos después de su inicio y

extiendo la presente acta notarial, contenida en tres hojas de papel bond tamaño oficio, impresas todas en ambos lados, las que numero, firmo y sello, adhiriéndose a la primera de ellas un timbre fiscal del año que corre por el valor de cien quetzales con número un millón cincuenta y dos mil seiscientos noventa y seis (1052696). El requirente aceptó ratificó y firmó junto con la Infrascrita Notaria quien de todo el contenido de la presente acta DA FE.

Ante mí:

CARMEN LISSETT ORDOÑEZ GONZÁLEZ
ABOGADA Y NOTARIA



No. L- 282758                                        -01/2014

**REGISTRO MERCANTIL**

Razonamiento de        Acta                    , de fecha:  29/09/2014
Autorizada por el Notario:
CARMEN LISSETT  ORDOÑEZ GONZALEZ.

Quedó inscrito en el Registro Mercantil:
EDUARDO MACARIO COYOY

Registro No.435175. Folio.604. Libro.362. DE Auxiliares de Comercio.

Como:     ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL.

De la Sociedad Denominada:
AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA

Inscrita en     Registro No.953. Folio.3. Libro.5. de Sociedades Mercantiles.

Plazo:     DEFINIDO    Vigencia:       3 años

A partir del :              15/07/2014

Expediente No.      58916-2014



Articulo 339. del Codigo de Comercio (Efectos) Los actos y documentos que conforme la
ley deben registrarse, solo surtiran efecto contra terceros desde la fecha de su inscripción
en el Registro Mercantil.  Ninguna inscripción podra hacerse alterando el orden de
presentacion

El Registro de la presente acta Notarial, no prejuzga sobre el contenido ni validez de la
misma, ni del original que reproduce y no convalida hechos o actos nulos o ilicitos.

Extendida en:

GUATEMALA, 06  OCTUBRE 2014.

Lic. Cesar Augusto Sierra Mejia
Registrador Mercantil-Auxiliar
REGISTRO MERCANTIL

RESPONSABLE: JESICA MAXIMILIANA PAXTOR

ACTA NOTARIAL DE NOMBRAMIENTO DE ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL DE LA ENTIDAD "AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA".

En la Ciudad de Guatemala, siendo las doce horas del día cuatro de julio del año dos mil diecisiete, Yo, **ELMER AURENCE VARGAS ESPINO**, Notario, constituido en mi oficina profesional ubicada en la tercera avenida trece guión setenta y ocho, zona diez, Edificio Intercontinental Plaza, Torre Citigroup, Pent-house Norte, oficina mil setecientos dos, nivel diecisiete de la Ciudad de Guatemala, soy requerido por el señor **EDUARDO MACARIO COYOY**, de cincuenta y nueve años de edad, casado, guatemalteco, ejecutivo, de este domicilio, y quien se identifica con el Documento Personal de Identificación con Código Único de Identificación numero dos mil trescientos treinta y siete, setenta mil quinientos setenta y siete, cero novecientos uno (2337 70577 0901), extendido por el Registro Nacional de las Personas, con el objeto de hacer constar su nombramiento como **ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL** de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA**, para lo cual se procede de la manera siguiente: PRIMERO: El requirente me pone a la vista: **a)** el Testimonio de la escritura pública número ciento cinco (105), autorizada en la Ciudad de Guatemala, el catorce de mayo de mil novecientos ochenta, por el notario Rodolfo Cordón Jiménez, el cual contiene escritura constitutiva de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA**, la cual se encuentra inscrita en el Registro Mercantil General de la República bajo el número novecientos cincuenta y tres (953), folio tres (3), del libro ciento cinco (5) de Sociedades Mercantiles; y **b)** Acta Notarial de Asamblea General Ordinaria Totalitaria de Accionistas de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA**, autorizada el cuatro de julio de dos mil diecisiete por el Infrascrito Notario; SEGUNDO: Del Testimonio descrito en el inciso (a), a continuación se transcribe literalmente las siguientes clausulas y numerales: *"NUMERAL CUATRO (4). PLAZO: La duración de la sociedad será indefinida y su plazo principiará a contarse desde la fecha de su inscripción en el Registro Mercantil. Para ponerle fin al plazo se requerirá de la decisión de los socios en Asamblea*



Lic. Elmer Vargas Espino
Abogado y Notario

General, que representen, cuando menos el setenta y cinco por ciento (75%) de las acciones con derecho a voto. (...) *NUMERAL SEIS (6). OBJETO:* La sociedad será anónima, de nacionalidad guatemalteca de carácter mercantil y tendrá por objeto: a) explotación agrícola, comercial e industrial en todas sus formas, de la finca Esperanza y Anexos, situada en Coatepeque, del Departamento de Quetzaltenango; y que está inscrita en el Segundo Registro de la Propiedad al número sesenta y siete mil ochocientos trece (67,813) folio ciento treinta y siete (137) del libro trescientos veintitrés (323) de Quetzaltenango; y de cualquier otra finca que se adquiera o tenga en futuro; b) la compra, comercialización, explotación y venta de cualquier producto agrícola o no que se vincule con la finalidad anterior y c) cualquier actividad lícita agrícola, industrial o comercial, que convengan los accionistas mediante acuerdo tomado a través de asamblea general ordinaria y sobre tales actividades versara su giro. (...). *OCTAVA: LA ADMINISTRACION DE LA SOCIEDAD* y dirección de los negocios sociales corresponde y será confiada a uno o varios administradores, actuando conjuntamente en consejo de administración, según lo determine la asamblea general ordinaria, El consejo tendrá el número de miembros que determine la asamblea general ordinaria y dentro de sus miembros de ser posible elegirán a uno presidente, un vice presidente, un secretario y los cales en su orden. La asamblea general ordinaria los elige, reelige, confirma o remueve total o parcialmente y son electos por un periodo de TRES AÑOS. Los administradores continuaran en el ejercicio de sus cargos y desempeño de sus labores, aun cuando el plazo para el cual fueron electos hubiere concluido, mientras los sucesores no tomen posesión, El presidente o el administrador Único o quien los sustituye tendrán separadamente el uso de la razón y firma sociales y la representación legal de la sociedad; y son el órgano ejecutivo de la sociedad, En ausencia o impedimento del titular lo sustituye el suplente, asumiendo las funciones del titular y sus facultades. el consejo se reunirá por lo menos una vez CADA CUATRO MESES y forma quórum la mitad mas uno de sus componentes y resoluciones se tomaran por mayoría de votos personales y en caso de empate quien ejerce la presidencia tendrá doble voto para ese único propósito. La

*asamblea general acordara las funciones, facultades y limitaciones de los administradores y del consejo, además de aquellas que señala el Código de comercio. En consejo cada administrador tiene un voto y el que tenga interés directo indirecto en una operación deberá manifestarlo a los demás y se abstendrá de participar en las deliberaciones y resoluciones del asunto y se retirar de la sesión. La contravención a esto ultimo será motivo de daños y perjuicios que se le deducirán al contraventor y si además derivara de ello algún beneficio o utilidad personal se tomaran las medidas pertinentes en forma legal. Los administradores responden solidariamente ante la sociedad y ante los acreedores, por cualquier daños o perjuicio causados por su culpa, quedando exonerado de toda responsabilidad, el administrador que haya votado en contra y que se consigne*



*el voto en el acta de reunión. también serán responsables de: a) la efectividad de las aportaciones; b) la existencia real de las utilidades que se distribuyan en forma de dividendos entre los accionistas; c) que la contabilidad de la sociedad se lleve en la forma legal que esta sea veraz; d) del exacto cumplimiento de los acuerdos de las asambleas generales. las acciones de responsabilidad y su extinción, el procedimiento y la exclusión se ventilan en la forma que determina el Código de comercio, tanto para los accionistas como para los terceros y los acreedores".* <u>TERCERO:</u> Del acta de Asamblea de Accionistas antes mencionada en el inciso (b), se transcribe el punto conducente, el cual establece: *"<u>CUARTO:</u> El Presidente de la Asamblea somete a consideración de los accionistas los puntos de la agenda. La Asamblea luego de discutir ampliamente lo propuesto y en la forma establecida en la ley ACUERDAN: a) La autorización del nuevo nombramiento del señor Eduardo Macario Coyoy como Administrador Único y Representante Legal de la entidad Agrícola Esperanza Jacobi, Sociedad Anónima, con todas las facultades que le otorga el pacto social y la ley (...)".* <u>CUARTO:</u> El requirente manifiesta que tomara posesión del cargo desde el momento de su inscripción, y para que le sirva de legal **NOMBRAMIENTO** al señor **EDUARDO MACARIO COYOY** como **ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL** de la entidad **AGRICOLA ESPERANZA JACOBI, SOCIEDAD**

ANONIMA, por un plazo de tres (3) años, extiendo la presente acta en el mismo lugar y fecha de su inicio, una hora más tarde. La presente acta se encuentra contenida en tres (3) hojas de papel bond tamaño oficio, útiles en su anverso y reverso, las que numero, sello y firmo. A la primera hoja se le adhiere un timbre fiscal del valor de cien quetzales exactos. Leí lo escrito al requirente quien bien enterado de su contenido, objeto, validez y demás, efectos legales, la ratifica y acepta y firma únicamente el Infrascrito Notario que de todo el contenido de la presente acta DOY FE.

Lic. Elmer Vargas Espino
Abogado y Notario



**REGISTRO MERCANTIL**

No. L- 408657 -01/16

Razonamiento de **Acta** , de fecha: 04/07/2017

Autorizada por el Notario:

ELMER AURENCE VARGAS ESPINO

Quedó inscrito en el Registro Mercantil:

EDUARDO MACARIO COYOY

Registro No.515694. Folio.211. Libro.448. DE Auxiliares de Comercio.

Como: ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL.

De la Sociedad Denominada:

AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANONIMA

Inscrita en Registro No.953. Folio.3. Libro.5. de Sociedades Mercantiles.

Plazo: DEFINIDO Vigencia: 3 años

A partir del : 04/07/2017

Expediente No. 68217-2017

Articulo 339. del Codigo de Comercio (Efectos) Los actos y documentos que conforme la ley deben registrarse, solo surtiran efecto contra terceros desde la fecha de su inscripción en el Registro Mercantil. Ninguna inscripcion podra hacerse alterando el orden de presentacion

El Registro de la presente acta Notarial, no prejuzga sobre el contenido ni validez de la misma, ni del original que reproduce y no convalida hechos o actos nulos o ilicitos.

Extendida en:

GUATEMALA, 05 SEPTIEMBRE 2017.





Lic. César Augusto Sierra Mérida
Registrador Mercantil - Auxiliar



RESPONSABLE: MARIA GEORGINA GALINDO DIAZ



EN QUINCE HOJAS:
PRIMERA





No. B 1528286

PROTOCOLO

**VEINTICUATRO (24).** En la Ciudad de Guatemala, el veintitrés de agosto del dos mil seis, ANTE MÍ: **CARLOS ANÍBAL RONQUILLO MARÍN**, Notario, comparecen: el Doctor **JOSÉ RAÚL CASTILLO LOVE**, quien es de setenta y nueve años de edad, soltero por viudez, guatemalteco, Cirujano Dentista, de este domicilio, quien se identifica con la cédula de vecindad número de Orden A guión Uno y registro ciento veintiséis mil ochocientos setenta y cinco (A-1 126,875), extendida por el Alcalde Municipal de Guatemala, Departamento de Guatemala, con número de identificación tributaria cuarenta mil cuatrocientos sesenta y cuatro guión cero (40464-0), en su calidad de **ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL** de **DESARROLLO E INVERSIONES ROCA ALTA, SOCIEDAD ANÓNIMA**, entidad con número de identificación tributaria –NIT– un millón ciento noventa y siete mil seiscientos sesenta y seis guión siete (1197666-7), lo que acredita con: a) acta notarial de su nombramiento, autorizada en esta ciudad el veintidós de septiembre del dos mil cinco, por el Notario Carlos Aníbal Ronquillo Marín, inscrita en el Registro Mercantil de la República de Guatemala bajo el número doscientos cuarenta y tres mil ciento veintiuno (243121), folio setenta y ocho (78), del libro ciento setenta (170) de Auxiliares de Comercio, y b) con certificación del punto segundo, del acta de Asamblea General Ordinaria Totalitaria de Accionistas de su representada, número AGO-once, celebrada el cuatro de agosto del dos mil seis, donde se le autoriza suscribir este Instrumento público; y, **RAÚL EDUARDO CASTILLO ZAGHI**, de cincuenta y dos años, soltero, guatemalteco, Licenciado en Administración de Empresas, de este domicilio, se identifica con la cédula de vecindad número de orden A guión uno y de registro cuatrocientos cincuenta y cinco mil quinientos sesenta y nueve (A-1

REGISTRO
No 288813

QUINQUENIO
DE 2003 A 2007

MINISTERIO DE
FINANZAS PÚBLICAS





455,569), extendida por el Alcalde Municipal de Guatemala, Departamento de Guatemala y con el número de identificación Tributaria –NIT- cincuenta y nueve mil cuatrocientos cuarenta y siete guión cuatro (59447-4). Yo, el Notario doy fe: a) de haber identificado a los comparecientes con las cédulas de vecindad relacionadas, quienes me aseguran hallarse en el libre ejercicio de sus derechos civiles y ser de los datos de identificación personal antes consignados; b) de haber tenido a la vista los carnés de identificación tributaria extendidos por la Superintendencia de Administración Tributaria, en donde se consigna el número de identificación tributaria –NIT- relacionados; c) que la representación legal que se ejercita, es suficiente de conformidad con la ley y a mi juicio para la celebración del presente contrato; y, d) que los comparecientes me manifiestan que otorgan **CONTRATO DE CONSTITUCIÓN DE SOCIEDAD MERCANTIL**, contenido en las cláusulas siguientes: **PRIMERA: DENOMINACIÓN.** La denominación de la sociedad es **QB INVERSIONES, SOCIEDAD ANÓNIMA**, la cual podrá ser abreviada **QB INVERSIONES, S.A.**, de nombre comercial el que determine el Órgano de Administración. **SEGUNDA: OBJETO DE LA SOCIEDAD.** La Sociedad tiene como objeto: a) Prestación de Asesoría y Servicios de Mercadeo y Publicidad; b) Compra, venta, permuta, enajenación, arrendamiento, subarrendamiento, y negociación de bienes; c) Inversión y participación en otras sociedades; y, d) Toda actividad lícita, necesaria o conveniente para la realización del objeto social. **TERCERA: DOMICILIO SOCIAL.** La sociedad tiene su domicilio en el Departamento de Guatemala, sin perjuicio de que podrá fundar, organizar o establecer subsidiarias o filiales, sucursales, agencias, establecimientos industriales y comerciales, lugares de operación, dependencias y oficinas en cualquier otro



EN QUINCE HOJAS:
SEGUNDA

N.º B 1888757

PROTOCOLO

REGISTRO

Nº 288814

QUINQUENIO
DE 2003 A 2007

lugar de la República o del extranjero. **CUARTA: PLAZO.** El plazo de la sociedad es indefinido. **QUINTA: CAPITAL SOCIAL.** La sociedad se constituye con un capital autorizado de **DOS MILLONES QUINIENTOS MIL QUETZALES (Q.2,500,000.00),** representado y dividido en VEINTICINCO MIL (25,000) acciones comunes de una sola clase con un valor nominal de **CIEN QUETZALES (Q.100.00)** cada una. El capital suscrito y pagado de la sociedad al momento de la constitución, es la cantidad de **DOS MILLONES CIENTO OCHENTA Y DOS MIL QUINIENTOS QUETZALES (Q.2,182,500.00).** Los socios fundadores pagan el capital suscrito en la forma siguiente: A) **DESARROLLO E INVERSIONES ROCA ALTA, SOCIEDAD ANÓNIMA,** suscribe y paga la cantidad de **DOS MILLONES CIENTO CINCUENTA Y DOS MIL QUINIENTOS QUETZALES (Q.2,152,500.00),** o sea VEINTIÚN MIL QUINIENTAS VEINTICINCO (21,525) ACCIONES, con un valor nominal de CIEN QUETZALES (Q.100.00) cada una; suscripción y pago de acciones por aportación de bienes inmuebles inscritos en el Registro General de la Propiedad de la Zona Central, así: i) Finca número cuatrocientos sesenta (460), folio cuatrocientos sesenta (460) del Libro cuarenta y uno E (41E) de Propiedad Horizontal, inmueble ubicado en quinta avenida doce guión setenta y cinco, zona catorce, apartamento mil doscientos uno, Edificio Quintabella Sur de esta ciudad, aportación por un valor de **DOS MILLONES CINCUENTA Y UN MIL QUINIENTOS QUETZALES (Q.2,051,500.00);** ii) Finca número trescientos uno (301), folio trescientos uno (301) del Libro cuarenta y uno E (41E) de Propiedad Horizontal, inmueble ubicado en quinta avenida doce guión setenta y cinco, zona catorce, departamento seis, sótano dos, Edificio Quintabella Sur de esta ciudad, aportación por un valor de **CINCUENTA Y NUEVE MIL QUETZALES**

MINISTERIO DE
FINANZAS PÚBLICAS





26  **(Q.59,000.00)**; y, iii) Finca número trescientos dos (302), folio trescientos dos

27  (302) del Libro cuarenta y uno E (41E) de Propiedad Horizontal, inmueble ubicado

28  en quinta avenida doce guión setenta y cinco, zona catorce, departamento siete,

29  sótano dos, Edificio Quintabella  Sur de esta ciudad, aportación por un valor de

30  **CUARENTA Y DOS MIL QUETZALES (Q.42,000.00).** Se incluye en la

31  aportación todo cuanto de hecho y por derecho les corresponde a los inmuebles

32  relacionados. Los comparecientes en la calidad con que actúan, convienen en

33  justipreciar en la cantidad de dinero de la aportación, dichos inmuebles,

34  aceptando totalmente las aportaciones; y, b) **RAÚL EDUARDO CASTILLO**

35  **ZAGHI** suscribe y paga en efectivo la cantidad de TRESCIENTAS ACCIONES,

36  con un valor nominal de CIEN QUETZALES (Q.100.00) cada una, o sea la

37  cantidad de **TREINTA MIL QUETZALES (Q.30,000.00)**, según comprobante

38  de depósitos monetarios extendido por Banco G&T Continental, Sociedad

39  Anónima, que el Infrascrito Notario da fe de tener a la vista y que se transcribirá

40  al final del presente instrumento público. Por advertencia que le hace el

41  Infrascrito Notario, al Doctor **JOSÉ RAÚL CASTILLO LOVE,** en la calidad con

42  que actúa, declara que sobre los inmuebles que se aportan, no existen

43  gravámenes o limitaciones que puedan afectar los derechos de la entidad que

44  los recibe como aportación. **Declaración Jurada especial.** El Doctor **JOSÉ**

45  **RAÚL CASTILLO LOVE,** en su calidad de Administrador Único y

46  Representante Legal de **DESARROLLO E INVERSIONES ROCA ALTA,**

47  **SOCIEDAD ANÓNIMA, BAJO JURAMENTO SOLEMNE DE DECIR**

48  **VERDAD,** que le es tomado en este acto por el Infrascrito Notario conforme a

49  la Ley y advertido del deber de conducirse con la verdad y enterado de las

50  penas que establecen las leyes de orden penal relativas al delito de perjurio,





EN QUINCE HOJAS:
TERCERA

N⁰· B 1858785

PROTOCOLO

REGISTRO
N⁰ 288815

QUINQUENIO
DE 2003 A 2007

MINISTERIO DE
FINANZAS PUBLICAS



**DECLARA** lo siguiente: "**a.** que los inmuebles aportados y relacionados en esta escritura pública, no fueron *previamente aportados*, su Representada los adquirió por compra, por lo tanto cumple con las condiciones para gozar de la exención, establecidas en el artículo siete, numeral tres, del Decreto veintisiete guión noventa y dos del Congreso de la República, Ley del Impuesto al Valor Agregado y sus reformas, incluyendo la reforma contenida en el artículo treinta y ocho del Decreto veinte-dos mil seis (20-2006) del Congreso de la República; **b.** Que los inmuebles relacionados en esta escritura pública, fueron adquiridos por su Representada por **compraventa**, en la cual se pagaron los impuestos correspondientes; **c)** Que la presente declaración se hace de conformidad con el contenido del artículo treinta y ocho del Decreto veinte guión dos mil seis del Congreso de la República que reformó el numeral tres del artículo siete de la Ley del Impuesto al Valor Agregado y sus reformas, ya que como se consignó en la presente declaración jurada de decir verdad, los inmuebles aportados al constituir la presente Sociedad Anónima, se adquirieron por compra y no por aportación previa.". **SEXTA: DERECHOS DE LOS ACCIONISTAS.** Son derechos de los accionistas: a) examinar por sí o por medio de los delegados que designen, la contabilidad y documentos de la Sociedad, así como enterarse de la política económico-financiera de la misma, dentro de los quince (15) días calendario anteriores a la fecha en que haya de celebrarse la Asamblea General Anual. Este derecho se ejercerá de conformidad con esta escritura pública; b) promover judicialmente ante el Juez de Primera Instancia de lo Civil donde tenga su domicilio la Sociedad, la convocatoria a Asamblea General Anual, si pasada la época en que debe celebrarse según este instrumento o



transcurrido más de un año desde la última Asamblea General, los Administradores no la hubieren hecho. El Juez resolverá el asunto en incidente, con audiencia de los Administradores; c) exigir a la Sociedad el reintegro de los gastos en que incurran por el desempeño de sus obligaciones para con la misma; d) reclamar contra la forma de distribución de utilidades ó pérdidas, dentro de los tres meses siguientes a la Asamblea General en que ella se hubiere acordado. Sin embargo, carecerá de ese derecho el accionista que la hubiere aprobado con su voto o que hubiere empezado a cumplirla; e) todo accionista tiene derecho a pedir que la Asamblea General Anual resuelva sobre la distribución de utilidades; f) denunciar por escrito los hechos de la Administración que estime irregulares, ante el Órgano de Fiscalización, y éste deberá mencionar dichas denuncias en su informe a la Asamblea General de Accionistas y formular acerca de ellas las consideraciones y proposiciones que estime pertinentes para ser discutidas y resueltas por la propia Asamblea; g) participar en el reparto de las utilidades sociales y del patrimonio resultante de la liquidación; h) derecho preferente de suscripción en la emisión de acciones; i) votar en las Asambleas Generales; y, j) los demás determinados por el presente instrumento y el Código de Comercio de Guatemala. **SÉPTIMA: PROHIBICIONES.** Se prohíbe a los accionistas: a) usar del patrimonio o de la denominación para negocios ajenos a la Sociedad; b) el accionista que en una operación determinada tenga por cuenta propia o ajena un interés contrario al de la Sociedad, no tendrá derecho a votar los acuerdos relativos a esa operación. Las acciones que se encuentren en tal situación, serán computadas para los efectos del quórum de presencia. El accionista que contravenga esta



EN QUINCE HOJAS:
CUARTA

**PROTOCOLO**

REGISTRO
Nº 288816

QUINQUENIO
DE 2003 A 2007

MINISTERIO DE
FINANZAS PUBLICAS



disposición, será responsable de los daños y perjuicios, cuando sin su voto no se hubiese logrado la mayoría necesaria para la validez de la resolución; y, c) los demás que determine la ley y la presente escritura. **OCTAVA: RESPONSABILIDAD DE LOS ACCIONISTAS.** La responsabilidad de cada accionista está limitada al pago de las acciones que hubiere suscrito. **NOVENA: TÍTULOS DE ACCIONES.** Los títulos de acciones deben contener los siguientes requisitos: a) la denominación, el domicilio y la duración de la Sociedad; b) la fecha de la escritura constitutiva, el lugar de su otorgamiento, Notario autorizante y datos de su inscripción en el Registro Mercantil; c) el nombre del titular de la acción, si son nominativas; d) el monto del capital social autorizado y la forma en que ésta se distribuirá; e) el valor nominal y número de registro; f) los derechos y las obligaciones que le atribuye al accionista; y, g) la firma del Presidente y del Secretario del Consejo de Administración o del Administrador Único y de la persona que éste designe, en su caso. **DÉCIMA: RÉGIMEN DE LAS ACCIONES.** Sin perjuicio de las disposiciones contenidas en el Código de Comercio de Guatemala sobre esta materia, las acciones de la Sociedad se sujetan al siguiente régimen: a) las acciones serán nominativas o al portador, a elección del accionista; b) todas las acciones son de una sola clase, de igual valor e indivisibles. Los copropietarios de una o más acciones deberán unificar en una sola persona el ejercicio de los derechos que las mismas les atribuyen, ya sea que lo ejerza uno de los copropietarios o un tercero que sea representante común de los mismos; c) en caso de que la nuda propiedad y el usufructo sobre una o más acciones no pertenezcan a una misma persona, el derecho de voto y el derecho preferente de suscripción de nuevas acciones, corresponde al nudo



propietario.  En caso de prenda,  el derecho de voto y el derecho preferente
de suscripción de nuevas acciones, corresponde al accionista; d) cada acción
confiere derecho a un voto a su tenedor; e) la adquisición o tenencia de
acciones emitidas por la Sociedad, implica para el titular la aceptación de la
escritura constitutiva, sus modificaciones y ampliaciones, y de la presente
escritura, de las disposiciones reglamentarias y de cualesquiera resoluciones
válidamente tomadas por la Asamblea General de Accionistas o por el
Consejo de Administración o Administrador Único en su caso, salvo los
derechos de impugnación, anulación o retiro en los casos que señala la ley; f)
los títulos de las acciones podrán amparar una o más acciones, a elección del
accionista; g) la Sociedad considerará como accionista al inscrito como tal en
el Registro de Accionistas, si las acciones son nominativas y al tenedor de
éstas, si son al portador.  La exhibición material de los títulos es necesaria
para el ejercicio de los derechos que incorporan las acciones al portador, pero
podrán sustituirse por la presentación de una constancia de depósito en una
institución bancaria o de crédito, del país o del extranjero, o por certificación
de que los  títulos están a disposición de una autoridad en ejercicio de sus
funciones.  Esto sin perjuicio de las disposiciones y formalidades especiales
contenidas en esta escritura, con respecto a las Asambleas Generales y
manera de asistir a ellas; h) las acciones nominativas son transferibles
mediante endoso del título que el interesado, para que se le tenga como
accionista, hará registrar en el libro correspondiente.  Las acciones al
portador son transferibles por la mera tradición de los títulos que las
amparan; i) en caso de destrucción o pérdida de un título o certificado de
acciones, se procederá como lo ordena el artículo ciento veintinueve del





PROTOCOLO

REGISTRO

Nº 288817

QUINQUENIO
DE 2003 A 2007

Código de Comercio de Guatemala. Si apareciere otra persona alegando mejor derecho, la controversia se resolverá entre los interesados, sin afectar a la Sociedad; y, j) en libro especial se llevará el Registro de Accionistas tenedores de acciones nominativas, el que contendrá: a) el nombre y el domicilio del accionista, la indicación de las acciones que le pertenezcan, expresándose los números, series y demás particularidades; b) en su caso, los llamamientos de capital efectuados y los pagos hechos; c) las transmisiones que se realicen; d) la conversión de las acciones nominativas o certificados provisionales en acciones al portador; e) los canjes de títulos; f) los gravámenes que afectan a las acciones; y, g) las cancelaciones de éstos y de los títulos. **UNDÉCIMA: EJERCICIO SOCIAL.** El ejercicio social corre del uno de enero al treinta y uno de diciembre del mismo año calendario. Sin perjuicio que el primer ejercicio social será extraordinario, el cual correrá desde la fecha en que la sociedad quede inscrita provisionalmente en el Registro Mercantil General de la República y el treinta y uno de diciembre del dos mil seis. Cada treinta y uno de diciembre de cada año se cerrará el ejercicio contable, elaborándose el estado de pérdidas y ganancias, el balance general, la memoria de las actividades sociales y el proyecto de distribución de utilidades.——Durante los quince días anteriores a la Asamblea General Anual, estarán a disposición de los accionistas, en las oficinas de la Sociedad y durante las horas laborales de los días hábiles: a) el balance general del ejercicio social y su correspondiente estado de pérdidas y ganancias; b) el proyecto de distribución de utilidades; c) el informe detallado sobre las remuneraciones y otros beneficios de cualquier orden que hayan recibido los Administradores; d) la memoria razonada de labores de los Administradores

MINISTERIO DE
FINANZAS PUBLICAS





sobre el estado de los negocios y actividades de la Sociedad durante el ejercicio precedente; e) el libro de actas de las Asambleas Generales; f) los libros que se refieren a la emisión y registro de acciones de la misma y de las obligaciones; g) el informe del Órgano de Fiscalización; y, h) cualquier otro documento o dato necesario para la debida comprensión e inteligencia de cualquier asunto incluido en la agenda.  Cuando se trate de Asamblea General que no sea la Anual, los accionistas gozarán de igual derecho, en cuanto a los documentos señalados en las literales f), g) y h) anteriores. En caso se trate de Asamblea General Extraordinaria, deberá además circular con la misma anticipación de quince días, un informe circunstanciado sobre cuanto concierna a la necesidad de adoptar resoluciones de carácter extraordinario.  **DUODÉCIMA: RESERVA LEGAL.** De las utilidades netas de cada ejercicio se separará anualmente el cinco por ciento (5%) como mínimo para formar la reserva legal obligatoria que podrá ser capitalizada cuando su monto exceda del quince por ciento (15%) del capital pagado al cierre del ejercicio inmediato anterior, sin perjuicio de seguir separando el cinco por ciento (5%) anual obligatorio. **DÉCIMA TERCERA: ÓRGANOS DE LA SOCIEDAD.** Los órganos de la Sociedad son: a) Asamblea General de Accionistas; b) Consejo de Administración o Administrador Único; y, c) de Fiscalización.  **DÉCIMA CUARTA: ASAMBLEA GENERAL DE ACCIONISTAS.** La Asamblea General de Accionistas es el órgano supremo de la Sociedad, se formará con los accionistas legalmente convocados y reunidos y expresa la voluntad social en las materias de su competencia. Las Asambleas Generales de Accionistas son Ordinarias y Extraordinarias, y se reunirán en la sede social o en otro lugar dentro del territorio de la República.

