EXHIBIT J





**Expediente: MP001-2020-32544**

<u>**FISCALIA DISTRITAL METROPOLITANA, EQUIPO DOS DE PERSECUCIÓN PENAL:**</u>

**OMAR SHERYDAN XICARA AJANEL, ALEJANDRO AUGUSTO PENADOS GRAJEDA Y JULIA CRISTINA GONZALEZ VIZCANINO,** de datos de identificación personal y personerias debidamente acreditadas y conocidas en el expediente de mérito, en forma respetuosa comparecemos, y,

**EXPONEMOS:**

a)  <u>**OBJETO DE LA COMPARECENCIA:**</u> Respetuosamente comparecemos a **AMPLIAR LA DENUNCIA INTERPUESTA** oportunamente en nombre de nuestras representadas en contra de **Christian Alexander Enrique Rasch Töpke, Eduardo Macario Coyor; inocente Pernillo Fuentes y la entidad mercantil J Dos, Sociedad Anonima**, por los delitos de: a) Falseddad Ideologica en su forma continuada; b) Caso Especial de Estafa numerales 12, 13 y 23 del articulo 264 del Codigo Penal; c) Uso de documentos falsificados en su forma continuada; y d) Asociación Ilicita, en los terminos y demas condiciones que ya obran en autos, la solicitud de ampliación es en relación especificamente por los hechos que a continuación describo:

-  <u>**ANTECEDENTES:**</u>

Tal y como obra en autos, la denuncia de mérito está planteada sobre la tesis que las personas denunciadas iniciaron la comisión de todos estos hechos ilícitos con la celebración de una supuesta "Asamblea General Ordinaria Totalitaria de Accionistas de la entidad Agrícola Industrial Entre Ríos, Sociedad Anónima" de fecha 23 de marzo de dos mil veinte, la cual es ilegal, por haber sido celebrada en fraude de ley; con declaraciones faltas a la verdad en cuanto a la representación y participación de la entidad socia mayoritaria, la cual hace que la misma adolezca de ilegalidad e ilegitimidad.

1

Resultado de esa "supuesta asamblea", en forma ilegal e ilegítima hicieron constar en dicha acta de asamblea que se había acordado el nombramiento de Eduardo Macario Coyoy como Administrador Único y Representante Legal de la entidad Agrícola Industrial Entre Ríos, Sociedad Anónima, lo cual posteriormente hicieron constar en otra Acta Notarial de esa misma fecha 23 de marzo de 2020, faccionada también por el Notario Rodolfo Enrique González Rivera para inscribirla en el Registro Mercantil y con ello posteriormente poder ir en búsqueda del desapoderamiento de las nueve fincas propiedad de Agrícola industrial Entre Ríos, Sociedad Anónima, todo lo anterior en detrimento del patrimonio de nuestras representadas y demás víctimas.

**DE LOS HECHOS OBJETO DE LA AMPLIACIÓN:**

Es el hecho honorable fiscal que oportunamente la entidad Agrícola Industrial Entre Ríos, Sociedad Anónima en búsqueda de garantizar su patrimonio y precisamente evitar que este tipo de hechos delictivos puedan producir el desapoderamiento de esos bienes inmuebles que son de vital importancia, en ese sentido promovió oportunamente Providencias de Urgencia ante el Juzgado Primero de Primera Instancia del Ramo Civil del departamento de Quetzaltenango.

Todo se iba desarrollando de conformidad en ley, hasta el día de ayer tres de agosto del presente año, (fecha en la cual tuvimos conocimiento de todos estos hechos) que Cesar Humberto Gustavo López Velásquez fue notificado como representante legal, del contenido de la resolución de fecha 28 de julio de dos mil veinte emitida por dicho juzgado, dentro ese proceso de Providencias de Urgencias identificado con el número: 09006-2020-00204 Oficial Primero, en la cual resuelve:

"I. *Por recibidos y a sus antecedentes el memorial presentado por* **EDUARDO MACARIO COYOY**; *II. Se tiene por señalado el lugar para recibir notificaciones (...) IV) Notifique a los sujetos procesales.*" Énfasis propio.