EN QUINCE HOJAS:
SEXTA





PROTOCOLO

REGISTRO

Nº 288818

QUINQUENIO
DE 2003 A 2007

MINISTERIO DE
FINANZAS PUBLICAS



**DÉCIMA QUINTA: ASAMBLEAS GENERALES ORDINARIAS Y EXTRAORDINARIAS.** Sin perjuicio de las disposiciones contenidas en el Código de Comercio de Guatemala sobre esta materia, las Asambleas Generales de Accionistas se sujetan al régimen siguiente: a) se reunirá en Asamblea General Ordinaria Anual dentro de los cuatro meses que sigan al cierre del ejercicio social, y en cualquier tiempo en que sea convocada. Se reunirá en Asamblea General Extraordinaria en cualquier tiempo; b) las Asambleas Generales serán convocadas por el Órgano de Administración o por el Órgano de Fiscalización; mediante avisos publicados por lo menos dos (2) veces en el Diario Oficial y en otro de los de mayor circulación en el país, con no menos de quince días de anticipación a la fecha de su celebración. La convocatoria para Asambleas Generales Extraordinarias se hará en la misma forma antes expuesta, pero los avisos deberán señalar los asuntos a tratar. Los avisos contendrán los siguientes requisitos: a) nombre de la Sociedad en caracteres tipográficos notorios; b) el lugar, fecha y hora de la reunión; c) la indicación de si se trata de Asamblea General Ordinaria o Extraordinaria; y, d) los requisitos que se necesiten para poder participar en ella. No habrá Asambleas de Segunda Convocatoria. En caso que la Sociedad hubiere emitido acciones nominativas, deberán enviarse a los tenedores de éstas y a las direcciones que tengan registradas, un aviso escrito que contenga los mismos detalles antes indicados, el que deberá remitirse por correo certificado, con la anticipación señalada para la publicación de los avisos de convocatoria; c) los accionistas que representen por lo menos el veinticinco por ciento (25%) de las acciones con derecho a voto, podrán pedir por escrito en cualquier tiempo a los administradores, la convocatoria para Asamblea



General de Accionistas, para tratar de los asuntos que indiquen en su petición; d) podrán asistir a las Asambleas Generales y tomar parte en ellas, los titulares de acciones nominativas que aparezcan inscritos en el libro de registro, cinco días antes de la fecha en que haya de celebrarse la Asamblea General, así como los tenedores de acciones al portador que con la misma antelación hayan efectuado el depósito de sus acciones en las oficinas de la entidad, en la forma prevista en la literal g) de la cláusula décima de esta escritura.   Las acciones depositadas o las constancias o certificaciones respectivas, sólo se devolverán a los accionistas cuando hubiere terminado la Asamblea General y contra entrega de la contraseña extendida por la Secretaría; e) para que la Asamblea General Ordinaria y Extraordinaria de Accionistas se consideren reunidas, se requerirá que estén representadas, por lo menos, la mitad de las acciones que tengan derecho a voto, para el primer caso, y el sesenta por ciento (60%) de las acciones con derecho a voto, para las Extraordinarias. Las resoluciones se tomarán por mayoría de votos presentes en la Asamblea General Ordinaria y con más del cincuenta por ciento (50%) de las acciones con derecho a voto emitidas por la Sociedad en las Extraordinarias, sin perjuicio de las mayorías específicas que determina el Código de Comercio de Guatemala. No obstante lo expuesto, toda Asamblea General podrá reunirse en cualquier tiempo y lugar, sin que sea necesaria convocatoria previa, si concurriere la totalidad de los accionistas que corresponda al asunto que se tratará, siempre que ningún accionista se opusiere a su celebración y que la agenda sea aprobada por unanimidad; f) las Asambleas Generales serán presididas por el Presidente del Consejo de Administración o por el Administrador Único, y a falta de ellos,



EN QUINCE HOJAS:
SEPTIMA

PROTOCOLO

REGISTRO

Nº 288819

QUINQUENIO
DE 2003 A 2007

por el que fuere designado por mayoría de los accionistas presentes; y, g) los accionistas podrán hacerse representar en las Asambleas Generales únicamente por otro u otros accionistas, pudiendo conferirse la representación mediante simple carta-poder. En caso de que personas jurídicas fueren accionistas de la Sociedad, éstas serán representadas en las Asambleas Generales por la persona o persona que ellas designen, lo que podrán acreditar mediante simple carta extendida por su representante legal. **DÉCIMA SEXTA: QUORUM DE PRESENCIA.** La desintegración del quórum de presencia no será obstáculo para que la Asamblea continúe y pueda adoptar acuerdos, si son votados por las mayorías legalmente requeridas, las que en las Asambleas Ordinarias se establecerán con el quórum inicial. **DÉCIMA SÉPTIMA: ATRIBUCIONES DE LA ASAMBLEA GENERAL ORDINARIA.** Son atribuciones de la Asamblea General Ordinaria de Accionistas: a) discutir, aprobar o improbar el estado de pérdidas y ganancias, el balance general y el informe de la Administración y del órgano de fiscalización y tomar las medidas que juzgue oportunas; b) nombrar y remover a los miembros del Consejo de Administración o al Administrador Único, al Órgano de Fiscalización y determinar sus respectivos emolumentos; c) conocer y resolver acerca del proyecto de distribución de utilidades y formación de reservas que los Administradores deben someter a su consideración; d) conocer, deliberar y decidir sobre cualquier asunto o cuestión que le sean sometidos por el Consejo de Administración o por el Administrador Único, por el Órgano de Fiscalización o por moción de cualquier accionista, con tal que los mismos no sean de la competencia exclusiva de la Asamblea General Extraordinaria; e) conocer y resolver cualquier asunto que

MINISTERIO DE
FINANZAS PUBLICAS





28  exceda de la competencia del Órgano de Administración, y conferir a éste las

31  autorizaciones necesarias en caso de que sus facultades propias fueren

29  insuficientes; f) interpretar los pactos sociales; y, g) conocer y resolver los

29  asuntos que señale la presente escritura y la Ley, siempre y cuando los

30  mismos no sean de la competencia exclusiva de la Asamblea General

31  Extraordinaria. **DÉCIMA OCTAVA: ATRIBUCIONES DE LA ASAMBLEA**

32  **GENERAL EXTRAORDINARIA.** Son atribuciones de la Asamblea General

33  Extraordinaria de Accionistas; a) toda modificación de la escritura social,

34  incluyendo el aumento o reducción de capital. En caso que se resuelva

35  aumentar el capital social, la Asamblea General podrá disponer la forma y

36  demás particularidades en que deban efectuarse la emisión, suscripción y

37  pago de acciones dentro de los límites del capital autorizado o bien podrá

38  resolver que ello sea determinado por el Órgano de Administración; b) la

39  creación de acciones de voto limitado o preferentes y la emisión de

40  obligaciones o bonos; c) la adquisición de acciones de la misma sociedad y la

41  disposición de ellas; d) aumentar o disminuir el valor nominal de las

42  acciones; e) los demás que específicamente exijan la ley o la escritura social;

43  y, f) cualquier otro asunto para el que sea convocada, aún cuando sea de la

44  competencia de las Asambleas Ordinarias. **DÉCIMA NOVENA:**

45  **EJECUTORES ESPECIALES.** La Asamblea General podrá designar ejecutores

46  especiales de sus acuerdos, debiéndoles otorgar mandato especial con

47  representación suficiente para el cumplimiento del encargo. **VIGÉSIMA:**

48  **ADMINISTRACIÓN DE LA SOCIEDAD.** Sin perjuicio de las disposiciones

49  contenidas en el Código de Comercio de Guatemala sobre esta materia, la

50  Administración de la sociedad se sujeta al régimen siguiente: a) la dirección,



EN QUINCE HOJAS:
OCTAVA

Nº   B. 1838793

PROTOCOLO

REGISTRO

Nº 288820

QUINQUENIO
DE 2003 A 2007

administración y supervisión de la Sociedad, estará a cargo de un Consejo de Administración o de un Administrador Único, según lo resuelva la Asamblea General de Accionistas. El Consejo de Administración se integrará por el número de consejeros administrativos que determine la Asamblea General, no ser mayor de siete ni ser menor de tres consejeros, siempre que su número sea impar; b) los consejeros o el Administrador Único podrán ser o no accionistas y serán electos por la Asamblea General Ordinaria Anual correspondiente; c) los Consejeros Administrativos o el Administrador Único durarán como máximo tres años en sus funciones, podrán ser reelectos para períodos sucesivos y se mantendrán en sus cargos hasta que sus sucesores hayan tomado posesión. El nombramiento de Administrador es revocable por la Asamblea General en cualquier tiempo. Las vacantes definitivas que se produzcan en el Consejo de Administración o en el Administrador Único por muerte, renuncia, remoción, o por cualquier otra causa, serán llenadas por las personas que designe la Asamblea General. Los Administradores pueden ser removidos sin necesidad de expresión de causa, mediante acuerdo adoptado por la Asamblea General. Al resolver la remoción de uno o varios administradores, la propia Asamblea nombrará a quienes los sustituye. Para la remoción parcial se procederá de acuerdo al artículo ciento setenta y nueve (179) del Código de Comercio; d) en la elección de los consejeros administrativos de la sociedad, los accionistas con derecho a voto tendrán tantos votos como el número de sus acciones multiplicado por el de los Consejeros Administrativos a elegir y podrán emitir todos sus votos a favor de uno solo de los candidatos o distribuirlos entre dos o más de ellos; e) el Consejo de Administración elegirá en su primera reunión después de su

MINISTERIO DE
FINANZAS PUBLICAS





nombramiento, al Presidente, Vice-Presidente, Secretario, pudiéndose elegir también un Tesorero, cargo que podrá recaer en el Vice-Presidente, y Vocales. La designación anterior se hará separadamente y por simple mayoría de votos; f) todo asunto que no sea de la competencia exclusiva de la Asamblea General de Accionistas será resuelto por el Consejo de Administración, o por el Administrador Único. Para que el Consejo de Administración se considere reunido, deberán estar presentes o representados, por lo menos; (i) dos consejeros, cuando el total de éstos sea de tres. No se considerará reunido dicho Órgano si concurre un sólo consejero que además represente a otro; (ii) tres consejeros, cuando el total de éstos sea de cinco; y, (iii) cinco consejeros, cuando el total de éstos sea de siete. Las resoluciones del Consejo sólo serán válidas cuando se tomen, por lo menos, con el voto acorde de la mayoría de consejeros presentes o representados. En caso de empate el Presidente tendrá voto resolutivo; g) el Consejo de Administración celebrará sesiones cuando lo estime conveniente, en el lugar, día y hora que designe quien haga la convocatoria. Podrán convocar a sesión del Consejo el Presidente o quien haga sus veces, dos consejeros o el Gerente General. La convocatoria se hará por escrito, contendrá la agenda de la reunión y deberá ser entregada a cada uno de los consejeros con por lo menos dos días de anticipación a la fecha señalada para la sesión. Los consejeros que no puedan asistir personalmente a una reunión, podrán delegar mediante simple carta-poder su representación en otro consejero, el que ejercerá el voto del representado. Los consejeros así representados se tendrán como presentes para todos los efectos legales. Cada consejero podrá ejercer una sola representación; h) todas las



EN QUINCE HOJAS:
NOVENA



PROTOCOLO

REGISTRO

Nº 288821

QUINQUENIO
DE 2003 A 2007

MINISTERIO DE
FINANZAS PUBLICAS



resoluciones del Consejo de Administración deberán consignarse en acta que firmará el Presidente y el Secretario o las personas que hagan sus veces; e, i) no podrán ser Administradores de la sociedad quienes estén imposibilitados para desempeñar estos cargos conforme a la ley. Cuando lo estime conveniente, la Asamblea General podrá establecer limitaciones a las facultades y atribuciones de los miembros del Consejo de Administración, o del Administrador Único, si lo hubiere las que deberán expresarse en el Acta de la Asamblea que los elija y transcribirse en el nombramiento respectivo. Los administradores y Gerentes podrán dedicarse por cuenta propia o ajena al mismo género de negocios que constituye el objeto de la entidad a menos que la Asamblea General de Accionistas lo prohíba expresamente. **VIGÉSIMA PRIMERA: ATRIBUCIONES DEL CONSEJO DE ADMINISTRACIÓN.** Además de las atribuciones que señala la ley y esta escritura, son deberes y atribuciones del Consejo de Administración: a) determinar el régimen administrativo de la Sociedad y dar instrucciones al Gerente General para la ejecución de sus resoluciones; b) nombrar al Gerente General, Gerentes y Apoderados que considere necesarios; fijarles sus facultades y su remuneración, y removerlos; c) resolver acerca de la compra, enajenación, arrendamiento, permuta, pignoración o hipoteca de toda clase de bienes en relación al objeto de la Sociedad; obtener préstamos, disponer toda clase de operaciones bancarias y comerciales que impliquen responsabilidades económicas para la Sociedad y comprendidas en el mismo objeto social; d) aprobar los reglamentos internos de la Sociedad; establecer o suprimir agencias, subagencias, sucursales y oficinas; e) convocar para Asambleas Generales, elaborar las memorias, formular proyectos de distribución de



utilidades y proponer las iniciativas que estime convenientes; f) resolver acerca de la participación de la Sociedad en otras entidades o empresas; y, g) ejercer todas las atribuciones que le señale específicamente la Asamblea General de Accionistas o que estén contempladas en otras regulaciones de la Sociedad. **VIGÉSIMA SEGUNDA: INTERÉS DEL ADMINISTRADOR.** El Administrador que tenga interés directo o indirecto en cualquier operación o negocio, deberá manifestarlo a los demás administradores, abstenerse de participar en la deliberación y resolución del asunto y retirarse del local de la reunión. El Administrador que contravenga esta disposición será responsable de los daños y perjuicios que se causen a la Sociedad. **VIGÉSIMA TERCERA: ATRIBUCIONES DEL ADMINISTRADOR ÚNICO.** Si la sociedad estuviere administrada por un Administrador Único, éste tendrá las facultades y obligaciones siguientes: a) ejercer la representación legal de la sociedad en juicio y fuera de él y usar su denominación; b) presidir las sesiones de la Asamblea General de Accionistas; c) otorgar y revocar mandatos a nombre de la Sociedad; d) la dirección, administración y supervisión de la sociedad; y, e) tendrá todas las atribuciones, obligaciones y facultades que la presente escritura le otorga al Consejo de Administración y al Presidente de dicho órgano, en lo que sea aplicable. Si el Administrador Único lo considera conveniente, podrá delegar alguna o algunas de sus atribuciones en el Gerente General, de lo cual deberá dejarse constancia escrita y expresarse en el propio nombramiento. Cuando lo estime conveniente, la Asamblea General podrá establecer limitaciones a las facultades y atribuciones del Administrador Único, las que deberán expresarse en el propio nombramiento. El Administrador Único debe dejar



**EN QUINCE HOJAS:**
**DECIMA**

Nº B 1888795

PROTOCOLO

REGISTRO
Nº 288822

QUINQUENIO
DE 2003 A 2007

MINISTERIO DE
FINANZAS PUBLICAS



constancia de sus principales actividades y decisiones como titular del Órgano de Administración en el libro de actas de dicho órgano. **VIGÉSIMA CUARTA: ATRIBUCIONES DEL PRESIDENTE DEL CONSEJO DE ADMINISTRACIÓN.** Son atribuciones del Presidente del Consejo de Administración: a) ejercer la representación legal de la Sociedad, en juicio y fuera de él, y usar su denominación; b) presidir las sesiones del Consejo de Administración y las de la Asamblea General de Accionistas; c) otorgar y revocar mandatos conforme lo que al respecto autorice el Consejo de Administración; d) otorgar y revocar, sin necesidad de previa autorización del Consejo, mandatos especiales judiciales para atender asuntos laborales con delegación de la representación legal de la Sociedad; e) preparar las agendas de las sesiones del Consejo de Administración; f) presentar al Consejo los diversos asuntos de que deba conocer y proporcionar la debida información sobre los mismos; y, g) las demás que le correspondan de acuerdo con la Ley, la escritura social o que le sean encargadas por la Asamblea General de Accionistas o por el Consejo de Administración. El Vice-Presidente sustituirá al Presidente en el ejercicio de sus funciones y cumplimiento de las obligaciones que le corresponden, en caso de impedimento o falta temporal del mismo. En caso de falta definitiva, el Consejo elegirá en su seno a quien debe sustituirlo, quien completará el período respectivo. En caso de falta temporal del Presidente o del Vice-Presidente, los sustituirán quienes designe el Consejo de Administración. **VIGÉSIMA QUINTA: ATRIBUCIONES DEL SECRETARIO DEL CONSEJO DE ADMINISTRACIÓN.** La Secretaría del Consejo de Administración estará integrada por un secretario titular que será electo por el propio Consejo de entre sus miembros, el que tendrá a su cargo



la elaboración de las actas del Consejo de Administración y las firmará conjuntamente con el presidente pudiendo contar con el personal auxiliar que considere necesario. El Secretario tendrá bajo su responsabilidad y custodia los libros de actas, y el registro de accionistas extenderá certificaciones de los acuerdos tomados por el Consejo de Administración o por la Asamblea General de Accionistas, para el conocimiento y publicidad de los mismos, cuando fuere necesario para la realización de actos concernientes de la sociedad. El Secretario del Consejo de Administración será el Secretario de la Asamblea General de Accionistas, debiendo redactar y firmar el acta respectiva conjuntamente con el Presidente. En caso de ausencia temporal del Secretario del Consejo de Administración en una Asamblea General actuará como tal un Notario nombrado por el Consejo de Administración o por el Administrador Único, si fuere el caso. En caso de ausencia temporal del Secretario titular en una sesión del Consejo, actuará como tal el que designe el Consejo de Administración. En caso de ausencia definitiva el Consejo de Administración elegirá de entre sus miembros un Secretario titular para llenar la vacante, quien completará el período para el que fuera electo. Si la sociedad estuviere administrada por un Administrador Único, este redactará y firmará con exclusividad las resoluciones por él tomadas; pero en el caso de actas de Asamblea General de Accionistas actuará como Secretario un Notario designado por el Administrador Único para esa Asamblea. Las demás atribuciones de la Secretaría y del secretario serán determinadas y reglamentadas por el Consejo de Administración. **VIGÉSIMA SEXTA: GERENTE GENERAL**. El Gerente General será el jefe superior administrativo de la entidad; podrá ser o no accionista y su nombramiento será revocable



EN QUINCE HOJAS:
UNDECIMA



PROTOCOLO

por el Órgano de Administración en cualquier tiempo. **VIGÉSIMA SÉPTIMA:**

**ATRIBUCIONES DEL GERENTE GENERAL.** Son atribuciones del Gerente

General: a) ejercer la representación legal de la sociedad, en juicio y fuera de

él, y usar su denominación; b) cumplir y velar por que se cumplan las

normas y disposiciones que rigen a la Sociedad y las resoluciones y acuerdos

que adopte el Órgano de Administración; c) administrar los negocios del giro

ordinario de la Sociedad, dentro de las limitaciones que le impone la presente

escritura; d) proponer el nombramiento del personal que corresponda

designar al Órgano de Administración; e) preparar el proyecto de

presupuesto anual de productos y gastos para someterlo a la consideración

del Órgano de Administración; f) preparar los proyectos de informes

destinados a la Asamblea General de Accionistas; g) mantener debidamente

informado al Órgano de Administración sobre su gestión; h) otorgar y revocar

mandatos conforme lo que autorice el Órgano de Administración; i) otorgar y

revocar, sin previa autorización del Órgano de Administración, mandatos

especiales judiciales para atender asuntos laborales con delegación de la

representación legal de la Sociedad; j) concurrir a las sesiones del Consejo

de Administración, con voz, pero sin voto, salvo el caso que sea Consejero,

en cuyo caso tendrá voz y voto; y, k) las demás que le correspondan de

acuerdo con la presente escritura, que le asigne el Órgano de Administración,

el Presidente y los reglamentos de la entidad. Cuando lo estime conveniente,

el Consejo de Administración o el Administrador Único en su caso, podrán

establecer limitaciones a las facultades y atribuciones del Gerente General,

las que deberán expresarse en el propio nombramiento. **VIGÉSIMA**

**OCTAVA: REPRESENTACIÓN LEGAL.** El uso de la denominación o firma

REGISTRO

Nº 288823

QUINQUENIO
DE 2003 A 2007

MINISTERIO DE
FINANZAS PÚBLICAS





social y la representación legal de la Sociedad en juicio y fuera de él, corresponderán al Administrador Único en su caso, al Presidente del Consejo de Administración, al Gerente General, y a los Gerentes y Mandatarios que sean nombrados por el Órgano de Administración. **VIGÉSIMA NOVENA: FISCALIZACIÓN.** Las operaciones de la Sociedad serán fiscalizadas por uno o varios auditores o firma de auditores. La Asamblea General Ordinaria Anual nombrará a quienes deban fiscalizar las operaciones de la Sociedad y éstos tendrán las atribuciones que señala el artículo ciento ochenta y ocho del Código de Comercio de Guatemala. El Órgano de Fiscalización deberá cumplir con rendir su informe a la Asamblea General Ordinaria Anual o a la Asamblea General que sea solicitada por los Accionistas, de acuerdo con lo estipulado en esta escritura social. La remuneración del Órgano de Fiscalización se fijará anualmente por la Asamblea General Ordinaria Anual de Accionistas. **TRIGÉSIMA: DISOLUCIÓN.** La Sociedad se disolverá totalmente al ocurrir cualquiera de las siguientes causas, salvo que la misma sea subsanada legalmente: a) imposibilidad de seguir realizando el objeto principal de la Sociedad o por quedar éste consumado; b) resolución tomada por la Asamblea General Extraordinaria de Accionistas; c) pérdida de más del sesenta por ciento (60%) del capital pagado; d) reunión de las acciones de la sociedad en una sola persona; y, e) en los demás casos específicamente determinados por la Ley. **TRIGÉSIMA PRIMERA: LIQUIDACIÓN.** La liquidación de la sociedad se llevará a cabo en la forma prescrita por la Ley, en los artículos del doscientos cuarenta y uno al doscientos cincuenta y cuatro del Código de Comercio de Guatemala y estará, cuando menos, a cargo de tres liquidadores que designará la Asamblea General Extraordinaria



EN QUINCE HOJAS:
DUODECIMA



PROTOCOLO

REGISTRO
Nº 288824

QUINQUENIO s
DE 2003 A 2007

correspondiente. Los liquidadores actuarán conjuntamente y sus resoluciones las tomarán por mayoría de votos. Los liquidadores podrán convocar para Asambleas Generales, las que se efectuarán de acuerdo con las normas de esta escritura y versarán exclusivamente sobre asuntos pendientes a la época de acordarse liquidación o relativos a ella, así como la remoción o nombramiento de liquidadores. **TRIGÉSIMA SEGUNDA: BASES PARA LA LIQUIDACIÓN.** Los liquidadores practicarán la liquidación de la Sociedad conforme a las disposiciones legales y con arreglo a las bases siguientes: A) en los pagos, los liquidadores observarán en todo caso el orden siguiente: a) gastos de liquidación; b) deuda de la sociedad; c) aportes de los accionistas; y, d) utilidades; B) concluirán los negocios pendientes de la manera que juzguen más conveniente; C) formarán el balance, cobrarán los créditos y pagarán las deudas, enajenando los bienes de la Sociedad, si así fuera necesario para este objeto; D) el activo líquido que resultare se repartirá entre los accionistas, bien distribuyéndolo en especie, bien vendiéndolo y repartiendo su producto o bien realizando con él cualquier otra operación que acuerde la Asamblea General de Accionistas. La Asamblea General tendrá durante la liquidación las facultades necesarias para determinar las reglas y en la forma que antecede, han de regir la actuación de los liquidadores. Igualmente, fijará las atribuciones que correspondan a los liquidadores y les señalará el plazo necesario para que cumplan su cometido. El Órgano de Fiscalización desempeñará durante la liquidación y respecto a los liquidadores, las mismas funciones que normalmente desempeñaba en la vida de la Sociedad en relación con el Órgano de Administración. Las convocatorias para Asamblea General durante la

MINISTERIO DE
FINANZAS PUBLICAS





liquidación, serán hechas en los términos previstos en esta escritura.

**TRIGÉSIMA TERCERA: ATRIBUCIONES DE LOS LIQUIDADORES.** Los liquidadores tendrán las siguientes atribuciones: a) representar legalmente a la Sociedad, judicial y extrajudicialmente. Por el hecho de su nombramiento quedan autorizados para representarla judicialmente, con todas las facultades especiales pertinentes que estatuye la Ley del Organismo Judicial; b) concluir las operaciones pendientes al tiempo de la disolución; c) exigir la cuenta de su administración a cualquiera que haya manejado intereses de la Sociedad; d) liquidar y pagar las deudas de la Sociedad; e) cobrar los créditos activos, percibir su importe, cancelar los gravámenes que los garanticen y otorgar los correspondientes finiquitos; f) vender los bienes sociales, aún cuando haya algún menor o incapacitado entre los accionistas, con tal que no hayan sido aportados por aquellos con la condición de ser devueltos en especie; g) presentar estado de liquidación cuando cualquiera de los accionistas lo pida; h) rendir cuentas de su administración al final de la liquidación; i) disponer la práctica del balance general, que deberá someterse a la aprobación de los accionistas reunidos en Asamblea General; j) liquidar a cada accionista su haber social; k) depositar en el Registro Mercantil el balance general final, una vez aprobado, y obtener del propio Registro la cancelación de la inscripción de la escritura social; y l) en general, realizar todos los actos de liquidación. **TRIGÉSIMA CUARTA: DISTRIBUCIÓN DEL REMANENTE.** Los liquidadores procederán obligadamente a distribuir el remanente entre los accionistas con sujeción a las siguientes reglas: a) en el balance general final se indicará el haber social distribuible y el valor proporcional del mismo, pagadero a cada acción; b) dicho balance se publicará en el Diario Oficial y



EN QUINCE HOJAS:
DÉCIMA TERCERA

No. B 1838795

PROTOCOLO

REGISTRO

Nº 288825

QUINQUENIO
DE 2003 A 2007

en otro de los de mayor circulación en el país, por tres veces durante un término de quince días. El balance, los documentos, libros y registros de la sociedad, quedarán a disposición de los accionistas hasta el día anterior a la Asamblea General inclusive, y ellos gozarán de un plazo de quince días, a partir de la última publicación, para presentar sus reclamos a los liquidadores; y, c) en las mismas publicaciones se hará la convocatoria para Asamblea General de Accionistas, para que resuelva en definitiva sobre el balance. La Asamblea deberá celebrarse, por lo menos, un mes después de la primera publicación y en ella los accionistas podrán hacer las reclamaciones que no hubieren sido atendidas con anterioridad o formular las que estimen pertinentes. **TRIGÉSIMA QUINTA: ACUERDO DE ARBITRAJE.** Cualquier diferencia que surja entre los accionistas y la Sociedad, o entre los accionistas entre sí, con motivo o por causa de este contrato, su interpretación o ejecución, durante la vigencia de la Sociedad o su liquidación, que no pueda ser resuelta amigablemente y que no tenga un procedimiento especial previsto en esta escritura, será sometida al procedimiento arbitral, contenido en la Ley de Arbitraje, Decreto Número sesenta y siete guión noventa y cinco (67-95) del Congreso de la República de Guatemala. **TRIGÉSIMA SEXTA: DISPOSICIONES TRANSITORIAS.** En tanto se obtiene la inscripción definitiva de la sociedad en el Registro Mercantil General de la República, y se llenan los requisitos establecidos en las leyes administrativas y fiscales pertinentes y se decide sobre la forma de administración de los negocios sociales, los comparecientes acuerdan: a) elegir como ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL de la entidad al Doctor José Raúl Castillo Love, por un período de tres años; quien queda

MINISTERIO DE
FINANZAS PÚBLICAS





pienamente facultado para solicitar, gestionar y obtener la inscripción de la
sociedad en el Registro Mercantil General de la República, así como para
llevar a cabo en nombre de la misma todas las gestiones que sean necesarias
para que a la brevedad posible pueda legalmente iniciar sus operaciones.
Asimismo, se le faculta para que pueda otorgar y suscribir cualquier
documento público o privado necesario para el registro definitivo de la
sociedad y que sea requerido por el Registro Mercantil General de la
República o cualquier otra oficina o dependencia gubernamental; b) El
Administrador Único tendrá todas las atribuciones que esta escritura pública
le asigna y las que el Código de Comercio y la Ley le otorga. **TRIGÉSIMA**
**SÉPTIMA: ACEPTACIÓN.** En los términos relacionados, los comparecientes
en las calidades con que respectivamente comparecen, manifiestan su plena
conformidad sobre todos y cada uno de los extremos contenidos en esta
escritura pública. Yo, el Notario doy fe: a) de todo lo expuesto; b) de haber
tenido a la vista la constancia de depósito monetario con que se comprobó la
aportación en dinero efectivo al capital, la que literalmente dice: "DEPOSITOS
MONETARIOS No. 46632839 2010 155101 14/08/2006 13:08:36 142 DOC:
46632839 CTA: 55 0001316-9 *1 QB INVERSIONES, SOCIEDAD ANONIMA (EN
FORMA E P A Q30,000.00 G VAL TOT: Q30,000.00, FIRMA Y SELLO RECEPTOR
PAGADOR, LOS CHEQUES SE RECIBEN BAJO RESERVA USUAL DE COBRO Y SE
RECHAZA EL PAGO PARCIAL, VALIDO POR LA CERTIFICACIÓN DE LA MAQUINA
RECEPTORA, Y LA FIRMA DEL RECEPTOR, COMPROBANTE-CLIENTE."; c) de
haber tenido a la vista la documentación identificada en este instrumento por
medio de la cual los comparecientes justificaron su personería, especialmente
el acta de fecha cuatro de agosto del dos mil seis; d) de haber tenido a la



EN QUINCE HOJAS!
DECIMA CUARTA

PROTOCOLO

REGISTRO
Nº 288826

QUINQUENIO
DE 2003 A 2007

vista en el Registro General de la Propiedad las inscripciones de dominio de las fincas aportadas por medio de esta escritura pública, con lo que se acredita la propiedad de los mismos, y, e) de haber leído íntegramente lo escrito a los comparecientes quienes impuestos de su contenido y objeto, así como advertidos de sus efectos legales y de la obligación de inscripción en el Registro Mercantil General de la República y Registro General de la Propiedad de la Zona Central, lo ratifican, aceptan y firman, con el Infrascrito Notario que autoriza y que de todo lo relacionado DA FE.