Dicha notificación trae adjunta una copia del memorial firmado por Eduardo Macario Coyoy con su respectivo auxilio profesional, en su calidad de "Administrador Único y Representante legal, de la entidad Agrícola Industrial Entre Ríos, Sociedad Anónima", fechado 22 de julio de dos mil veinte,

**2**

mediante la cual solicita " **Se apruebe el presente desistimiento total prestado a favor de: J Dos, Sociedad Anónima y Eduardo Coyoy e Inocente Pernillo Fuentes, y en consecuencia se archive lo actuado, y se compulsen todas las comunicaciones y despachos pertinentes**".  -Inaceptable-



Y si lo anterior no fuera suficiente, adjunto a dicho memorial acompañan una reproducción de un acta notarial de nombramiento de Administrador único y Representante legal de la entidad "Agrícola Industrial Entre Ríos, Sociedad Anónima, **de fecha nueve de julio del año dos mil veinte,** faccionada por el Notario allí detallado (del cual no teníamos conocimiento).  Acta Notarial que hace referencia a "Otra Asamblea General Ordinaria y totalitaria de Accionistas", celebrada supuestamente el **quince de junio de dos mil veinte**, celebrada bajo las mismas condiciones de ilegalidad e ilegitimidad, pues nuevamente nombran al denunciado Eduardo Macario Coyoy, con el ánimo de continuar e ir en búsqueda de la consolidación de su objetivo criminal, con el mismo modus operandi originario. Al respecto, adjunto fotocopia simple de fotografías de la notificación y demás documentos referidos, los cuales al tener en la ciudad de Guatemala el original, podemos presentar una copia completa de la misma para los efectos procesales y legales que correspondan.

En ese sentido, honorable fiscal le solicitamos se tenga ampliada la denuncia de mérito en los hechos detallados anteriormente.

Y por ser de simple percepción la legalidad y continuidad de la comisión de hechos por parte de los denunciados y que es evidente que no descansaran hasta desapoderar a mi representada de esos nueve inmuebles fundamentales que forma parte de su patrimonio, con todo respeto le solicitamos lo siguiente:

**EMISIÓN DE OFICIOS DE ALARMAS ADMINISTRATIVAS:**

Ante estos hechos tan repudiables cometidos sin ningún respeto a la ley, se hace evidente que los denunciados no descansaran hasta lograr su objetivo criminal, pues al repetir nuevamente los

**3**

hechos denunciados con un nuevo nombramiento autorizado bajo las mismas condiciones de ilegalidad e ilegitimidad para solicitar el desistimiento de providencias de urgencia que mi representada había interpuesto para resguardar los bienes inmuebles que han sido objetivo de desapoderamiento es un acto que no debe ser tolerado por ningún motivo.

En esas circunstancias el pensar que puedan presentar memoriales en donde soliciten la renuncia de la presente denuncia y demás acciones ya iniciadas por mi representada en otras instancias y/o que puedan disponer de los 9 bienes inmuebles utilizando esa representación ilegal; ante TAN INMINENTE RIESGO le solicitamos con todo respeto con URGENCIA ORDENE, EMITA y REMITA OFICIO (S) de ALARMAS ADMINISTRATIVA que correspondan, para que el Segundo Registro de la Propiedad de Quetzaltenango en base al convenio institucional vigente pueda operarlas en forma preventiva en los registros de las nuevas fincas que detallo a continuación:

1) Diecisiete mil setecientos dos (17702), folio ochenta y nueve (89) del libro ochenta y nueve (89) de Suchitepéquez,

2) Dieciséis mil cincuenta y nueve (16059), folio veintiocho (28) de libro sesenta y dos (62) de Retalhuleu,

3) Dieciséis mil ciento siete (16107), folio setenta y seis (76) del libro sesenta y dos (62) de Retalhuleu,

4) Diecisiete mil setecientos uno (17701), folio ochenta y ocho (88) de libro ochenta y nueve (89) de Suchitepéquez,

5) Quince mil seiscientos cincuenta y seis (15656), folio cincuenta y nueve (59) del libro ochenta y uno (81) de Suchitepéquez,

6) Dieciocho mil ciento veinte (18120), folio doscientos diez (210) del libro noventa (90) de Suchitepéquez,

7) Dieciséis mil sesenta (16060), folio veintinueve (29) del libro sesenta y dos (62) de Retalhuleu,

8) Diecisiete mil seiscientos noventa y nueve (17699), folio ochenta y seis (86) del libro ochenta y nueve (89) de Suchitepéquez, y

9) Diecisiete mil setecientos (17700) folio ochenta y siete (87) del libro ochenta y nueve de Suchitepéquez.

**4**



Y con ello evitar de esta forma que se agraven los efectos del delito, que se cause más perjuicio al patrimonio de nuestras representadas y con ello resguardar y asegurar las resultas del proceso.

Fundamentamos nuestras aseveraciones expuestas, en base a los hechos enunciados y al siguiente:

**FUNDAMENTO DE DERECHO:**

Artículo 289. (**Finalidad y alcance de la persecución penal**). Tan pronto el Ministerio Público tome conocimiento de un hecho punible, por denuncia o por cualquier otra vía fehaciente, debe impedir que produzca consecuencias ulteriores y promover su investigación para requerir el enjuiciamiento del imputado. El ejercicio de las facultades previstas en los tres artículos anteriores no lo eximirá de la investigación para asegurar los elementos de prueba imprescindibles sobre el hecho punible y sus partícipes.