EN QUINCE HOJAS:
DÉCIMA QUINTA

ES PRIMER TESTIMONIO DE LA ESCRITURA PÚBLICA NÚMERO VEINTICUATRO (24), QUE AUTORICÉ EN ESTA CIUDAD EL VEINTITRÉS DE AGOSTO DEL DOS MIL SEIS, QUE PARA ENTREGAR A LA ENTIDAD **QB INVERSIONES, SOCIEDAD ANÓNIMA**, EXTIENDO, NUMERO, SELLO Y FIRMO EN QUINCE HOJAS, DE LA PRIMERA A LA DÉCIMA CUARTA SON FOTOCOPIAS QUE REPRODUCEN FIEL Y EXACTAMENTE LA ESCRITURA MATRIZ IDENTIFICADA ARRIBA, POR HABER SIDO COPIADAS EL DÍA DE HOY EN MI PRESENCIA, Y LA DÉCIMA QUINTA, QUE ES LA PRESENTE, EN LA QUE SE ASIENTA LA RAZÓN FINAL Y SE CUBRE EL IMPUESTO DE TIMBRES FISCALES QUE CAUSA EL PRESENTE DOCUMENTO, POR UN MONTO DE **DOSCIENTOS CINCUENTA QUETZALES (Q.250.00)**, CONFORME LA TARIFA ESPECÍFICA, ADHIRIENDO CUATRO TIMBRES FISCALES, ASÍ: DOS TIMBRES FISCALES DEL VALOR DE CIEN QUETZALES CADA UNO, IDENTIFICADOS CON NÚMEROS DE REGISTRO OCHOCIENTOS SETENTA Y CINCO MIL VEINTIUNO Y OCHOCIENTOS SETENTA Y CINCO MIL VEINTIDÓS; Y, DOS TIMBRES FISCALES DEL VALOR DE VEINTICINCO QUETZALES CADA UNO, IDENTIFICADOS CON NÚMEROS DE REGISTRO NOVENTA Y NUEVE MIL SEISCIENTOS NOVENTA Y OCHO Y NOVENTA Y NUEVE MIL SETECIENTOS UNO. CIUDAD DE GUATEMALA, VEINTIOCHO DE AGOSTO DEL DOS MIL SEIS.



Razón: en esta fecha se devolvió el original del
Testimonio de la Escritura Pública No. 24
de fecha: 23-8-06 entenjado por Carlos
Cristobal Ronquillo Maria
A: Patricia Rodriguez A-1 751466
quien se identifica con cédula de Vecindad
Guatemala, 28-8-06

Hoja No.   1

de   2



ACTA NOTARIAL DE NOMBRAMIENTO DE ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL DE LA ENTIDAD QB INVERSIONES, SOCIEDAD ANONIMA. En la Ciudad de Guatemala, el diez de abril de dos mil dieciocho, siendo las doce horas con cuarenta minutos, yo, Cindi Anabí Barrios Linares, Notaria, constituida en la sexta calle siete guion treinta y cinco zona nueve, soy requerida por **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE**, quien me declara ser de cincuenta y cinco años, guatemalteco, casado, Ingeniero, de este domicilio, y se identifica con el Documento Personal de Identificación con Código Único de Identificación dos mil quinientos dieciocho, quince mil ciento cuarenta y cinco, cero ciento uno (2518 15145 0101), extendido por el Registro Nacional de las Personas. El requirente solicita mis servicios notariales para que haga constar su nombramiento como **ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL** de la entidad **QB INVERSIONES, SOCIEDAD ANONIMA**, procediéndose para el efecto de la siguiente manera: **PRIMERO:** El requirente me pone a la vista primer testimonio de la escritura pública número veinticuatro (24), autorizada en la Ciudad de Guatemala, el veintitrés de agosto del año dos mil seis por el Notario Carlos Aníbal Ronquillo Marín, y el cual documenta la escritura constitutiva de la entidad QB INVERSIONES, SOCIEDAD ANONIMA. En la razón emitida por el Registro Mercantil que aparece en el documento antes descrito, aparece que la sociedad quedó inscrita en el Registro Mercantil General de la República al número de Registro sesenta y ocho mil seiscientos cincuenta y siete (68657), folio trescientos diez (310) del Libro ciento sesenta y dos (162) de Sociedades Mercantiles. **SEGUNDO:** El requirente me solicita que haga constar lo que aparece en las cláusulas segunda, décima tercera, vigésima y vigésima octava de la escritura pública identificada, por lo que hago constar que las mismas literalmente señalan lo siguiente: *"SEGUNDA. OBJETO DE LA SOCIEDAD: La Sociedad tiene como objeto: a) Prestación de Asesoría y Servicios de Mercadeo y Publicidad; b) compra, venta, permuta, enajenación, arrendamiento, subarrendamiento, y negociación de bienes; c) Inversión y participación en otras*

Cindi Anabí Barrios Linares
Abogada y Notaria

*sociedades; y d) Toda actividad lícita, necesaria o conveniente para la realización del objeto social. (...) DECIMA TERCERA: ÓRGANOS DE LA SOCIEDAD: Los órganos de la sociedad son: a) Asamblea General de Accionistas; b) consejo de Administración o Administrador Único; y, c) de Fiscalización. (...) VIGESIMA: ADMINISTRACION DE LA SOCIEDAD: Sin perjuicio de las disposiciones contenidas en el Código de Comercio de Guatemala sobre esta materia, la Administración de la sociedad de sujeta al régimen siguiente: a) la dirección administración y supervisión de la Sociedad, estará a cargo de un Consejo de Administración o de un Administrador Único, según lo resuelva la Asamblea General de Accionistas. El consejo de Administración se integrará por el número de consejeros administrativos que determine la Asamblea general, no ser mayor de siete ni ser menor de tres consejeros, siempre que su número sea impar; b) los consejeros o el Administrador Único podrán ser o no accionistas y serán electos por la Asamblea General Ordinaria Anual correspondiente; c) Los Consejeros Administrativos o el Administrador Único duraran como máximo tres años en sus funciones, podrán ser reelectos para periodos sucesivos y se mantendrán en sus cargos hasta que sus sucesores hayan tomado posesión. El nombramiento de Administrador es revocable por la Asamblea General en cualquier tiempo. Las vacantes definitivas que se produzcan en el Consejo de Administración o en el Administrador Único por muere, renuncia, remoción, o por cualquier otra causa, serán llenadas por las personas que designe la Asamblea General. Los Administradores puede ser removidos sin necesidad de expresión de causa, mediante acuerdo adoptado por la Asamblea General. Los Administradores pueden ser removidos sin necesidad de expresión de causa, mediante acuerdo adoptado por la Asamblea General. Al resolver la remoción de uno o varios administradores, la propia Asamblea nombrara a quienes los sustituye. Para la remoción parcial se procederá de acuerdo al artículo ciento setenta y nueve (179) del Código de Comercio (...). VIGESIMA OCTAVA: REPRESENTACIÓN LEGAL: el uso de la denominación o firma social y la representación legal de la Sociedad en juicio y fuera de*

Hoja No. 2

de 2.

él, corresponderán al Administrador Único en su caso, al Presidente del Consejo de Administración, al Gerente General, y a los Gerentes y Mandatarios que sean nombrados por el Órgano de Administración." **TERCERO**: El requirente procede a ponerme a la vista el Libro de Actas de Asambleas de Accionistas de la entidad QB Inversiones, Sociedad Anónima, en el cual consta el Acta número tres (3) que documenta Asamblea General Ordinaria Totalitaria de Accionistas de la entidad, celebrada el tres de julio de dos mil diecisiete, y la cual contiene su nombramiento como **ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL** de la entidad **QB INVERSIONES, SOCIEDAD ANONIMA**, la que copiada en su parte resolutiva, literalmente establece lo siguiente: *TERCERO: El Presidente de la Asamblea somete a consideración de los accionistas los puntos de la agenda. La Asamblea luego de discutir ampliamente lo propuesto y en la forma establecida en la ley ACUERDAN: a) Nombrar al señor* **CHRISTIAN ALEXANDER ENRIQUE RASCH TOPKE** *como nuevo* ***ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL*** *de la entidad* ***QB INVERSIONES, SOCIEDAD ANONIMA*** *con todas las facultades que le otorga el pacto social y la ley (...)"* **CUARTO**. No habiendo más que hacer constar se da por finalizada la presente acta, en el mismo lugar y fecha al inicio indicados, veinticinco minutos más tarde, la que queda contenida en dos (2) hojas de papel bond tamaño oficio, las que procedo a firmar, numerar y sellar. La presente acta se extiende para hacer constar el nombramiento de **CHRISTIAN ALEXANDER ENRIQUE RASCH TÖPKE** como **ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL** de la entidad *QB INVERSIONES, SOCIEDAD ANONIMA*, adhiriéndose a la primera hoja un timbre fiscal de cien Quetzales, del año en curso, identificado con el número ciento veintiocho mil ochocientos (128800) y un timbre notarial de diez Quetzales que se identifica como AJ guion cero cero once mil ochocientos ochenta y dos (AJ-0011882). Leo íntegramente la presente acta al requirente, quien enterado de su contenido objeto, validez y efectos legales, así como de la obligación de registro, lo



ratifica y acepta, procediendo a firmar junto con la infrascrita Notaria quien de todo lo expuesto

da fe.

Cindi Anabí Barrios Linares
Abogada y Notaria



**REGISTRO MERCANTIL**

No. L- 439752 -01/16

### SEGUNDO RAZONAMIENTO

EL REGISTRO MERCANTIL CON BASE EN ACTA NOTARIAL AUTORIZADA EN LA CIUDAD DE GUATEMALA EL 10 DE ABRIL DE 2018, POR LA NOTARIA: CINDI ANABÍ BARRIOS LINARES, SE INSCRIBE SEGUNTO RAZONAMIENTO DEL NOMBRAMIENTO DE: **CHRISTIAN ALEXANDER ENRIQUE RASCH TOPKE**, COMO ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL, DE LA ENTIDAD: **QB INVERSIONES, SOCIEDAD ANONIMA**, INSCRITO BAJO REGISTRO 510893 FOLIO 404 LIBRO 443 DE AUXILIARES DE COMERCIO. PLAZO: DEFINIDO: 3 AÑOS APARTIR DEL 03 DE JULIO DE 2017. EXPEDIENTE 68215-2017. GUATEMALA 02 DE MAYO DE 2018.

RESP: NURIAN VERALY CABALLERO CONTRERAS



**RM** Registro **MERCANTIL**
Lic. César Augusto Sierra Mérida
Registrador Mercantil-Auxiliar





SEGUNDO
REGISTRO DE
LA PROPIEDAD

GOBIERNO DE LA REPÚBLICA DE
**GUATEMALA**

### EL INFRASCRITO REGISTRADOR DEL SEGUNDO REGISTRO DE LA PROPIEDAD

## CERTIFICA QUE:

**Que las 8 hojas que siguen al presente documento son auténticas las cuales fueron fotocopiadas e impresas de sus asientos originales al día de hoy, y que corresponden a la finca número: 67,813 folio 137 libro 323 del departamento de: QUETZALTENANGO.**

### SE HACE CONSTAR QUE:

**Que la, presente finca de acuerdo con el libro identificado que se tuvo a la vista al día de hoy; si tiene más operaciones vigentes fuera de lo fotocopiado y de lo impreso. - Y, a requerimiento del interesado expido la presente certificación en 7 fotocopias adjuntas, 1 hoja impresa de la misma y la presente de papel especial de la Institución con el número: 1660350 de conformidad con el documento de caja confrontadas en la ciudad de Quetzaltenango, a dos de julio del año dos mil veinte. De la presente se extiende historial completo. HONORARIOS, PAPEL Y COSTO DE REPRODUCCION: Q. 50.00.-**

**CERTIFICADOR RESPONSABLE:**   **MARIO CHAJ GONZÁLEZ**
**OFICIAL CERTIFICADOR C-13**

*Lic. Jairo Antonio Tacám Cojom*
REGISTRADOR AUXILIAR
DE CERTIFICACIONES
SEGUNDO REGISTRO DE LA PROPIEDAD

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA 660350



FINCA

# Derechos Reales

INSCRIPCIONES

Nota: El plano de dicha finca quedó archivado bajo el No. 33 del tomo 9o. de Planos. Quetzaltenango, 24 de junio del 1964. [signature]

No. 1.

Terreno situado en el municipio de Coatepeque, de este departamento, consta de: cientinoventa y siete hectáreas, treinta y cinco áreas y quintos [illegible] catorce centiáreas y linda: N. fincas "Las Camas", "Llano" Capitillo, Cupertino de León, Jacinto de Mata, Hortelano Rodas, Ageo López, finca "Los Laureles", Lázaro Díaz, Crisóstomo Díaz, Pablo y Pánfilo Escobar; S. finca "Las Brisas", Nicasio Pérez, finca "Berlín", Lorenza Barrios, Antonio Santizo y Mercedes Ramírez. O. fincas "Palestina" y "Portugal" y al P. Terreno de [illegible] y finca "Las Pilas". La Sociedad Agrícola La Esperanza, Bauer Warner y Compañía, representada por Berta Isabel Warner Cacchi de Bauer y Oscar Mario Bauer Warner, es dueña de esta finca que se formó de las de su propiedad inscritas bajo los Nos. 26.767, 25.905, 27.961, 13.525, 24.649, 12.850, 27.461, 25.914, 30.963, 28.628, 30.965, 29.942, 30.231, 21.053, 28.406, 20.666, 31.851, 27.179, 64.022, 64.023, 63.679, 31.710, y 31.311, folios 186, 34, 138, 214, 208, 28, 137, 96, 151, 154, 153, 171, 162, 64, 63, 188, 121, 103, 32, 33, 271, 147 y 148, libros 165, 162, 170, 83, 153, 80, 168, 74, 182, 173, 182, 178, 179, 129, 172, 126, 186, 167, 314, 314 y 310 de Quetzaltenango y 182 y 182 de San Marcos, que se unificaron. Testimonio de [illegible] otorgada en Guatemala el 15 del actual por el Notario Rodolfo Cordón Giménez, y presentado hoy a las 14 y 35. Asiento 354, folio 192, tomo 67 D. Quetzaltenango, 24 de junio de 1964. [signature]

Sello siguiente.

SEGUNDO REGISTRO DE LA PROPIEDAD QUETZALTENANGO
Lic. Gilberto Estuardo Valle Flores
REGISTRADOR AUXILIAR ESPECIFICO
SE FIRMA SEGÚN ACUERDO GUBERNATIVO NÚMERO 499/98

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 1 DE 8 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 67,813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DOS DE JULIO DEL AÑO 2,020.

MARIO CHAJ GONZALEZ
OFICIAL CERTIFICADOR C- 13

137

FINCA [illegible]

# Derechos Reales

**N.1**

**Anotaciones Preventivas**

Toda las fincas Nº 26.767, 25.908, 27.961, 13525, 24.649, 31.851 y 20.666, folios 183, 74, 138, 214, 208, 51 y 188 libro 165, 162, 170, 83, 153, 186 y 126 de Quezaltenango de las fincas de forma en partida [illegible] de [illegible] siguiente: L.P.A. Número 2.076 folio 324 libro 6º de Prendas [illegible] del [illegible] de Occidente, la cual se debe entender aquí. Quezaltenango, 24 de Junio de 1964.

**Nota:** El plano dicta [illegible] quedo archivado bajo el Nº 33 del Tomo 9º de Planos de Quezaltenango 24 de Junio del 1964.

**INSCRIPCIONES**

Nº 1.

[illegible] municipio de Coatepeque, de [illegible] cinco [illegible] siete hectáreas, [illegible] y cinco áreas [illegible] ochenta [illegible] centiáreas [illegible] linda: [illegible] Las Camas, [illegible] Capilla Campestre de [illegible] [illegible] López, [illegible] Dos [illegible] Díaz, [illegible] Díaz, Pablo [illegible] [illegible] "Las Brisas", [illegible] "Berlín", [illegible] Barrios, [illegible] Santizo y [illegible] Barrios. [illegible] fincas "Palestina" y "Portugal" [illegible] [illegible] "Las [illegible]" La Soledad, [illegible] La Esperanza, Bauer Marner y Compañía, [illegible] por [illegible] Bauer y [illegible] Bauer Marner, [illegible] finca que se [illegible] de las siguientes [illegible] los Nº 26.767, 25.908, 27.961, 13.525, 24.649, 12.850, 27.461, 28.914, 30.963, 26.625, 30.965, 24.002, 36.231, 21.053, 28.406, 20.666, 31.851, 27.179, 64.522, 64.023, 53.679, 31.710 y 31.711, folios 183, 74, 138, 214, 208, 26, 137, 96, 151, 154, 153, 171, 162, 64, 63, 188, 151, 133, 32, 33, 221, 147 y 148, libros 165, 162, 170, 83, 153, 80, 168, 74, 182, 173, 182, 178, 179, 129, 172, 126, 186, 167, 314, 314 y 310 de Quezaltenango y 182 y 182 de San Marcos, [illegible] Quetzaltenango [illegible] de Guatemala, el 15 [illegible] por el [illegible] Rodolfo Ortiz [illegible] [illegible] 14 y 35. [illegible] 384, folio 192, Tomo 182 [illegible] Quezaltenango, [illegible] de Junio del 1964. [illegible] 61[illegible].

**CANCELACIONES**

[illegible] siguiente

Desmembrado 2º de Esta Finca una Fracción de Mil Quinientos punto treinta y tres metros cuadrados (1500.33 mts²)

Formaron la Finca Número 228.753.

Folio 393

Libro 479 de Quetzaltenango de: Francisco Monzón y Monzón

Copia No. 383

Tomo 702 Doc.

Quetzaltenango, 13 diciembre de 1991

[illegible] Q.3.

LICENCIADO EFRAIN RECINOS [illegible] REGISTRADOR

REGISTRO DE LA PROPIEDAD Quetzaltenango Guatemala C.A.

No. 3.

Desmembrado 5 de Esta Finca 2 Fracción es de que sumadas en total son: Seiscientos cincuenta y uno punto treinta y siete metros cuadrados (651.37 mts²)

Formaron la 5 Finca 5 Números 249.307 y 249.308

Folios 7 y 8.

Libro 548 de Quetzaltenango de: Las personas ahí citadas.

Copias Archivadas bajo No. 391 y 392

Del Tomo 416 De Documentos,

Quetzaltenango, 2 de Febrero de 1993

Honor. Q. [illegible]

LICENCIADO EFRAIN RECINOS [illegible] REGISTRADOR

REGISTRO DE LA PROPIEDAD [illegible]

SEGUNDO REGISTRO DE LA PROPIEDAD QUETZALTENANGO Lic. Gilberto Estuardo Valle Flores REGISTRADOR AUXILIAR ESPECIFICO SE FIRMA SEGÚN ACUERDO GUBERNATIVO NÚMERO 498/98

REGISTRO DE LA PROPIEDAD INMUEBLE [illegible]

SEGUNDO REGISTRO DE LA PROPIEDAD

CERTIFICACIÓN AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
# GUATEMALA
## Segundo Registro
## de la Propiedad

RAZON: 2 DE 8 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 67,813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DOS DE JULIO DEL AÑO 2,020.

MARIO CHAJ GONZÁLEZ
OFICIAL CERTIFICADOR C-13

138

FINCA

## Derechos Reales

| Anotaciones Preventivas | INSCRIPCIONES | CANCELACIONES Número |
|---|---|---|
| ESPACIO NO UTILIZADO | *(handwritten text, illegible)* | *(handwritten text, illegible)* |

SEGUNDO REGISTRO DE LA PROPIEDAD

CERTIFICACIÓN
AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 3 DE 8 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 67,813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DOS DE JULIO DEL AÑO 2,020.

MARIO CHAJ GONZÁLEZ
OFICIAL CERTIFICADOR C- 13

## FINCA

Derechos Reales.

| Anotaciones Preventivas. | Inscripciones. | Desmembraciones y Cancelaciones. |
|---|---|---|
| ESPACIO NO UTILIZADO | *(handwritten text, largely illegible)* | ESPACIO NO UTILIZADO |

ESPACIO NO UTILIZADO

SEGUNDO REGISTRO DE LA PROPIEDAD

CERTIFICACIÓN
AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 4 DE 8 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 67,813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DOS DE JULIO DEL AÑO 2,020.

MARIO CHAJ GONZÁLEZ
OFICIAL CERTIFICADOR C-13

NÚMERO

137

# HIPOTECAS

| Anotaciones Preventivas | INSCRIPCIONES | CANCELACIONES |
|---|---|---|

ESPACIO NO UTILIZADO

ESPACIO NO UTILIZADO

La Entidad "Sociedad Agrícola de la Finca
de Esperanza", Sociedad Anónima, reconoce ser deudora al Banco de Occidente, por
la suma de ciento treinta mil quetzales, plazo
de Q.130,000, interés a razón por ciento anual.—
En garantía la hipoteca su finca, cuenta
se autoriza en Guatemala por la señora
Isabel Schatt Lehnhoff de Pivaral,
el 16 de Octubre pasado y presentada hoy a las
14 horas libro 403 folio 4339267º Quezaltenango, 1º de Noviembre de 1978 hora
de 301

Nº 2.-

El Banco de Occidente amplía a favor de la
Sociedad Agrícola Esperanza Jacobo, Sociedad Anónima el préstamo relacionado en
la 1ª inscripción hipotecaria de esta finca, en la cantidad de Ciento treinta mil
Quetzales, el vencimiento de la obligación
será el 15 de Julio de 1988 dentro del cual
queda enmarcada la presente ampliación
misma que queda sujeta a las mismas condiciones del crédito original. En garantía la Sociedad amplía a favor del Banco
la hipoteca ya constituida. Más condiciones
constan en la escritura autorizada en
Guatemala, el 26 de Abril de 1983, por el
notario José Roberto Ulloa Novas y presentada hoy a las 14:55 ºsto 146 y 148, Folios 256 y
262, Tomo 286 2º, Quezaltenango, 5 de Mayo
de 1983.— ítem $ 333.—

POSª AL
FOLIO ANTERIOR

**CANCELACIÓN:** TOTALMENTE
En vista de la inscripción hipotecaria de esta finca, por haberse cancelado el crédito e intereses respectivos que la motivó...

Quezaltenango
...

El Ingeniero de Desarrollo Agrícola Guatemala, amplía totalmente la 5ª y 6ª inscripción la Certificación de la presente finca de la cual se ha fijado la notaría ...



SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 5 DE 8 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 67,813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DOS DE JULIO DEL AÑO 2,020.

**MARIO CHAJ GONZÁLEZ**
OFICIAL CERTIFICADOR C- 13

NUMERO ____ 138

# HIPOTECAS

| Anotaciones Preventivas | INSCRIPCIONES | CANCELACIONES |
|---|---|---|

ESPACIO NO UTILIZADO

Marca 3

[illegible] Banco de Occidente, prorroga el plazo del crédito a que se refieren la 1a. y 2a. inscripciones hipotecarias de esta finca por seis meses más que vencerá el quince de Enero del año en trámite. Comisión Bancaria, la máxima autorizada por la Junta Monetaria, o la que el Banco determine legalmente si las autoridades competentes establecen un régimen distinto y bajo los mismos términos y condiciones del crédito inicial. Razón en el Ast. 343, folio 546, tomo 286 D. Quezaltenango, 31 de agosto de 1.983. Hon.: Q 33.2 [firma]

Cancelaciones: Quetzaltenango, 21 de Octubre de 1991. Hon. Q.657.00 [firma]

LICENCIADO MARIO EF[illegible] [illegible]INOS RUIZ REGISTRADOR

N° 4a.

Prorrogado el plazo para la cancelación de los créditos a que se refiere la 1a. y 2a. inscripciones hipotecarias de esta finca, el que vencerá el 15 de Julio próximo, bajo los mismos términos y condiciones del contrato original. Razón en el Asto. 269, folio 450, tomo 291 D. Quezaltenango, Junio 26 de 1984. Hons. Q 3.32 [firma]

Licenciado R. ALFREDO LEON C. REGISTRADOR

SEGUNDO REGISTRO DE LA PROPIEDAD Quezaltenango, Guatemala, C.A.

Libre

N° 5

El Banco de Occidente concedió a "Agrícola Esperanza Jacobi, Sociedad Anónima" crédito a mutuo por Doscientos Veinticinco Mil Quetzales, para el plazo de [illegible] meses a partir de la fecha de la escritura al final citada, al interés sobre saldos del doce por ciento anual o la tasa que el Banco determine legalmente si las autoridades competentes establecen un régimen distinto; si la tasa es aumentada por la Junta Monetaria, la deudora está obligada al pago de la nueva tasa desde la fecha en que cobre vigencia la autorización para el aumento; si el Banco refinancia el crédito en el Banco de Guatemala, mientras dure el refinanciamiento, la deudora pagará intereses que se calcularán a una tasa igual a la suma de la tasa que el Banco de Occidente pague al Banco de Guatemala y hasta el recargo máximo que autorice la Junta Monetaria. En garantía del crédito que es cedible sin aviso, la deudora constituye a favor del Banco primera hipoteca sobre esta finca. Las demás condiciones del contrato constan en la escritura N° 73 autorizada en la ciudad de Guatemala el veintidós del actual por el Notario José Roberto Ulloa Navas y presentada hoy a las 14.50. Ast. 279, folio 451, tomo 291 R. Quetzaltenango, 24 de Agosto de 1984. Hons. Q 226. Testado: [illegible]. Vale [illegible] [firma]

Licenciado R. ALFREDO LEON C. REGISTRADOR

SEGUNDO REGISTRO DE LA PROPIEDAD Quezaltenango, Guatemala, C.A.

[firma]

Margen: [illegible] folio 65 libro [illegible] [illegible]

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
# GUATEMALA
### SEGUNDO REGISTRO
### DE LA PROPIEDAD

RAZON: 6 DE 8 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 67,813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DOS DE JULIO DEL AÑO 2,020.

MARIO CHAJ GONZÁLEZ
OFICIAL CERTIFICADOR C- 13

NUMERO 6 / 2 ———

Hipotecas.

| Anotaciones Preventivas. | Inscripciones. | Cancelaciones |
|---|---|---|
| ESPACIO NO UTILIZADO | [handwritten paragraph] | ESPACIO NO UTILIZADO |

. ESPACIO NO UTILIZADO

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 7 DE 8 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 67,813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DOS DE JULIO DEL AÑO 2,020.

MARIO CHAJ GONZÁLEZ
OFICIAL CERTIFICADOR C-13

Quetzaltenango, figura inscrita la finca 67813, cuyo asiento actual de duda rústica, ubicada en el Municipio de Coatepeque, de este departamento, con área actual de 1,969,294.541400 m2, con las colindancias siguientes:  VER DEMARCACION EN EL LIBRO MAYOR, propiedad de La Sociedad "Agrícola Esperanza Jacobi, Sociedad Anónima", abreviamente "Agrícola Esperanza Jacobi, S. A." de nombre comercial "JACOSA", conforme escritura 105 autorizada el 14 de mayo de 1980 por el notario Rodolfo Cordón Jiménez.   Tiene tres inscripciones de desmembraciones.   Se cancelaron totalmente de la 1a. a la 6a. inscripciones hipotecarias por medio de 2 inscripciones de cancelaciones hipotecarias.   Se cancelo totalmente la anotación preventiva por medio de la 1a. inscripción de cancelaciones de anotaciones. La presente finca no tiene LIMITACIONES, ANOTACIONES ni GRAVAMENES vigentes.. Realizado en  Quetzaltenango,  2 de diciembre de 2019.  Operador O18 Luis Fernando Soch Martinez

SEGUNDO REGISTRO DE LA PROPIEDAD
Licda. Miriam Lisseth Hernández Herrera
REGISTRADORA AUXILIAR

Derechos Reales.   Dominio.   Inscripción Número:  4                              Finca 67813 Folio 137 Libro 323 de Quetzaltenango.   QB INVERSIONES, SOCIEDAD ANÓNIMA por Q100,000.00, compró (aron) a AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, ésta finca, precio ya pagado. Escritura No. 42 autorizada 15 de octubre de 2019 por el notario RODOLFO ENRIQUE GONZÁLEZ RIVERA.   Documento presentado 20 de noviembre de 2019 a las 13:00:14 horas, ingresando  éste y su copia electrónica con número 19R110156665.  Honorarios Q295.00 .  Realizada en Quetzaltenango,  2 de diciembre de 2019.  Operador O18 Luis Fernando Soch Martinez.

SEGUNDO REGISTRO DE LA PROPIEDAD
Licda. Miriam Lisseth Hernández Herrera
REGISTRADORA AUXILIAR

RAZON: La presente finca, al día de hoy, tiene documentos pendientes de operación que podrían afectar los derechos de los interesados de conformidad con lo establecido en el artículo 1,148 del Código Civil.

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE

# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 8 DE 8 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 67,813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DOS DE JULIO DEL AÑO 2,020.

MARIO CHAJ GONZÁLEZ
OFICIAL CERTIFICADOR C-13



SEGUNDO
REGISTRO DE
LA PROPIEDAD

**GOBIERNO DE LA REPÚBLICA DE**
## GUATEMALA

*EL INFRASCRITO REGISTRADOR DEL SEGUNDO REGISTRO*

*DE LA PROPIEDAD.*

*CERTIFICA QUE:*

*LAS TRES FOTOCOPIAS ENGRAPADAS A ESTE DOCUMENTO SON AUTENTICAS POR HABER SIDO TOMADAS DE SU ORIGINAL EL DÍA DE HOY Y QUE CORRESPONDEN A LA FINCA NÚMERO 82.793 FOLIO 155 LIBRO 342 DEL DEPARTAMENTO DE QUETZALTENANGO.*

*SE HACE CONSTAR:*

*QUE LA PRESENTE FINCA TIENE DOCUMENTOS PENDIENTES POR OPERAR AL DÍA DE HOY Y A SOLICITUD DEL INTERESADO EXPIDO LA PRESENTE CERTIFICACIÓN PARCIAL EN TRES HOJAS ADJUNTAS É IMPRESAS DE PAPEL BOND Y UNA HOJA DE PAPEL DE LA INSTITUCION CON EL NÚMERO 1650143 EN LA CIUDAD DE QUETZALTENANGO A DOS DIAS DEL MES DE JULIO DE 2020.-. DE LA PRESENTE FINCA SE EXTENDIO HISTORIAL COMPLETO.-. HONORARIOS Q50.00.-.-.*

*RESPONSABLE DE LAS FOTOCOPIAS.*



Gustavo Adolfo Tahay Choxom
Oficial Certificador C-15

Lic. Jairo Antonio Tacám Cojom
REGISTRADOR AUXILIAR
DE CERTIFICACIONES
SEGUNDO REGISTRO DE LA PROPIEDAD

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA

1650143

6 AVENIDA D10-64 ZONA 6, QUETZALTENANGO | PBX: 7957-1111 | WWW.SRP.GOB.GT

Quetzaltenango, figura inscrita la finca 82793, cuyo estado actual es el siguiente: Finca rústica ubicada en jurisdicción del Municipio de Coatepeque, de este departamento, con área actual de 2,535.410000 m2, con las colindancias siguientes: VER DEMARCACION EN EL LIBRO MAYOR, propiedad de La Sociedad "Agrícola Esperanza Jacobi, Sociedad Anónima", abreviamente "Agrícola Esperanza Jacobi, S. A." de nombre comercial "JACOSA", conforme escritura 105 autorizada el 14 de mayo de 1980 por el notario Rodolfo Cordón Jiménez. Tiene cuatro inscripciones de desmembraciones. La presente finca no tiene LIMITACIONES, ANOTACIONES ni GRAVAMENES vigentes.. Realizado en Quetzaltenango, 2 de diciembre de 2019. Operador O18 Luis Fernando Soch Martínez



SEGUNDO REGISTRO DE LA PROPIEDAD
Licda. Miriam Liseeth Hernández Herrera
REGISTRADORA AUXILIAR

Derechos Reales. Dominio. Inscripción Número: 3                    Finca 82793 Folio 155 Libro 342 de Quetzaltenango. QB INVERSIONES, SOCIEDAD ANÓNIMA por Q25,000.00, compró (aron) a AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, ésta finca, precio ya pagado. Escritura No. 42 autorizada 15 de octubre de 2019 por el notario RODOLFO ENRIQUE GONZÁLEZ RIVERA. Documento presentado 20 de noviembre de 2019 a las 13:00:14 horas, ingresando éste y su copia electrónica con número 19R110156665. Honorarios Q183.00 . Realizada en Quetzaltenango, 2 de diciembre de 2019. Operador O18 Luis Fernando Soch Martínez.