**Artículo 297. (Denuncia).** Cualquier persona deberá comunicar, por escrito u oralmente, a la policía, al Ministerio Público o a un tribunal el conocimiento que tuviere acerca de la comisión de un delito de acción pública. El denunciante deberá ser identificado.

Igualmente, se procederá a recibir la instancia, denuncia o autorización en los casos de los delitos que así lo requieran

**Artículo 299. (Contenido).** La denuncia contendrá, en lo posible, el relato circunstanciado del hecho, con indicación de los partícipes, agraviados y testigos, elementos de prueba y antecedentes o consecuencias conocidos.

Por lo anteriormente expuesto y con base en el fundamento de derecho invocado nos permitimos dirigir la siguiente:

**PETICIÓN:**

1. Se tenga por presentado este memorial y documento adjunto, se admita para su trámite y se agregue a sus antecedentes.

**5**

2.  Que se tenga por ampliada la denuncia de marras en los terminos expuestos en el apartado especifico.

3.  Y ante TAN INMINENTE RIESGO le solicitamos con todo respeto y con URGENCIA SE ORDENE, EMITA y REMITA OFICIO (S) de ALARMAS ADMINISTRATIVAS que corresponden, para que el Segundo Registro de la Propiedad de Quetzaltenango en base al convenio institucional vigente, pueda operarlas en forma preventiva en los registros de las nuevas fincas detalladas en el apartado respectivo. Y con ello evitar de esta forma que se agraven los efectos del delito, que se cause más perjuicio al patrimonio de nuestras representadas y con ello resguardar y asegurar las resultas del proceso.

4.  Se continúe con la investigación respectiva.

Acompaño seis copias del presente memorial y de la documentación adjunta. Guatemala 4 de agosto del 2,020.

**A RUEGO DE LOS PRESENTADOS QUIENES PUEDEN FIRMAR PERO DE MOMENTO NO PODERLO HACER Y EN SU AUXILIO PROFESIONAL:**

LICENCIADO
Juan Carlos Alvarez Salguero
ABOGADO Y NOTARIO

6

CENTRO DE SERVICIOS AUXILIARES PARA LOS TRIBUNALES CIVILES DEL OCCIDENTE DEL PAIS

ORGANISMO JUDICIAL

Cédula No.: 09006-142629524

JUZGADO PRIMERO DE PRIMERA INSTANCIA CIVIL, QUETZALTENANGO

EXPEDIENTE: 09006-2020-00204

OFICIAL I

TIPO PROCESO: Civil Providencias de Urgencia Sin Clase Sin Subclase

En la ciudad de Quetzaltenango, el _____ Once _____ de _____ Agosto _____ del año dos mil veinte, siendo las _____ Once _____ horas con _____ treinta y cinco _____ minutos, en: CERO AVENIDA, OCHO GUION OCHENTA Y CINCO, EDIFICIO CORPORACIÓN SOLARES, OFICINA TRESCIENTOS CINCO, QUETZALTENANGO ZONA SIETE.

Notifico la(s) resolución (es) de fecha (s):

VEINTIOCHO DE JULIO DE DOS MIL VEINTE

A: CESAR HUMBERTO GUSTAVO LÓPEZ VELÁSQUEZ - (Demandante)

Por Medio de cédula de notificación que contiene las copias de Ley y que entrego a: _____ Enrique López _____

Quien de enterado _Si_ firmó, DOY FE:

Centro de Servicios Auxiliares para los Tribunales Civiles del Occidente del País.
Organismo Judicial
Elena Ivette Pereira de León
Notificador
Complejo Regional de Justicia Quetzaltenango, Guatemala

**no se llevó a cabo la notificación, por la causa siguiente:**

( ) dirección inexacta      ( ) no existe la dirección      ( ) persona a notificar falleció
( ) lugar desocupado        ( ) persona fuera del país      ( ) datos no concuerdan

FECHA DE ENVIO: 31/07/2020 11:09:25A.M.
Fecha Recepción: 31/07/2020 11:25:33      Imprime EUGENIA MERCEDES      CONSTA DE 11 FOLIOS



  

9524

31 JUL 2020

Providencias de Urgencia 09006-2020-00204 Oficial Primero.