SEGUNDO REGISTRO DE LA PROPIEDAD
Licda. Miriam Liseeth Hernández Herrera
REGISTRADORA AUXILIAR

RAZON: La presente finca, al día de hoy, tiene documentos pendientes de operación que podrían afectar los derechos de los interesados de conformidad con lo establecido en el artículo 1,148 del Código Civil.



SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE

# GUATEMALA
## SEGUNDO REGISTRO
DE LA PROPIEDAD

*HOJA      1  DE  3*
*FINCA      82.793 FOLIO  155   LIBRO 342 DE*
*QUETZALTENANGO.*
*QUETZALTENANGO, 02 DE JULIO DE  2020.-*



**Gustavo Adolfo Tahay Choxom.**
*Certificador C-15*

FINCA Rústica

# DERECHOS REALES

| CANCELACIONES | ANOTACIONES PREVENTIVAS | INSCRIPCIONES | CANCELACIONES Y DESMEMBRACIONES |
|---|---|---|---|
| ESPACIO NO UTILIZADO | | N.º 1.- Finca rústica ubicada en jurisdicción del municipio de Coatepeque, de este departamento, con[illegible] de diez mil cuatrocientos [illegible] y [illegible] metros cuadrados y linda: O. Hermenegildo Salas y la finca matriz; P. fincas "Las Canas" y "La Gloria"; N. finca "La Esperancita"; y S. finca "La Esperanza".- La Sociedad Agrícola de la Esperanza, Sociedad Anónima, representada por su gestor de negocios René Juárez Gordillo, y por el precio de mil quetzales, pagado, compra al Isabel López Santizo, esta finca que se desmembró de la N.º 80883 folio 42 libro 336 de Quezaltenango. Escritura autorizada en Coatepeque, el dieciséis de Enero último por el Notario Gilberto Rueda Figueroa, y presentada hoy a las 14 y 46. asto. 396, folio 286, tomo 210 D.º Quezaltenango 7 de agosto de 1.964. Hon.: Q 2.00.- [firma] | Número 1. Desmembrada 1 de Esta Finca, tres Fracción es que suman: mil quinientos nueve punto cuarenta y nueve metros cuadrados.- Formando las fincas Número 202438 a la 202440 Folio 272 a 274 Libro 706 de Quetzaltenango de las personas allí citadas. Escritura en Asiento N.º 18 Folio 31 Tomo 274 Diario General. Quezaltenango de 29 SET. 1980 de 19 Honor. Q 3.00 [firma] |
| | | N.º 2.- La Sociedad "Agrícola Esperanza Jucubi Sociedad Anónima" abreviadamente "Agrícola Esperanza Jucubi S.A." de nombre Comercial "Jacasa", es dueña de esta finca, de conformidad con la escritura número 105 autorizada en la ciudad de Guatemala el catorce de Mayo de 1980 por el Notario Rodolfo Cordón Jiménez y Solicitud firmada en Guatemala el 19 de Agosto de 1992, de Federico Bauer Rodríguez como Presidente del Consejo ~~Administrativo~~ de Administración de la Sociedad, documentos presentados hoy a las 14 y 00.- Copias archivadas bajo el número 27[illegible] del tomo 711 de Documentos.- Quetzaltenango 3 de Septiembre de 1992 Hon. Q 20.- Testado: Administrativo: No vale. [firma] | N.º 2. Desmembradas de esta finca seis fracciones que en total suman tres mil trescientos cincuenta y [illegible] metros cuadrados trece centímetros cuadrados que forman las fincas números: 215323 - 215324 - 215325, 215326 - 215327, 215328 a folios 273, 298, 275, 276, 297, 298 libro [illegible] de Quetzaltenango de las personas allí citadas.- Escrituras allí detalladas, en el asto. 76 folio 114 tomo 1980 Quetzaltenango 1 de Octubre de 1986. Hon. Q [illegible] [firma] Licenciado R. ALFREDO DE LEON CORDOVA REGISTRADOR |
| | RR | | |

SEGUNDO REGISTRO DE LA PROPIEDAD Quezaltenango, Guatemala, C.A.

CERTIFICACIÓN AUTORIZADA

Pasó a cancelaciones de inscripciones desmembraciones



GOBIERNO DE LA REPÚBLICA DE
# GUATEMALA
### SEGUNDO REGISTRO
### DE LA PROPIEDAD

*HOJA      2  DE  3*
*FINCA      82.793 FOLIO  155  LIBRO 342 DE*
*QUETZALTENANGO.*
*QUETZALTENANGO, 02 DE JULIO DE  2020.-*



**Gustavo Adolfo Tahay Choxom.**
*Certificador C-15*

NUMERO

# HIPOTECAS

Demembracions

| CANCELACIONES | ANOTACIONES PREVENTIVAS | | INSCRIPCIONES | | CANCELACIONES |
|---|---|---|---|---|---|
| No. 3. | | | | | ESPACIO NO UTILIZADO |
| Desmembrada _____ de Esta Finca. | | | | | |
| 1. Fracción _____ | | | | | |
| QUINIENTOS DIECI | | | | | |
| NUEVE PUNTO CERO | | | | | |
| SEIS METROS CUA | | | | | |
| DRADOS (519.06 Mts) | | | | | |
| Reserva la a Finca No. ___ | | | | | |
| 249.301 | | | | | |
| Folio _____ 1 | | | | | |
| Libro 548 de GUATE- | | | | | |
| TENANGO de EUDOCIO | | | | | |
| ZABANEGS Tellez. | | | | | |
| Copia Archivada bajo No. 383 | | | | | |
| Del Tomo _____ 716 | | | | | |
| De Documentos. | | | | | |
| Quetzaltenango, _____ 3 | | | | | |
| de FEBRERO de año 93 | | | | | |
| Hora: 9. 3ª _____ | | | | | |
| | | | | | |
| Fr. _____ | | | | | |
| | | | | | |
| No 4. | | | | | |
| Desmembrada 5 de Esta Finca | | | | | |
| 5 fracciones es que | | | | | |
| JUNTADAS SON EN TOTAL | | | | | |
| DOS MIL QUINIENTOS | | | | | |
| SESENTA Y DOS PUNTO | | | | | |
| NOVENTA Y UN METROS | | | | | |
| CUADRADOS (2,562.91) | | | | | |
| Reserva la a Finca a Número de | | | | | |
| 249.302 A LA 249.306 | | | | | |
| Folio 2 A LA 6 | | | | | |
| Libro 548 : GUATZA | | | | | |
| TENANGO de LAS PERSO | | | | | |
| NAS AHÍ CITADAS. | | | | | |
| Copia Archivada bajo Nos 384 A LA | | | | | |
| 389. | | | | | |
| Del Tomo 716 | | | | | |
| De Documentos. | | | | | |
| Quetzaltenango, 2. | | | | | |
| de FEBRERO de año 93 | | | | | |
| Hora: 9. 15. _____ | | | | | |
| | | | | | |
| Fr. _____ | | | | | |
| | | | | | |
| | | | | SEGUNDO REGISTRO DE LA PROPIEDAD | |
| 7 | | | | | |
| | | | | AUTORIZADA | |



GOBIERNO DE LA REPÚBLICA DE
**GUATEMALA**
SEGUNDO REGISTRO
DE LA PROPIEDAD

*HOJA      3  DE  3*
*FINCA      82.793 FOLIO  155  LIBRO 342 DE*
*QUETZALTENANGO.*
*QUETZALTENANGO, 02 DE JULIO DE  2020.-*



**Gustavo Adolfo Tahay Choxom.**
*Certificador C-15*





---

**AVALÚO No.**      **15208-02-001**

---

**CLIENTE:**     **Multiflora International, Ltd.**

**Finca La Esperanza, municipio de Coatepeque, departamento de Quetzaltenango.**

---

**Guatemala, 9 de julio de 2020**

---



Avalúo No.:   15208-02-001
Fecha de entrega:   9 de julio de 2020
COMPRA VENTA

## AVALÚO: TERRENO

**Dirección Actual:** Finca La Esperanza, municipio de Coatepeque, departamento de Quetzaltenango.

**Descripción Inmueble:** Terreno actualmente con cultivos de hule y café, con casa patronal y construcciones de apoyo.

**Intención del Avalúo:** Conocer el valor comercial del inmueble para ser utilizado como referencia para una operación de compra-venta.  **Fecha de la Visita:** Para este reporte no se hizo visita de campo.

**Aspectos Positivos:** ▪ Terrenos con buenos suelos para cultivos. Su extensión es aprovechable. Su ubicación cercana a la cabecera municipal les da la opción de un uso alterno. Están aproximadamente a 2.8 km. del centro de Coatepeque y a 600 m. de la carretera principal.

**Aspectos Negativos:** ▪ Ninguno relevante.

**Velocidad de reventa:** ▪ Normal a lenta. Los terrenos están cercanos a la carretera CA-2 y al casco urbano de Coatepeque, y pueden ser aptos para un uso urbano. Su extensión condiciona al número de posibles compradores hacia desarrolladores o inversionistas.

| Datos de Finca | Aspectos Legales Importantes | | Área en M² | | Propietario Finca: |
|---|---|---|---|---|---|
| Finca 67813, Folio 137, Libro 323 de Quetzaltenango | Limitaciones: | Sí tiene | Registrada: | 1,969,294.5414 | QB INVERSIONES, S.A. |
| | Hipotecas: | No tiene | Valuada: | 1,969,294.5414 | |

| Datos de Finca | Aspectos Legales Importantes | | Área en M² | | Propietario Finca: |
|---|---|---|---|---|---|
| Finca 82793, Folio 155, Libro 342 de Quetzaltenango | Limitaciones: | No tiene | Registrada: | 2,535.410 | QB INVERSIONES, S.A. |
| | Hipotecas: | No tiene | Valuada: | 2,535.410 | |

**Notas Importantes:** ▪ En la obtención del valor de la tierra se hizo un análisis bajo las condiciones actuales en el sector. Por ahora el mercado de la tierra es incierto por factores internacionales de venta de los productos de los cultivos dominantes de la región, café y hule. ▪ El proceso de cambio de uso del suelo en el sector puede ampliar su oferta de reventa hacia desarrolladores y bajo esta premisa se analizó el valor de tierra. ▪ Este informe no es un avalúo agrícola, los cultivos no se valuaron.

## TABLA DE VALORES

De acuerdo a los análisis realizados y criterios expuestos por los profesionales valuadores se concluye que los valores quedan como siguen:

| Descripción | Área | | Valor Unitario | | Valores Totales | |
|---|---|---|---|---|---|---|
| | V² | M² | $/V² | $/M² | Monto en US$ | Monto en Q |
| Terreno rústico | 2,821,984.4349 | 1,971,829.9514 | $ 1.01 | $ 1.45 | $ 2,859,153.43 | Q 22,015,481.41 |
| | | | | SUB TOTAL TERRENO: | $ 2,859,153.43 | Q 22,015,481.41 |

**VALOR TOTAL DEL INMUEBLE:** $ 2,859,153.43   Q 22,015,481.41

| Tasa cambio x US$1.00. | Q7.70 | Tasa de cambio: BANGUAT | 9 de julio de 2020 | Fuente: http://www.banguat.gob.gt/cambio/ |
|---|---|---|---|---|

Bajo las características definidas en el avalúo a juicio de los suscritos valuadores, el inmueble descrito tiene un Valor Comercial estimado de:
----Dos millones ochocientos cincuenta y nueve mil ciento cincuenta y tres con 43/100 Dólares de los Estados Unidos de América----.

El valor consignado en este informe no incluye suma alguna que refleje el pago de impuestos o arbitrios, ni considera contingencias fiscales.

| VALOR UNITARIO POR M²: El valor unitario por m2, es el resultado de dividir el valor total entre la suma de las áreas de las dos fincas | $ 1.45 | Q 11.17 |
|---|---|---|

Arq. Shiomara Montenegro
Valuadora Autorizada No. 1618-M-2016

Arq. Virginia Ticó
Valuadora Autorizada No. 723-T-2006

Guatemala, 9 de julio de 2020

12 Calle 2-25, Zona 10, Edificio AVIA, Oficina 801, Guatemala, Guatemala C.A. 01010
PBX: (502) 2327-0800   Fax: (502) 2327-0801 www.ig.gl

1 de 11



|  | Avalúo No.: | 15208-02-001 |
|---|---|---|
|  | Fecha de entrega: | 9 de julio de 2020 |
|  |  | COMPRA VENTA |

## METODOLOGÍAS Y CRITERIO PARA LA DETERMINACIÓN DE LOS VALORES

### TIERRA

| | |
|---|---|
| Área neta valuada de las dos fincas como un solo cuerpo (M²): | 1,971,829.9514 |

**Consideraciones importantes**

| | |
|---|---|
| Forma: | Irregular |
| Ubicación: | Medial |
| Frente y Fondo en km. (estimado por imagen satelital): | 2.83 x 1.63 |
| Topografía: | Desde plana a inclinada |

◘ El terreno valuado tiene forma irregular, su ubicación es medial, con acceso a nivel de carretera. Cuenta con caminos internos y casco de la finca.

◘ El valor base se tomó del estudio de mercado realizado en el sector y en sectores cercanos.

◘ Por las características físicas del terreno, se aplicaron factores de ajuste por extensión y ubicación con respecto a la oferta encontrada.

◘ Por su ubicación, las fincas pueden optar a un uso alterno al de cultivos o a uno urbano. Bajo esta premisa se analizó el valor de tierra.

Valor del Terreno (US$/ M²):     $1.45



| | |
|---|---|
| Avalúo No.: | 15208-02-001 |
| Fecha de entrega: | 9 de julio de 2020 |
| | COMPRA VENTA |

## CARACTERÍSTICAS DEL AVALÚO

**Características Generales:**

1   Los análisis y conclusiones del presente reporte se limitan a las condicionantes descritas; que fueron realizadas de acuerdo a nuestra experiencia profesional. Como cualquier otra opinión, la misma puede estar sujeta a variaciones de mercado y a posibles investigaciones complementarias que se realicen.

2   Inspecciones Globales no tiene interés presente o futuro sobre los bienes sujetos a este avalúo, ni tampoco se tienen vínculos, ni intereses de ningún tipo con ninguna de las partes involucradas.

3   Nuestra compensación no está sujeta a una acción o evento que se derive de las conclusiones emitidas en el presente reporte.

4   Para la realización del presente reporte no se obtuvo ayuda externa de terceras personas, a menos que sea citada específicamente en el contenido del informe.

5   Debido a que es una opinión profesional, cualquier entidad financiera que desee hacer uso del presente avalúo, toma para sí misma todos los riesgos que conlleva la realización de un proceso de crédito, y exime a Inspecciones Globales y al valuador de cualquier responsabilidad derivada del mismo.

6   El valor de mercado no incluye suma alguna que refleje el pago de impuestos o arbitrios, ni considera contingencias fiscales.

7   La parte solicitante proporcionó las certificaciones de Registro de las fincas en estudio ante el Segundo Registro General de la Propiedad, así como las consultas de las matrículas fiscales ante la Dicabi. Asimismo, se asume que todos los datos proporcionados por la parte interesada, son ciertos, exactos y que carecen de mala fe, razón por la cual Inspecciones Globales no asume responsabilidad en cuanto a lo consignado en dichos documentos ni tampoco da opinión jurídica de la propiedad del inmueble objeto de la valuación.

8   Inspecciones Globales S.A. se reserva el derecho de solicitar el original y las copias del presente informe de valuación para corregir cualquier información contenida que pueda ser considerada error u omisión.

9   Para la realización de este informe de valuación no se hizo visita de campo, dadas las restricciones de desplazo entre departamentos por las condiciones generadas por la pandemia COVID-19. El cliente proporcionó las fotografías que se han validado para el objetivo del reporte. Cualquier cambio en las características que se han asumido en base a la información recibida, podrían modificar el valor consignado.

10   El o los valuadores no están obligados a futuras consultorías, asesorías o tiempo adicional a menos que quede pre-pactado en el documento original de contratación. Cualquier consulta fuera de lo convenido, se cobrará a la tarifa de hora trabajada vigente a la fecha de contrato de nuestros servicios.

11   Este reporte no cumple con los requerimientos para ser utilizado con fines de Seguros.

12   **Este reporte tiene una vigencia de seis meses a partir de la fecha del informe.**

**Características Específicas:**

1   El presente informe de valuación fue solicitado por el interesado para establecer un posible valor **comercial** en el mercado inmobiliario, pero como ya se indicó, el mismo puede ser objeto de variaciones dependiendo de lo que el mercado demande.

2   Los referenciales se seleccionaron por su cercanía o similitud al inmueble en estudio, estableciendo filtros entre el uso del suelo, su ubicación y su extensión. Se ajustaron valores de oferta en función de la realidad del mercado actual para calcular el valor resultante.

3   Todos los informes de valuación realizados por Inspecciones Globales reflejan **valores comerciales** de los inmuebles en estudio.

12 Calle 2-25, Zona 10. Edificio AVIA, Oficina 803, Guatemala, Guatemala C.A. 01010
PBX: (502) 2327-0900 Fax: (502) 2327-0901 www.ig.gt

3 de 11



| | | Avalúo No.: | 15208-02-001 |
| | | Fecha de entrega: | 9 de julio de 2020 |
| | | | COMPRA VENTA |

## AVALÚO

**Cliente:** Multiflora International, Ltd.

**Entidad Financiera:** No especificada

**Intención del Reporte:** Conocer el valor comercial del inmueble para ser utilizado como referencia para una operación de compra-venta

**Descripción del Inmueble:** Terreno actualmente con cultivos de hule y café, con casa patronal y construcciones de apoyo.

| | Identificación de la Finca | Área Registrada Actual M² | Área Neta Valuada M² | Propietario de la Finca | Dirección Registrada |
|---|---|---|---|---|---|
| Datos de Registro: | Finca 67813, Folio 137, Libro 323 de Quetzaltenango | 1,969,294.5414 | 1,969,294.5414 | QB INVERSIONES, S.A. | Terreno situado en el municipio de Coatepeque de este departamento (Quetzaltenango). |
| | Finca 82793, Folio 155, Libro 342 de Quetzaltenango | 2,535.4100 | 2,535.4100 | QB INVERSIONES, S.A. | Terreno rústico en jurisdicción del municipio de Coatepeque, de este departamento (Quetzaltenango) |

| Área total valuada: | 1,971,829.9514 M². | Equivalente a: | 2,821,984.4349   Vr2. |
|---|---|---|---|

**Dirección Real:** Finca La Esperanza, municipio de Coatepeque, departamento de Quetzaltenango.

**Aspectos de la Visita:** Para este reporte no se hizo visita de campo.

## INFORMACIÓN GENERAL DEL INMUEBLE PRINCIPAL

| Contadores de Luz: | No disponible | Latitud*: | 14°41'0.11"N | Matrícula Fiscal Finca 67813, Folio 137, Libro 323 de Quetzaltenango : | 09S002418 /No. Orden 38 | Valor en Matrícula: | Q 500,000.00 |
|---|---|---|---|---|---|---|---|
| Zona P.O.T.: | No aplica | Longitud: | 91°51'17.79"O | Matrícula Fiscal Finca 82793, Folio 155, Libro 342 de Quetzaltenango | La finca no está inscrita | Valor en Matrícula: | La finca no está inscrita en la Dicabi |

**Observaciones Matrícula Fiscal:** Se realizó consulta electrónica de la matrícula fiscal de la (s) finca (s) ante la Dirección de Catastro y Avalúo de Bienes Inmuebles (DICABI) para verificar los datos de dirección, área y nombre de propietario. Solo la Finca 67813, Folio 137, Libro 323 de Quetzaltenango está inscrita y se encontraron incongruencias de acuerdo a la información de Registro. Se adjuntan las copias de las consultas al final del informe. (Ver Observaciones Legales).

**\* NOTA DE PUNTOS GEO-REFERENCIADOS:**   La ubicación geo-referenciada se tomó al centro de las fincas como un mismo cuerpo

## ASPECTOS LEGALES DE LA PROPIEDAD
### Análisis de registro realizado por Inspecciones Globales, S.A.

| Datos de la Finca: | Área Registrada M² | Desmembra-ciones M² | Área Registrada Actual M² | Área Neta Valuada M² |
|---|---|---|---|---|
| Finca 67813, Folio 137, Libro 323 de Quetzaltenango | 1,973,522.4814 | 4,227.94 | 1,969,294.5414 | 1,969,294.5414 |
| Origen de la Finca: | Esta finca se formó de la unificación de las fincas números: 26767, 25908, 27961, 13525, 24649, 12850, 27461, 28914, 30963, 28628, 30965, 29992, 30231, 21053, 28406, 20666, 31851, 27179, 64022, 64023, 63679, 31710 y 31711; Folios 186, 74, 138, 214, 208, 28, 137, 90, 151, 54, 153, 171, 162, 64, 83, 188, 121, 103, 32, 33, 271, 147 y 148; Libros, 165, 162, 170, 83, 153, 80, 168, 74, 182, 173, 182, 178, 179, 129, 172, 126, 186, 167, 314, 314 y 310 de Quetzaltenango y 182 y 182 de San Marcos que se cancelaron totalmente. Escritura autorizada en Guatemala, el 15 de junio de 1964, por el notario Rodolfo Cordón Jiménez. |

**Fecha de la certificación de Registro:**   viernes, 26 de junio de 2020

**Medidas Frente y Fondo (km):**   2.83 x 1.63   Los datos consignados se obtuvieron de imagen satelital y corresponden al polígono envolvente aproximado de las dos finca tomadas como un mismo cuerpo físico.

12 Calle 2.25, Zona 1o.   Edificio AYSA, Oficina 803, Guatemala, Guatemala C.A. 01010
PBX: (502) 2327-0900  Fax: (502) 2327-0901  www.ig.gt

4 de 11



Avalúo No.:                15208-02-001
Fecha de entrega:         9 de julio de 2020
                          COMPRA VENTA

| Colindancias | Registradas (antes de la desmembración) | Actuales | Delimitación de Linderos |
|---|---|---|---|
| Norte | Fincas "Las cañas", Manuel Capillo, Cupertino de León, Jacinta de Ma...(legible), herederas Rodas, Isabel López, Finca "Los Laureles", Leazar y Juventino Díaz, Pablo y Pánfilo Escobar | Para la realización de este reporte no se hizo visita de campo, | Se asume que está delimitada con cerco de alambre espigado y setos naturales |
| Sur | Finca "Las Brisas", Nicasio López; Finca "B...(legible)"; Laureana Barrios, Artemio Santizo y Nicomedes Barrios | | |
| Este | Fincas "Palestina" y "Portugal" | | |
| Oeste | Terreno de Chatuy y Finca "Las Pilas". | | |

| Datos de la Finca | Área Registrada M² | Desmembra-ciones M² | Área Registrada Actual M³ | Área Neta Valuada M³ |
|---|---|---|---|---|
| Finca 82793, Folio 155, Libro 342 de Quetzaltenango | 10,481.00 | 7,945.59 | 2,535.41 | 2,535.41 |
| Origen de la Finca: | Esta finca que se desmembró de la Núm. 808183, Folio 42, Libro 336 de Quetzaltenango. Escritura autorizada en Coatepeque, el 16 de enero de 1969 por el notario Gilberto Recinos Figueroa. Asiento 396, folio 286 tomo 210 de Quetzaltenango, 7 de agosto de 1969. | | | |

Fecha de la certificación de Registro:          viernes, 26 de junio de 2020

Medidas Frente y Fondo (m):     2.83 x 1.63     Los datos consignados se obtuvieron de imagen satelital y corresponden al polígono envolvente aproximado de las dos finca tomadas como un mismo cuerpo físico.

| Colindancias | Registradas (antes de la desmembración) | Actuales | Delimitación de Linderos |
|---|---|---|---|
| Norte | Finca La Esperancita | Para la realización de este reporte no se hizo visita de campo, | Se asume que está delimitada con cerco de alambre espigado y setos naturales |
| Sur | Finca La Esperanza | | |
| Este | Hermenegildo Salas y la finca matriz | | |
| Oeste | Fincas "Las Cañas" y "La Gloria" | | |



Avalúo No.: 15208-02-001
Fecha de entrega: 9 de julio de 2020
COMPRA VENTA

## SERVIDUMBRES, GRAVÁMENES Y ANOTACIONES LEGALES

| Finca Núm.: | Finca 67813, Folio 137, Libro 323 de Quetzaltenango | Finca 82793, Folio 155, Libro 342 de Quetzaltenango |
|---|---|---|
| Servidumbres y Limitaciones: | Solamente para la Finca 67813, Folio 137, Libro 323 de Quetzaltenango<br>**Derechos Reales. Inscripción Núm. 3:** Se constituye sobre esta finca, a favor del Instituto Nacional de Electrificación, una servidumbre de conducción de energía eléctrica que gozará la finca No. 89327 folio 300, libro 362 de Quetzaltenango, propiedad de dicha Institución. Escritura en el asiento 558 folio 367 tomo 258 de Quetzaltenango, 16 de marzo de 1978. | |
| Gravámenes: | Para las dos fincas<br>Ninguno vigente al momento de la consulta electrónica de registro. | |
| Anotaciones: | Para las dos fincas<br>Ninguna vigente al momento de la consulta electrónica de registro. | |
| Observaciones: | Para la finca 67813, Folio 137, Libro 323 de Quetzaltenango<br>El propietario y el área consignados en la matrícula fiscal de esta finca difiere de los datos registrados actuales. En esta misma finca, en su 1a. Inscripción de derechos reales, el área registrada está indicada en hectáreas. Para los fines del presente reporte, se hizo su conversión al sistema métrico decimal de acuerdo con la Ley de Agrimensura, resultando congruente con el área inscrita en la hoja electrónica "Al Momento del Estado de Conservación". En esta misma hoja, se omitió transcribir la servidumbre que soporta a favor del Instituto Nacional de Electrificación, como la aparece en su 3a. Inscripción de derechos reales. La finca ha tenido tres desmembraciones. Se recomienda revisar y corregir los datos en caso necesario.<br>Para la Finca 82793, Folio 155, Libro 342 de Quetzaltenango<br>La finca ha tenido cuatro desmembraciones. Esta finca no tiene matrícula fiscal inscrita en la Dicabi. Se recomienda inscribirla en dicha entidad.<br>Para las dos fincas, es recomendable actualizar la dirección registrada de las fincas a una referencia más exacta y actual. | |

## SECTOR

| | | | |
|---|---|---|---|
| Uso del Suelo: | Mixto: Agrícola, habitacional, servicios. | Etapa del Sector: | Cambio de uso de suelo |
| Accesos: | Tiene acceso desde la carretera CA-2 que conduce al centro de Coatepeque. Al llegar al cruce con la carretera nacional RN-13, a la altura hotel y Turi centro Las Gardenias, virar con dirección sur, hacia la Finca La Esperanza. (Ver Mapa de Localización y Ubicación). | | |
| Descripción del Sector: | Sector ubicado al sur de la cabecera municipal de Coatepeque, del departamento de Quetzaltenango, conformado por el Barrio La Esperanza a 2.5 km. del centro del casco urbano de Coatepeque. El uso de suelo es el mixto. Sobre la carretera CA-2 existe comercio y servicios. Se observan balnearios y algunas colonias cercanas a la carretera. Más al sur, el uso está más dedicado a cultivos, tales como hule, café, palma africana y árboles frutales. La topografía en variada, desde plana hasta montaña en los linderos a los ríos. Coatepeque tiene un importante desarrollo comercial y su crecimiento urbano se ha dado tanto al norte y recientemente, la tendencia de desarrollo se observa también al sur de la carretera principal. | | |
| Servicios Existentes Dentro del Sector: | Red de energía eléctrica y alumbrado, telefonía, señal por cable para t.v. e internet. Las carreteras están asfaltadas. | | |



| | Avalúo No.: | 15208-02-001 |
| :-- | :-- | :-- |
| | Fecha de entrega: | 9 de julio de 2020 |
| | | COMPRA VENTA |

## DATOS DEL TERRENO

| | Extensión del terreno (se consigna la suma de las dos fincas): | 1,971,829.9514 | | Metros Cuadrados | |
| :-- | :-- | :-- | :-- | :-- | :-- |
| | Equivalencia de la extensión del terreno ( de las fincas unidas): | 282.1984 | Manzanas | 4.4094 | Caballerías |
| | Forma: | Irregular | | | |
| | Topografía: | Desde plana a inclinada | | | |
| | Ubicación Respecto a la Carretera: | Medial | | | |
| | Nivel Respecto a la Carretera: | Acceso a nivel | | | |
| | Descripción de acceso a la finca: | Carretera asfaltada | | | |
| | Estado de Conservación Del Inmueble: | Bueno, con caminos internos transitables hacia las áreas de cultivos y las edificaciones de las fincas. Se asume que está delimitado perimetralmente. La carretera RD13 pasa por en medio. | | | |
| | Usos Alternos: | Desarrollo habitacional o lotificación residencial | Suministro de Agua (se asume): | Pozo propio | Drenaje (se asume): | Fosa séptica para la vivienda |
| | Otros Detalles: | Con caminos internos a cultivos de hule y café, viveros, beneficio de café y patios de secado, casa patronal grande y piscina, viveros, bodega, dos viviendas con una capilla,  hangar construido con estructura metálica para un avión, y pista de aterrizaje de terracería. | | | |

(Nota: Datos obtenidos en campo y/o proporcionados por persona que atendió la visita.)
Características del terreno.