JUZGADO PRIMERO DE PRIMERA INSTANCIA DEL RAMO CIVIL DEL DEPARTAMENTO DE QUETZALTENANGO, VEINTIOCHO DE JULIO DEL AÑO DOS MIL VEINTE. - - - - - - -

I. Por recibidos y a sus antecedentes el memorial presentado por EDUARDO MACARIO COYOY; II. Se tiene por señalado el lugar para recibir notificaciones III) Previo a resolver lo solicitado deberá obrar en este juzgado el despacho librado al centro de servicios auxiliares para los tribunales civiles del municipio y departamento de Guatemala debidamente diligenciado, IV) Notifique a los sujetos procesales CITA DE LEYES: Artículos: 29, 31, 44, 50, 51, 66, 67, 79, 581, 583, 585, 586 del Código Procesal Civil y Mercantil, 141, 142, 142bis, 143 de la Ley del Organismo Judicial - - - -

ORGANISMO
-JUDICIAL-
GUATEMALA C.A.

ABOGADO MIGUEL ÁNGEL DEL VALLE RALDA.

Juez Primero de Primera Instancia.

ABOGADO GERBERT SERGIO CAJBÓN.

Secretario



Providencias Cautelares de embargo
No. 09006-2020-00204
Of Primero

Juzgado primero de primera instancia del Ramo Civil

Quetzaltenango

**Eduardo Macario Coyoy,** de sesenta y dos años de edad, casado, Perito Contador, guatemalteco, con domicilio en el departamento de Guatemala;

**De mi calidad:** Comparezco en mi calidad de: **Administrador único y Representante legal,** de la entidad: **Agrícola Industrial Entre Ríos, Sociedad Anónima,** calidad que acredito con fotocopia legalizada de mi nombramiento, el cual se encuentra inscrito en el Registro Mercantil de la República con el número: Quinientos noventa y cuatro mil veintinueve (594029), folio treinta y ocho (38), del libro setecientos cuarenta y cinco (745) de Auxiliares de Comercio;

**Del auxilio profesional:** Actúo con el auxilio y dirección del profesional que me auxilia, a quien en forma expresa confiero tales calidades;

**Del lugar para recibir notificaciones:** Señalo como nuevo lugar para recibir notificaciones la oficina profesional ubicada en **diagonal tres, cuatro guion cero tres, zona uno de esta Ciudad de Quetzaltenango;**



*De la urgencia de mi gestión: Por motivo de URGENCIA por necesitarse disponer de las fincas propiedad de mi representada realizo la presente gestión, pues con el producto de las ventas se deben cubrir emergencias suscitadas;*

Me refiero a las providencias de urgencia arriba identificadas, y al efecto me permito exponer los siguientes:

<u>Hechos:</u>

A. Como consta en autos, mi representada, a través de su Representante legal anterior, promovió Providencias de Urgencia en contra de la entidad: **J Dos, Sociedad Anónima** y **Eduardo Macario Coyoy** e **Inocente Pernillo Fuentes**; B. Sin embargo, las entidades respectivas han llegado a arreglos satisfactorios para ambas; por lo que al no tener interés



en las citadas diligencias comparezco debidamente facultado por la Asamblea General de mi representada, como consta en el acta notarial que documenta Asamblea General Ordinaria Totalitaria de Accionistas de fecha dieciséis de junio de dos mil veinte; faccionada por el Notario: Fernando Linares Beltranena que en fotocopia legalizada me permito adjuntar; y estando debidamente facultado, comparezco a presentar el más amplio, total y eficaz desistimiento dentro de las presentes diligencias, ello con el objeto de tener en cuenta que a través del presente y por mi medio, mi representada **Renuncia expresamente** a cualquier acción que pudiera corresponderle; y en consecuencia solicito sea archivado el presente expediente y se levanten las medidas decretadas;

## Fundamentos de derecho:

"El desistimiento puede ser total o parcial. El desistimiento total es el del proceso o de un recurso que afecte la esencia del asunto... Toda solicitud de desistimiento debe formularse especificando concretamente su contenido. El desistimiento puede hacerse cualquiera que sea el estado del proceso." "Cualquiera puede desistir del proceso que ha promovido o de la oposición que ha formulado en un proceso en que es parte." "Para que el desistimiento sea válido, necesita que conste en autos la voluntad de la persona que lo hace, con su firma legalizada por un notario..." (Artículos: 581, 582, 585 del Código Procesal Civil y Mercantil.) **"Renuncia de derechos.** Se puede renunciar a los derechos otorgados por la ley, siempre que tal renuncia no sea contraria al interés social, al orden público o perjudicial a tercero, ni esté prohibido por otras leyes. (Artículo 19 de la Ley del Organismo Judicial.)