## CONSIDERACIONES PREVIAS AL ANÁLISIS DE VALOR

| | |
| :-- | :-- |
| Características de Venta: | ¤ Normal a lenta.  Los terrenos están cercanos a la carretera CA-2 y al casco urbano de Coatepeque, y pueden ser aptos para un uso urbano.  Su extensión condiciona al número de posibles compradores hacia desarrolladores o inversionistas. |
| Aspectos Positivos: | ¤ Terrenos con  buenos suelos para cultivos.  Su extensión es aprovechable.  Su ubicación cercana a la cabecera municipal les da la opción de un uso alterno.  Están aproximadamente a 2.8 km. del centro de Coatepeque y a 600 m. de la carretera principal. |
| Aspectos Negativos: | ¤ Ninguno relevante. |
| Obsolescencia Económica: | ¤ La producción y comercialización de los cultivos de café y del hule son fluctuantes.  Están condicionados a tendencias de economías de mercado y esto afecta el valor de la tierra. |
| Obsolescencia Funcional: | ¤ No aplica para este reporte, solo se ha analizado el terreno. |
| Observaciones: | ¤ Se recomienda darle seguimiento a las observaciones de Aspectos Legales.  Se ha asumido que las fincas están delimitadas perimetralmente y tienen recursos hídricos naturales, asimismo, en el informe se ha tomado en cuenta la información proporcionada por el cliente, y a su solicitud, no se consideraron las construcciones ni los cultivos existentes en las fincas, sólo se valuó la tierra. ¤ Para este reporte se usaron fotografías proporcionadas por el cliente. ¤ La oferta encontrada de fincas similares están en zonas rurales, alejadas de la cabecera municipal. ¤ Se recomienda conocer la ubicación de la servidumbre de paso que soporta la Finca 67813, Folio 137, Libro 323 de Quetzaltenango a favor del Instituto Nacional de Electrificación, para precisar que no afecte a su área útil y aprovechable en el caso de desarrollar un proyecto nuevo. |
| Notas Importantes: | ¤ En la obtención del valor de la tierra se hizo un análisis bajo las condiciones actuales en el sector.  Por ahora el mercado de la tierra es incierto por factores internacionales de venta de los productos de los cultivos dominantes de la región, café y hule. ¤ El proceso de cambio de uso del suelo en el sector puede ampliar su oferta de reventa hacia desarrolladores y bajo esta premisa se analizó el valor de tierra. ¤ Este informe no es un avalúo agrícola, los cultivos no se valuaron. |

ÚLTIMA LÍNEA -Ver fotografías proporcionadas por el cliente en hojas siguientes-

12 Calle 2-25, Zona 10.   Edificio AVIA, Oficina 803, Guatemala, Guatemala C.A. 01010
PBX: (502) 2327-0900   Fax: (502) 2327-0901   www.ig.gt

7 de 11



Avalúo No.: 15208-02-001
Fecha de entrega: 9 de julio de 2020
COMPRA VENTA

## FOTOGRAFÍAS



1. Casa patronal.



2. Casa patronal.



3. Plantaciones de hule.



4. Plantaciones de hule.



5. Plantaciones de café y caminos internos.



6. Caminos internos.

12 Calle 2-25, Zona 10,   Edificio AVIA, Oficina #03, Guatemala, Guatemala C.A. 01010
PBX: (502) 2327-0900  Fax: (502) 2327-0901  www.ig.gt

8 de 11



| | Avalúo No.: | 15208-02-001 |
| | Fecha de entrega: | 9 de julio de 2020 |
| | | COMPRA VENTA |

## FOTOGRAFÍAS

7. Plantación de café.

8. Almácigo.

9. Invernaderos.

10. Invernaderos

11. Almácigo.

12. Plantaciones nuevas de hule.

12 Calle 2-25, Zona 10.   Edificio AVIA, Oficina 803, Guatemala, Guatemala C.A, 01010
PBX: (502) 2327-0900  Fax: (502) 2327-0901 www.ig.gl

9 de 11



| | Avalúo No.: | 15208-02-001 |
|---|---|---|
| | Fecha de entrega: | 9 de julio de 2020 |
| | | COMPRA VENTA |

**ACCCESO AL INMUEBLE**

Fuente: Google Maps  (Nota:  El puntero indica la localización aproximada)

**UBICACIÓN DEL INMUEBLE**



Fuente: Google Earth.  (Nota:  El puntero indica la localización aproximada)

12 Calle 2-25, Zona 10.   Edificio AVIA, Oficina 803, Guatemala, Guatemala C.A., 01010
PBX: (502) 2327-0900  Fax: (502) 2327-0901 www.ig.gt

10 de 11



Avalúo No.:         15208-02-001
Fecha de entrega:    9 de julio de 2020
                     COMPRA VENTA

## DELIMITACIÓN DEL INMUEBLE



Fuente: Google Maps proporcionado por el cliente  (Nota: El Polígono naranja indica la delimitación de las fincas)

## CASCO URBANO DE LA FINCA



Fuente: Google Earth (imagen proporcionada por el cliente)

*C* Nº 313874



SEGUNDO
REGISTRO DE
LA PROPIEDAD



GOBIERNO DE LA REPÚBLICA DE
**GUATEMALA**

**SEÑOR REGISTRADOR:**
ATENTAMENTE SOLICITO QUE DE CONFORMIDAD
CON LA LEY Y HABIENDO EFECTUADO EL PAGO DE LOS
HONORARIOS FIJADOS EN EL ARANCEL RESPECTIVO
ME SEA EXTENDIDA CERTIFICACIÓN DE LA:

FINCA  *67813*   FOLIO  *137*   LIBRO  *323*

DEL DEPARTAMENTO DE: *Quetzaltenango*   CON SUS ANOTACIONES, LIMITACIONES,
DESMEMBRACIONES, HIPOTECAS, GRAVÁMENES Y CUALQUIER OTRO DERECHO QUE TUVIERE VIGENTE.

☐ PRIMERA Y ÚLTIMA INSCRIPCIÓN  ☑ HISTORIAL COMPLETO  ☐ BIENES MUEBLES  ☐ PROPIEDAD HORIZONTAL

OBSERVACIONES:

SOLICITANTE: *Galicia*   DPI *2606 53888 0101*

DIRECCIÓN: *Quetzal*   TEL. *31321477*

QUETZALTENANGO *20*   DE *junio*   DEL AÑO *2020*

CÓDIGO CIVIL
ARTÍCULO 1,180   FIRMA DEL SOLICITANTE

Q.1.00
SOLICITUD DE
CERTIFICACIÓN

SEGUNDO REGISTRO DE LA PROPIEDAD

FINCA *67813*   FOLIO *137*   LIBRO *323 - 9*

DEL DEPARTAMENTO DE: *Quetgo*

⑧   DOCUMENTOS *1150198182*

7/1

Consulta Estado Matricular    Trámites y Requisitos    Cambiar Clave    Cambiar Datos    Cerrar sesión

Necesita Acrobat de Adobe, para ver archivos PDF?

[Main Report ▾]   [100% ▾]   ⏮ ◀ 1 / 1 ▶ ⏭   🔍

**REGRESAR**

business objects

Ministerio de Finanzas Públicas
Guatemala C.A.

MATRICULA FISCAL-DICABI

**ESTADO MATRICULAR**

| PAGINA: | 1 | DE: | 1 |
|---|---|---|---|
| FECHA | 06/07/2020 |
| HORA | 12:18:58p.m. |
| Usuario | MATFIS1925 |

| DUEÑO: | SOCIEDAD AGRICOLA DE LA FINCA LA ESPERANZA SOCIEDAD ANONIMA, | | NIT: | 5730836-K | DPI: - |
|---|---|---|---|---|---|
| DIRECCION: | FINCA LA ESPERANZA ZONA 0 | | CEDULA: | | |
| DEPTO: | QUETZALTENANGO | MUNIC: COATEPEQUE | COD. POSTAL: | 9020 | |

MATRICULA: 0950002418
CONDUEÑOS:

SOCIEDAD AGRICOLA DE LA FINCA LA ESPERANZA SOCIEDAD ANONIMA,    NIT : 5730836-K    DPI : -

| FECHA DECLAR | FECHA OPERAC | No. ORD | NOMBRE O DIRECCION | No. REGISTRO: FINCA | FOLIO | LIBRO | DE: | PROCEDENCIA | EXTENSION EN MTS 2 | VALOR TERRENO | AREA MTS 2 CONSTRUCCION | VALOR CONSTRUCCION | VALOR CULTIVOS | VALOR FINCA QUETZALES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/05/1993 | 11/05/1993 | 38 | FINCA 0 (COATEPEQUE / QUETZALTENANG O) | 67,813 | 137 | 323 | 9 | | 1,972,896.77 | 0.00 | 0.00 | 0.00 | 0.00 | 500,000.00 |
| | | | | | | | | TOTAL MATRICULA: | 1,972,896.77 | | | | | 500,000.00 |
| | | | | | | | | TOTALES DE LAS MATRICULAS: | 1,972,896.77 | | | | | 500,000.00 |


GOBIERNO DE LA REPÚBLICA DE
**GUATEMALA**

SEGUNDO
REGISTRO DE
LA PROPIEDAD



EL INFRASCRITO REGISTRADOR DEL SEGUNDO REGISTRO DE LA
PROPIEDAD
CERTIFICA

Que las 8 fotocopias engrapadas que siguen á este documento son
auténticas que fueron tomadas hoy de sus asientos originales hoy, que
obran en este registro corresponden a la finca No. 67813 Folio 137 libro
323 del departamento de QUETZALTENANGO.

SE HACE CONSTAR QUE

La presente finca de acuerdo con el libro identificado que se tuvo a la
vista al día de hoy no tiene más operaciones vigentes fuera de las
fotocopiadas; Y a solicitud de la parte interesada de conformidad con el
documento de caja expido la presente certificación en 7 fotocopias
adjuntas y 1, impresas a la presente hoja especial de la Institución con
No.1592584, debidamente confrontadas en la ciudad de
Quetzaltenango, a 18 de junio del año dos mil veinte. De la presente
finca se extiende historial completo. HONORARIOS PAPEL Y COSTO
DE REPRODUCCION. Q.50.00.

Certificador responsable:

Ángel Vinicio Carranza Pérez
Oficial Certificador C-12

Lic. Jairo Antonio Tacám Cojom
REGISTRADOR AUXILIAR
DE CERTIFICACIONES
SEGUNDO REGISTRO DE LA PROPIEDAD

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA
1592584

0 AVENIDA D10-64 ZONA 6, QUETZALTENANGO | PBX: 7957-1111 | WWW.SRP.GOB.GT

AL RESGUARDO DE SU PROPIEDAD

INSCRIPCIONES

*[Handwritten cursive text in Spanish, largely illegible. Partial readings of numbers and names visible, including references to "Sociedad Agrícola La Esperanza" and "Bauer Parner y Compañía", with lists of property numbers such as 26.767, 25.608, 37.061, 13.525, 24.644, 12.850, 27.461, 28.914, 30.963, 28.628, 30.965, 29.002, 30.231, 21.053, 28.406, 20.666, 31.851, 27.179, 64.022, 64.023, 63.679, 31.710, 31.711, and others. Dated "de junio de 1964".]*

SEGUNDO REGISTRO DE LA PROPIEDAD
QUEZALTENANGO
Lic. Gilberto Eduardo Valle Flores
REGISTRADOR AUXILIAR ESPECÍFICO
SÉ FIRMA SEGUN ACUERDO
GUBERNATIVO NÚMERO 10344

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 1 HOJAS DE 8 FOTOCOPIAS DE LA FINCA No. 67813 FOLIO 137
LIBRO 323 DEL DEPARTAMENTO DE QUETZALTENANGO CERTIFICACION
EXPEDIDA A 18 DE JUNIO DEL AÑO DOS MIL VEINTE.

ÁNGEL VINICIO CARRANZA PETZ
OFICIAL CERTIFICADOR C-125

137

FINCA

**Derechos Reales**

| | Anotaciones Preventivas | | INSCRIPCIONES | | CANCELACIONES |
|---|---|---|---|---|---|

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA



**GOBIERNO DE LA REPÚBLICA DE**
# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 2 HOJAS DE 8 FOTOCOPIAS DE LA FINCA No. 67813 FOLIO 137
LIBRO 323 DEL DEPARTAMENTO DE QUETZALTENANGO CERTIFICACION
EXPEDIDA A 18 DE JUNIO DEL AÑO DOS MIL VEINTE.

ÁNGEL VINICIO CARRANZA PETZ
OFICIAL CERTIFICADOR C-12

138

FINGA

**Derechos Reales**

| Anotaciones Preventivas | INSCRIPCIONES | CANCELACIONES |
|---|---|---|
| ESPACIO NO UTILIZADO | *(handwritten inscription text, largely illegible)* | *(handwritten cancellation text, largely illegible)* |

Registrador

MIGUEL ÁNGEL VALLE B.
REGISTRADOR

SEGUNDO REGISTRO DE LA PROPIEDAD
**CERTIFICACIÓN
AUTORIZADA**



GOBIERNO DE LA REPÚBLICA DE
GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 3 HOJAS DE 8 FOTOCOPIAS DE LA FINCA No. 67813 FOLIO 137
LIBRO 323 DEL DEPARTAMENTO DE QUETZALTENANGO CERTIFICACION
EXPEDIDA A 18 DE JUNIO DEL AÑO DOS MIL VEINTE

ÁNGEL VINICIO CARRANZA PETZ
OFICIAL CERTIFICADOR C-12

# FINCA

## Derechos Reales.

| Anotaciones Preventivas. | | Inscripciones. | | Desmembraciones y Cancelaciones. |
|---|---|---|---|---|
| ESPACIO NO UTILIZADO | | (see below) | | ESPACIO NO UTILIZADO |

Mario Bacon Ferrer como Presidente de la Junta Directiva de Sociedad Agrícola de la Finca La Esperanza, Sociedad Anónima, [illegible] acta número 31 de [illegible] de Noviembre de 1979 la Asamblea Extraordinaria Totalitaria de Accionistas en forma unánime resolvió adecuar la sociedad a las disposiciones del Código de Comercio vigente modificándose su escritura constitutiva así: La Sociedad será anónima de nacionalidad guatemalteca, de carácter mercantil y tendrá por objeto la explotación agrícola, comercial e industrial de todos sus frutos de esta finca, la compra, comercialización, exportación y venta de cualquier producto agrícola o no, que se vincule con la finalidad anterior, cualquier actividad lícita agrícola, industrial o comercial por convenir a los accionistas mediante acuerdo tomado a través de asamblea general ordinaria. La Sociedad se identificará como "Agrícola Esperanza Jacobi, Sociedad Anónima" abreviadamente "Agrícola Esperanza Jacobi, S.A." siendo su razón social y nombre comercial "Jacosa". El domicilio de la sociedad será el departamento, municipio y ciudad de Guatemala, y podrá establecer sucursales o agencias cuando así convenga a los accionistas mediante acuerdo tomado a través de Asamblea General Ordinaria. El capital social autorizado es de Doscientos Mil Quetzales, dividido en dos mil acciones con valor nominal de cien quetzales cada una, nominativas o al portador a elección del accionista; el capital está totalmente suscrito y pagado y todas las acciones en poder de sus respectivos titulares, estando distribuido todo el capital social. La duración de la sociedad es indefinida y el ejercicio social será del primero de Abril al siguiente treinta y uno de Marzo. En consecuencia se inscribe esta finca a favor de Agrícola Esperanza Jacobi, Sociedad Anónima, abreviadamente Agrícola Esperanza Jacobi, S.A. y su razón social y nombre comercial JACOSA. Los demás condiciones constan en la escritura No. [illegible] autorizada en la ciudad de Guatemala el catorce de Mayo de 1980 por el Notario Rodolfo Bendaña Jiménez y presentada hoy a las 14 y 55; Asto. 149, folio 212, tomo 282 del Diario. Guatemala [illegible] de Mayo de 1983. Hon. Q. 205 [illegible] Vale.

[signature]

ESPACIO NO UTILIZADO

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 4 HOJAS DE 8 FOTOCOPIAS DE LA FINCA No. 67813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE QUETZALTENANGO CERTIFICACION EXPEDIDA A 18 DE JUNIO DEL AÑO DOS MIL VEINTE.

ÁNGEL VINICIO CARRANZA PETZ
OFICIAL CERTIFICADOR C-12

NUMERO                                    137

## HIPOTECAS

| Anotaciones Preventivas | INSCRIPCIONES | CANCELACIONES |
|---|---|---|

ESPACIO NO UTILIZADO

ESPACIO NO UTILIZADO

La Empresa Agrícola Agrícola de la finca "La Esperanza", gravada anónima, y con nombre hipoteca al Banco de Occidente, por la suma de veintemil quetzales, plazo un año, valores que constituyen anual. Comprendida la hipoteca esta finca. Escritura autorizada en Guatemala por la Licenciada Isabel Schott Schreiber de Ferreira, el 18 de Octubre pasado y presentada hoy a las 15 horas 45 minutos... Quetzaltenango, 18 de Noviembre de 19...

NE2—

El Banco de Occidente amplia a favor de la Empresa Agrícola Esperanza Jacob, Sociedad Anónima el préstamo relacionado en la 1a. Inscripción hipotecaria de esta finca, en la cantidad de Ciento Treinta Mil Quetzales, el vencimiento de la obligación será el 15 de Julio de 1983, dentro del cual queda enmarcada la presente ampliación misma que queda sujeta a las mismas condiciones del crédito original. En garantía la Sociedad amplia a favor del Banco la hipoteca constituida. Más condiciones constan en la escritura autorizada en Guatemala, el 26 de Abril de 1983, por el Notario José Roberto Ulloa Nave y presentada hoy a las 14:55. Doto. 146 y 148; Folios 256 y 262, Atmo. 286 Bo. Quetzaltenango, 5 de Mayo de 1983.— Hon. Q. 332.—

Paso al Folio Anterior

MARCADA TOTALMENTE...



**GOBIERNO DE LA REPÚBLICA DE**
# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 5 HOJAS DE 8 FOTOCOPIAS DE LA FINCA No. 67813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE QUETZALTENANGO CERTIFICACION EXPEDIDA A 18 DE JUNIO DEL AÑO DOS MIL VEINTE.

ÁNGEL VINICIO CARRANZA PETZ
OFICIAL CERTIFICADOR C-12

NUMERO [illegible]

# HIPOTECAS

| Anotaciones Preventivas | | INSCRIPCIONES | | CANCELACIONES |
|---|---|---|---|---|

ESPACIO NO UTILIZADO

[illegible] 3

El Banco de Occidente, primer [illegible] del crédito a que se refieren la 1ª y 2ª inscripciones hipotecarias de esta finca por seis meses más, o sea al mes de Enero del año en [illegible]. [illegible] Banco [illegible] la [illegible] autorizada por la Junta Monetaria, [illegible] el Banco, [illegible] [illegible] las autoridades competentes establecen un régimen distinto, y bajo los mismos términos y condiciones del crédito inicial. Razón en [illegible] 343 [illegible] 546, tomo 256 2º Quezaltenango, 31 de enero de 1983. Hon. Q 332.

Nº 6a.

Prorrogado el plazo para la cancelación de los créditos a que se refieren la 1a. y 2a. inscripciones hipotecarias de esta finca, el que vencerá el 15 de Julio próximo, bajo los mismos términos y condiciones del contrato original. Razón en el [illegible] folio 250, tomo 27 [illegible] Quezaltenango, junio 26 de 1984. Hon. Q 33. Libro

Licenciado R. ALFREDO LEON C. REGISTRADOR

SEGUNDO REGISTRO DE LA PROPIEDAD Quetzaltenango, Guatemala, C.A.

Nº 5

El Banco de Occidente concedió a Agrícola Esperanza Jacobi, Sociedad Anónima, un crédito [illegible] por Doscientos Cincuenta Mil Quetzales, para el plazo de [illegible] meses a partir de la fecha de la escritura al final citada, al interés sobre saldos del doce por ciento anual o la tasa que el Banco determine legalmente si las autoridades competentes establecen un régimen distinto; si la tasa es aumentada por la Junta Monetaria, la deudora está obligada al pago de la nueva tasa desde la fecha en que cobre vigencia las autorizaciones para el aumento; si el Banco refinancia el crédito en el Banco de Guatemala mientras dure el redescuento, la deudora pagará intereses que se calcularán a una tasa igual a la suma de la tasa que el Banco de Occidente pague al Banco de Guatemala y hasta el recargo máximo que autorice la Junta Monetaria. En garantía del crédito que es exigible sin aviso, la deudora constituye a favor del Banco primera hipoteca sobre esta finca. Las demás condiciones del contrato constan en la escritura Nº 73 autorizada en la ciudad de Quetzaltenango el [illegible] del actual por el Notario José Roberto Ulloa Navas [illegible] hoy a las 14.50 [illegible] 273 folio 451 Tomo 73 R. Quezaltenango, 24 de Agosto de 1984. Hon. Q 220. [illegible] tasa

Licenciado R. ALFREDO LEON C. REGISTRADOR

SEGUNDO REGISTRO DE LA PROPIEDAD Quetzaltenango, Guatemala, C.A.

[illegible] 1984 [illegible]

[illegible] [illegible] los libros [illegible]

PDA

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 6 HOJAS DE 8 FOTOCOPIAS DE LA FINCA No. 67813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE QUETZALTENANGO CERTIFICACION EXPEDIDA A 18 DE JUNIO DEL AÑO DOS MIL VEINTE.

ÁNGEL VINICIO CARRANZA PETZ
OFICIAL CERTIFICADOR C-12

65

NÚMERO 67 815

Hipotecas.

| Anotaciones Preventivas. | Inscripciones. | Cancelaciones |
|---|---|---|
| ESPACIO NO UTILIZADO | *[handwritten text, largely illegible]* El presente amplía el crédito anterior, por Doscientos Cincuenta mil pesetas, bajo las mismas términos y condiciones del crédito original, según los términos el 21 de Agosto de 1943, pues anteriormente constando, y doctora del favor del Banco, la pierden hipoteca constituida que se refiere la inscripción que la presenta cerrada, las condiciones del contrato constan en las documentales... autorizando la ciudad de Valls, el veintiuno de Marzo de 1983, por el Notario José Bacted Albán Núñez, tramitada bajo el número 12,50. Expido ciudad... bajo el número 2,009 tomo... Guadalajara, 31 de Marzo de 1983. Art. C. 432. | ESPACIO NO UTILIZADO |

ESPACIO NO UTILIZADO

SEGUNDO REGISTRO DE LA PROPIEDAD

CERTIFICACIÓN
AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE

# GUATEMALA

SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 7 HOJAS DE 8 FOTOCOPIAS DE LA FINCA No. 67813 FOLIO 137
LIBRO 323 DEL DEPARTAMENTO DE QUETZALTENANGO CERTIFICACION
EXPEDIDA A 18 DE JUNIO DEL AÑO DOS MIL VEINTE.

ÁNGEL VINICIO CARRANZA PETZ
OFICIAL CERTIFICADOR C-12



Estado De La Finca Al Momento De La Conservación: A folio 137 del libro 323 de Quetzaltenango, figura inscrita la finca 67813 cuyo estado actual es el siguiente: Finca rústica ubicada en el Municipio de Coatepeque, de este departamento, con área actual de 1,969,294.541400 m2, con las colindancias siguientes: VER DEMARCACION EN EL LIBRO MAYOR, propiedad de La Sociedad "Agricola Esperanza Jacobi, Sociedad Anónima", abreviamente "Agricola Esperanza Jacobi, S. A." de nombre comercial "JACOSA", conforme escritura 105 autorizada el 14 de mayo de 1980 por el notario Rodolfo Cordón Jiménez. Tiene tres inscripciones de desmembraciones. Se cancelaron totalmente de la 1a. a la 6a. inscripciones hipotecarias por medio de 2 inscripciones de cancelaciones hipotecarias. Se cancelo totalmente la anotación preventiva por medio de la 1a. inscripción de cancelaciones de anotaciones. La presente finca no tiene LIMITACIONES, ANOTACIONES ni GRAVAMENES vigentes.. Realizado en Quetzaltenango, 2 de diciembre de 2019. Operador O18 Luis Fernando Soch Martinez



SEGUNDO REGISTRO DE LA PROPIEDAD
Licda. Miriam Liseth Hernández Herrera
REGISTRADORA AUXILIAR

Derechos Reales. Dominio. Inscripción Número: 4 Finca 67813 Folio 137 Libro 323 de Quetzaltenango. QB INVERSIONES, SOCIEDAD ANÓNIMA por Q100,000.00, compró (aron) a AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, ésta finca, precio ya pagado. Escritura No. 42 autorizada 15 de octubre de 2019 por el notario RODOLFO ENRIQUE GONZÁLEZ RIVERA. Documento presentado 20 de noviembre de 2019 a las 13:00:14 horas, ingresando éste y su copia electrónica con número 19R110155665. Honorarios Q295.00 . Realizada en Quetzaltenango, 2 de diciembre de 2019. Operador O18 Luis Fernando Soch Martinez.



SEGUNDO REGISTRO DE LA PROPIEDAD
Licda. Miriam Liseth Hernández Herrera
REGISTRADORA AUXILIAR

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE
# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 8 HOJAS DE 8 FOTOCOPIAS DE LA FINCA No. 67813 FOLIO 137 LIBRO 323 DEL DEPARTAMENTO DE QUETZALTENANGO CERTIFICACION EXPEDIDA A 18 DE JUNIO DEL AÑO DOS MIL VEINTE.

ÁNGEL VINICIO CARRANZA PETZ
OFICIAL CERTIFICADOR C-12



PORTAL DICABI EN LINEA

Ministerio de Finanzas Públicas - Guatemala C.A.

Usuario: MARIA VIRGINIA TICO MORENO - CONSULTA WEB - USUARIO BASICO

Consulta Estado Matricular | Trámites y Requisitos | Cambiar Clave | Cambiar Datos | Cerrar sesión

No se tienen inmuebles registrados con los datos registrales proporcionados

**CONSULTA DEL ESTADO MATRICULAR**

Ingrese su Criterio de Búsqueda:

Datos Registrales ▾   Finca: 8279   Folio: 155   Libro: 342

Departamento: QUETZALTENANGO ▾

VER ESTADO MATRICULAR

C  Nº 313875

 

### GOBIERNO DE LA REPÚBLICA DE
## GUATEMALA

SEGUNDO
REGISTRO DE
LA PROPIEDAD

### SEÑOR REGISTRADOR:

ATENTAMENTE SOLICITO QUE DE CONFORMIDAD
CON LA LEY Y HABIENDO EFECTUADO EL PAGO DE LOS
HONORARIOS FIJADOS EN EL ARANCEL RESPECTIVO
ME SEA EXTENDIDA CERTIFICACIÓN DE LA:

FINCA *82793*  FOLIO *155*  LIBRO *342*

DEL DEPARTAMENTO DE: *Quetzaltenango* CON SUS ANOTACIONES, LIMITACIONES,
DESMEMBRACIONES, HIPOTECAS, GRAVÁMENES Y CUALQUIER OTRO DERECHO QUE TUVIERE VIGENTE.

☐ PRIMERA Y ÚLTIMA INSCRIPCIÓN  ☑ HISTORIAL COMPLETO  ☐ BIENES MUEBLES  ☐ PROPIEDAD HORIZONTAL

OBSERVACIONES

SOLICITANTE *Israel Galicia*  DPI *2606 53888 0101*
DIRECCIÓN *Xela*  TEL: *37327477*
*Quetzaltenango 2020*  DE *junio*  DEL AÑO *2020*

### Q. 1.00

CÓDIGO CIVIL
ARTÍCULO 1,180

FIRMA DEL SOLICITANTE

SOLICITUD DE
CERTIFICACIÓN

---

SEGUNDO REGISTRO DE LA PROPIEDAD

FINCA *82793*  FOLIO *155* LIBRO *342.9*

DEL DEPARTAMENTO DE: *Xela*

DOCUMENTOS *1150 19819*



SEGUNDO
REGISTRO DE
LA PROPIEDAD



### EL INFRASCRITO REGISTRADOR DEL SEGUNDO REGISTRO DE LA PROPIEDAD

### CERTIFICA QUE:

Que las 3 hojas que siguen al presente documento son auténticas las cuales fueron fotocopiadas e impresas de sus asientos originales al día de hoy, y que corresponden a la finca número: 82,793 folio 155 libro 342 del departamento de: QUETZALTENANGO.

### SE HACE CONSTAR QUE:

Que la, presente finca de acuerdo con el libro identificado que se tuvo a la vista al día de hoy; no tiene más operaciones vigentes fuera de lo fotocopiado y de lo impreso. - Y, a requerimiento del interesado expido la presente certificación en 2 fotocopias adjuntas, 1 hoja impresa de la misma y la presente de papel especial de la Institución con el número: 1612316 de conformidad con el documento de caja confrontadas en la ciudad de Quetzaltenango, a dieciocho de junio del año dos mil veinte. De la presente se extiende historial completo. HONORARIOS, PAPEL Y COSTO DE REPRODUCCION: Q.50.00.-

**CERTIFICADOR RESPONSABLE:**          **MARIO CHAY GONZÁLEZ**
                                        OFICIAL CERTIFICADOR C-13

*Lic. Jairo Antonio Tacám Cojom*
REGISTRADOR AUXILIAR
DE CERTIFICACIONES
SEGUNDO REGISTRO DE LA PROPIEDAD

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA 1612316

AL RESGUARDO DE SU PROPIEDAD

155

FINCA *Rústica*

# DERECHOS REALES

| CANCELACIONES | ANOTACIONES PREVENTIVAS | INSCRIPCIONES | CANCELACIONES Y DESMEMBRACIONES |
|---|---|---|---|
| | | | |

*(Documento manuscrito — registro de propiedad. El texto está escrito en letra cursiva y es mayormente ilegible.)*

SEGUNDO REGISTRO DE LA PROPIEDAD

CERTIFICACIÓN

AUTORIZADA



**GOBIERNO DE LA REPÚBLICA DE**

# GUATEMALA

SEGUNDO REGISTRO
DE LA PROPIEDAD

**RAZON: 1 DE 3 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 82,793 FOLIO 155 LIBRO 342 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DIECIOCHO DE JUNIO DEL AÑO 2,020.**

MARIO CHAJ GONZÁLEZ
OFICIAL CERTIFICADOR C- 13

NUMERO 82.793

156

# HIPOTECAS

Desmembracions

| CANCELACIONES | ANOTACIONES PREVENTIVAS | INSCRIPCIONES | | CANCELACIONES |
|---|---|---|---|---|
| No 3. | | ESPACIO NO UTILIZADO | ESPACIO NO UTILIZADO | ESPACIO NO UTILIZADO |
| Nombrada ___ de Esta Finca | | | | |
| 7 Parcelas ___ de | | | | |
| QUINIENTOS DIECI | | | | |
| NUEVE PUNTO CERO | | | | |
| SEIS METROS CUA | | | | |
| DRADOS (519.06 M²) | | | | |
| Números la ___ Finca ___ | | | | |
| 249.301 | | | | |
| Folio 1 | | | | |
| Libro 548 de QUEZAL | | | | |
| TENANGO de EUDOCIO | | | | |
| FERNANDES Tellez | | | | |
| Copia Archivada bajo No. 385 | | | | |
| Del Tomo 716 | | | | |
| De Documentos. 5 | | | | |
| Quetaltenango, | | | | |
| de FEBRERO de 19 93 | | | | |
| Horas 9 3' ___ | | | | |
| | | | | |
| 9ª ___ | | | | |
| No 4. | | | | |
| Nombrada ___ 5 de Esta Finca | | | | |
| 5 Parcelas de QUE | | | | |
| SUMADOS CON ENTORNES | | | | |
| DOS MIL QUINIENTOS | | | | |
| SESENTA Y DOS PUNTO | | | | |
| NOVENTA Y UN METROS | | | | |
| CUADRADOS (2,562.91) | | | | |
| Números la ___ Finca 5 Última ___ | | | | |
| 249.302 A LA 249.306 | | | | |
| Folios 2 A LA 6 | | | | |
| Libro 548 de QUEZAL | | | | |
| TENANGO de LAS PERSO | | | | |
| NAS AHI CITADAS. | | | | |
| Copia Archivada bajo No. 386 | | | | |
| Del Tomo 716 | | | | |
| De Documentos. | | | | |
| Quetaltenango, 21 | | | | |
| de FEBRERO de 19 93 | | | | |
| Horas 9 15 ' | | | | |
| | | | | |
| 9ª ___ | | | | |
| | | | | |
| ? | | | | |

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA



GOBIERNO DE LA REPÚBLICA DE

# GUATEMALA
### SEGUNDO REGISTRO
### DE LA PROPIEDAD

RAZON: 2 DE 3 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 82,793 FOLIO 155 LIBRO 342 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DIECIOCHO DE JUNIO DEL AÑO 2,020.