## Pruebas:

a.  Fotocopia legalizada del acta notarial de mi nombramiento, el cual se encuentra inscrito en el Registro Mercantil de la República con el número: Quinientos noventa y cuatro mil veintinueve (594029), folio treinta y ocho (38), del libro setecientos cuarenta y cinco (745) de Auxiliares de Comercio;





b. Fotocopia legalizada del acta notarial que documenta la Asamblea General Ordinaria Totalitaria de Accionistas de fecha dieciséis de junio de dos mil veinte; faccionada por el Notario: Fernando Linares Beltranena, en la Ciudad de Guatemala;

### Petición:

i) Se admita para su trámite el presente memorial y se mande incorporar al expediente respectivo; ii) Con base en la documentación acompañada, se reconozca la calidad con que actúo; iii) Se tenga en cuenta el auxilio profesional con el que comparezco y por señalado el lugar para recibir notificaciones de mi parte; iv) *Por urgencia de mi representada se tenga en cuenta que realizo la presente gestión.* v) Se apruebe el presente desistimiento total prestado a favor de: **J Dos, Sociedad Anónima y Eduardo Macario Coyoy e Inocente Pernillo Fuentes**, y en consecuencia se archive lo actuado, y se compulsen todas las comunicaciones y despachos pertinentes;

**Cita de leyes:** Artículos: 1, 25, 26, 27, 28, 29, 31, 44, 50, 51, 61, 62, 63, 66, 67, 69, 70, 71, 72, 96, 530, 531, 568, 581, 582, 585, 586 del Código Procesal Civil y Mercantil. 16, 19, 141, 142, 143, 162 de la Ley del Organismo Judicial.

Adjunto cuatro copias del presente memorial.

Guatemala, veintidós de julio de dos mil veinte.

En su auxilio, dirección y procuración: accidentalmente y por esta única vez.





**Acta de legalización de firma:** En la ciudad de Guatemala, el veintidós de julio de dos mil veinte, Yo Notario, **Doy Fe:** a) Que la firma que antecede, es auténtica por haber sido puesta hoy en mi presencia por el señor: *Eduardo Macario Coyoy*, quién se identifica con el documento personal de identificación al que le corresponde el código único de identificación: -cui-: Dos mil trescientos treinta y siete, setenta mil quinientos setenta y siete, cero novecientos uno extendido por el Registro Nacional de las Personas, dicha firma calza un memorial de desistimiento, dirigido al Juzgado primero de primera instancia de del Ramo Civil del Municipio y Departamento de Quetzaltenango; b) Que lef lo escrito al /y vuelve a firmar junto con el Notario en constancia de autenticidad. / presentado; quien lo ratifica, acepta y firma nuevamente conmigo. escrito al presentado, quien ratifica, acepta y firma nuevamente conmigo. Testado:b)Que lef.lo Omítase.Entre líneas:y vuelve a firmar junto con el Notario en constancia de autenticidad

F) _____

Ante Mí:

FERNANDO LINARES-BELTRANENA
Abogado y Notario





**1 DE 4 HOJAS**

**ACTA NOTARIAL DE NOMBRAMIENTO DE ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL DE LA ENTIDAD "AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA"**

En DOS hojas

En la ciudad de Guatemala, a las trece horas con veinticinco minutos del día nueve de julio del año dos mil veinte. Yo, FERNANDO LINARES-BELTRANENA, Notario, a requerimiento del señor EDUARDO MACARIO COYOY, persona de mi conocimiento y se identifica con el Documento Personal de Identificación, Código Único de Identificación número dos mil trescientos treinta y siete, setenta mil quinientos setenta y siete, cero novecientos uno (2337 70577 0901), extendido por el Registrador Nacional de las Personas del Departamento y Municipio de Guatemala, constituido en mi oficina profesional ubicada en la cuarta avenida número once guión veintitrés de la zona diez de esta ciudad, con el objeto de hacer constar el nombramiento del requirente como ADMINISTRADOR ÚNICO y REPRESENTANTE LEGAL de la entidad "AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA", y hago constar lo siguiente: PRIMERO: (ANTECEDENTES): El requirente me pone a la vista la siguiente documentación: A) Testimonio de la escritura pública número setecientos doce (712), autorizada en esta ciudad por el Notario Ovidio David Parra Vela, el día veintiuno de abril de mil novecientos noventa y tres, mediante la cual se constituyó la entidad AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA, inscrita en el Registro Mercantil General de la República al número veinticinco mil quinientos cuarenta y cinco (25545), folio doscientos cuarenta y cinco (245) del libro ciento cuatro (104) de Sociedades Mercantiles, en la que en sus partes conducentes, literalmente dice: "TERCERO: ... 3.3. OBJETO: Será objeto de la sociedad: 3.3.1. La compra, venta, procesamiento, beneficiado, distribución, importación, exportación, industrialización y comercialización en cualquier forma de todo tipo de productos agrícolas y agropecuarios; explotación y aprovechamiento agropecuario e industrial de fincas rústicas o urbanas; 3.3.2. Planificación y ejecución de todo tipo de negocios; 3.3.3 Actuar como intermediaria en la circulación de bienes y la