MARIO CHAJ GONZÁLEZ
OFICIAL CERTIFICADOR C- 13

Quetzaltenango, figura inscrita la finca 82793 cuyo estado actual es el siguiente: Finca rústica

Quetzaltenango, figura inscrita la finca 82793 cuyo estado actual es el siguiente: Finca rústica ubicada en jurisdicción del Municipio de Coatepeque, de este departamento, con área actual de 2,535.410000 m2, con las colindancias siguientes: VER DEMARCACION EN EL LIBRO MAYOR, propiedad de La Sociedad "Agricola Esperanza Jacobi, Sociedad Anónima", abreviamente "Agricola Esperanza Jacobi, S. A." de nombre comercial "JACOSA", conforme escritura 105 autorizada el 14 de mayo de 1980 por el notario Rodolfo Cordón Jiménez. Tiene cuatro inscripciones de desmembraciones. La presente finca no tiene LIMITACIONES, ANOTACIONES ni GRAVAMENES vigentes.. Realizado en Quetzaltenango, 2 de diciembre de 2019. Operador O18 Luis Fernando Soch Martinez



SEGUNDO REGISTRO DE LA PROPIEDAD
Licda. Mirian Lisseth Hernández Herrera
REGISTRADORA AUXILIAR

Derechos Reales. Dominio. Inscripción Número: 3                              Finca 82793 Folio 155 Libro 342 de Quetzaltenango. QB INVERSIONES, SOCIEDAD ANÓNIMA por Q25,000.00, compró (aron) a AGRICOLA ESPERANZA JACOBI, SOCIEDAD ANÓNIMA, ésta finca, precio ya pagado. Escritura No. 42 autorizada 15 de octubre de 2019 por el notario RODOLFO ENRIQUE GONZÁLEZ RIVERA. Documento presentado 20 de noviembre de 2019 a las 13:00:14 horas, ingresando éste y su copia electrónica con número 19R110156665. Honorarios Q183.00 . Realizada en Quetzaltenango, 2 de diciembre de 2019. Operador O18 Luis Fernando Soch Martinez.

SEGUNDO REGISTRO DE LA PROPIEDAD
Licda. Mirian Lisseth Hernández Herrera
REGISTRADORA AUXILIAR

SEGUNDO REGISTRO DE LA PROPIEDAD
CERTIFICACIÓN
AUTORIZADA



**GOBIERNO DE LA REPÚBLICA DE**
# GUATEMALA
SEGUNDO REGISTRO
DE LA PROPIEDAD

RAZON: 3 DE 3 HOJAS QUE CORRESPONDEN A LA FINCA NÚMERO: 82,793 FOLIO 155 LIBRO 342 DEL DEPARTAMENTO DE: QUETZALTENANGO, CERTIFICACIÓN EXPEDIDA HOY DIECIOCHO DE JUNIO DEL AÑO 2,020.

MARIO CHAJ GONZÁLEZ
OFICIAL CERTIFICADOR C- 13



Fecha: 22/06/2020
Hora: 10:13:41
Grupo: 1700683762
Arancel 500.00

2GR1106570

26 NÚMERO VEINTIDÓS (22). En la ciudad de Guatemala, el día dieciséis de junio de dos mil veinte, ANTE

27 MI: RODOLFO ENRIQUE GONZÁLEZ RIVERA, Notario, comparecen: por una parte CHRISTIAN

28 ALEXANDER ENRIQUE RASCH TOPKE, quien es de cincuenta y siete años de edad, casado,

29 guatemalteco, ejecutivo, de este domicilio, se identifica con el Documento Personal de Identificación con

30 Código Único de Identificación número dos mil quinientos dieciocho, quince mil ciento cuarenta y cinco,

31 cero ciento uno (2518 15145 0101), extendido por el Registro Nacional de las Personas de la República de

32 Guatemala, quien comparece en su calidad de Administrador Único y Representante Legal de la Entidad

33 QB INVERSIONES, SOCIEDAD ANÓNIMA, calidad que acredita con el acta notarial autorizada en esta

34 ciudad con fecha diecinueve de mayo del año dos mil veinte, por el Notario Fernando Linares-Beltranena, la

35 cual se encuentra debidamente inscrita en el Registro Mercantil de Guatemala bajo el número quinientos

36 noventa y un mil seiscientos ochenta y siete (591687), folio seiscientos noventa y tres (693) del libro

37 setecientos cuarenta y dos (742) de Auxiliares de Comercio, documento que tengo a la vista, a quien en la

38 calidad con que actúa en el transcurso del presente documento se le podrá llamar indistintamente como "La

39 Parte Vendedora"; y por la otra parte: EDUARDO MACARIO COYOY, quien es de sesenta y un años de

40 edad, casado, guatemalteco, ejecutivo, de este domicilio, se identifica con el Documento Personal de

41 Identificación con Código Único de Identificación número dos mil trescientos treinta y siete, setenta mil

42 quinientos setenta y siete, cero novecientos uno (2337 70577 0901) extendido por el Registro Nacional de

43 las Personas de la República de Guatemala, quien comparece en su calidad de Administrador Único y

44 Representante Legal de la Entidad J CINCO, SOCIEDAD ANÓNIMA, calidad que acredita con el acta

45 notarial autorizada en esta ciudad con fecha tres de febrero de dos mil veinte, por la Notaria Cindi Anabí

46 Barrios Linares, la cual se encuentra debidamente inscrita en el Registro Mercantil de Guatemala bajo el

47 número quinientos ochenta y cuatro mil noventa y seis (584096), folio noventa y nueve (99) del libro

48 setecientos treinta y cinco (735) de Auxiliares de Comercio, documento que tengo a la vista, a quien en la

49 calidad con que actúa en el transcurso del presente documento se le podrá llamar indistintamente como "La

50 Parte Compradora". Yo el Notario Doy Fe: a) que los comparecientes me aseguran ser de los datos de

1/3

Rodolfo Enrique González Rivera
Abogado y Notario





PROTOCOLO

REGISTRO

N⁰ 188286

QUINQUENIO
DE 2018 A 2022

1 identificación personal antes expuestos y que se hallan en el libre ejercicio de sus derechos civiles, y b) que

2 las representaciones legales que se ejercitan son suficientes de conformidad con la ley y a mi juicio para la

3 celebración del presente contrato, por lo que de palabra y en español me manifiestan que vienen a celebrar

4 el contrato de COMPRAVENTA DE BIENES INMUEBLES de conformidad con las cláusulas siguientes:

5 PRIMERA: Me expresa el señor CHRISTIAN ALEXANDER ENRIQUE RASCH TOPKE, en la calidad con

6 que actúa, que su representada es legítima propietaria de las fincas inscritas en el Segundo Registro de la

7 Propiedad bajo los números SESENTA Y SIETE MIL OCHOCIENTOS TRECE (67813), folio CIENTO

8 TREINTA Y SIETE (137) del libro TRESCIENTOS VEINTITRES (323) de QUETZALTENANGO, y

9 OCHENTA Y DOS MIL SETECIENTOS NOVENTA Y TRES (82793) folio CIENTO CINCUENTA Y CINCO

10 (155), del libro TRESCIENTOS CUARENTA Y DOS (342) de QUETZALTENANGO, las cuales poseen las

11 medidas y colindancias que les aparecen en sus respectivas inscripciones de dominio en el citado Registro.

12 SEGUNDA: Me manifiestan los señores CHRISTIAN ALEXANDER ENRIQUE RASCH TOPKE y

13 EDUARDO MACARIO COYOY, en las calidades con que actúan, que el valor de venta de los inmuebles es

14 de CIENTO DOCE MIL QUETZALES (Q.112,000.00), por el primero y VEINTIOCHO MIL QUETZALES

15 (Q.28,000.00), por el segundo, manifestando la Parte Vendedora que en este momento recibe a su entera

16 satisfacción un cheque por el valor de ciento cuarenta mil quetzales (Q.140,000.00) correspondiente al

17 pago por el total de las cantidades ya descritas, y por tal motivo vende, cede y traspasa las fincas

18 identificadas en la cláusula anterior a favor de la entidad J CINCO, SOCIEDAD ANÓNIMA. En la venta de

19 las fincas se incluye todo cuanto de hecho y por derecho les corresponde a las mismas. Por advertencia del

20 infrascrito Notario el señor CHRISTIAN ALEXANDER ENRIQUE RASCH TOPKE, en la calidad con que

21 actúa, expresa que sobre las fincas objeto de venta no pesan gravámenes, anotaciones ni limitaciones

22 algunas que puedan afectar los derechos de la Parte Compradora sometiéndose al saneamiento de ley.

23 TERCERA: Por su parte EDUARDO MACARIO COYOY, en la calidad legal con que actúa, manifiesta que

24 en los términos relacionados acepta de buena fe la venta de las fincas que por este medio se hace a favor

25 de su representada. CUARTA: Ambos comparecientes, en las calidades con que actúan, expresan que en

²/₃

Rodolfo Enrique González Rivera
Abogado y Notario



26   los términos relacionados aceptan para sus representadas todas y cada una de las cláusulas de la presente

27   escritura. Yo, el Infrascrito Notario **DOY FE:** de todo lo expuesto y de haber tenido a la vista los documentos

28   de identificación personal ya referidos y los documentos con los que se acredita las calidades legales con

29   que actúan cada uno, así como los documentos con los cuales se acredita la propiedad de los bienes objeto

30   del presente instrumento; y que previa lectura por las otorgantes, quienes bien enterados de su contenido,

31   valor, obligación de registro, pago de impuestos y efectos legales, lo aceptan, ratifican y firman. **DOY FE.**

32

33

34

35

36

37

38

39

40

41

42

43

44   Ánte Mí:

45

46

47

48

49

50

**ES PRIMER TESTIMONIO:** De la escritura pública número veintidós (22), que autorice en esta ciudad el día dieciséis de junio de dos mil veinte, y que para entregar a la entidad **J CINCO, SOCIEDAD ANÓNIMA,** extiendo, numero, sello y firmo en dos hojas de papel especial de fotocopia más la presente hoja de papel bond. Hago constar que el Impuesto al Valor Agregado (IVA) que grava dicho instrumento fue cancelado por medio de Factura Cambiaria Serie D número cero cero cero cero cero cinco (000005), de fecha cinco de junio de dos mil veinte, por la cantidad de ciento cuarenta mil quetzales (Q.140,000.00), dicha factura fue emitida en esta ciudad por la entidad QB INVERSIONES, SOCIEDAD ANÓNIMA a favor de la entidad J CINCO, SOCIEDAD ANÓNIMA, factura de la cual adjunto original al presente testimonio. Hago constar que adhiero a la presente hoja un timbre fiscal de cincuenta centavos de quetzal para la razón de ley, el cual tiene número de registro dos millones setecientos cincuenta y cinco mil ciento treinta y dos (2755132). En la ciudad de Guatemala a los dieciséis días del mes de junio de dos mil veinte.

Rodolfo Enrique González Rivera
Abogado y Notario

J CINCO, S.A.

Guatemala 05/06/2020

10730531-3

**DIRECCION:** 5ta. Avenida 12-75, Zona 14, Guatemala

| CODIGO | CANTIDAD | DESCRIPCION | VENDEDOR | V. UNITARIO | CONTADO | CREDITO TOTAL |
|---|---|---|---|---|---|---|
| | | | 1 | | XX | |
| TERRENOS | 1 | VENTA DE TERRENO NUMERO SESENTA Y SIETE MIL OCHOCIENTOS TRECE (67813), FOLIO CIENTO TREINTA Y SIETE (137) DEL LIBRO TRESCIENTOS VEINTITRES (323) DE QUETZALTENANGO. | | | | Q112,000.00 |
| TERRENOS | 1 | VENTA DE TERRENO NUMERO OCHENTA Y DOS MIL SETECIENTOS NOVENTA Y TRES (82,793), FOLIO CIENTO CINCUENTA Y CINCO (155) DEL LIBRO TRESCIENTOS CUARENTA Y DOS (342) DE QUETZALTE- NANGO. | | | | Q28,000.00 |
| | SON: | Ciento Cuarenta Mil Quetzales Exactos | | | | |
| | | *SUJETO A RETENCION DEFINITIVA* | | | SUB-TOTAL | |
| | | | | | | Q140,000.00 |

34

Cindi Anabí Barrios Linares
Abogada y Notaria

No. B 4447541

TALLER NACIONAL DE GRABADOS EN ACERO - GUATEMALA, C. A.

PROTOCOLO

REGISTRO

Nº 537593

QUINQUENIO
DE 2018 A 2022

1   **NÚMERO SEIS (06). CONSTITUCIÓN DE SOCIEDAD ANÓNIMA.** En la Ciudad de Guatemala, el tres de

2   febrero de dos mil veinte, ante mí: Cindi Anabí Barrios Linares, Notaria, comparecen: **A) EDUARDO MACARIO**

3   **COYOY**, de sesenta y un años, casado, guatemalteco, Empresario, de este domicilio, quien se identifica con el

4   Documento Personal de Identificación con Código Único de Identificación dos mil trescientos treinta y siete,

5   setenta mil quinientos setenta y siete, cero novecientos uno (2337 70577 0901), extendido por el Registro

6   Nacional de las Personas de la República de Guatemala; y **B) INOCENTE PERNILLO FUENTES**, de cincuenta

7   y siete años, casado, guatemalteco, Empresario, de este domicilio, quien se identifica con el Documento Personal

8   de Identificación con Código Único de Identificación dos mil doscientos noventa y uno, dieciséis mil setecientos

9   veintiocho, cero ciento uno (2291 16728 0101), extendido por el Registro Nacional de las Personas de la

10  República de Guatemala. Yo, la Notaria, **DOY FE Y HAGO CONSTAR: a)** Que tuve a la vista los documentos

11  de identificación de los comparecientes; **b)** Que los comparecientes me aseguran ser de los datos de

12  identificación personal consignados, así como encontrarse en el libre ejercicio de sus derechos civiles y que

13  declaran que por este acto otorgan **CONTRATO DE CONSTITUCIÓN DE SOCIEDAD ANÓNIMA** contenido en

14  las cláusulas siguientes: **PRIMERA: CONSTITUCIÓN.** Los otorgantes declaran que por el presente acto

15  constituyen una sociedad anónima guatemalteca, que se regirá por las disposiciones de esta Escritura de

16  Constitución de Sociedad Anónima, por el Código de Comercio, Decreto número dos guión setenta (2-70) del

17  Congreso de la República de Guatemala y sus reformas y demás leyes pertinentes. **SEGUNDA: OBJETO:** Sin

18  que la siguiente enumeración sea limitativa, la sociedad tendrá como objetos principales: **a)** Dedicarse al

19  cultivo, producción, distribución, compra, venta, importación, exportación y cualquier forma de comercialización

20  de productos agrícolas tanto en establecimientos de propiedad de la sociedad como de terceros, realizando

21  todas las labores del ciclo agrícola o solamente alguna de ellas; **b)** Importación y exportación de maquinaria,

22  equipos, repuestos, combustibles, papel para fabricar cajas de empaque, fungicidas, herbicidas, nematicidas,

23  fertilizantes y cualquier otro insumo que se requiera para el cultivo, producción, distribución, venta y cualquier

24  forma de comercialización de productos agrícolas. **c)** Dedicarse a cualquier actividad mercantil, agropecuaria,

25  agrícola e industrial; **d)** Servicios de contratación de personal por cuenta propia o ajena. Contratación

Cindi Anabí Barrios Linares
Abogada y Notaria



26  individual de trabajo por cuenta propia o ajena; e) La compra, venta, alquiler, desarrollo y comercialización de

27  servicios, bienes muebles e inmuebles, así como cualquier otra actividad conexa o relaciones con los mismos;

28  f) Participar en cualquier forma, en la constitución de toda clase de sociedades, compañías, fundaciones,

29  asociaciones u otras formas de personas jurídicas, nacionales o extranjeras, sea como socio, accionista,

30  fundador, o bien como integrante de cualquiera de los órganos de tales personas jurídicas; g) Compraventa al

31  por mayor y/o al detalle de toda clase de mercadería; h) La importación y exportación de toda clase de bienes,

32  su producción, fabricación, comercialización y prestación de servicios; i) Comprar, vender, permutar, hipotecar,

33  pignorar, tomar o dar en arrendamiento de cualquier forma; j) Enajenar bienes muebles e inmuebles, constituir

34  fianza, descontar y pedir el descuento de créditos, emitir títulos de crédito, negociar y liquidar títulos de crédito,

35  valores y participaciones, así como, la cotización y colocación de los mismos en el mercado bursátil y

36  extrabursátil; disponer de los bienes propios en la forma que considere más conveniente a sus fines; h) Actuar,

37  otorgar y/o participar en cualquier clase de actos, negocios jurídicos, operaciones o contratos, sean civiles,

38  mercantiles o de cualquier otro orden, con plena capacidad jurídica para ejercer derechos y contraer

39  obligaciones, sin más limitaciones que las expresamente establecidas en las leyes del país; i) La adquisición,

40  tenencia, arrendamiento y explotación en cualquier forma de bienes inmuebles y su utilización, administración

41  o disposición; j) El establecimiento y operación de industrias agrícolas y/o industriales y sus actividades

42  conexas; j) El tráfico mercantil toda clase de negocios jurídicos, operaciones y actividades, especialmente de

43  tipo agrícola o industrial, pero sin excluir otras permitidas por la ley; k) la prestación de servicios;  l) La

44  promoción, el desarrollo, la administración, intervención e intermediación directa e indirecta en actividades y

45  operaciones lucrativas de tipo comercial, agrícola, agropecuaria, transporte, inmobiliario, arrendamiento de

46  todo tipo de bienes, bienes raíces, construcción y desarrollo de todo tipo de obras civiles, industriales,

47  confección y maquila en la República de Guatemala y fuera de ella para la compra, venta, exportación,

48  importación, almacenamiento, beneficiado, transporte, industrialización y comercialización y mercadeo de toda

49  clase de productos o mercancías, productos agrícolas y bienes muebles para la comercialización, aceptación,

50  endoso, adquisición, venta o negociación de toda clase de títulos de crédito, valores y en general toda clase de





Cindi Anabí Barrios Linares
Abogada y Notaria

**PROTOCOLO**

R E G I S T R O

Nº 537594

QUINQUENIO
DE 2018 A 2022

1 bienes muebles e inmuebles, así como invertir libremente en ellos. **m)** Contratar créditos con personas

2 jurídicas o individuales con o sin garantía, efectuar cobros por cuenta propia o de terceros y todas aquellas

3 actividades relacionadas con cobros en cuentas comerciales o civiles. Podrá realizar toda clase de

4 operaciones que directa o indirectamente se relacionen con tales objetos y que sirvan de medio para la

5 realización de los fines de la sociedad, especialmente: comprar, vender, arrendar o dar en arrendamiento,

6 recibir o dar en usufructo, transmitir en fideicomiso, pignorar, hipotecar, permutar, poseer, usar, fabricar,

7 transportar, comercializar, importar, exportar, negociar o de cualquier otra manera disponer de toda clase de

8 bienes muebles o inmuebles, vehículos, maquinaria, repuestos, semovientes, productos de toda índoles,

9 materia prima, derechos y mercadería de toda clase. **n)** Adquirir, negociar, operar negocios, empresas o

10 sociedades nacionales o extranjeras de cualquier naturaleza o pertenecer a ellas.  **o)** Prestar toda clase de

11 servicios, incluyendo asesoría y consultoría de toda especie en forma directa o indirecta. Para el cumplimiento

12 de sus fines la sociedad podrá dar en administración la totalidad o parte de su patrimonio; constituir cualquier

13 gravamen sobre bienes de su propiedad, así como prestar finanzas u otras garantías; y en general emprender,

14 ejecutar, hacer o celebrar todos los actos, operaciones o contratos, civiles, mercantiles o de cualquier otra

15 índole, necesarios o convenientes a su funcionamiento y giro, observando las prescripciones legales, sin

16 restricción alguna, pudiendo girar, hacer, aceptar, endosar y otorgar o expedir pagares, giros, letras de cambio

17 o bonos y, demás títulos de crédito, títulos valores y/o instrumentos negociables o no negociables. En general,

18 la sociedad podrá realizar cualesquiera otras actividades lícitas, afines, conexas o relacionadas directa o

19 indirectamente, necesarias o convenientes para el desarrollo de sus fines, tanto en el país como en el

20 extranjero. **TERCERA: DENOMINACION Y NOMBRE COMERCIAL: i)** La Sociedad girará bajo la

21 denominación **J CINCO, SOCIEDAD ANÓNIMA,** que podrá abreviarse **J CINCO, S.A. ii)** La entidad tendrá por

22 nombre comercial  **"J CINCO"** y podrá usar también el o los demás nombres comerciales que disponga el

23 Órgano de Administración conforme a la ley. **CUARTA: DOMICILIO.** El domicilio social y sede central de la

24 sociedad será el departamento de Guatemala, pudiendo establecer sucursales o agencias en cualquier parte del

25 territorio nacional o del extranjero, cuando así lo ameriten los negocios sociales y lo acuerde el órgano de



Cindi Anabí Barrios Linares
Abogada y Notaria



26 administración de la Sociedad. QUINTA: PLAZO: La Sociedad se constituye por plazo indefinido. SEXTA:

27 CAPITAL AUTORIZADO. El capital autorizado de la entidad es de CUATROCIENTOS NOVENTA Y CINCO MIL

28 QUETZALES (Q. 495,000.00) representado y dividido en CUATROCIENTOS NOVENTA Y CINCO MIL (495,000)

29 ACCIONES con un valor nominal de UN QUETZAL (Q. 1.00) CADA UNA. SÉPTIMA: CAPITAL SUSCRITO Y

30 PAGADO. Los otorgantes declaran que el capital suscrito y pagado de la Sociedad es de UN MIL QUETZALES

31 (Q. 1,000.00), suscrito y pagado por los accionistas fundadores en las siguientes proporciones: (i) EDUARDO

32 MACARIO COYOY suscribe y paga QUINIENTAS (500) acciones comunes a su valor nominal de UN

33 QUETZAL (Q.1.00) cada una, haciendo un total de QUINIENTOS QUETZALES (Q. 500.00); y (ii) INOCENTE

34 PERNILLO FUENTES suscribe y paga QUINIENTAS (500) acciones comunes a su valor nominal de UN

35 QUETZAL (Q.1.00) cada una, haciendo un total de QUINIENTOS QUETZALES (Q. 500.00). Dicha suma es

36 pagada por los accionistas fundadores en la proporción antes indicada. Lo anterior de conformidad con la

37 boleta de depósito monetario número ciento veintinueve millones quinientos ochenta y nueve mil doscientos

38 cuarenta y cinco (129589245) emitida por Banco Agromercantil de Guatemala, Sociedad Anónima con fecha

39 veintinueve de enero de dos mil veinte a favor de la entidad J CINCO, SOCIEDAD ANONIMA", el cual doy fe

40 de tener a la vista. Queda comprobada la aportación efectiva y total del capital suscrito y pagado de la

41 sociedad. OCTAVA: DE LAS ACCIONES. a) Las acciones de la sociedad serán ordinarias y preferentes. b) Los

42 títulos de las acciones comprenderán una o más de ellas y serán nominativas. c) Deberán contener los requisitos

43 a que alude el artículo ciento siete (107) del Código de Comercio y la firma de cuando menos dos de los

44 miembros del Consejo de Administración o la del Administrador Único, en su caso. d) La responsabilidad de cada

45 accionista será limitada al valor nominal de sus acciones; las acciones nominativas son transferibles por el

46 endoso del título respectivo e inscripción en el libro correspondiente de la Sociedad, previa autorización del

47 Consejo de Administración o del Administrador Único, según el artículo ciento diecisiete (117) del Código de

48 Comercio. e) La Sociedad considerará como accionista al inscrito como tal en el Registro de Accionistas. f) El

49 Administrador Único o el Consejo de Administración podrán emitir Acciones Preferentes, previa autorización de la

50 Asamblea General, quienes tendrán únicamente los derechos que más adelante se detallan. g) Todas las





Cindi Anabí Barrios Linares
Abogada y Notaria

No. **B** 4447543

TALLER NACIONAL DE GRABADOS EN ACERO - GUATEMALA, C. A.

## PROTOCOLO

REGISTRO

N.º 537595

QUINQUENIO
DE 2018 A 2022



1  acciones serán de igual valor, no pagarán intereses, primas, ni amortizaciones y sólo devengarán dividendos

2  cuando así lo decida la Asamblea General de Accionistas; **h)** Las acciones son indivisibles. Los copropietarios

3  titulares de una o más acciones, deberán unificar en una sola persona el ejercicio del voto, ya sea que lo ejerza

4  uno de los copropietarios o un tercero que sea representante común de los mismos; **i)** Salvo acuerdo expreso

5  entre las partes, para el caso de usufructo, la sociedad reconoce que corresponde al nudo propietario el derecho

6  de voto y el derecho preferente para suscripción de nuevas acciones; en caso de pignoración de acciones la

7  sociedad reconocerá el derecho a voto y todos los demás inherentes a la acción, únicamente al titular de la

8  misma. **NOVENA: DEL REGISTRO DE ACCIONES.** Deberá contener: a) El nombre del accionista y la

9  información necesaria para la debida identificación del accionista b) Indicación de las acciones que le

10  pertenezcan, expresándose los números, series, clases y demás particularidades; c) Dirección física y el correo

11  electrónico, este último si se tuviese, de cada accionista; d) Llamamientos efectuados y los pagos hechos; e) Las

12  transmisiones que se realicen; f) Los canjes de títulos; g) Los gravámenes que afecten a las acciones; y h) Las

13  cancelaciones de gravámenes y de los títulos. **DÉCIMA: DE LOS DERECHOS DE LOS ACCIONISTAS.** La

14  acción confiere a su titular la condición de accionista y le atribuye como mínimo los siguientes derechos: I) Los

15  titulares de las acciones comunes tendrán los siguientes derechos:  **a)** El de participar en el reparto de las

16  utilidades sociales y del patrimonio resultante de la liquidación; **b)** El derecho preferente de suscripción en la

17  emisión de nuevas acciones; **c)** El derecho de votar en Asambleas Generales y proponer candidatos para ocupar

18  puestos en la administración; **d)** El derecho de impugnación de las resoluciones de las Asambleas, así como el de

19  retirarse de éstas últimas; **e)** El derecho de examinar por sí o por medio de apoderados designados por simple

20  carta poder debidamente autenticada por Notario, la contabilidad y documentos de la Sociedad, así como

21  enterarse de la política económico-financiera de la misma, en la época y conforme las normas que establece el

22  artículo ciento cuarenta y cinco (145) del Código de Comercio; **f)** El derecho de promover judicialmente ante el

23  Juez de Primera Instancia donde tenga su domicilio la Sociedad, la convocatoria a Asamblea General Anual de la

24  Sociedad si pasada la época en que deba celebrarse según el contrato o transcurrido más de un año desde la

25  última Asamblea General, los Administradores no la hubieren hecho o si habiéndose celebrado no se hubiere

Cindi Anabí Barrios Linares
Abogada y Notaria



26    ocupado de los asuntos que indica el Artículo ciento treinta y cuatro (134) del Código de Comercio; **g)** El derecho

27    de reclamar contra la forma de distribución de las utilidades o pérdidas dentro de los tres meses siguientes a la

28    Asamblea General en que se hubiere acordado, derecho del que carecerá el socio que la hubiere aprobado con

29    su voto o que hubiere empezado a cumplirla. Estos derechos se ejercitarán con sujeción a las prescripciones

30    legales y a las que establece esta escritura. **II)** Los titulares de acciones preferentes tendrán únicamente los

31    siguientes derechos: **a)** Participar en el reparto de las utilidades sociales y del patrimonio resultante de la

32    liquidación; **b)** Derecho preferente en el pago de utilidades o dividendos o en el pago de capital en caso de

33    liquidación; **c)** El derecho de participar en Asambleas Generales Ordinarias y Extraordinarias con voz, pero sin

34    derecho a voto; **d)** El derecho de examinar por sí o por medio de apoderados designados por simple carta poder

35    debidamente autenticada por Notario, la contabilidad y documentos de la Sociedad, así como enterarse de la

36    política económico-financiera de la misma, en la época y conforme las normas que establece el artículo ciento

37    cuarenta y cinco (145) del Código de Comercio; **e)** El derecho de promover judicialmente ante el Juez de Primera

38    Instancia donde tenga su domicilio la Sociedad, la convocatoria a Asamblea General Anual de la Sociedad si

39    pasada la época en que deba celebrarse según el Pacto Social o transcurrido más de un año desde la última

40    Asamblea General, los Administradores no la hubieren hecho o si habiéndose celebrado no se hubiere ocupado

41    de los asuntos que indica el Artículo ciento treinta y cuatro (134) del Código de Comercio. Estos derechos se