FERNANDO LINARES-BELTRANENA
Abogado y Notario

LICENCIADO
Darwin Lenin Escobar Ramírez
ABOGADO Y NOTARIO



prestación de servicios; 3.3.4. Planeamiento, promoción y ejecución de todo tipo de negocios relacionados con bienes muebles o inmuebles, urbanos o rústicos, propios o ajenos, para lo cual podrá comprarlos y venderlos, permutarlos o tomarlos en arrendamiento o uso, gravarlos, enajenarlos, construir en ellos todo tipo de edificaciones y, en general, ejercer sobre los mismos cualquier acto de administración, dominio, disposición, gravamen o disfrute. 3.3.5. Planear, promover y ejecutar cualesquiera de los negocios sociales en asociación, sociedad o concurrencia con otras personas naturales o jurídicas, nacionales o extranjeras; 3.3.6. Cualquier otra actividad o inversión mercantil, industrial o comercial que se considere subsidiaria, conexa o complementaria de las anteriores, o coadyuve directa o indirectamente el logro de las mismas. ..." .

"SEPTIMO ADMINISTRADOR UNICO O CONSEJO DE ADMINISTRACIÓN: La sociedad, ... podrá ser administrada por un Administrador Unico o varios administradores, actuando conjuntamente, constituidos en Consejo de Administración, organismos que según se disponga en la resolución correspondiente, tendrán a su cargo la dirección de los negocios de la misma. 7.1. Administrador Unico: Por disposición de la Asamblea General, un Administrador Unico, podrá ser el Órgano de la Administración de la sociedad. En tal concepto, tendrá la plena representación legal de la entidad dentro y fuera de juicio y el uso de la denominación social. ... 7.1.5. Atribuciones: Son atribuciones del Administrador Unico: 7.1.5.1. La Administración y dirección de los negocios de la entidad. 7.1.5.2. Ejercer la plena representación legal de la sociedad en juicio y fuera de el y el uso de su denominación social, pudiendo delegar tal representación, total o parcialmente, en el Gerente General, los Gerentes Específicos, en su caso, o en uno o más mandatarios, designados por el propio Administrador.... 7.1.5.4. Otorgar poderes a nombre de la Sociedad y especificar las facultades que se deleguen; 7.1.5.5. Autorizar la compraventa o gravamen de bienes





7 DE 7 HOJAS

**ACTA NOTARIAL DE NOMBRAMIENTO DE ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL DE LA ENTIDAD "AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA"**

En DOS hojas

raíces y la contratación de créditos de cualquier naturaleza.... 7.1.5.10. Nombrar y remover a uno o más Gerentes Generales o Específicos sean o no accionistas, cuyas atribuciones deberán estar determinadas en el Acta de su toma de posesión. ... 7.1.5.14. Cumplir y hacer que se cumplan las decisiones de la Asamblea General. ... 7.2.3.12. Designar mandatarios generales o especiales de la sociedad, fijando en el acuerdo respectivo, las facultades que se les conceda. ..." B) Punto de Acta Notarial autorizada en esta ciudad por el Infrascrito Notario el dieciséis de junio del dos mil veinte que, contiene el punto resolutivo de la Asamblea General Ordinaria y Totalitaria de Accionistas de la entidad Agrícola Industrial Entre Ríos, Sociedad Anónima celebrada el quince de junio del dos mil veinte en la cuarta avenida número once guión veintitrés de la zona diez de esta ciudad capital, en sus partes conducentes literalmente dice: "TERCERO: (RESOLUCIONES): ... unanimidad resuelven lo siguiente: ... PUNTO DOS: (REPRESENTACIÓN DE LA SOCIEDAD): ... a) Se nombra al señor EDUARDO MACARIO COYOY, para que sea el Representante Legal y Administrador Único de la entidad AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANONIMA por un período de tres años, a partir de la presente fecha, ... quien tendrá todas las atribuciones y facultades que el contrato social constitutivo indica, y la ley faculta para este tipo de cargo, además de las que se aprueben en Asamblea; ..." SEGUNDA: (ACEPTACION Y CIERRE): Leído íntegramente lo escrito al requirente, lo ratifica, acepta y firma únicamente con el Infrascrito Notario, a las catorce horas en punto, en el mismo lugar y fecha arriba indicados, la presente acta queda contenida en dos hojas de papel bond, adhiriéndose a la primera un timbre de CIEN QUETZALES (Q.100.00) con número de serie cuatrocientos cincuenta y siete mil ochocientos veinticuatro (457824), más un timbre notarial de DIEZ QUETZALES (Q.10.00) con número de serie AQ guión cero novecientos treinta mil setecientos