42    ejercitarán con sujeción a las prescripciones legales y a las que establece esta escritura. **DÉCIMO PRIMERA:**

43    **PRENDA Y USUFRUCTO DE ACCIONES.** En el caso que las acciones sean dadas en prenda, el derecho de

44    voto en las Asambleas de Accionistas y el derecho de suscripción de nuevas acciones, será ejercido por el

45    accionista. En caso de usufructo sobre las acciones, salvo acuerdo expreso entre las partes, la sociedad

46    reconoce que corresponde al nudo propietario el derecho de voto y el derecho preferente para suscripción de

47    nuevas acciones. **DÉCIMO SEGUNDA: DE LA ADQUISICIÓN DE ACCIONES.** La Sociedad solo puede adquirir

48    sus acciones en caso de exclusión o separación de un socio, siempre que tenga sus utilidades acumuladas y

49    reserva de capital y únicamente hasta el total de tales utilidades o reservas, excluyendo la reserva legal. Solo se

50    podrá disponer de las acciones que la Sociedad adquiera conforme el primer párrafo de la presente cláusula con

Hoja 4 de 11

37



Cindi Anabí Barrios Linares
Abogada y Notaria



PROTOCOLO

REGISTRO

Nº 537596

QUINQUENIO
DE 2018 A 2022



1  la autorización de la Asamblea General y nunca por un precio menor que el de su adquisición. Si en el plazo de

2  seis meses la Sociedad no ha logrado la venta de tales acciones, deberá reducirse el capital, con observación de

3  los requisitos legales. **DÉCIMO TERCERA: DE LA AMORTIZACIÓN DE LAS ACCIONES.** Para la amortización

4  de acciones se observarán las siguientes reglas: a) Solo podrán amortizarse acciones íntegramente pagadas; b)

5  Si la amortización es por reducción de capital, deberá ser acordada por la Asamblea General, previa la

6  formulación de un Balance General, para determinar el valor en libros de la acciones; c) En lo no previsto en la

7  presente escritura, la amortización de acciones se hará en la forma que determine la Asamblea General

8  Extraordinaria de Accionistas al resolver sobre la reducción del capital de acuerdo con lo dispuesto por el Artículo

9  doscientos diez (210) del Código de Comercio. La designación de las acciones que deban ser amortizadas ser

10  hará por sorteo ante Notario; d) El valor de la amortización de cada acción será su valor en libros, según el

11  balance mencionado en el literal "b)" de la presente cláusula; e) Los títulos de acciones amortizadas quedarán

12  anulados y en su lugar podrán emitirse certificados de goce, cuando así lo resuelva la Asamblea General

13  Extraordinaria; y f) El derecho del tenedor de acciones amortizadas, para cobrar el precio de las acciones y en su

14  caso, el de recoger los certificados de goce, prescribirá en diez años a contar de la fecha de publicación del

15  acuerdo de reducción de capital. **DÉCIMO CUARTA: DEL VOTO ACUMULATIVO.** En la elección del Consejo de

16  Administración de la Sociedad, los accionistas con derecho a voto tendrán tantos votos como el número de

17  acciones multiplicado por el de los administradores a elegir y podrán emitir todos sus votos a favor de un solo

18  candidato o distribuirlos entre dos o más de ellos, si los hubiere. Los pactos entre accionistas sobre ejercicio

19  determinado del voto son válidos, pudiéndose también encargar a un representante común ejercitar el voto. Tales

20  convenios no podrán tener una duración mayor de diez años, deberán constar en escritura pública y el Notario

21  autorizante deberá dar aviso de la existencia del pacto a que se refiere esta cláusula, a la Sociedad y al Registro

22  Mercantil, razonando brevemente los títulos de las acciones. El pacto que límite o que controle el voto no impide

23  la transferencia de la acción. **DÉCIMO QUINTA: DE LA DESTRUCCIÓN O PÉRDIDA DE ACCIONES.** Para la

24  reposición de los títulos nominativos, no será necesaria la intervención judicial, bastando para el efecto que el

25  accionista registrado en el libro respectivo, haga la solicitud de reposición al Consejo de Administración o al

Cindi Anabí Barrios Linares
Abogada y Notaria



26  Administrador Único de la Sociedad, quien emitirá los nuevos títulos; quedando a discreción de la administración

27  de la sociedad el exigir o no la prestación de garantía. **DÉCIMO SEXTA: PROHIBICIONES A LOS SOCIOS.**

28  Queda prohibido a los socios, sin perjuicio de otras prohibiciones legales o que se deriven del contrato social y de

29  las disposiciones de los órganos de la Sociedad: a) usar el patrimonio o la denominación social para negocios

30  ajenos a la Sociedad; b) ejercer el derecho a voto en cuanto a los acuerdos relativos a cualquier operación

31  determinada en que el accionista tenga por cuenta propia o ajena un interés contrario a la sociedad. Las acciones

32  que se encuentren en tal situación serán computadas para los efectos del quórum de presencia. El accionista que

33  contravenga esta disposición, será responsable de los daños y perjuicios, cuando sin su voto no se hubiere

34  logrado la mayoría necesaria para la validez de la resolución. **DÉCIMO SEPTIMA: DE LAS ASAMBLEAS**

35  **GENERALES.** La Asamblea General formada por los accionistas legalmente convocados y reunidos, es el órgano

36  supremo de la Sociedad y expresa la voluntad social en materias de su competencia. Las Asambleas Generales

37  de Accionistas, son Ordinarias o Extraordinarias: I) La Asamblea General Ordinaria: La Asamblea General

38  Ordinaria se reunirá por lo menos una vez al año, dentro de los cuatro meses que sigan al cierre del ejercicio

39  social, o bien en cualquier tiempo que sea convocada en el lugar y fecha que señale la convocatoria. Deberá

40  ocuparse además de los asuntos incluidos en la agenda, de los siguientes: a) Conocer, discutir, aprobar o

41  improbar el estado de pérdidas y ganancias, el balance general y el informe de la Administración, así como el del

42  Órgano de Fiscalización, si lo hubiere y tomar las medidas que estime oportunas; b) Determinar si la Sociedad

43  estará dirigida y administrada por un Consejo de Administración o por un Administrador Único. Para el caso que

44  se optare por un Consejo de Administración, la Asamblea de Accionistas tendrá la facultad de nombrar y remover

45  a los miembros de dicho Consejo, así como también fijar el número de sus integrantes que será de un mínimo de

46  tres, el cargo que ocupará cada uno de ellos, el período de duración que no podrá ser superior al establecido en

47  la ley y determinar su remuneración. En el caso que se optare por un Administrador Único, éste tendrá las

48  mismas facultades que posee para los miembros del Consejo de Administración en lo que fueren aplicables

49  excepto en lo referente a la mayoría requerida para su elección, la cual deberá ser resuelta con el voto favorable

50  de más del cincuenta por ciento (50%) de las acciones con derecho a voto emitidas por la Sociedad para que el





Cindi Anabí Barrios Linares
Abogada y Notaria

B  4447545

TALLER NACIONAL DE GRABADOS EN ACERO - GUATEMALA, C. A.

## PROTOCOLO

REGISTRO

Nº 537597

QUINQUENIO
DE 2018 A 2022

1 Administrador Único resulte legalmente electo, en cuya oportunidad también podrá elegir con esos mismos

2 requisitos al Administrador Único suplente si fuere el caso; c) Conocer y resolver acerca del proyecto de

3 distribución de utilidades que el Órgano de Administración deberá someter a su consideración; d) Nombrar y

4 remover Gerentes y fijar sus atribuciones y remuneración; y e) Conocer y resolver de los demás asuntos que

5 concretamente le señale la escritura social. II) La Asamblea General Extraordinaria: La Asamblea General

6 Extraordinaria de Accionistas podrá reunirse en cualquier tiempo para tratar cualquiera de los asuntos siguientes:

7 a) Toda modificación a la escritura social, incluyendo aumento o reducción de capital o modificación del plazo,

8 fusión o transformación de sociedad; b) La creación de acciones de voto limitado o preferente y la emisión de

9 obligaciones o bonos, cuando no esté previsto en la escritura social; c) La adquisición de acciones de la misma

10 sociedad y la disposición de ellas; d) Aumentar o disminuir el valor nominal de las acciones; e) Los demás que

11 exijan la ley o la escritura social; y f) Cualquier otro asunto para el que sea convocada, aun cuando sea de la

12 competencia de las Asambleas Ordinarias. **DÉCIMO OCTAVA: CONVOCATORIA DE LA ASAMBLEA**

13 **GENERAL:** La Asamblea General deberá convocarse mediante avisos publicados por lo menos dos veces en la

14 Sección Electrónica Edictos del Registro Mercantil General de la República, con no menos de quince días hábiles

15 de anticipación a la fecha de su celebración. Los avisos deberán contener: a) el nombre de la Sociedad en

16 caracteres tipográficos notorios; b) el lugar, fecha y hora de la reunión; c) la indicación de si se trata de Asamblea

17 Ordinaria o  Extraordinaria; d) los requisitos que se necesitan para poder participar en ella. Si se tratare de una

18 Asamblea Extraordinaria, los avisos de convocatoria deberán señalar los asuntos a tratar; y e) indicación que

19 habrá segunda convocatoria y de que de no reunirse el quórum a la hora señalada, la Asamblea General se

20 celebrará una hora después con los accionistas presentes, salvo las limitaciones que en cuanto a mayorías

21 calificadas establece la ley o la presente escritura. A quienes aparezcan inscritos como tenedores de acciones

22 nominativas, se les deberá enviar a la dirección que tenga registrada, un aviso escrito que contenga los detalles

23 antes indicados, el que deberá remitirse por correo certificado, con una anticipación no menor de quince días

24 hábiles. La convocatoria para las Asambleas deberá hacerse por el Consejo de Administración o por el

25 Administrador Único, en su caso. Los accionistas que representen por lo menos el veinticinco por ciento (25%) de

Cindi Anabí Barrios Linares
Abogada y Notaria



26 las acciones con derecho a voto podrán pedir por escrito a los administradores, en cualquier tiempo, la

27 convocatoria de una Asamblea General de Accionistas, para tratar de los asuntos que indiquen en su petición.

28 Igual derecho compete al Órgano de Fiscalización y a los liquidadores según sea el caso. Si los Administradores

29 rehusaren hacer la convocatoria o no la hicieren dentro de los quince días hábiles siguientes a aquel en que

30 hayan recibido la solicitud, los accionistas podrán promover judicialmente la convocatoria a Asamblea General y

31 el Juez resolverá el asunto en incidente con audiencia a la Administración. **DÉCIMO NOVENA: DEL LUGAR DE**

32 **REUNIÓN Y DE LA AGENDA.** Las Asambleas Generales se reunirán en la sede social de la Sociedad o en otro

33 lugar que se designe para el efecto ya sea dentro o fuera del territorio nacional. La agenda deberá contener la

34 relación de los asuntos que serán sometidos a la discusión y aprobación de la Asamblea General y será

35 formulada por quien haga la convocatoria. Quienes tengan derecho a pedir la convocatoria a Asamblea General,

36 lo tienen también para pedir que figuren determinados puntos en la agenda. **VIGÉSIMA: DE LOS ASISTENTES**

37 **A LA ASAMBLEA.** Podrán asistir a la asamblea los titulares de acciones nominativas que aparezca en el libro de

38 registro, cinco días hábiles antes de la fecha en que deba celebrarse la asamblea. En el caso que los títulos estén

39 a disposición de una autoridad en el ejercicio de sus funciones, bastará la presentación de certificación que

40 acredite tal extremo y si se tratare de acciones dadas en prenda será suficiente la constancia de depósito que

41 emita el acreedor al accionista. **VIGÉSIMA PRIMERA: DE LA PRESIDENCIA DE LAS ASAMBLEAS.** Las

42 Asambleas Generales serán presididas por el Presidente del Consejo de Administración o por quien haga sus

43 veces, por el Administrador Único o por quien designe la Asamblea General de Accionistas. Fungirá como

44 secretario de las Asambleas Generales el secretario del Consejo de Administración, el Gerente, un Notario o la

45 persona que designe la Asamblea General de Accionistas. **VIGÉSIMA SEGUNDA: DEL QUORUM Y MAYORÍA**

46 **EN LAS ASAMBLEAS ORDINARIAS Y EXTRAORDINARIAS. a)** Asambleas Ordinarias: Para que una

47 Asamblea Ordinaria se considere reunida, deberán estar representadas por lo menos la mitad más uno de las

48 acciones que tengan derecho a voto, emitidas por la Sociedad y las resoluciones solo serán válidas cuando se

49 tomen por lo menos por la mayoría de los votos presentes es decir, la mitad más uno. En caso de no reunirse el

50 quórum necesario para celebrarla, se llevará a cabo una hora después, con los accionistas que se encuentren





Cindi Anabí Barrios Linares
Abogada y Notaria

**N⁰** **B** **4967911**

TALLER NACIONAL DE GRABADOS EN ACERO - GUATEMALA, C. A.

## PROTOCOLO

REGISTRO

N⁰ 077917

QUINQUENIO
DE 2018 A 2022



1  presentes y las resoluciones se tomarán con la mayoría de los presentes; **b)** Asambleas Extraordinarias: Para

2  que una Asamblea Extraordinaria se considere reunida, deberán estar representadas un mínimo del sesenta por

3  ciento (60%) de las acciones que tengan derecho a voto. Las resoluciones deberán tomarse con el voto favorable

4  de más del cincuenta por ciento (50%) de las acciones con derecho a voto emitidas por la Sociedad. En caso de

5  no reunirse el quórum necesario para celebrarla, se llevará a cabo una hora después, con los accionistas que se

6  encuentren presentes, siempre y cuando conformen como mínimo el cincuenta por ciento (50%) de las acciones

7  emitidas por la sociedad y las resoluciones se tomaran con la mayoría de los presentes. En caso de no reunirse el

8  quórum necesario para celebrarla, se deberá convocar a otra nueva asamblea. La Asamblea General podrá

9  acordar su continuación en los días inmediatos siguientes hasta la conclusión de la agenda. La desintegración del

10  quórum de presencia no será obstáculo para que la Asamblea continúe y pueda adoptar acuerdos si son votados

11  por las mayorías requeridas en la presente escritura. **VIGÉSIMA TERCERA: DE LA ASAMBLEA TOTALITARIA.**

12  Toda Asamblea podrá reunirse en cualquier tiempo sin necesidad de convocatoria previa, si está representada la

13  totalidad de las acciones con derecho a voto, siempre que ningún accionista se opusiera a celebrarla y que la

14  agenda sea aprobada por unanimidad. **VIGÉSIMA CUARTA: DE LA OBLIGATORIEDAD DE LAS**

15  **RESOLUCIONES DE LA ASAMBLEA GENERAL.** Las resoluciones legalmente adoptadas por las Asambleas de

16  Accionistas son obligatorias aún para los accionistas que no estuvieren presentes o que votaren en contra, salvo

17  los derechos de impugnación o anulación y retiro en los casos de ley. **VIGÉSIMA QUINTA: DE LA**

18  **REPRESENTACION DE LOS SOCIOS.** Los accionistas que no concurran personalmente a las Asambleas de

19  Accionistas o que sean persona jurídicas podrán hacerse representar con voz y voto por medio de su apoderado,

20  representante legal o por cualquier persona que sea o no accionista. La representación deberá conferirse por

21  mandato o por carta poder con firma legalizada. **VIGÉSIMA SEXTA: DE LA ADMINISTRACIÓN.** La Sociedad, a

22  discreción de la Asamblea General de Accionistas será administrada por un Administrador Único o por varios

23  Administradores constituidos en Consejo de Administración, que no será menor de tres, quienes serán electos por

24  dicha asamblea. En cualquier momento podrá la Asamblea variar el sistema de Administrador Único al de

25  Consejo de Administración o viceversa. En el caso que se optare porque la administración esté a cargo de un

Cindi Anabí Barrios Linares
Abogada y Notaria



26  Consejo, el mismo se integrará por los miembros que al efecto elegirá, en número que no podrá ser inferior a tres

27  según lo determine la Asamblea. El Administrador Único o los miembros del Consejo de Administración podrán

28  ser o no accionistas, durarán en el desempeño de sus funciones de uno a tres años, a criterio de la Asamblea y

29  nunca mayor al período establecido por la ley, pudiendo ser reelectos. Su elección es revocable en cualquier

30  tiempo por la Asamblea General de Accionistas. En todo caso, continuarán en el desempeño de sus funciones,

31  aún vencido el plazo para el que fueren electos, mientras sus sucesores no tomen posesión de los nuevos cargos

32  en la forma que determine la Asamblea General de Accionistas. **VIGÉSIMA SÉPTIMA: DEL QUORUM Y DE LA**

33  **MAYORÍA DEL CONSEJO DE ADMINISTRACIÓN.** En caso se opte por un Consejo de Administración como

34  órgano de Administración de la Sociedad, para que pueda deliberar y tomar resoluciones válidas se requerirá que

35  la mayoría de sus miembros esté presente o debidamente representado en la reunión. Los miembros del Consejo

36  de Administración podrán ser representados por otro miembro del Consejo o por persona ajena al mismo,

37  acreditado por carta poder con firma legalizada o mandato, quien podrá ejercer el derecho de voto del

38  representado y a quien se le tendrá como presente para los efectos legales. Sin embargo, un solo miembro del

39  Consejo de Administración, no podrá reunir las representaciones de todos los demás, y solo se permite ejercer

40  una representación a la vez. Queda establecido que la carta poder otorgada, solo tendrá validez para una sola

41  sesión de dicho Consejo, a no ser que expresamente diga que tiene validez para otras reuniones. Las

42  resoluciones del Consejo de Administración se tomarán por mayoría de votos de sus miembros presentes o

43  representados en la reunión. Cada miembro en sus funciones, tendrá un voto y el Presidente tendrá además en

44  caso de empate, voto resolutivo. El Consejo de Administración celebrará sesión ordinaria cuantas veces sea

45  necesario y extraordinariamente, cuando la convoque el Presidente, el Gerente General o el Secretario, siempre y

46  cuando se notifique verbalmente o por escrito con veinticuatro horas de anticipación a los miembros del mismo.

47  En todo caso el Consejo de Administración podrá celebrar sesión sin necesidad de convocatoria en cualquier

48  tiempo y lugar, cuando la mayoría de los miembros que lo integran se encuentren presentes o representados y

49  así lo decidan. Las resoluciones del Consejo de Administración se consignarán en el libro de actas

50  correspondiente o bien, será faccionada en Acta Notarial por un Notario, la que deberá incorporarse al libro de



Cindi Anabí Barrios Linares
Abogada y Notaria



TALLER NACIONAL DE GRABADOS EN ACERO - GUATEMALA, C. A.

PROTOCOLO

REGISTRO

N° 077918

QUINQUENIO
DE 2018 A 2022

1  actas correspondiente como anexo, en un plazo no mayor de quince días hábiles contados a partir de la fecha en

2  que se autorice, bajo responsabilidad de la administración, haciendo constar dicha anexión, en razón que se

3  coloque siguiendo el orden de los folios del libro respectivo. Las actas serán firmadas por el Presidente y el

4  Secretario, así como por los demás administradores que deseen hacerlo. **VIGÉSIMA OCTAVA: FACULTADES**

5  **DEL ORGANO DE ADMINISTRACIÓN.** Tanto el Administrador Único como el Consejo de Administración, según

6  la forma de administración que opte la Asamblea General de Accionistas, además de otras facultades que les

7  confiere el contrato social y las disposiciones legales o reglamentarias aplicables, tendrán las siguientes

8  facultades y atribuciones: a) Cumplir y ejecutar las disposiciones de la Asamblea General de Accionistas; b) Dar a

9  la sociedad la organización que a su juicio mejor garantice su óptimo funcionamiento; c) Disponer cuando lo

10  estime oportuno, que se verifique el pago de acciones suscritas y no pagadas totalmente, así como la emisión

11  de acciones que representen capital autorizado aún no suscrito ni pagado; d) Dirigir la política administrativa,

12  comercial y financiera de la sociedad; e) Acordar en forma genérica o específica sobre la adquisición y venta de

13  inmuebles, así como sobre el gravamen de bienes o derechos y el constituir fianzas que obliguen a la sociedad; f)

14  Cuando lo estime conveniente, nombrar y remover al Gerente General y fijar su remuneración.; g) Acordar y

15  conferir mandatos generales o especiales de la sociedad. No se requerirá autorización de la Asamblea General

16  de Accionistas para revocar mandatos;  h) Convocar a las asambleas generales de accionistas y proponer su

17  agenda; i) Disponer que la contabilidad de la sociedad se lleve conforme a la ley, que se practique anualmente al

18  finalizar el ejercicio social, inventario, balance general, estado de ganancias y pérdidas y los demás estados y

19  documentos financieros de la sociedad; j) Formular el informe anual que se someterá  a la Asamblea Anual

20  Ordinaria de Accionistas; k) Preparar el proyecto de distribución de utilidades, en su caso, para someterlo

21  oportunamente a la Asamblea de Accionistas; l) Establecer la responsabilidad por el manejo de fondos; m) En

22  caso de ocurrir una vacante en el Consejo de Administración y si no se hubiere elegida suplente para llenarla, se

23  procederá a convocar a la Asamblea General de Accionistas para suplir la vacante o remediar la carencia de ella;

24  n) Asentar las Actas de las asambleas de accionistas o sesiones del Consejo de Administración o de resoluciones

25  que tome el Administrador Único, en el libro respectivo y llevar los demás libros y registros requeridos legalmente

Cindi Anabí Barrios Linares
Abogada y Notaria



26  o considerados convenientes o que sean dispuestos por la Asamblea de Accionistas o el propio órgano de

27  administración; y o) Cuantas otras facultades le correspondan o le hayan sido asignadas por la Asamblea de

28  Accionistas o se considera conveniente a los intereses de la sociedad que se ejerzan de acuerdo con la ley y la

29  escritura social. **VIGÉSIMA NOVENA: FACULTADES DE LOS MIEMBROS DEL CONSEJO DE**

30  **ADMINISTRACIÓN.** Cuando se opte por constituir un Consejo de Administración, los miembros del Consejo de

31  Administración tendrán sin perjuicio de las otras atribuciones que le correspondan de acuerdo con la ley y la

32  escritura social, las siguientes: **I) El Presidente:** a) Cumplir y hacer que se cumplan las resoluciones del consejo

33  de Administración; b) Vigilar la marcha de las operaciones sociales; c) Presidir las Asambleas de Accionistas y las

34  sesiones del Consejo de Administración; d) Suscribir los títulos de las acciones; e) Citar a las sesiones del

35  Consejo de Administración; f) Informar al Consejo de Administración, sobre la marcha de las operaciones

36  sociales; f) Ejercer la representación legal de la Sociedad, sin perjuicio de las facultades del Gerente General u

37  otros funcionarios o Mandatarios en su caso, y según las indicaciones del Consejo de Administración; g) Conferir

38  y revocar poderes generales y especiales, previa resolución tomada en Consejo de Administración. **II) El**

39  **Vicepresidente:** a) Asumir las funciones del Presidente del Consejo de Administración sin necesidad de ninguna

40  declaratoria específica, en caso de ausencia o incapacidad temporal del Presidente o por decisión de la

41  Asamblea de accionistas y cuyas funciones incluirán la de representación legal de la Sociedad; b) Colaborar

42  estrechamente y aconsejar al Presidente del Consejo de Administración con miras a la más provechosa y eficaz

43  atención de los asuntos de la Sociedad; c) Realizar las otras funciones que el Consejo de Administración le

44  encomiende o que sean consecuentes con la naturaleza de su cargo; **III) El Secretario:** a) Redactar las Actas de

45  las Asambleas de Accionistas y de las sesiones del Consejo de Administración, firmándolas junto con el

46  Presidente y tener bajo su control los Libros de Actas y el registro de accionistas; b) Cooperar con el Presidente y

47  Vicepresidente en la dirección de los negocios o asuntos de la sociedad y en la ejecución de las resoluciones de

48  la Asamblea de Accionistas o del Consejo de Administración; c) Las otras facultades que sean consecuentes con

49  la naturaleza de su cargo. Cuando actúe un secretario accidental, tendrá las anteriores facultades en lo que fuere

50  necesario para la debida ejecución de su cometido. En caso se acuerde que el Consejo de Administración se

Hoja **8** de **11**                    41



Cindí Anabí Barrios Linares
Abogada y Notaria

N° B 4967913

TALLER NACIONAL DE GRABADOS EN ACERO · GUATEMALA, C. A.

PROTOCOLO

REGISTRO

N° 077919

QUINQUENIO
DE 2018 A 2022

1   conforme con más miembros de los estipulados en la presente clausula, es decir, más de tres miembros, estos

2   tendrán las facultades que la ley, la presente escritura social y la asamblea general de accionistas les asigne.

3   **TRIGÉSIMA: FACULTADES DEL ADMINISTRADOR ÚNICO.** Cuando se haya optado por encargar la

4   Administración de la Sociedad a un Administrador Único, le corresponderá ejercer todas y cualesquiera de las

5   funciones, obligaciones y atribuciones especificadas en las clausulas vigésima octava y vigésima novena.

6   **TRIGÉSIMA PRIMERA: ORGANO DE FISCALIZACIÓN.** Las operaciones sociales serán fiscalizadas por los

7   propios accionistas, sin embargo, la Asamblea General de Accionistas podrá acordar que la fiscalización quede a

8   cargo de un órgano específico, integrado por comisarios o por Auditor Interno o Externo, que dependerá

9   exclusivamente de la Asamblea de Accionistas, a la cual rendirá sus informes. Son atribuciones del Órgano de

10  Fiscalización además de otras que señale la ley, la escritura social o la Asamblea de Accionistas, las siguientes:

11  a) Fiscalizar la administración de la Sociedad, examinar la contabilidad y demás estados financieros; b) Verificar

12  que la contabilidad sea llevada en forma legal y de acuerdo con los principios de contabilidad generalmente

13  aceptados y consistentes de un ejercicio a otro; c) Hacer arqueos periódicos de caja y valores; d) Exigir a la

14  administración informes sobre el desarrollo de las operaciones sociales o sobre determinados negocios; e)

15  Convocar a la Asamblea General de Accionistas cuando ocurran causas de disolución o se presenten asuntos

16  que en su opinión requieran del conocimiento de los accionistas; f) Someter a la administración y hacer que se

17  inserten en la agenda de las Asambleas de Accionistas, los puntos que estimen pertinentes; g) Asistir con voz

18  pero sin voto a las reuniones del Consejo de Administración cuando sea el caso o reunirse con el Administrador

19  Único periódicamente para discutir asuntos de su competencia; h) Asistir con voz pero sin voto, a las Asambleas

20  Generales de Accionistas y presentar su informe y dictamen sobre los estados financieros, incluyendo las

21  iniciativas que a su juicio convengan; e i) En general, fiscalizar, vigilar e inspeccionar en cualquier tiempo las

22  operaciones de la Sociedad. **TRIGÉSIMA TERCERA: LA GERENCIA.** La Asamblea de Accionistas, el Consejo

23  de Administración, o el Administrador Único en su caso, podrán nombrar y remover a los gerentes, quienes

24  tendrán a su cargo la administración y ejecución directa y cotidiana de las actividades y asuntos de la Sociedad.

25  Los Gerentes podrán ser o no ser accionistas o miembros del Consejo de Administración. En caso de ser

Cindí Anabí Barrios Linares
Abogada y Notaria



26  nombrado, únicamente el Gerente General tendrá la representación legal, judicial o extrajudicial conjunta o

27  separadamente con el Presidente del Consejo de Administración o con el Administrador Único si lo hubiere y

28  tendrá las demás atribuciones que de conformidad con la ley y la presente escritura social le corresponda, así

29  como las que en adición le fueren encomendadas por la administración, que también podrá señalar las directrices

30  generales o especiales que debe seguir en el ejercicio de sus funciones, así como el ámbito y límite de sus

31  atribuciones. **TRIGÉSIMA CUARTA: REPRESENTACIÓN LEGAL.** La representación legal de la sociedad con el

32  uso de la denominación social corresponderá únicamente al Presidente del Consejo de Administración o el

33  Vicepresidente cuando hiciere sus veces, al Administrador Único si lo hubiera y al Gerente General si se hubiere

34  nombrado, quienes podrán actuar en forma conjunta o separada indistintamente, quienes por el solo hecho de su

35  nombramiento tendrán todas las facultades judiciales y administrativas de cualquier otro orden, así como para

36  ejecutar los actos y celebrar los contratos que sean del giro ordinario de la Sociedad, de los que de él se deriven

37  y los que con él se relacionen, incluyendo la emisión de títulos de crédito. Para negocios distintos de dicho giro

38  ordinario, necesitarán facultades especiales, detalladas en forma genérica al hacerse su nombramiento o en

39  forma específica por resolución expresa de la Asamblea de Accionistas o del Consejo de Administración.

40  También tendrán la representación legal de la Sociedad ante autoridades y tribunales de trabajo, con facultades

41  para actuar como representante legal nato, prestar confesión judicial por la sociedad, reconocer firmas, transigir y

42  para ejercitar cualquier otra facultad pertinente para la debida y pronta prosecución de los asuntos laborales. Si la

43  Asamblea de Accionistas o el Órgano de Administración, nombraren ejecutores especiales o delegados para la

44  ejecución de actos concretos, podrán conferirles la representación legal con el uso de la denominación social,

45  para la debida ejecución de su cometido. Así mismo, podrán constituirse mandatarios generales o especiales con

46  representación, por el Administrador Único o por resolución del Consejo de Administración. **TRIGÉSIMA**

47  **QUINTA: DEL EJERCICIO SOCIAL.** El período fiscal será de un año comprendido del uno de enero al treinta y

48  uno de diciembre de cada año, pudiendo la Asamblea General optar por un período distinto si la ley lo permite y

49  convenga a sus intereses. **TRIGÉSIMA SEXTA: DE LOS BENEFICIOS Y PERDIDAS.** Las pérdidas que pueda

50  producir la sociedad serán asumidas por los accionistas en proporción y hasta el monto que representen sus





Cindi Anabí Barrios Linares
Abogada y Notaria

**PROTOCOLO**

REGISTRO

Nº 077920

QUINQUENIO
DE 2018 A 2022



1 respectivas acciones. Los beneficios se percibirán por los accionistas en igual proporción. La Asamblea de

2 Accionistas determinará sobre la forma, el monto y la época en que serán pagados los dividendos que se

3 acuerden. **TRIGÉSIMA SÉPTIMA: DE LOS LIBROS DE CONTABILIDAD Y ACTAS.** La Sociedad llevará la

4 contabilidad de acuerdo con lo previsto en el Código de Comercio y demás leyes pertinentes, al igual que un libro

5 de actas para hacer constar las resoluciones de la Asamblea General de Accionistas y del Consejo de

6 Administración. **TRIGÉSIMA OCTAVA: DEL FONDO DE RESERVA.** De las utilidades netas de cada ejercicio de

7 toda sociedad, deberá separarse anualmente el cinco por ciento (5%) como mínimo para formar la reserva legal.