LICENCIADO
Darwin Lenin Escobar Ramírez
ABOGADO Y NOTARIO





veintiuno (AQ-0930721) que cubren el impuesto correspondiente y, para que sirva como legal y formal nombramiento al señor **EDUARDO MACARIO COYOY** como **ADMINISTRADOR ÚNICO Y REPRESENTANTE LEGAL** de la entidad mercantil **AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANONIMA,** extiendo la presente, de cuyo contenido doy fe.

FERNANDO LINARES-BELTRANENA
Abogado y Notario





**RM** Registro MERCANTIL

No.30662

3 DE 4 HOJAS

Razonamiento de Acta de fecha 09/07/2020
Autorizado por el notario: FERNANDO LINARES-BELTRANENA

Quedó inscrito en el Registro Mercantil:
EDUARDO MACARIO COYOY (UNICO APELLIDO)
Registro No.594953. Folio.35. Libro.745. DE Auxiliares de Comercio.
Como: ADMINISTRADOR UNICO Y REPRESENTANTE LEGAL

De la Sociedad Denominada:
AGRICOLA INDUSTRIAL ENTRE RIOS, SOCIEDAD ANÓNIMA
Inscrita en: Registro No.25545. Folio.345. Libro.164. de Sociedades Mercantiles.

Con fecha: 14/07/2020
Fecha de nombramiento: 15/06/2020
Plazo: DEFINIDO Vigencia a partir de nombramiento 3 años
Expediente No. 39436-2020

Artículo 339. del Código de Comercio (Efectos) Los actos y documentos que conforme la ley deben registrarse, solo surtirán efecto contra terceros desde la fecha de su inscripción en el Registro Mercantil. Ninguna inscripción podrá hacerse alterando el orden de presentación.

El Registro de la presente acta notarial, no prejuzga sobre el contenido ni validez de la misma, ni del original que reproduce y no convalida hechos o actos nulos o ilícitos.

Guatemala 14 de julio de 2020

JUAN PABLO ARANA

Lic. César Augusto Sierra Mérida
Registrador Mercantil Auxiliar

LICENCIADO
Darwin Lenin Escobar Ramírez
ABOGADO Y NOTARIO





4 DE 4
HOJAS

**ACTA DE LEGALIZACION:** En el municipio de Quetzaltenango, departamento de Quetzaltenango, el veintisiete de julio de dos mil veinte, como Notario, **Doy Fe:** Que las tres hojas especiales de fotocopia que anteceden, la primera y segunda impresas en ambos lados; tercera únicamente en su anverso **son auténticas,** en virtud de haber sido tomadas de sus originales hoy a mi presencia, las que reproducen: Acta Notarial de nombramiento de fecha nueve de julio del año dos mil veinte, que acredita el Nombramiento de Administrador Único y Representante Legal del Señor: Eduardo Macario Coyoy, con su razón registral extendida por el Registro Mercantil de Guatemala. Leo lo escrito, lo ratifico, acepto y firmo.

Por Mí y Ante Mí:

LICENCIADO
Darwin Lenin Escobar Ramírez
ABOGADO Y NOTARIO





PUNTO DE ACTA NOTARIAL DE
ACTA DE ASAMBLEA GENERAL ORDINARIA Y TOTALITARIA DE
ACCIONISTAS DE LA ENTIDAD
AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANONIMA.