8 La reserva legal no podrá ser distribuida en forma alguna entre los socios, sino hasta la liquidación de la

9 sociedad. Sin embargo, anualmente podrá capitalizarse el excedente del cinco por ciento (5%) de la misma

10 cuando la reserva legal anual exceda el quince por ciento (15%) del capital pagado al cierre del ejercicio

11 inmediato anterior, sin perjuicio de la obligación de la sociedad de seguir separando el cinco por ciento (5%) anual

12 correspondiente a la reserva legal a que se refiere la primera parte de la presente cláusula. **TRIGÉSIMA**

13 **NOVENA: CONTROVERSIAS.** Cualesquiera diferencias que surgieren entre los accionistas y entre éstos y la

14 Sociedad, con motivo o por causa de este contrato, su interpretación o ejecución durante la vigencia del pacto

15 social o durante la liquidación de la sociedad, que no puedan resolverse amigablemente serán sometidos a la

16 competencia de los tribunales de justicia de la ciudad de Guatemala, tomando como base el procedimiento

17 establecido en el Código Procesal Civil y Mercantil para el juicio sumario con exclusión de cualquier otra vía.

18 **CUADRAGÉSIMA: DE LA DISOLUCION DE LA SOCIEDAD Y DE LAS BASES PARA SU LIQUIDACION.** La

19 Sociedad se disolverá y entrará en liquidación en los casos siguientes: a) Por resolución de los accionistas

20 tomada en Asamblea General Extraordinaria; b) Por imposibilidad de seguir realizando el objeto principal de la

21 Sociedad; c) Por pérdida de más del sesenta por ciento (60%) del capital pagado; d) Por reunión de las acciones

22 en una sola persona; e) En los demás casos en que procede de conformidad con la ley. Tan pronto El órgano de

23 Administración conozca la existencia de cualquier causal de disolución, lo consignarán en acta firmada por todos

24 (en caso sea Consejo de Administración) o por el Administrador Único y convocarán a Asamblea General, que

25 deberá celebrarse dentro del mes siguiente a la fecha del acta. Si en la Asamblea General se decide subsanar la

Cindi Anabí Barrios Linares
Abogada y Notaria



26 causa de disolución y modificar la escritura social para continuar las operaciones o alternativamente acordar la

27 disolución de la Sociedad, lo resuelto se elevará a escritura pública que se inscribirá en el Registro Mercantil. Si

28 existiendo causa de disolución no se tomará resolución que permita que la Sociedad continúe, cualquier

29 interesado podrá ocurrir a Juez de Primera Instancia de lo civil, en juicio sumario, a fin de que declare la

30 disolución, ordene la inscripción en el Registro Mercantil y nombre liquidador en defecto de los socios. Disuelta la

31 Sociedad entrará en liquidación, pero conservará su personalidad jurídica hasta que aquella se concluya y

32 durante este tiempo deberá añadirse a la denominación las palabras: "En liquidación". La liquidación se hará por

33 un liquidador que será nombrado por acuerdo de los socios tomado por mayoría en el mismo acto en que se

34 acuerde o reconozca la disolución. Si no fuere posible lograr tal mayoría, el nombramiento lo hará un Juez de

35 Primera Instancia del Ramo Civil, en procedimiento incidental a petición de cualquier accionista. Además de lo

36 expresado, la liquidación de la sociedad se sujetará a las reglas y bases siguientes: I) El término para la

37 liquidación no excederá de un año y cuando transcurra este sin que se hubiera concluido, cualquiera de los

38 socios o de los acreedores podrá pedir a un Juez de Primera Instancia del Ramo Civil que fije un término

39 prudencial para concluirla, funcionario judicial que previo conocimiento de causa lo acordará así; II) El liquidador

40 tendrá las atribuciones siguientes: a) Representar legalmente a la Sociedad, judicial o extrajudicialmente, con

41 todas las facultades especiales pertinentes que estatuye la Ley del Organismo Judicial; b) Concluir las

42 operaciones sociales pendientes al tiempo de la disolución, quedándoles prohibido terminantemente, so pena de

43 responsabilidad personal, emprender nuevas operaciones; c) Exigir la cuenta de su administración a cualquiera

44 que haya manejado intereses de la Sociedad; d) Liquidar todas las deudas de la Sociedad; e) Cobrar los créditos

45 activos, percibir su importe, cancelar los gravámenes que los garanticen y otorgar los correspondientes finiquitos;

46 f) Vender los bienes sociales, aun cuando y haya algún menor o incapacitado entre los socios, con tal de que no

47 hayan sido aportados por aquéllos con la condición de ser devueltos en especie; g) Presentar estado de

48 liquidación cuando lo requiera cualquiera de los accionistas; h) Disponer la práctica del balance general, que

49 deberá someterse a la aprobación de los accionistas, aprobación que deberá ser tomada por mayoría; i) Liquidar

50 a cada socio su haber social; j) Depositar en el Registro Mercantil el balance general final, una vez aprobado y





PROTOCOLO

REGISTRO

Nº 077921

QUINQUENIO
DE 2018 A 2022



1. obtener del mismo Registro la cancelación de la inscripción de la escritura social; k) En general, realizar todos los

2. demás actos de liquidación que fueren pertinentes; III) En los pagos, el liquidador observará en todo caso el

3. orden siguiente: a) Gastos de liquidación; b) Deudas de la sociedad; c) Aportes de los accionistas; d) Utilidades;

4. IV) El liquidador no podrá distribuir entre los accionistas, ni siquiera parcialmente los bienes sociales mientras no

5. hayan sido pagados los acreedores de la sociedad o no hayan sido separadas las sumas necesarias para

6. pagarles. Si los fondos disponibles resultaren insuficientes para el pago de las deudas sociales, el liquidador

7. exigirá a los accionistas los desembolsos todavía debidos sobre su participación. Si los bienes de la sociedad no

8. alcanzaren a cubrir las deudas, se procederá con arreglo a lo dispuesto en materia de concurso o quiebra; V) En

9. cuanto al haber social que quedare distribuible entre los accionistas, el liquidador procederá conforme a las reglas

10. siguientes: a) En el balance final se indicará el haber social distribuible y el valor proporcional del mismo,

11. pagadero a cada acción; b) Este balance se publicará en la Sección Electrónica Edictos del Registro Mercantil

12. General de la República, por tres veces durante un término de quince días hábiles. El balance, los documentos,

13. libros y registros de la sociedad quedarán a disposición de los accionistas hasta el día anterior a la Asamblea

14. General de Accionistas, inclusive y los accionistas gozarán de un plazo de quince días hábiles a partir de la última

15. publicación, para presentar sus reclamos al liquidador; y c) En las mismas publicaciones se hará la convocatoria a

16. Asamblea General de Accionistas, que se resuelva en definitiva sobre el balance. La Asamblea General de

17. Accionistas, que resuelva sobre el balance deberá celebrarse por lo menos un mes después de la primera

18. publicación y en ella, los accionistas podrán hacer las reclamaciones que no hubieren sido atendidas con

19. anterioridad o formular las que estimen pertinentes; VI) Aprobado el balance general y el estado de pérdidas y

20. ganancias, el liquidador procederá a hacer a los accionistas los pagos que corresponda, contra entrega de los

21. títulos de las acciones debidamente cancelados. En lo que sea compatible con el estado de liquidación, la

22. Sociedad continuará rigiéndose por las estipulaciones del contrato social y por las disposiciones del Código de

23. Comercio. **CUADRAGÉSIMA PRIMERA: CASOS NO PREVISTOS.** En todo lo que no estuviere previsto o

24. regulado en el contrato social, integrado por los instrumentos en contengan la escritura constitutiva y todas sus

25. modificaciones o ampliaciones, la Sociedad Anónima que por este instrumento se constituye se regirá por las

Cindi Anabí Barrios Linares
Abogada y Notaria



26  disposiciones y resoluciones que emitan la Asamblea de Accionistas y el Órgano de Administración, y en su caso,

27  por las disposiciones legales aplicables. **CUADRAGÉSIMA SEGUNDA: DE LAS DISPOSICIONES**

28  **TRANSITORIAS.** Manifiestan los otorgantes que designan como **ADMINISTRADOR ÚNICO Y**

29  **REPRESENTANTE LEGAL** al señor **EDUARDO MACARIO COYOY**, por el plazo de tres (3) años, quien tendrá

30  todas las facultades que la presente escritura y la ley confieren a su respectivo cargo, así como para realizar

31  todas aquellas actividades necesarias para el desarrollo de la Sociedad, incluyendo las relativas a solicitar y

32  obtener todo tipo de autorizaciones y permisos e inscripciones, a efecto de que la Sociedad pueda operar dentro

33  de las actividades que constituyen su objeto y aquéllas que por cualquier razón las complementan, así también

34  podrá realizar cualquier acto o contrato relativo a las finalidades de la Sociedad o comprendido dentro de su

35  objeto social. **CUADRAGÉSIMA TERCERA: ACEPTACION GENERAL.** Manifiestan los otorgantes que aceptan

36  el contenido íntegro del presente instrumento público. Yo, la infrascrita Notaria **DOY FE: a)** De todo lo expuesto;

37  **b)** Que tuve a la vista los documentos relacionados en la presente escritura pública, especialmente la boleta de

38  depósito monetario número ciento veintinueve millones quinientos ochenta y nueve mil doscientos cuarenta y

39  cinco (129589245) emitida por Banco Agromercantil de Guatemala, Sociedad Anónima con fecha veintinueve

40  de enero de dos mil veinte; y, **c)** Que leí íntegramente lo escrito a los otorgantes, quienes bien enterados y

41  advertidos de su contenido, objeto, validez, efectos legales, fiscales y obligación de registro, lo ratifican, aceptan y

42  firman. **DOY FE.**

43

44

45

46

47  Ante mí.

48

49

50

Hoja **11** de **11**

Es **PRIMER TESTIMONIO** de la escritura pública número **SEIS (06),** autorizada en esta ciudad por la infrascrita Notaria el tres de febrero de dos mil veinte, que debidamente fotocopiada de su original y para entregar a **J CINCO, SOCIEDAD ANÓNIMA**, extiendo en once hojas, las cuales numero, sello y firmo, siendo las diez primeras, copia fiel de la escritura matriz, de lo cual doy fe por haber sido tomadas y reveladas el día de hoy directamente del original que reproducen, y la décima primera que es la presente en la cual se asienta la razón final del presente testimonio. **Razón:** Como Notaria hago constar que el Impuesto de Timbres Fiscales y de Papel Sellado Especial para Protocolos que grava el presente contrato es pagado mediante la adhesión de dos timbres fiscales del año en curso, del valor de cien Quetzales (Q. 100.00) cada uno, identificados como: doscientos ochenta y cinco mil trescientos cincuenta y siete (285357) y doscientos ochenta y cinco mil trescientos cincuenta y ocho (285358); y dos timbres fiscales del año en curso, del valor de veinticinco Quetzales (Q. 25.00) cada uno, identificados como: ciento cincuenta y nueve mil ochocientos noventa (159890) y ciento cincuenta y nueve mil ochocientos noventa y uno (159891). Extiendo el presente testimonio en la Ciudad de Guatemala, el tres de febrero de dos mil veinte.-

Cindi Anabí Barrios Linares
Abogada y Notaria





No.16778

**RAZÓN DE SOCIEDAD**

RAZÓN: EL REGISTRO MERCANTIL GENERAL DE LA REPÚBLICA, CON BASE AL TESTIMONIO DE LA ESCRITURA NO. 6, AUTORIZADA EN LA CIUDAD DE  GUATEMALA, GUATEMALA EL DÍA 03 DE FEBRERO DE 2020 POR EL NOTARIO CINDI ANABÍ  BARRIOS LINARES, INSCRIBIÓ EL DÍA  06 DE FEBRERO  DE 2020 , BAJO REGISTRO No. 162514  FOLIO:   251  DEL LIBRO:  489  ELECTRÓNICO DE SOCIEDADES MERCANTILES, LA SOCIEDAD DENOMINADA  J CINCO, SOCIEDAD ANÓNIMA LA CUAL TENDRÁ PERSONALIDAD JURÍDICA A PARTIR DEL DÍA  06 DE FEBRERO  DE 2020 . ARTÍCULO 341 DECRETO 2-70 DEL CONGRESO DE LA REPÚBLICA DE GUATEMALA, REFORMADO POR ARTÍCULO 11, DECRETO 18-2017 DEL CONGRESO DE LA REPÚBLICA DE GUATEMALA. GUATEMALA  06 DE FEBRERO  DE 2020 . EXP.  10076 - 2020. ULTIMA LINEA.-

JAIME RODOLFO SALGUERO MARTINEZ





Lic. César Augusto Sierra Mérida
Registrador Mercantil Auxiliar

ACTA NOTARIAL DE NOMBRAMIENTO DE ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL DE LA ENTIDAD

J CINCO, SOCIEDAD ANÓNIMA. En la Ciudad de Guatemala, el tres de febrero de dos mil veinte, siendo las dieciséis

horas, yo, Cindi Anabí Barrios Linares, Notaria, constituida en la sexta calle siete guion treinta y cinco de la zona nueve de

esta ciudad, soy requerida por EDUARDO MACARIO COYOY, quien me declara ser de sesenta y un años, casado,

guatemalteco, Empresario, de este domicilio, y quien se identifica con el Documento Personal de Identificación con Código

Único de Identificación dos mil trescientos treinta y siete, setenta mil quinientos setenta y siete, cero novecientos uno (2337

70577 0901), extendido por el Registro Nacional de las Personas de la República de Guatemala. El requirente solicita mis

servicios notariales para que haga constar su nombramiento como **ADMINISTRADOR ÚNICO Y REPRESENTANTE**

**LEGAL** de la entidad J CINCO, SOCIEDAD ANÓNIMA, procediéndose para el efecto de la siguiente manera: **PRIMERO:**

El requirente me pone a la vista el primer testimonio de la escritura pública número seis (06), autorizada en esta ciudad el

tres de febrero de dos mil veinte, escritura por la que se constituyó la entidad J CINCO, SOCIEDAD ANÓNIMA.

**SEGUNDO:** El requirente me solicita que haga constar lo que aparece en las cláusulas segunda, vigésima octava,

vigésima novena, trigésima y trigésima cuarta del pacto social de la entidad, por lo que hago constar que el mismo, en su

parte conducente, literalmente señalan lo siguiente: "(...) *SEGUNDA: OBJETO: Sin que la siguiente enumeración sea*

*limitativa, la sociedad tendrá como objetos principales: a) Dedicarse al cultivo, producción, distribución, compra, venta,*

*importación, exportación y cualquier forma de comercialización de productos agrícolas tanto en establecimientos de*

*propiedad de la sociedad como de terceros, realizando todas las labores del ciclo agrícola o solamente alguna de ellas; b)*

*Importación y exportación de maquinaria, equipos, repuestos, combustibles, papel para fabricar cajas de empaque,*

*fungicidas, herbicidas, nematicidas, fertilizantes y cualquier otro insumo que se requiera para el cultivo, producción,*

*distribución, venta y cualquier forma de comercialización de productos agrícolas, c) Dedicarse a cualquier actividad*

*mercantil, agropecuaria, agrícola e industrial; d) Servicios de contratación de personal por cuenta propia o ajena.*

*Contratación individual de trabajo por cuenta propia o ajena; e) La compra, venta, alquiler, desarrollo y comercialización de*

*servicios, bienes muebles e inmuebles, así como cualquier otra actividad conexa o relaciones con los mismos; f) Participar*

*en cualquier forma, en la constitución de toda clase de sociedades, compañías, fundaciones, asociaciones u otras formas*

*de personas jurídicas, nacionales o extranjeras, sea como socio, accionista, fundador, o bien como integrante de*

Cindi Anabí Barrios Linares
Abogada y Notaria

*cualquiera de los órganos de tales personas jurídicas; g) Compraventa al por mayor y/o al detalle de toda clase de*

*mercadería; h) La importación y exportación de toda clase de bienes, su producción, fabricación, comercialización y*

*prestación de servicios; i) Comprar, vender, permutar, hipotecar, pignorar, tomar o dar en arrendamiento de cualquier*

*forma; j) Enajenar bienes muebles e inmuebles, constituir fianza, descontar y pedir el descuento de créditos, emitir títulos*

*de crédito, negociar y liquidar títulos de crédito, valores y participaciones, así como, la cotización y colocación de los*

*mismos en el mercado bursátil y extrabursátil; disponer de los bienes propios en la forma que considere más conveniente a*

*sus fines; h) Actuar, otorgar y/o participar en cualquier clase de actos, negocios jurídicos, operaciones o contratos, sean*

*civiles, mercantiles o de cualquier otro orden, con plena capacidad jurídica para ejercer derechos y contraer obligaciones,*

*sin más limitaciones que las expresamente establecidas en las leyes del país; i) La adquisición, tenencia, arrendamiento y*

*explotación en cualquier forma de bienes inmuebles y su utilización, administración o disposición; j) El establecimiento y*

*operación de industrias agrícolas y/o industriales y sus actividades conexas; j) El tráfico mercantil toda clase de negocios*

*jurídicos, operaciones y actividades, especialmente de tipo agrícola o industrial, pero sin excluir otras permitidas por la ley;*

*k) la prestación de servicios; l) La promoción, el desarrollo, la administración, intervención e intermediación directa e*

*indirecta en actividades y operaciones lucrativas de tipo comercial, agrícola, agropecuaria, transporte, inmobiliario,*

*arrendamiento de todo tipo de bienes, bienes raíces, construcción y desarrollo de todo tipo de obras civiles, industriales,*

*confección y maquila en la República de Guatemala y fuera de ella para la compra, venta, exportación, importación,*

*almacenamiento, beneficiado, transporte, industrialización y comercialización y mercadeo de toda clase de productos o*

*mercancías, productos agrícolas y bienes muebles para la comercialización, aceptación, endoso, adquisición, venta o*

*negociación de toda clase de títulos de crédito, valores y en general toda clase de bienes muebles e inmuebles, así como*

*invertir libremente en ellos. m) Contratar créditos con personas jurídicas o individuales con o sin garantía, efectuar cobros*

*por cuenta propia o de terceros y todas aquellas actividades relacionadas con cobros en cuentas comerciales o civiles.*

*Podrá realizar toda clase de operaciones que directa o indirectamente se relacionen con tales objetos y que sirvan de*

*medio para la realización de los fines de la sociedad, especialmente: comprar, vender, arrendar o dar en arrendamiento,*

*recibir o dar en usufructo, transmitir en fideicomiso, pignorar, hipotecar, permutar, poseer, usar, fabricar, transportar,*

*comercializar, importar, exportar, negociar o de cualquier otra manera disponer de toda clase de bienes muebles o*

Hoja **2** de **3**



inmuebles, vehículos, maquinaria, repuestos, semovientes, productos de toda índole, materia prima, derechos y

mercadería de toda clase. **n)** Adquirir, negociar, operar negocios, empresas o sociedades nacionales o extranjeras de

cualquier naturaleza o pertenecer a ellas. **o)** Prestar toda clase de servicios, incluyendo asesoría y consultoría de toda

especie en forma directa o indirecta. Para el cumplimiento de sus fines la sociedad podrá dar en administración la totalidad

o parte de su patrimonio; constituir cualquier gravamen sobre bienes de su propiedad, así como prestar finanzas u otras

garantías; y en general emprender, ejecutar, hacer o celebrar todos los actos, operaciones o contratos, civiles, mercantiles

o de cualquier otra índole, necesarios o convenientes a su funcionamiento y giro, observando las prescripciones legales,

sin restricción alguna, pudiendo girar, hacer, aceptar, endosar y otorgar o expedir pagarés, giros, letras de cambio o bonos

y, demás títulos de crédito, títulos valores y/o instrumentos negociables c no negociables. En general, la sociedad podrá

realizar cualesquiera otras actividades lícitas, afines, conexas o relacionadas directa o indirectamente, necesarias o

convenientes para el desarrollo de sus fines, tanto en el país como en el extranjero (…) *VIGÉSIMA OCTAVA:*

*FACULTADES DEL ORGANO DE ADMINISTRACIÓN.* Tanto el Administrador Único como el Consejo de Administración,

según la forma de administración que opte la Asamblea General de Accionistas, además de otras facultades que les

confiere el contrato social y las disposiciones legales o reglamentarias aplicables, tendrán las siguientes facultades y

atribuciones: **a)** Cumplir y ejecutar las disposiciones de la Asamblea General de Accionistas; **b)** Dar a la sociedad la

organización que a su juicio mejor garantice su óptimo funcionamiento; **c)** Disponer cuando lo estime oportuno, que se

verifique el pago de acciones subscritas y no pagadas totalmente, así como la emisión de acciones que representen capital

autorizado aún no subscrito ni pagado; **d)** Dirigir la política administrativa, comercial y financiera de la sociedad; **e)** Acordar

en forma genérica o específica sobre la adquisición y venta de inmuebles, así como sobre el gravamen de bienes o

derechos y el constituir fianzas que obliguen a la sociedad; **f)** Cuando lo estime conveniente, nombrar y remover al Gerente

General y fijar su remuneración,; **g)** Acordar y conferir mandatos generales o especiales de la sociedad. No se requerirá

autorización de la Asamblea General de Accionistas para revocar mandatos; **h)** Convocar a las asambleas generales de

accionistas y proponer su agenda; **i)** Disponer que la contabilidad de la sociedad se lleve conforme a la ley, que se

practique anualmente al finalizar el ejercicio social, inventario, balance general, estado de ganancias y pérdidas y los

demás estados y documentos financieros de la sociedad; **j)** Formular el informe anual que se someterá  a la Asamblea

Cindi Anabí Barros Linares
Abogada y Notaria

*Anual Ordinaria de Accionistas; k) Preparar el proyecto de distribución de utilidades, en su caso, para someterlo oportunamente a la Asamblea de Accionistas; l) Establecer la responsabilidad por el manejo de fondos; m) En caso de ocurrir una vacante en el Consejo de Administración y si no se hubiere elegido suplente para llenarla, se procederá a convocar a la Asamblea General de Accionistas para suplir la vacante o remediar la carencia de ella; n) Asentar las Actas de las asambleas de accionistas o sesiones del Consejo de Administración o de resoluciones que tome el Administrador Único, en el libro respectivo y llevar los demás libros y registros requeridos legalmente o considerados convenientes o que sean dispuestos por la Asamblea de Accionistas o el propio órgano de administración; y o) Cuantas otras facultades le correspondan o le hayan sido asignadas por la Asamblea de Accionistas o se considera conveniente a los intereses de la sociedad que se ejerzan de acuerdo con la ley y la escritura social. <u>VIGÉSIMA NOVENA:</u> FACULTADES DE LOS MIEMBROS DEL CONSEJO DE ADMINISTRACIÓN. Cuando se opte por constituir un Consejo de Administración, los miembros del Consejo de Administración tendrán sin perjuicio de las otras atribuciones que le correspondan de acuerdo con la ley y la escritura social, las siguientes: I) **El Presidente:** a) Cumplir y hacer que se cumplan las resoluciones del consejo de Administración; b) Vigilar la marcha de las operaciones sociales; c) Presidir las Asambleas de Accionistas y las sesiones del Consejo de Administración; d) Suscribir los títulos de las acciones; e) Citar a las sesiones del Consejo de Administración; f) Informar al Consejo de Administración, sobre la marcha de las operaciones sociales: f) Ejercer la representación legal de la Sociedad, sin perjuicio de las facultades del Gerente General u otros funcionarios o Mandatarios en su caso, y según las indicaciones del Consejo de Administración; g) Conferir y revocar poderes generales y especiales, previa resolución tomada en Consejo de Administración. II) **El Vicepresidente:** a) Asumir las funciones del Presidente del Consejo de Administración sin necesidad de ninguna declaratoria específica, en caso de ausencia o incapacidad temporal del Presidente o por decisión de la Asamblea de accionistas y cuyas funciones incluirán la de representación legal de la Sociedad; b) Colaborar estrechamente y aconsejar al Presidente del Consejo de Administración con miras a la más provechosa y eficaz atención de los asuntos de la Sociedad; c) Realizar las otras funciones que el Consejo de Administración le encomiende o que sean consecuentes con la naturaleza de su cargo;  III) **El Secretario:** a) Redactar las Actas de las Asambleas de Accionistas y de las sesiones del Consejo de Administración, firmándolas junto con el Presidente y tener bajo su control los Libros de Actas y el registro de accionistas; b) Cooperar con el Presidente y*

Hoja **3** de **3**

*Vicepresidente en la dirección de los negocios o asuntos de la sociedad y en la ejecución de las resoluciones de la Asamblea de Accionistas o del Consejo de Administración; c) Las otras facultades que sean consecuentes con la naturaleza de su cargo. Cuando actúe un secretario accidental, tendrá las anteriores facultades en lo que fuere necesario para la debida ejecución de su cometido. En caso se acuerde que el Consejo de Administración se conforme con más miembros de los estipulados en la presente clausula, es decir, más de tres miembros, estos tendrán las facultades que la ley, la presente escritura social y la asamblea general de accionistas les asigne. TRIGÉSIMA: FACULTADES DEL ADMINISTRADOR ÚNICO. Cuando se haya optado por encargar la Administración de la Sociedad a un Administrador Único, le corresponderá ejercer todas y cualesquiera de las funciones, obligaciones y atribuciones especificadas en las clausulas vigésima octava y vigésima novena. (...) TRIGÉSIMA CUARTA: REPRESENTACIÓN LEGAL. La representación legal de la sociedad con el uso de la denominación social corresponderá únicamente al Presidente del Consejo de Administración o el Vicepresidente cuando hiciere sus veces, al Administrador Único si lo hubiera y al Gerente General si se hubiere nombrado, quienes podrán actuar en forma conjunta o separada indistintamente, quienes por el solo hecho de su nombramiento tendrán todas las facultades judiciales y administrativas de cualquier otro orden, así como para ejecutar los actos y celebrar los contratos que sean del giro ordinario de la Sociedad, de los que de él se deriven y los que con él se relacionen, incluyendo la emisión de títulos de crédito. Para negocios distintos de dicho giro ordinario, necesitarán facultades especiales, detalladas en forma genérica al hacerse su nombramiento o en forma especifica por resolución expresa de la Asamblea de Accionistas o del Consejo de Administración. También tendrán la representación legal de la Sociedad ante autoridades y tribunales de trabajo, con facultades para actuar como representante legal nato, prestar confesión judicial por la sociedad, reconocer firmas, transigir y para ejercitar cualquier otra facultad pertinente para la debida y pronta prosecución de los asuntos laborales. Si la Asamblea de Accionistas o el Órgano de Administración, nombraren ejecutores especiales o delegados para la ejecución de actos concretos, podrán conferirles la representación legal con el uso de la denominación social, para la debida ejecución de su cometido. Así mismo, podrán constituirse mandatarios generales o especiales con representación, por el Administrador Único o por resolución del Consejo de Administración (...)".* TERCERO: El requirente me pone a la vista la cláusula cuadragésima segunda del pacto social de la entidad, la cual contiene su nombramiento como **ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL** de la entidad J

CINCO, SOCIEDAD ANÓNIMA, la que copiada literalmente establece lo siguiente: "(...) *CUADRAGÉSIMA SEGUNDA:*

*DE LAS DISPOSICIONES TRANSITORIAS. Manifiestan los otorgantes que designan como ADMINISTRADOR ÚNICO Y*

*REPRESENTANTE LEGAL al señor EDUARDO MACARIO COYOY, por el plazo de tres (3) años, quien tendrá todas las*

*facultades que la presente escritura y la ley confieren a su respectivo cargo, así como para realizar todas aquellas*

*actividades necesarias para el desarrollo de la Sociedad, incluyendo las relativas a solicitar y obtener todo tipo de*

*autorizaciones y permisos e inscripciones, a efecto de que la Sociedad pueda operar dentro de las actividades que*

*constituyen su objeto y aquéllas que por cualquier razón las complementan, así también podrá realizar cualquier acto o*

*contrato relativo a las finalidades de la Sociedad o comprendido dentro de su objeto social (...)." CUARTO.* No habiendo

más que hacer constar se da por finalizada la presente acta, en el mismo lugar y fecha al inicio indicados, cincuenta

minutos después de su inicio, la que queda contenida en tres (3) hojas de papel bond tamaño oficio, las que procedo a

firmar, numerar y sellar. La presente acta se extiende para hacer constar el nombramiento de EDUARDO MACARIO

COYOY como **ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL** de la entidad J CINCO, SOCIEDAD ANÓNIMA,

adhiriéndose a la primera hoja un timbre fiscal de cien Quetzales, del año en curso, identificado con el número doscientos

ochenta y cinco mil trescientos setenta y seis (285376) y un timbre notarial de diez Quetzales que se identifica como AQ

guion cero quinientos noventa y siete mil quinientos cincuenta y seis (AQ-0597556). Leo íntegramente la presente acta al

requirente, quien enterado de su contenido objeto, validez y efectos legales, así como de la obligación de registro, lo ratifica

y acepta y firma juntamente con la infrascrita Notaria quien de todo lo expuesto DA FE.

Cindi Anabi Barrios Linares
Abogada y Notaria

No.16779



**Registro**
**MERCANTIL**

Razonamiento de Acta de fecha 03/02/2020

Autorizado por el notario: **CINDI ANABÍ BARRIOS LINARES**

Quedo inscrito en el Registro Mercantil:

**EDUARDO MACARIO COYOY**

**Registro No.584096. Folio.99. Libro.735. DE Auxiliares de Comercio.**

Como: **ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL**

De la Sociedad Denominada:

**J CINCO, SOCIEDAD ANÓNIMA**

Inscrita en: **Registro No.162514. Folio.251. Libro.489. de Sociedades Mercantiles.**

Con fecha: **06/02/2020**

Fecha de nombramiento: **03/02/2020**

Plazo: **DEFINIDO Vigencia a partir de nombramiento 3 años**

Expediente No. **10078-2020**

Artículo 339, del Código de Comercio (Efectos) Los actos y documentos que conformen la ley deben registrarse, solo surtiran efecto contra terceros desde la fecha de su inscripción en el Registro Mercantil. Ninguna inscripción podra hacerse alterando el orden de presentación.

El Registro de la presenta acta notarial, no prejuzga sobre el contenido ni validez de la misma, ni del original que reproduce y no convalida hechos o actos nulos o ilícitos.

Guatemala 6 de febrero de 2020

JAIME RODOLFO SALGUERO MARTINEZ



Lic. César Augusto Sierra Mérida
Registrador Mercantil Auxiliar