1 DE 2 HOJAS

En dos hojas

En la ciudad de Guatemala, el dieciséis de junio del año dos mil veinte. Yo, el Infrascrito Notario, constituido en mi oficina profesional ubicada en la cuarta avenida número once guión veintitrés de la zona diez de esta ciudad capital, a las diez horas en punto, a requerimiento del señor EDUARDO MACARIO COYOY, quien es persona de mi anterior conocimiento, requiere mis servicios profesionales con el objeto que hacer constar el punto resolutivo del Acta de Asamblea General Ordinaria y Totalitaria de Accionistas de la entidad AGRÍCOLA INDUSTRIAL ENTRE RÍOS, SOCIEDAD ANÓNIMA, procediéndose para el efecto de la siguiente manera: PRIMERO: El requirente pone a la vista del Infrascrito Notario Acta de Asamblea General Ordinaria y Totalitaria de Accionistas de la entidad Agrícola Industrial Entre Ríos, Sociedad Anónima celebrada en esta ciudad el quince de junio del dos mil veinte y autorizada por el Notario Fernando Linares-Beltranena, en que el requirente fungió como Secretario de dicha Asamblea, la que en sus puntos conducentes literalmente indica: "TERCERO: (RESOLUCIONES): ... por unanimidad resuelven lo siguiente: ... PUNTO TRES: VENTA, DESINMOVILIZACIÓN Y CANCELACIÓN DE ANOTACIONES, LIMITACIÓN Y/O GRAVÁMENES SOBRE BIENES INMUEBLES PROPIEDAD DE LA SOCIEDAD. I. Agrícola Entre Ríos, Sociedad Anónima es propietaria de los siguientes bienes inmuebles: a) Finca quince mil seiscientos cincuenta y seis (15656), folio cincuenta y nueve (59) del libro ochenta y uno (81) de Suchitepéquez; b) Finca dieciséis mil cincuenta y nueve (16059), folio veintiocho (28) del libro sesenta y dos (62) de Retalhuleu; c) Finca dieciséis mil sesenta (16060), folio veintinueve (29) del libro sesenta y dos (62) de Retalhuleu; d) dieciséis mil ciento siete (16107), folio setenta y seis (76) del libro setenta y dos (72) de Retalhuleu; e) Finca dieciséis mil seiscientos noventa y nueve (17699), folio ochenta y seis (86) del libro ochenta y nueve (89) de Suchitepéquez; f) Finca dieciséis mil setecientos (17700), folio

LICENCIADO
Darwin León Escobar Ramírez
ABOGADO Y NOTARIO



ochenta y siete (87) del libro ochenta y nueve (89) de Suchitepéquez; g) Finca Diecisiete mil setecientos uno (17701), folio ochenta y ocho (88) del libro ochenta y nueve (89) de Suchitepéquez; h) Finca Diecisiete mil setecientos dos (17702), folio ochenta y nueve (89) del libro ochenta y nueve (89) de Suchitepéquez; i) Finca dieciocho mil ciento veinte (18120), folio doscientos diez (210) del libro noventa (90) de Suchitepéquez, inmuebles que declaran, en forma expresa, encontrarse libre de gravámenes, anotaciones y limitaciones. II. Se faculta expresamente al Representante Legal, señor Eduardo Macario Coyoy, con su nombramiento debidamente inscrito, vender las fincas anteriormente descritas en las literales de la a) a la i) inclusive a la entidad J DOS, SOCIEDAD ANONIMA en la cantidad de Once mil quetzales (Q.11,000.00) por cada una de las fincas, y recibir la suma por dicha venta por cualesquiera medios de pago siempre velando por el beneficio de la sociedad y firmar los recibos y/o documentos necesarios para formalizar dicha venta. III. En caso que existiera alguna limitación, anotación y/o gravamen que perjudicara la venta de los inmuebles descritos, inclusive inmovilización registral o embargos precautorios o definitivos judiciales, el Representante Legal, señor Eduardo Macario Coyoy, se encuentra facultado para firmar el o los documentos necesario para concretar las negociaciones traslativas de dominio con la salvedad de velar en beneficio de la entidad, Agrícola Industrial Entre Ríos, Sociedad Anónima y presentar las solicitudes y/o gestiones judiciales ante los Registros Generales correspondientes y Organismos Judiciales pertinentes. ..." Se finaliza la presente acta en el mismo lugar y fecha de su inicio, a las once horas en punto, quedando contenida en una hoja de papel bond, que numero, sello y firmo. Leo íntegramente lo escrito al requirente, quien de enterado lo acepta, ratifica y firma únicamente el Infrascrito Notario que de todo lo relacionado da fe.

FERNANDO LINARES-BELTRANENA
Abogado y Notario





**ACTA DE LEGALIZACION:** En el municipio de Quetzaltenango, departamento de Quetzaltenango, el veintisiete de julio de dos mil veinte, como Notario, **Doy Fe:** Que la hoja especial de fotocopia que antecede, impresa en ambos lados, es **auténtica**, en virtud de haber sido tomada de su original hoy a mi presencia, la que reproduce: Punto de Acta Notarial de Acta de Asamblea General Ordinaria y Totalitaria de Accionistas de la entidad Agrícola Industrial Entre Ríos, Sociedad Anónima, de fecha dieciséis de junio del año dos mil veinte. Leo lo escrito, lo ratifico, acepto y firmo.

Por Mí y Ante Mí:

LICENCIADO
Darwin Lenin Escobar Ramirez
ABOGADO Y NOTARIO

